# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UMG Recordings, Inc., et al.**

      **Plaintiffs,**

v.                                                                                              **Civil Action No.**
                                                                                             **24-11611-FDS**

**Suno Inc. et al.**

      **Defendants.**

## SCHEDULING ORDER

**SAYLOR, C.J.**

This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), it is hereby ORDERED that:

1. The Parties will bifurcate discovery into two phases. As set forth below, the first phase will be limited to Defendant's fair use defense.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after: November 29, 2024. Amended pleadings limited to the identification of additional infringed works may be filed without leave of the Court 45 days prior to the close of the second phase of fact discovery.

3. **Fact Discovery - Interim Deadlines.**

    a. Written discovery (requests for production of documents, interrogatories and request for admissions) shall be served no later than**: February 14, 2025, for written discovery limited to Defendant's fair use defense.**

    b. All depositions, other than expert depositions, must be completed by**: February 14, 2025, for depositions limited to Defendant's fair use defense.**

4. **Fact Discovery - Final Deadline.** All discovery, other than expert discovery, must be completed by: 90 days after the Court's resolution of the motions regarding Defendant's fair use defense.

5. **Status Conference**. Status conferences will be held on:

6. **Expert Discovery.**

    a. Plaintiff(s)' trial experts, limited to the issue of fair use, must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by: March 14, 2025

    b. Plaintiff (s)' rebuttal experts, limited to the issue of fair use, must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by: April 11, 2025

    c. Plaintiff(s)' trial experts, limited to the issue of fair use, must be deposed by: May 2, 2025

    d. Defendant(s)' trial experts, limited to the issue of fair use, must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by: March 14, 2025

    e. Defendant(s)' rebuttal experts, limited to the issue of fair use, must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by: April 11, 2025

    f. Defendant(s)' trial experts, limited to the issue of fair use, must be deposed by: May 2, 2025

7. **Second Phase of Discovery**. Following completion of discovery and dispositive motion practice regarding the issue of fair use, the Court shall set a schedule for remaining fact and expert discovery.

8. **Dispositive Motions.**

    a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by: Motions for summary judgment regarding Defendant's fair use defense shall be submitted by June 13, 2025. After resolution of those motions, the second phase will begin and include any remaining discovery necessary to the claims and defenses in the case.

    b. Oppositions to dispositive motions must be filed within 21 days after service

   of the motion.

9. **Initial and Pretrial Conferences.** The initial pretrial conference will be scheduled at a later point in the proceedings. The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). The trial date will normally be set at the initial pretrial conference. A final pretrial conference will be scheduled at the time the trial date is set. The court may also schedule interim pretrial conferences in appropriate cases.

<u>**Procedural Provisions**</u>

1. **Extension of Deadlines.** Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

2. **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. **Status Conferences.** The court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

5. **Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. **Early Resolution of Issues.**  The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case.  Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. **Attendance of Lead Counsel at Pretrial Conferences.**  Lead trial counsel are required to attend the initial and final pretrial conferences, and any interim pretrial conferences scheduled by the court.  Other conferences may be handled by any counsel who is appropriately prepared.

By the Court,

Date                                                                                     Deputy Clerk