UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, and WARNER RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> SUNO, INC., and JOHN DOES 1-10, <br><br> Defendant. | Case No. 1:24-cv-11611-FDS |

**[PROPOSED] STIPULATED SOURCE CODE PROTOCOL**

PAUL G. LEVENSON, United States Magistrate Judge:

WHEREAS, this Parties have agreed to a Confidentiality Stipulation and Proposed Protective Order ("Protective Order") and agree that this Source Code Protocol is to be read in conjunction with and as supplemental to the Protective Order;

WHEREAS, the Parties acknowledge that this Source Code Order does not confer blanket protections on all disclosures or responses to discovery and that the protections it affords extend only to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties acknowledge that this Source Code Order does not mean that the Parties' will not produce information or material that can be produced in another form consistent with Federal Rule of Civil Procedure 26(b);

WHEREAS, the Parties further acknowledge that this Source Code Order does not entitle the Parties to file confidential information under seal;

WHEREAS, Defendant Suno, Inc. ("Defendant") considers its source code to be among its most highly confidential and sensitive assets;

WHEREAS, Defendant made representations to Plaintiffs regarding the size of its Source Code Material, including both model code and application code, during the negotiation of this protocol;

WHEREAS, nothing in this Source Code Protocol shall be interpreted as an agreement by Defendant that any particular portion of its source code is discoverable;

WHEREAS, the Parties reserve all rights to seek modification of this protocol for any reason, including to reflect any technical considerations identified once the Parties have reached agreement (or the Court has resolved) any disputes regarding the particular source code materials,

if any, that will be made available for inspection, or that may arise when the Source Code Material is being prepared for inspection;

WHEREAS, nothing in this Source Code Protocol shall lessen the restrictions on disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" contained in the Protective Order;

WHEREAS, the Parties stipulate and agree, and ask the Court to order, that the following protocols will apply to any material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" by Defendant pursuant to paragraph 6 of the Protective Order, and that Defendant may agree to make available for inspection ("Source Code Material");

IT IS HEREBY ORDERED that the following procedures shall apply to the inspection of Source Code Material, to the extent any such material is made available for inspection:

1. Source Code Material will be made available for inspection in a secured room at one of the following locations of Defendant's choosing: Defendant's office, the office of Defendant's outside counsel, the office of Defendant's vendor.

2. Source Code Material will be made available for inspection in its native format on at least two computers that are not linked to any other network, including a local area network ("LAN"), an intranet, or the Internet ("Source Code Computer(s)"). The inspecting party may request up to an additional two (2) such computers (for a total of four (4) computers) to inspect Source Code Material. Each Source Code Computer should be connected to an external monitor, an external keyboard, and an external mouse. The hardware and software specifications of the Source Code Computer(s) (e.g., processor speed, RAM, operating system, monitor, compatible IDE and any dependencies) shall be commensurate with that of computers used by Defendant to review source code in the ordinary course of business. Each Source Code Computer shall have the Source Code loaded onto a drive having sufficient space and permissions so that the reviewer may

copy selections of Source Code to a new part of the same drive to facilitate faster searches.

3. Inspection of Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[1] retained for the purpose of this litigation and those individuals approved to access such Protected Materials pursuant to paragraph 13 of the Protective Order ("Plaintiffs' Representatives").[2]

4. Defendant shall load its Source Code Material in a read-only, text-searchable file format, as it is kept within the native source code revision system (e.g., Git), including all revision history, in the ordinary course of business, on the Source Code Computer(s). The Source Code Computer(s) will be equipped with tools that are sufficient for viewing, searching, comparing, and copying the Source Code made available for inspection. Plaintiffs' counsel, consultants, and/or experts may request that software tools and/or files be installed on the Source Code Computer(s), provided, however, that (a) Plaintiffs possess an appropriate license to such software tools and/or files; (b) Defendant approves such software tools and/or files, such approval not to be unreasonably withheld; and (c) such other software tools and/or files are reasonably necessary for Plaintiffs' Representatives to perform its review of the Source Code consistent with all of the protections herein.

5. Plaintiffs shall provide Defendant with notice of their intent to inspect the Source

---

[1] For the purposes of this Order, an outside consultant or expert is defined to include the outside consultant's or expert's support personnel within his or her firm provided that each outside person has signed the Non-Disclosure Agreement and been disclosed under the terms of the Protective Order.

[2] The parties agree that designated in-house counsel (as defined in Paragraph 13 of the Protective Order) may access derivative materials (such as expert reports, court filings, or other materials as needed to approve such papers for service or filing) that contain Source Code Material, provided that such person has signed the Non-Disclosure Agreement, and any actual Source Code Material quoted or excerpted in such derivative materials are redacted from view. Under no circumstances will the designated in-house counsel who are provided access to derivative materials be permitted to review any actual Source Code Material quoted or excerpted in derivative materials.

