# EXHIBIT B

## McLaughlin, Grace (NY)

| | |
|---|---|
| **From:** | Alexander Perry <aperry@hueston.com> |
| **Sent:** | Monday, November 25, 2024 9:14 PM |
| **To:** | McLaughlin, Grace (NY); Gass, Andrew (Bay Area); Lovejoy, Britt (Bay Area); Feldman, Steve (NY-LA); Damle, Sy (DC-NY); Franzek, Lydia (NY) |
| **Cc:** | Moez M. Kaba; Rajan Trehan; Robert N. Klieger; Mariah Rivera; Daniel Cloherty; Alexandra Arnold |
| **Subject:** | RE: UMG Recordings Inc. v. Suno, Inc., No. 24 Civ. 11611 (FDS) |

Counsel,

We write in response to Suno's email documenting its positions on its First Set of Requests for Production. In several instances, you purport to characterize Plaintiffs' positions regarding certain requests, not all of which are accurate. To the extent you have mischaracterized Plaintiffs' positions, the below reflects Plaintiffs' stances on the specified requests.

- **Discovery into Asserted Works (RFP. Nos. 1, 2, 3, 5, 6, 8):** Suno misstates the justification for Plaintiffs' proposal regarding the appropriate sequence of discovery into ownership of the asserted works. Plaintiffs do not contend that they must be able to "determine if any *unasserted* works are present" in Suno's training data before collecting and producing documents demonstrating ownership. Rather, Plaintiffs' view is that in light of Suno's concession that "[t]he many recordings that Suno's model was trained on presumably included recordings whose rights are owned by the Plaintiffs in this case" (Answer at 8), the proper course is for Suno to first produce information identifying which sound recordings were included in Suno's training data before Plaintiffs undertake the burdensome exercise of producing documents corroborating ownership of voluminous asserted works. The alternative is both unduly burdensome and harassing because it would require Plaintiffs to expend significant resources collecting and producing ownership information for the asserted works, only to have to restart the process after Suno produces its training data. There is no reason why Plaintiffs should undergo this exercise in piecemeal fashion, especially when doing so is very likely to result in wasteful collection and production efforts. The appropriate course is for Plaintiffs to produce information concerning ownership of the asserted works all at once, which will only be possible after Suno produces the training data that Plaintiffs have repeatedly requested.

- **Outputs (RFP Nos. 14 through 23):** Suno has also not accurately captured Plaintiffs' position regarding output-related discovery. Plaintiffs have not disavowed an intent to use the outputs cited in the Complaint for issues other than the fact of Suno's copying. While Plaintiffs referenced outputs in the Complaint as circumstantial evidence of Suno's copying, Plaintiffs maintain that outputs are also relevant to other issues in the case, including fair use.

    Notwithstanding the general relevance of outputs to this litigation, the investigation Plaintiffs conducted into Suno's service for the purpose of drafting the Complaint, including any negative testing results, is clearly work product that is protected from discovery. Indeed, two courts considering virtually identical discovery requests have denied an AI defendant's motion to compel production of such information. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024). Plaintiffs have already disclosed the prompts they used to generate all outputs cited in the Complaint, and Suno has no justification for seeking additional information into the efforts Plaintiffs undertook in drafting the Complaint. *See* Complaint, Exhibit B (Dkt. 1-2).

- **Privilege over Communications with Third Parties (RFP Nos. 24, 25, 27, 29 through 34, 37, 38, and 52):** There appears to be a misunderstanding as to Plaintiffs' position regarding the assertion of privilege and other forms of discovery protections. Plaintiffs are not asserting that documents and communications among individual Plaintiffs or between Plaintiffs and third parties, including the RIAA, about licensing sound recordings are, as a categorical matter, protected from discovery. At the same time, Plaintiffs cannot

represent that all such documents and communications are discoverable, and we did not make any such a representation at the meet and confer. Rather, as we iterated multiple times, it is impossible to assess the application of any particular privilege or discovery protection in a vacuum, apart from a specific document or communication. Plaintiffs represent that they will log responsive communications that they believe are subject to an applicable privilege, subject to the Court's ruling as to which materials need be logged.

- **RFP No. 24:** As reflected below, Plaintiffs are willing to produce documents and communications concerning Suno's use of copyrighted sound recordings, generally (*i.e.*, regardless of whether such documents make specific reference to the recordings identified in the Complaint). However, Plaintiffs cannot agree to produce "all documents and communications concerning this Action," which is vague and overbroad. Even if Plaintiffs were to construe this request as seeking documents relating to just the lawsuit itself, the request would encompass exclusively privileged materials.

- **RFP No. 27:** As reflected below, our proposed time period for this request is from January 2023 to present.

- **RFP No. 29:** You claim that Plaintiffs' offer to produce documents and communications reflecting actual or proposed deal terms is insufficient, as Suno is entitled to "all documents and communications regarding *potential* and *rejected* licensing arrangements." Suno's proposal is redundant on its own terms. Indeed, any "potential" licensing arrangements necessarily includes "rejected" licensing arrangements. It is thus unclear what category of documents Suno is seeking beyond those Plaintiffs have already agreed to produce.

- **RFP No. 34:** As reflected below, Plaintiffs propose producing documents responsive to this request involving artists identified in Exhibit A of the complaint.

- **RFP 37:** Plaintiffs intend to stand on their relevance objection to Suno's request for Plaintiffs' communications with governmental entities. Suno claims that such information may be relevant to the fourth fair use factor, but Suno has not articulated why this is the case. The fourth factor considers "the market harm caused by the particular actions of the alleged infringer," as well as "the market harm that would result from unrestricted and widespread conduct of the same sort." *Hachette Book Grp. Inc. v. Internet Archive*, 115 F.4th 163. 189 (2d Cir. 2024). Plaintiffs' contacts with governmental entities are not a component of this analysis and Plaintiffs do not see how such contracts relate to the economic harm resulting from Suno's infringing use of their copyrighted sound recordings. Moreover, this request likely captures attorney-client privileged or work-product protected documents to the extent it seeks "all Documents concerning" Plaintiffs communications with governmental entities.

