# EXHIBIT E

## McLaughlin, Grace (NY)

| | |
|---|---|
| **From:** | Alexander Perry <aperry@hueston.com> |
| **Sent:** | Friday, February 21, 2025 3:30 PM |
| **To:** | Lovejoy, Britt (Bay Area); Mariah Rivera; Moez M. Kaba; Rajan Trehan; Katharine Ross; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com |
| **Cc:** | Gass, Andrew (Bay Area); #C-M SUNO - LW TEAM |
| **Subject:** | RE: UMG Recordings Inc. v. Suno, Inc., No. 24-cv-11611 |

Counsel,

Responses to your questions stemming from last week's conference in the Suno case are below in **red**.

Thank you,
Alex

**Alexander Perry**

_____

**HUESTON HENNIGAN** LLP

D: 212.715.1121
aperry@hueston.com
Biography

---

**From:** Britt.Lovejoy@lw.com <Britt.Lovejoy@lw.com>
**Sent:** Wednesday, February 19, 2025 8:09 PM
**To:** Mariah Rivera <mrivera@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Cc:** Andrew.Gass@lw.com; suno.lwteam@lw.com
**Subject:** UMG Recordings Inc. v. Suno, Inc., No. 24-cv-11611

Counsel:

Following the parties' Friday conference with Judge Levenson, we write to request the following. We maintain that Plaintiffs can no longer withhold this critical discovery.

1. Confirmation that Plaintiffs will produce all copyright registrations associated with the works in suit without further delay.

    **Plaintiffs' Response:** Without waiving any objections, including those with respect to Plaintiffs' production obligations after the list of asserted works grows, Plaintiffs agree to produce documents from the U.S. Copyright Office reflecting registrations for each of the post-1972 works listed in Exhibit A of the Complaint.

2. Plaintiffs' proposal regarding an appropriate sample of deposit copies for the works in suit.

    a. As stated on the record, Suno reserves all rights and waives no argument regarding Plaintiffs' ability to establish the prima facie elements of their claims without producing into the record a deposit copy for every asserted work.

**Plaintiffs' Response:** Plaintiffs do not retain deposit copies for the vast majority of sound recordings they own, and any deposit copies they do have would be extremely difficult to collect and produce. This burden is disproportionate to the needs of the case, especially because Plaintiffs will be able to prove that the commercially available versions of the asserted sound recordings are the same sound recordings they deposited with the Copyright Office when seeking registration. Moreover, many copyright registrations themselves contain sufficient identifying information (*e.g.*, ISRC or UPC codes) to allow for identification of the corresponding sound recording using publicly available means. In short, Plaintiffs will be able to satisfy their duty to identify the precise contours of their copyrighted sound recordings by means other than undergoing the burdensome (and, in certain cases, potentially impossible) exercise of obtaining the deposit copies they submitted to the Copyright Office.

3. Confirmation of whether Plaintiffs will produce chain-of-title information for: (1) every asserted pre-1972 sound recording; and (2) in-suit works where the copyright registrations do not identify Plaintiffs as an author or owner of the work. And, for any in-suit work registered as a work for hire, Plaintiffs will produce the contract characterizing the work as a "work for hire" or the transferring rights in the work to the respective Plaintiff.

   **Plaintiffs' Response:** Without waiving any objections, including those with respect to Plaintiffs' production obligations after the list of asserted works grows, Plaintiffs agree to produce chain-of-title information for the pre-1972 works asserted in Exhibit A of the Complaint, and the post-1972 works asserted in Exhibit A of the Complaint for which the copyright registration does not identify Plaintiffs as an author or owner of the work.

4. Confirmation of whether Plaintiffs will provide publication dates for pre-1972 sound recordings.

   **Plaintiffs' Response:** Without waiving any objections, including those with respect to Plaintiffs' production obligations after the list of asserted works grows, Plaintiffs agree to produce documents sufficient to show that the pre-1972 works asserted in Exhibit A of the Complaint are not in the public domain. If you believe that the first publication dates of the pre-1972 sound recordings would be relevant for any other purpose, please let us know.

Regards,

Britt

**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.