Code Computer(s) at least seven (7) calendar days prior to the first inspection and three (3) calendar days for any non-contiguous subsequent inspection. The notice may state that the review will continue from day-to-day as needed. Defendant will make good faith efforts to accommodate inspection requests from the inspecting party, irrespective of the amount of notice provided.

6. Plaintiffs shall make reasonable efforts to restrict their requests for such access to the Source Code Computer(s) to normal business hours, specifically 8:30 a.m. through 6:00 p.m., Monday through Friday, local time where the Source Code Computer(s) are physically located, excluding any local holidays. However, upon reasonable notice from the inspecting party, the producing party shall make reasonable efforts to accommodate the inspecting party's reasonable request for access to the Source Code Computer(s) outside of normal business hours. The review shall occur in two stages. Plaintiffs shall have a week to conduct an initial review of the Source Code. After the initial review, the Parties will negotiate in good faith the amount of additional time that will be required for Plaintiffs' further review of the Source Code. Plaintiffs reserve their right to make reasonable requests for additional time to review the Source Code at any time. The Parties agree to cooperate in good faith such that maintaining the Defendant's Source Code Material shall not unreasonably hinder Plaintiffs' ability to efficiently and effectively conduct the prosecution of this Action.

7. Plaintiffs shall provide the name(s) of the individual(s) who will be attending the inspection in writing to Defendant at least two (2) business days in advance of the first time such person inspects the Source Code Computer(s). Each of Plaintiffs' Representatives inspecting the Source Code Computer(s) shall, on each day they view the Source Code Computer(s), sign a log that will include their name and when they enter and depart the secured room. Proper identification of all Plaintiffs' Representatives shall be provided prior to any access to the secure inspection room

or the Source Code Computer(s). Proper identification requires showing a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the Representative's current citizenship. Access to the secure inspection room or the Source Code Computer(s) may be denied, at the discretion of Defendant's counsel, to any Representative who fails to provide proper identification.

8. Defendant shall provide Plaintiffs with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s).

9. Plaintiffs' Representatives are prohibited from bringing outside electronic devices, including but not limited to phones, computers, recording devices, flash drives, cameras, or other hardware into the room with the Source Code Computer(s). The hosting facility shall provide a secure location separate from but in close proximity to the room housing the Source Code Computer(s) to store personal electronic devices, which location shall have telephone and internet access. Plaintiffs' Representatives shall be permitted to access the internet and use a personal cell phone in that room.

10. Plaintiffs' Representatives shall be entitled to take notes (electronic or non-electronic) relating to the Source Code but any such notes shall not include copies or reproductions of portions of the Source Code Material. The notes may, however, contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, procedure names, or other similar information. To the extent the inspecting party desires to take notes electronically, the producing party shall provide a note-taking computer (e.g., a computer, which is distinct from the Source Code Computers, that is not linked to any network, including a LAN, an intranet, or the Internet with a current, widely used word processing program

in the Source Code Material review room for Plaintiffs' use in taking such notes. Such notes shall be downloaded to or uploaded from a removable disk or drive for Plaintiffs (but not Defendants). The note-taking computer shall have no features that would hinder the complete clearing of Plaintiffs' notes after such notes have been downloaded. Defendant shall not review the notes at any time. No other written or electronic record of the Source Code Material is permitted except as otherwise provided herein. Any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

        11.    Defendant's outside counsel may visually monitor the activities of Plaintiffs' Representatives during any inspection from outside such room (e.g., through a glass wall or window), only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material and only so long as Defendant's outside counsel cannot hear Plaintiffs' Representatives and cannot see the contents of Plaintiffs' Representatives' notes or the display of the Source Code Computer(s).

        12.    Plaintiffs may include material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Document"), provided that the Source Code Documents are also designated "HIGHLY CONFIDENTIAL – SOURCE CODE", restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal or redacted in accordance with the Court's rules, procedures, and orders.  Plaintiffs shall only include such excerpts or portions of Protected Material as reasonably necessary for the purposes for which such Protected Material is used.   To the extent Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" quoted or attached as exhibit(s) in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "HIGHLY

CONFIDENTIAL – SOURCE CODE", or (2) those pages containing quoted Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE".