- **RFP Nos. 28, 39 through 44**: Plaintiffs object to requests 28 and 39 through 43 on the basis that they are overbroad and seek information that is not relevant to any issues presented in the case. Suno's argument that Plaintiffs' internal views on generative AI may be inconsistent with its litigation positions is speculative and does not explain how such information is relevant to any issues in the case. To the extent Suno suggests that Plaintiffs' stance on generative AI is relevant to fair use, a court in an analogous context recently denied a defendant's motion to compel responses to similar discovery requests and made clear that the fair use factors "require[] scrutiny of a *defendant's* purported use of the copyrighted work(s), and whether that *defendant's* use may constitute fair use under the [Copyright] Act." *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 11195 (SHS), Dkt. 344 at 2 (S.D.N.Y. Nov. 22, 2024). This case is "not a referendum on the benefits of Gen AI," *id.* at 5, and the fair use inquiry is properly trained on Suno's use of the copyrighted works. Plaintiffs do, however, agree to produce documents reflecting actual or potential licensing terms in response to request 44.

- **RFP No. 45:** Confirmed, as reflected in the specific response below.

- **Ongoing Harm (RFP Nos. 46 through 50):** As reflected below, Plaintiffs will produce documents responsive to these requests from a reasonable time period as related to the case.

- **Research on Generative AI's Effect on Market for Sound Recordings (RFP No. 51 and 52):** Confirmed that Plaintiffs will produce responsive studies or surveys from January 2023 to present, to the extent such materials exist.

- **RFP No. 54:** As reflected below, Plaintiffs will produce non-privileged, non-work product, responsive documents they intend to rely on to show the harm they suffered from the conduct alleged in the complaint in response to this request.

- **RFP No. 60:** As reflected below, Plaintiffs will produce any non-privileged, non-work product documents sufficient to show revenues and profits generated from any actual licenses or agreements to use sound recordings as training data for a generative AI music service, to the extent such documents exist.

- **Licensing (RFP Nos. 61-62):** As reflected below, in response to both of these requests, Plaintiffs will produce any non-privileged, non-work product documents sufficient to show revenues and profits generated from any actual licenses or agreements to use sound recordings as training data for a generative AI music service, to the extent such documents exist.

- **Potential Impact of Generative AI on Revenue/Financial Information (RFP Nos. 57-59, 63-64):** Even with Suno's proposed adjusted time frame, Plaintiffs object to these requests as seeking information that is irrelevant and disproportionate to the needs of the case.

**Specific Requests**

| RFP No. | RFP | Plaintiffs' Position as of 11/25 |
|---|---|---|
| RFP 1 | All U.S. copyright registrations for each of Your Asserted Works. | Without waiving their objections and after Defendants produce their training data, Plaintiffs will produce (1) registration certificates and copyright index information where available; or, for pre-1972 recordings where a certificate or index is not available, (2) a sworn declaration by an individual with knowledge attesting to ownership of the work. |
| RFP 2 | Deposit copies for each of Your Asserted Works. | Without waiving their objections and after Defendants produce their training data, Plaintiffs will produce (1) registration certificates and copyright index information where available; or, for pre-1972 recordings where a certificate or index is not available, (2) a sworn declaration by an individual with knowledge attesting to ownership of the work. |
| RFP 3 | Documents and Communications sufficient to show the entire chain-of-title for each of Your Asserted Works. | Without waiving their objections and after Defendants produce their training data, Plaintiffs will produce (1) registration certificates and copyright index information where available; or, for pre-1972 recordings where a certificate or index is not available, (2) a sworn declaration by an individual with knowledge attesting to ownership of the work. |
| RFP 5 | All U.S. copyright indexes pursuant to 17 U.S.C. § 1401 for Your Asserted Works. | Without waiving their objections and after Defendants produce their training data, Plaintiffs will produce (1) registration certificates and copyright index information where available; or, for pre-1972 recordings |

3

| | | |
|---|---|---|
| | | where a certificate or index is not available, (2) a sworn declaration by an individual with knowledge attesting to ownership of the work. |
| RFP 6 | Documents sufficient to show the date of first publication of each of Your Asserted Works. | Without waiving their objections and after Defendants produce their training data, Plaintiffs will produce (1) registration certificates and copyright index information where available; or, for pre-1972 recordings where a certificate or index is not available, (2) a sworn declaration by an individual with knowledge attesting to ownership of the work. |
| RFP 8 | All Documents and Communications relating to any disputes as to the ownership of Your Asserted Works. | Without waiving their objections and after Defendants produce their training data, Plaintiffs will produce (1) registration certificates and copyright index information where available; or, for pre-1972 recordings where a certificate or index is not available, (2) a sworn declaration by an individual with knowledge attesting to ownership of the work. |
| RFP 14 | All Documents and Communications relating to Your investigation of the claims alleged in the Complaint. | As explained above and during the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024)<br><br>Plaintiffs will not produce documents in response to this request. |
| RFP 15 | All Documents and Communications concerning "testing" by any person at Your direction or request of Defendant's Product, as described in Paragraphs 11, 51, and 52 of the Complaint. | As explained above and during the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024)<br><br>Plaintiffs will not produce documents in response to this request. |
| RFP 16 | All Documents and Communications concerning any attempt by any Person at Your direction or request, including failed | As explained above and during the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by |

| | | |
|---|---|---|
| | attempts, to reproduce any of Your Sound Recordings through Defendant's Product. | the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024)<br><br>Plaintiffs will not produce documents in response to this request. |
| **RFP 17** | Documents sufficient to identify all Persons that interacted with the Defendant's Product at Your direction or request. | As explained above and during the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024)<br><br>Plaintiffs will not produce documents in response to this request. |
| **RFP 18** | Documents sufficient to identify any Suno accounts that any Person created or used at Your direction or request, including Documents sufficient to show the full name associated with the account(s), the username(s) for the account(s), email address(es) associated with the account(s), the organization ID and name associated with the account(s), and date of registration or activation for the account(s). | As explained above and during the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024)<br><br>Plaintiffs will not produce documents in response to this request. |
| **RFP 19** | All Documents and Communications concerning any prompts entered into Defendant's Product by any Person that interacted with the Product at Your direction or request, including Documents and Communications concerning all unsuccessful attempts to generate outputs similar to Your Asserted Works. | As explained above and during the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024)<br><br>Furthermore, Plaintiffs have already produced the prompts used to generate the outputs cited in the complaint. *See* Complaint, Ex. B (Dkt. 1-2). |