13. No copies of all or any portion of the Source Code, or other written or electronic record of the Source Code, may leave the secured room in which the Source Code is inspected except as provided herein. Plaintiffs' Representatives may obtain an aggregate total of 75 pages (100 lines per page) of model code; and an aggregate total of 2800 pages with a 50 consecutive page limit (100 lines per page) of application code to prepare court filings or pleadings, expert reports, or other papers, or for deposition or trial, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" ("Printouts"). Plaintiffs are permitted to make reasonable requests for additional Printouts. Defendant must object to a request for additional Printouts within two (2) business days. If an objection is raised and the parties are unable to resolve the dispute, the parties may raise the dispute with the Court. Printouts are not intended to be used as a substitute for the inspection procedures detailed in this Source Code Protocol.

14. The Source Code Computer(s) shall have the capability to create PDFs of Source Code Material. To obtain Printouts, Plaintiffs' Representatives shall use the software available on the Source Code Computer(s) to create PDFs of the printed copies Plaintiffs are requesting. Plaintiffs shall place the files requested to be printed in a folder designated for such Printouts on the Source Code Computer(s) and identify the files by file path, file name, and line numbers. Plaintiffs' Representatives must serve by email to Defendant's outside counsel a request to print those pages. Within two (2) business days of such request, Defendant shall provide five (5) Bates-stamped paper copies of such pages to Plaintiffs' Representatives.

15. Any Printouts and any other documents or things reflecting Source Code Material

that have been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged, or otherwise duplicated, except as described in paragraph 12. No electronic copies of Printouts shall be made without prior written consent of Defendant, except as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically or as provided in paragraph 17 below. Plaintiffs' Representatives shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.

16. Plaintiffs' Representatives shall maintain a log of all Printouts that includes the names of the reviewers and/or recipients of Printouts and locations where the Printouts are stored. Plaintiffs' Representatives shall keep Printouts in a secured locked area in the offices of such outside counsel, expert, or consultant. Plaintiffs' Representatives may also temporarily keep the printouts at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); (iii) the site of any source code inspection, and (iv) any intermediate location reasonably necessary to transport (e.g., a hotel prior to a Court proceeding or deposition), provided that the Printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order and the Protective Order.

17. Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" may only be transported by the Plaintiffs' Representatives or Plaintiffs' outside counsel at the direction of a person authorized under paragraph 3 above to another person authorized under paragraph 3 above, on paper or removable electronic media (e.g., a DVD, CD-ROM, flash memory "stick," or external

hard drive) via hand carry, Federal Express or other similarly reliable courier.[3] Printouts or any excerpts thereof may not be transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as provided in paragraphs 12 and 15 above. Printouts may only be transported electronically for the purpose of Court proceeding(s) or deposition(s), or source code inspections as set forth in paragraph 16 above and is at all times subject to the transport and labeling restrictions set forth herein. For those purposes only, printouts of the Source Code Materials may be loaded onto a non-networked, stand-alone computer.

18. All copies of any material "HIGHLY CONFIDENTIAL – SOURCE CODE" in whatever form shall be securely destroyed if they are no longer reasonably necessary in this Action (e.g., extra copies at the conclusion of deposition). Copies of Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

19. Nothing in this Source Code Order shall alter or change in any way the requirements of the Protective Order. In the event of any conflict, however, this Source Code Order shall control for any Source Code Material made available for inspection.

---

[3] This provision shall in no way restrict Plaintiffs' ability to share courtesy copies of filings with the Court, so long as such copies are delivered via Fed Ex or a similarly reliable carrier.

**IT IS SO STIPULATED**:[4]


Dated: February 14, 2025

*s/* Rajan S. Trehan_____
Moez M. Kaba (*pro hac vice*)
Mariah N. Rivera (*pro hac vice*)
Alexander R. Perry (*pro hac vice*)
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com

Robert N. Klieger (*pro hac vice*)
Rajan S. Trehan (*pro hac vice*)
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rklieger@hueston.com
rtrehan@hueston.com

Daniel J. Cloherty
Alexandra Arnold
**CLOHERTY & STEINBERG LLP**
One Financial Center, Suite 1120
Boston, Massachusetts 02110
Telephone: (617) 481-0160
Facsimile: (617) 848-0830
dcloherty@clohertysteinberg.com
aarnold@clohertysteinberg.com

*Counsel for Plaintiffs*

*s/* Brittany N. Lovejoy\_\_\_\_\_
Steven N. Feldman (*pro hac vice*)
Nathan Taylor (*pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com
nathan.taylor@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Sarang V. Damle (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*

---

[4] The Parties use electronic signatures with consent in accordance with Rule 5.4(b) of the Local Rules and the Court's ECF Administrative Procedures.

-12-

**SO ORDERED this \_\_ day of February, 2025**

_____

The HONORABLE PAUL G. LEVENSON

United States Magistrate Judge