| | | |
|---|---|---|
| | | Plaintiffs will not produce documents in response to this request. |
| RFP 20 | Documents sufficient to show any of the prompts entered into Defendant's Product by any Person that interacted with the Product at Your direction or request, including Documents sufficient to show any system prompts used, the parameters used in connection with each prompt, the prompt strength used in connection with each prompt, the generation quality selected for each prompt, the clarity selected for each prompt, the context length used in connection with each prompt, the seed used in connection with each prompt, any lyrics generated by each prompt, any audio files uploaded in connection with each prompt, the version of the Defendant's Product used in connection with each prompt (Basic, Pro, or Premier), any tags assigned to any outputs, the history associated with each output, the date and time on which that prompt was entered, the user account used in connection with each prompt, and each resulting output. | As explained above and during the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024)<br><br>Furthermore, Plaintiffs have already produced the prompts used to generate the outputs cited in the complaint. *See* Complaint, Ex. B (Dkt. 1-2).<br><br>Plaintiffs will not produce documents in response to this request. |
| RFP 21 | All Documents and Communications concerning any outputs generated through Defendant's Product by any Person that interacted with the Product at Your direction or request, including Documents and Communications concerning all unsuccessful attempts to generate outputs similar to Your Asserted Works. | As explained above and during the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024)<br><br>Plaintiffs will not produce documents in response to this request. |
| RFP 22 | Documents sufficient to show the process for obtaining each output cited or referred to in the Complaint, including any system prompts used, the parameters used in connection with each prompt, the prompt strength used in connection with each prompt, the generation quality selected for each prompt, the clarity selected for each prompt, the context length used in connection with each prompt, the seed used in connection with each prompt, any lyrics generated by each prompt, any audio files uploaded in connection with each prompt, the version of the Defendant's Product used in connection with each prompt (Basic, Pro, or Premier), any tags assigned to any outputs, the history associated with each output, each and every output generated by Defendant's Product as a result of each prompt and parameter combination, the time and date of those queries, and the user account. | As explained above and during the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024)<br><br>Furthermore, Plaintiffs have already produced the prompts used to generate the outputs cited in the complaint. *See* Complaint, Ex. B (Dkt. 1-2).<br><br>Plaintiffs will not produce documents in response to this request. |

| | | |
|---|---|---|
| **RFP 23** | All Documents and Communications concerning the creation of Exhibits B and C of the Complaint, including Documents and Communications with any third party. | As explained above and during the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. *See Tremblay v. OpenAI, Inc.*, No. 23 Civ. 3223 (AMO), Dkt. 167 (N.D. Cal. Aug. 8, 2024); *N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 1195 (SHS), Dkt. 243 (S.D.N.Y. Sep. 13, 2024)<br><br>Furthermore, Plaintiffs have already produced the prompts used to generate the outputs cited in the complaint. *See* Complaint, Ex. B (Dkt. 1-2).<br><br>Plaintiffs will not produce documents in response to this request. |
| **RFP 24** | All Documents and Communications concerning this Action, including any exchanged with another Plaintiff, the Recording Industry of America, any Artist, or any Person or Company, either directly or through a third party. | Without waiving their objections, Plaintiffs will produce nonprivileged, non-work product, responsive documents, if any, in their possession, custody, or control concerning Suno's use of copyrighted sound recordings. |
| **RFP 25** | All Documents and Communications related to the letters sent by Jacob Tracer and Moez Kaba to Suno and Uncharted Labs on April 25, 2024 and May 10, 2024, respectively, on behalf of the Recording Industry Association of America and its member companies UMG Recordings, Inc., Sony Music Entertainment, and Warner Music Group Corp., including their affiliates, subsidiaries, and record labels. | As we explained at the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production.<br><br>Plaintiffs will not produce documents in response to this request. |
| **RFP 27** | All Documents, including studies, surveys, analyses, or reports, and Communications concerning whether or not to license Your Sound Recordings to train any Generative AI model, for use in the outputs of any Generative AI model, or for any other purpose relating to Generative AI. | Without waiving their objections, Plaintiffs will produce non-privileged, non-work product studies or surveys referencing the potential impact of licensing copyrighted sound recordings to generative AI music companies, from January 2023 to present. |
| **RFP 28** | All Documents and Communications concerning the letter sent by Sony described herein: https://www.theverge.com/2024/5/17/24158887/sony-music-ai-training-letter, including copies of each letter sent. | This request is overbroad and seeks information that is not relevant to any issue presented in the case. *See N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 11195 (SHS), Dkt. 344 (S.D.N.Y. Nov. 22, 2024) (denying motion to compel seeking documents and information regarding plaintiff's "position regarding Gen AI (e.g., positions expressed outside of litigation, knowledge about the training of third-party Gen AI tools using the Time's works)"). |

| | | |
|---|---|---|
| | | Plaintiffs will not produce documents in response to this request. |
| RFP 29 | All Documents and Communications concerning any executed or potential license or agreement, including Drafts, related to the use of Your Sound Recordings to train any Generative AI model, for use in the outputs of any Generative AI model, or for any other purpose relating to Generative AI, regardless of whether a license or agreement was ultimately executed. | Without waiving their objections, Plaintiffs will produce non-privileged, non-work product, responsive documents reflecting actual or proposed deal terms for licensing copyrighted sound recordings to generative AI music companies from January 2023 to present. |
| RFP 30 | All Documents concerning any discussion or negotiation between You and any Company concerning any potential agreement or license, including Drafts, related to the use of Your Sound Recordings to train any Generative AI model, for use in the outputs of any Generative AI model, or for any other purpose relating to Generative AI, regardless of whether a license or agreement was ultimately executed. | Without waiving their objections, Plaintiffs will produce non-privileged, non-work product, responsive documents reflecting actual or proposed deal terms for licensing copyrighted sound recordings to generative AI music companies from January 2023 to present. |
| RFP 31 | All Documents and Communications, concerning any executed agreement or potential agreement, including Drafts, in which You prohibit, restrict, limit, or otherwise control Your licensor or potential licensor's ability to use or offer Generative AI, including in connection with or through a third party. | Without waiving their objections, Plaintiffs will produce non-privileged, non-work product, responsive documents reflecting actual or proposed deal terms for licensing copyrighted sound recordings to generative AI music companies from January 2023 to present. |
| RFP 32 | All Documents concerning any discussion or negotiation between You and any Company concerning any executed agreement or potential agreement, including Drafts, in which You prohibit, restrict, limit, or otherwise control Your licensor or potential licensor's ability to use or offer Generative AI, including in connection with or through a third party. | Without waiving their objections, Plaintiffs will produce non-privileged, non-work product, responsive documents reflecting actual or proposed deal terms for licensing copyrighted sound recordings to generative AI music companies from January 2023 to present. |
| RFP 33 | All Documents and Communications between You, any other Plaintiff, or the Recording Industry Association of America, either directly or through any third party, concerning whether or not to license Your Sound Recordings to Defendant or any Company for any purpose relating to Generative AI. | Without waiving their objections, Plaintiffs will produce non-privileged, non-work product, responsive documents reflecting actual or proposed deal terms for licensing copyrighted sound recordings to generative AI music companies from January 2023 to present. |
| RFP 34 | All Documents and Communications between You and any Artist concerning whether or not to license Your Sound Recordings to Defendant or any third party for any purpose relating to Generative AI. | Without waiving their objections, Plaintiffs will produce nonprivileged, non-work product responsive documents and communications with any artists identified in Exhibit A of the complaint concerning whether or not to license copyrighted sound recordings to Defendant. |

| | | |
|---|---|---|
| **RFP 37** | All Communications between You and any government entity (whether state or federal) concerning copyright and Generative AI and all Documents concerning those Communications. | As we explained above and at the meet and confer, Plaintiffs' communications with governmental entities are irrelevant to any issues presented in this case. <br><br> This request also seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production, to the extent it seeks "all documents concerning" Plaintiffs' communications with governmental entities. <br><br> Plaintiffs will not produce documents in response to this request. |
| **RFP 38** | All Documents or Communications, including between You, any other Plaintiff, the Recording Industry Association of America, or any Artist, either directly or through any third party, concerning the possibility of bringing (or threatening to bring) a copyright infringement lawsuit against any Company concerning Generative AI. | As we explained at the meet and confer, this request seeks information that is almost entirely, if not entirely, protected by the attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from production. <br><br> Plaintiffs will not produce documents in response to this request. |
| **RFP 39** | All Documents and Communications related to Warner Music Group Corp.'s statement that "artificial intelligence (AI) technologies have creative potential for artists," available here: https://www.wmg.com/wp-content/uploads/2024/07/WMG-Statement-Regarding-AI-Technologies.pdf. | This request is overbroad and seeks information that is not relevant to any issue presented in the case. *See N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 11195 (SHS), Dkt. 344 (S.D.N.Y. Nov. 22, 2024) ("This case is about whether Defendant trained their LLMs using Plaintiff's copyrighted material, and whether that use constitutes copyright infringement. It is not a referendum on the benefits of Gen AI[.]"). <br><br> Plaintiffs will not produce documents in response to this request. |
| **RFP 40** | All Documents and Communications related to Sony Music Group's statement that "SMG has been embracing the potential for responsibly produced AI to be used as a creative tool, revolutionizing the ways . . . recording artists create music," available here: https://www.sonymusic.com/sonymusic/declaration-of-ai-training-opt-out/. | This request is overbroad and seeks information that is not relevant to any issue presented in the case. *See N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 11195 (SHS), Dkt. 344 (S.D.N.Y. Nov. 22, 2024) ("This case is about whether Defendant trained their LLMs using Plaintiff's copyrighted material, and whether that use constitutes copyright infringement. It is not a referendum on the benefits of Gen AI[.]"). <br><br> Plaintiffs will not produce documents in response to this request. |

| | | |
|---|---|---|
| RFP 41 | All Documents and Communications concerning the policies and procedures regarding the use of Generative AI by You or Your Artists. | This request is overbroad and seeks information that is not relevant to any issue presented in the case. *See N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 11195 (SHS), Dkt. 344 (S.D.N.Y. Nov. 22, 2024) ("This case is about whether Defendant trained their LLMs using Plaintiff's copyrighted material, and whether that use constitutes copyright infringement. It is not a referendum on the benefits of Gen AI[.]"). <br><br> Plaintiffs will not produce documents in response to this request. |
| RFP 42 | Documents sufficient to show any of Your or Your Artists' past, present, or planned efforts to use Generative AI in the development of sound recordings. | This request is overbroad and seeks information that is not relevant to any issue presented in the case. *See N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 11195 (SHS), Dkt. 344 (S.D.N.Y. Nov. 22, 2024) ("This case is about whether Defendant trained their LLMs using Plaintiff's copyrighted material, and whether that use constitutes copyright infringement. It is not a referendum on the benefits of Gen AI[.]"). <br><br> Plaintiffs will not produce documents in response to this request. |
| RFP 43 | All Documents and Communications concerning any Generative AI tools and product features, or prototypes thereof, You are building, considering implementing, and/or have implemented for Your or Your Artists' use. | This request is overbroad and seeks information that is not relevant to any issue presented in the case. *See N.Y. Times v. Microsoft Corp.*, No. 23 Civ. 11195 (SHS), Dkt. 344 (S.D.N.Y. Nov. 22, 2024) ("This case is about whether Defendant trained their LLMs using Plaintiff's copyrighted material, and whether that use constitutes copyright infringement. It is not a referendum on the benefits of Gen AI[.]"). <br><br> Plaintiffs will not produce documents in response to this request. |
| RFP 44 | All Documents and Communications concerning Your actual or potential efforts to train Generative AI models using Your Sound Recordings. | Without waiving their objections, Plaintiffs will produce non-privileged, non-work product, responsive documents reflecting actual or proposed terms for licensing copyrighted sound recordings to generative AI music companies from January 2023 to present. |
| RFP 45 | All Documents and Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint. | Without waiving their objections, Plaintiffs will produce non-privileged, non-work product, responsive documents they intend to rely on to show the harm they suffered from the conduct alleged in the complaint. |

| | | |
|---|---|---|
| **RFP 46** | All Documents and Communications related to your contention that "Suno's use of the Copyrighted Recordings poses a significant threat to the market for and value of the Copyrighted Recordings" as alleged in Paragraph 77 of the Complaint. | Without waiving their objections, Plaintiffs will produce nonprivileged, non-work product, responsive documents, if any, in their possession, custody, or control sufficient to illustrate the issue identified in the quoted allegation from a reasonable time period as related to the case. |
| **RFP 47** | All Documents that support Your contention that Suno's "musical outputs could saturate the market with machine-generated content that will directly compete with, cheapen, and ultimately drown out . . . genuine sound recordings" as alleged in Paragraph 4 of the Complaint. | Without waiving their objections, Plaintiffs will produce nonprivileged, non-work product, responsive documents, if any, in their possession, custody, or control sufficient to illustrate the issue identified in the quoted allegation from a reasonable time period as related to the case. |
| **RFP 48** | All Documents and Communications related to your contention that "Suno feeds the Copyrighted Recordings into its AI model not merely to deconstruct their expressive content, but with the explicit aim of imitating these expressive features in digital music files that could serve as substitutes for and compete with the original recordings" as alleged in Paragraph 73 of the Complaint. | Without waiving their objections, Plaintiffs will produce nonprivileged, non-work product, responsive documents, if any, in their possession, custody, or control sufficient to illustrate the issue identified in the quoted allegation from a reasonable time period as related to the case. |
| **RFP 49** | All Documents and Communications related to your contention that users have "publish[ed] Suno-generated outputs on music streaming services, where they will compete for plays against real, copyrighted sound recordings" as alleged in Paragraph 78 of the Complaint. | Without waiving their objections, Plaintiffs will produce nonprivileged, non-work product, responsive documents, if any, in their possession, custody, or control sufficient to illustrate the issue identified in the quoted allegation from a reasonable time period as related to the case. |
| **RFP 50** | All Documents and Communications related to Your contention that Suno will "upend[] whole segments of the legitimate music industry," as alleged in Paragraph 14 of the Complaint. | Without waiving their objections, Plaintiffs will produce nonprivileged, non-work product, responsive documents, if any, in their possession, custody, or control sufficient to illustrate the issue identified in the quoted allegation from a reasonable time period as related to the case. |
| **RFP 51** | All Documents and Communications concerning any study, survey, or other research regarding the impact of Generative AI on the market for sound recordings, regardless of whether conducted by You or some other entity. | Without waiving their objections, Plaintiffs will produce any non-privileged, non-work product studies or surveys regarding how generative AI music has impacted the market for sound recordings, from January 2023 to present. |

| | | |
|---|---|---|
| RFP 52 | All Documents and Communications between You, any other Plaintiff, the Recording Industry Association of America, or Artist, either directly or through any third party, regarding the impact of Generative AI on the market for sound recordings. | Without waiving their objections, Plaintiffs will produce any non-privileged, non-work product studies or surveys regarding how generative AI music has impacted the market for sound recordings, from January 2023 to present. |
| RFP 54 | All Documents and Communications concerning any purported impact of Defendant's Product on Your ability to license Your Asserted Works and Your licensing fees and/or licensing revenue, profitability, size, growth, strategic direction, objectives or business strategy, that relate to the amounts that You expect to be paid in the future. | Without waiving their objections, Plaintiffs will produce non-privileged, non-work product, responsive documents they intend to rely on to show the harm they suffered from the conduct alleged in the complaint. |
| RFP 57 | Documents sufficient to show the total revenue or royalties You have earned from each Asserted Work, on a per-Work and monthly basis dating back to January 1, 2019, and on an annual basis per-Work dating back to January 1, 2015. | As explained above and during the meet and confer, this request seeks discovery that is not relevant or proportional to this litigation. Plaintiffs will not produce documents in response to this request. |
| RFP 58 | Documents sufficient to show all Your expenses on a monthly basis relating to the creation, advertising marketing, and promotion of Your Asserted Works including broken down by Work and by category of expense including pre-creation costs such as recording costs. | As explained above and during the meet and confer, this request seeks discovery that is not relevant or proportional to this litigation. Plaintiffs will not produce documents in response to this request. |
| RFP 59 | All agreements You have entered into with Your Artists concerning the Asserted Works, including any agreements concerning the royalties and/or compensation the Artist receives for the Asserted Works. | As explained above and during the meet and confer, this request seeks discovery that is not relevant or proportional to this litigation. Plaintiffs will not produce documents in response to this request. |
| RFP 60 | All Documents and Communications concerning the value of Your Asserted Works to any Company using the Asserted Works to train any Generative AI model, including any study, sample, survey, or other analysis concerning measurement of the use of Your Works in any Training Corpus of any Generative AI model. | Without waiving their objections, Plaintiffs will produce any non-privileged, non-work product documents sufficient to show revenues and profits generated from any actual licenses or agreements to use sound recordings as training data for a generative AI music service, to the extent such documents exist. |
| RFP 61 | All Documents and Communications concerning how You calculate the licensing fees You charge, or have attempted to charge, any Company for licenses to Your Sound Recordings for any purpose related to Generative AI, and the reasons for any changes to those rates. | Without waiving their objections, Plaintiffs will produce any non-privileged, non-work product documents sufficient to show revenues and profits generated from any actual licenses or agreements to use sound recordings as training data for a generative AI music service, to the extent such documents exist. |

12

| | | |
|---|---|---|
| RFP 62 | All Documents and Communications concerning revenues and profit margins You have generated from any license or agreement concerning the use of Your Sound Recordings for any purpose related to Generative AI. | Without waiving their objections, Plaintiffs will produce any non-privileged, non-work product documents sufficient to show revenues and profits generated from any actual licenses or agreements to use sound recordings as training data for a generative AI music service, to the extent such documents exist. |
| RFP 63 | Documents sufficient to show Your assets, liabilities, and annual income, including IRS filings. | As explained above and during the meet and confer, this request seeks discovery that is not relevant or proportional to this litigation.<br><br>Plaintiffs will not produce documents in response to this request. |
| RFP 64 | All of Your monthly, quarterly, and annual financial statements, including income statements, balance sheets, profit and loss statements, and any other financial disclosures that You are required to maintain and/or submit under state or federal law from January 1, 2015 to present. | As explained above and during the meet and confer, this request seeks discovery that is not relevant or proportional to this litigation.<br><br>Plaintiffs will not produce documents in response to this request. |

**Alexander Perry**

**HUESTON HENNIGAN** LLP

D: 212.715.1121
aperry@hueston.com
Biography

---

**From:** Grace.McLaughlin@lw.com <Grace.McLaughlin@lw.com>
**Sent:** Thursday, November 21, 2024 2:20 PM
**To:** Rajan Trehan <rtrehan@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Alexander Perry <aperry@hueston.com>; Mariah Rivera <mrivera@hueston.com>; Robert N. Klieger <rklieger@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com; Celeste Kelly <ckelly@hueston.com>; Sonia Gaeta <sgaeta@hueston.com>
**Cc:** Andrew.Gass@lw.com; Britt.Lovejoy@lw.com; Steve.Feldman@lw.com; Sy.Damle@lw.com; Lydia.Franzek@lw.com
**Subject:** RE: RE: UMG Recordings Inc. v. Suno, Inc., No. 24 Civ. 11611 (FDS)

Counsel:

In your email from November 9, you told us you would provide a "detailed response" to the many Suno RFPs in dispute by "next week." It has been nearly two weeks since that email and we have not heard from you—though in the meantime you have been pursuing Plaintiffs' RFPs. Please write back with your positions no later than November 25 or we will assume that we are at an impasse as to these RFPs and move to compel.

As noted below, we have a dispute regarding discovery into your asserted Works (RFP Nos. 1, 2, 3, 5, 6, and 8), and will move to compel.

Regards,

**Grace McLaughlin**

Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.2967

---

**From:** Rajan Trehan <rtrehan@hueston.com>
**Sent:** Saturday, November 9, 2024 10:12 PM
**To:** McLaughlin, Grace (NY) <Grace.McLaughlin@lw.com>; Moez M. Kaba <mkaba@hueston.com>; Alexander Perry <aperry@hueston.com>; Mariah Rivera <mrivera@hueston.com>; Robert N. Klieger <rklieger@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com; Celeste Kelly <ckelly@hueston.com>; Sonia Gaeta <sgaeta@hueston.com>
**Cc:** Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Franzek, Lydia (NY) <Lydia.Franzek@lw.com>
**Subject:** Re: RE: UMG Recordings Inc. v. Suno, Inc., No. 24 Civ. 11611 (FDS)

Counsel,

We disagree with certain aspects of your account of our conferral in the correspondence below, but we are working diligently with our clients to finalize our positions with respect to the issues you identified. We expect to be able to provide a detailed response next week.

All rights are reserved.

Regards,
Raj


**Rajan Trehan**

**HUESTON HENNIGAN LLP**

D: 213.788.4381
rtrehan@hueston.com
Biography

---

**From:** Grace.McLaughlin@lw.com <Grace.McLaughlin@lw.com>
**Date:** Friday, November 1, 2024 at 4:10 PM
**To:** Rajan Trehan <rtrehan@hueston.com>, Moez M. Kaba <mkaba@hueston.com>, Alexander Perry <aperry@hueston.com>, Mariah Rivera <mrivera@hueston.com>, Robert N. Klieger <rklieger@hueston.com>, dcloherty@clohertysteinberg.com <dcloherty@clohertysteinberg.com>, aarnold@clohertysteinberg.com <aarnold@clohertysteinberg.com>, Celeste Kelly <ckelly@hueston.com>, Sonia Gaeta <sgaeta@hueston.com>
**Cc:** Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Britt.Lovejoy@lw.com <Britt.Lovejoy@lw.com>, Steve.Feldman@lw.com <Steve.Feldman@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Lydia.Franzek@lw.com <Lydia.Franzek@lw.com>
**Subject:** RE: UMG Recordings Inc. v. Suno, Inc., No. 24 Civ. 11611 (FDS)

Counsel:

We write to memorialize the positions on Suno's First Set of Requests for Production discussed during our meet and confer on October 22. We reserve all rights to pursue any of the Requests for Production not addressed in this email and waive none.

1. **Discovery into Asserted Works (RFP Nos. 1, 2, 3, 5, 6, and 8):** You stated that Plaintiffs would not produce documents responsive to these RFPs, which seek information relevant to the copyright registrations and ownership of the Asserted Works, until Suno produces information relevant to its training data. More specifically, you confirmed that, until Plaintiffs have access to Suno's training data and can determine if any *unasserted* works are present, Plaintiffs refuse to produce documents concerning the Asserted Works, including the copyright registrations, deposit copies, and documents sufficient to show the dates of first publication. You also claimed that Plaintiffs have made their prima facie obligation of establishing ownership of the asserted works, even though Plaintiffs have not yet provided certificates of registration or any other documentation supporting their claimed ownership. **We have a dispute here and will seek relief from the Court.**

2. **Outputs (RFP Nos. 14 through 23):** You indicated during the meet and confer that Plaintiffs do not intend to rely on the outputs cited in the Complaint except insofar as there is a dispute related to whether an asserted work exists in Suno's training data. **Please confirm by the end of next week that is the case and Plaintiffs will not be using any output cited in the Complaint for any other purpose, including in opposition to Suno's fair use defense.**

3. **Privilege over Communications with Third Parties (RFP Nos. 24, 25, 27, 29 through 34, 37, 38, and 52):** Plaintiffs have asserted "attorney-client privilege, attorney work-product doctrine, or any other privilege or protection" as an objection to each RFP, including RFPs seeking documents and communications among the individual Plaintiffs and between Plaintiffs and third parties, including the Recording Industry Association of America, about licensing Plaintiffs' Sound Recordings.

   Please confirm your statement during the meet and confer that you will not be asserting any privilege over any communications between individual Plaintiffs, Plaintiffs and the RIAA, or between Plaintiffs and any third parties regarding a refusal to engage in an on-going licensing arrangement with a music-generative AI company. **To the extent you intend to take a different position than the one expressed on our meet and confer, please confirm by the end of next week. Otherwise, we have a dispute here and will seek relief from the Court.**

   During the meet and confer, when otherwise asked what privilege would extend to communications among Plaintiffs or between Plaintiffs and third parties about licensing, you stated that, depending on the circumstances, common interest privilege or work product protection may apply. Please confirm whether you intend to withhold any otherwise responsive documents on the basis of these privileges and protections. Please also provide an explanation of how you believe those protections apply to communications among Plaintiffs or between Plaintiffs and third parties, with citation to any relevant authority in support of your position. If you intend to rely on any other privilege or protection to withhold such communications, please identify that privilege or protection, with citation to relevant authority.

1. **RFP No. 24:** You stated that Plaintiffs will not be limiting their response to this RFP requesting documents and communications relating to this Action to those referencing the specific asserted sound recordings vs. the litigation as a whole. **Please confirm by the end of next week.**

1. **RFP No. 27:** You stated that Plaintiffs would consider producing documents in response to this RFP, provided the RFP has "an appropriate time limitation." As discussed during the meet and confer, **please propose a time limitation by the end of next week**.

2. **RFP No. 28:** During the meet and confer, Suno confirmed that it is seeking the form letter Plaintiffs sent to the "more than 700 AI companies and streaming platforms" identified in the article, a complete list of recipients, and any communications with the companies and streaming platforms following the letters. **Please confirm by**

the end of next week whether this is acceptable to Plaintiffs; if not, we have a dispute and will seek relief from the Court.

3. **RFP No. 29:** You confirmed that Plaintiffs are willing to produce any documents or communications that propose the terms of a deal or deals to use Plaintiffs' Sound Recordings for any purpose related to Generative AI.  This is not sufficient.  Given the analysis required by Factor Four of the fair use defense, we are entitled to all documents and communications regarding *potential* and *rejected* licensing arrangements, regardless of whether they resulted in proposed or executed deal terms.  **Unless we hear from you by the end of next week that you will be deviating from this position, we have a dispute and will seek relief from the Court.**

4. **RFP No. 34:**  During the meet and confer, you stated that Plaintiffs object to this RFP as unduly burdensome but expressed that Plaintiffs would consider a response that, in the first instance, is limited to documents or communications with a sample or identified set of Artists.  **Please confirm whether Plaintiffs are open to this modification.**  Suno reserves all rights.

5. **RFP No. 37:**  As discussed at the meet and confer, statements made in connection with Plaintiffs' efforts to regulate AI may be relevant to Factor Four of the fair use defense.  Please confirm whether you will be standing on your relevance objection.  You additionally represented that Plaintiffs may withhold responsive documents under the work product doctrine.  Please provide an explanation of how you believe the work product doctrine applies to documents responsive to this RFP, with citation to any relevant authority in support of your position.  **Unless we hear from you by the end of next week that you will be deviating from this position, we have a dispute and will seek relief from the Court.**

6. **RFP Nos. 39 through 44:**  You stated that Plaintiffs would not produce documents responsive to these requests insofar as they seek information about *all* generative AI.  As discussed during the meet and confer, Suno limits these requests to music-related generative AI.  You also stated that Plaintiffs object to these requests on relevance grounds.  Suno maintains that these requests are relevant because they seek information on Plaintiffs' internal views related to the creative benefit of AI, which may be at odds with Plaintiffs' litigation positions on market harm and whether AI promotes the underlying goals of the Copyright Act.  Insofar as Plaintiffs question the relevance of licensed models, licensing model arrangements are also squarely relevant to the Factor Four analysis on the effect on the use on the potential market for the copyrighted work and any potential license defense.  **Please confirm by the end of next week that you will produce documents responsive to this request; otherwise we have a dispute and will seek relief from the Court.**

7. **RFP No. 45:**  During the meet and confer, Suno agreed to limit this request in the first instance to documents and communications that Plaintiffs intend to rely on to prove injury.   Suno reserves the right to seek additional documents upon review of Plaintiffs' production.  **Please confirm your agreement.**

8. **Ongoing Harm (RFP Nos. 46 through 50):**  Insofar as Plaintiffs intend to argue ongoing harm that post-dates the Complaint, please confirm that Plaintiffs will vacate their position that they will produce only documents that existed as of the time of filing the complaint.   **Please confirm your position by the end of next week.**

9. **Research on Generative AI's Effect on Market for Sound Recordings (RFP No. 51 and 52):**  As discussed during the meet and confer, Suno does not seek expert analysis responsive to this request at this time; however, Suno continues to seek studies or analyses conducted by Plaintiffs or a third party at Plaintiffs' request.  **Please confirm by the end of next week that you will produce these documents.**

10. **RFP No. 54:**  As discussed during the meet and confer, Suno maintains that this information is relevant to test Plaintiffs' allegations of lost-profits damages.  You stated that Plaintiffs will counterpropose documents related to harm.  **Please provide the details of your counterproposal by the end of next week.**

11. **Potential Impact of Generative AI on Revenue (RFP Nos. 57 through 59):**  As discussed during the meet and confer, Suno maintains that these requests are squarely relevant as they seek information related to Plaintiffs' allegations of harm, the fair use Factor Four analysis, and Plaintiffs' lost profits demand.  With respect to RFP 57,

16

Suno is willing to modify its request to seek data back to January 1, 2019.  **Please confirm your position by the end of next week.**

12. **RFP No. 60:**  As discussed during the meet and confer, Suno maintains that this request is squarely relevant to the fair use Factor Four analysis and Plaintiffs' lost profits demand.  **Unless we hear from you by the end of next week that you will be deviating from this position, we have a dispute and will seek relief from the Court.**

13. **Licensing (RFP Nos. 61 through 62):**  You stated that Plaintiffs would not produce documents responsive to RFP Nos. 61 and 62, because the definition of Generative AI was overbroad.  **Please confirm by the end of next week that Plaintiffs will produce documents responsive to this RFP if the request is limited to music-related Generative AI; otherwise, we have a dispute and will seek relief from the Court.**

14. **Financial Information (RFP Nos. 63 through 64):**  You stated that Plaintiffs would not produce documents responsive to those RFPs, which seek information regarding Plaintiffs' financial picture, because of the proposed time frame of January 1, 2015 until the present.  Suno is willing to modify its request to seek data back to January 1, 2019 to the present.  **Please confirm your position by the end of next week.**

We remain willing to meet and confer about any of the above.  Thank you.

Best,
Grace

**Grace McLaughlin**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.2967

---

**From:** Franzek, Lydia (NY)
**Sent:** Friday, October 18, 2024 3:20 PM
**To:** 'Rajan Trehan' <rtrehan@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Alexander Perry <aperry@hueston.com>; Mariah Rivera <mrivera@hueston.com>; Robert N. Klieger <rklieger@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com; Celeste Kelly <ckelly@hueston.com>; Sonia Gaeta <sgaeta@hueston.com>
**Cc:** Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>
**Subject:** RE: UMG Recordings Inc. v. Suno, Inc., No. 24 Civ. 11611 (FDS)

Hi Raj,

We are available on Tuesday, October 22, from 1-3 p.m. PT.  Thank you.

Best
Lydia

**Lydia Franzek**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4643

---

**From:** Rajan Trehan <rtrehan@hueston.com>
**Sent:** Thursday, October 17, 2024 2:01 AM

17

**To:** Franzek, Lydia (NY) <Lydia.Franzek@lw.com>; Moez M. Kaba <mkaba@hueston.com>; Alexander Perry <aperry@hueston.com>; Mariah Rivera <mrivera@hueston.com>; Robert N. Klieger <rklieger@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com; Celeste Kelly <ckelly@hueston.com>; Sonia Gaeta <sgaeta@hueston.com>
**Cc:** Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>
**Subject:** Re: UMG Recordings Inc. v. Suno, Inc., No. 24 Civ. 11611 (FDS)

Lydia,

I'm traveling internationally through Monday, but am available 1-3 pm on Tuesday or 10-11 am and 2-4 pm on Wednesday (all times PT). Please let us know if there's a time in one of those windows that works for you.

Thanks,
Raj


**Rajan Trehan**

**HUESTON HENNIGAN** LLP

D: 213.788.4381
rtrehan@hueston.com
Biography

---

**From:** Lydia.Franzek@lw.com <Lydia.Franzek@lw.com>
**Sent:** Tuesday, October 15, 2024 1:49 PM
**To:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Mariah Rivera <mrivera@hueston.com>; Robert N. Klieger <rklieger@hueston.com>; dcloherty@clohertysteinberg.com <dcloherty@clohertysteinberg.com>; aarnold@clohertysteinberg.com <aarnold@clohertysteinberg.com>; Celeste Kelly <ckelly@hueston.com>; Sonia Gaeta <sgaeta@hueston.com>
**Cc:** Andrew.Gass@lw.com <Andrew.Gass@lw.com>; Steve.Feldman@lw.com <Steve.Feldman@lw.com>; Sy.Damle@lw.com <Sy.Damle@lw.com>; Britt.Lovejoy@lw.com <Britt.Lovejoy@lw.com>
**Subject:** RE: UMG Recordings Inc. v. Suno, Inc., No. 24 Civ. 11611 (FDS)

Counsel:

We are in receipt of Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production of Documents dated October 14, 2024 ("Responses"). In those Responses, you indicate that you are willing to meet and confer. Please provide your availability on Thursday, October 17.

Please come prepared to discuss all objections in Plaintiffs' R&Os on which Plaintiffs intend to stand and any authority you intend to rely on in support of those objections.

Best,
Lydia

**Lydia Franzek**

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020

D: +1.212.906.4643

---

**From:** Sonia Gaeta <sgaeta@hueston.com>
**Date:** Monday, Oct 14, 2024 at 5:23 PM
**To:** Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>, Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>, Damle, Sy (DC-NY) <Sy.Damle@lw.com>, Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>, Taylor, Nathan (NY) <Nathan.Taylor@lw.com>, Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>
**Cc:** Moez M. Kaba <mkaba@hueston.com>, Rajan Trehan <rtrehan@hueston.com>, Alexander Perry <aperry@hueston.com>, Mariah Rivera <mrivera@hueston.com>, Robert N. Klieger <rklieger@hueston.com>, dcloherty@clohertysteinberg.com <dcloherty@clohertysteinberg.com>, Alexandra Arnold <aarnold@clohertysteinberg.com>, Celeste Kelly <ckelly@hueston.com>
**Subject:** UMG Recordings Inc. v. Suno, Inc., No. 24 Civ. 11611 (FDS)

Counsel:

In connection with the above-referenced matter, attached please find electronic service copies of:

1. Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production of Documents

Best,

**Sonia Gaeta**
*Litigation Assistant*

---

**HUESTON HENNIGAN** LLP

D: 213.805.5973
T: 213.788.4340
sgaeta@hueston.com

523 W 6th St UNIT 400
Los Angeles CA 90014

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.