# EXHIBIT G

## McLaughlin, Grace (NY)

| | |
|---|---|
| **From:** | Alexander Perry <aperry@hueston.com> |
| **Sent:** | Friday, March 7, 2025 1:51 AM |
| **To:** | McLaughlin, Grace (NY); Mariah Rivera; Lovejoy, Britt (Bay Area); Gass, Andrew (Bay Area); #C-M SUNO - LW TEAM |
| **Cc:** | Moez M. Kaba; Rajan Trehan; Katie Ross; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com |
| **Subject:** | RE: UMG RECORDINGS, INC., et al., v. SUNO, INC., et al., No. 1:24-CV-11611-FDS |

Grace,

Beginning with your request that we confirm Plaintiffs' position on the ownership-related RFPs, your chart accurately reflects Plaintiffs' current positions, which we likewise communicated in our email of March 5, 2025, in response to Suno's updated discovery positions.

With respect to the parties' dispute regarding registered works for hire, Suno's request for all agreements establishing proof of ownership for such works is unnecessary and disproportionate to the needs of the case in light of the chain of title information Plaintiffs have already agreed to produce. These agreements are commercially sensitive, and their production would require Plaintiffs to find and collect each relevant agreement as part of a go-get collection. Agreements falling into this category are particularly unnecessary because the copyright registrations are likely to entitle Plaintiffs to a presumption of ownership in many of the relevant works. Accounting for these factors, Plaintiffs have offered an illustrative sampling approach to this category of documents, which will demonstrate that many of these agreements contain "belt-and-suspenders" assignment clauses, which expressly assign Plaintiffs all rights in the underlying work, irrespective of work-for-hire status.

To account for Suno's timing concerns, Plaintiffs envision that the parties would select these samples after Plaintiffs produce the copyright registration information associated with the works in Exhibit A of the currently operative Complaint. If, after Plaintiffs produce the sampling of such agreements, Suno identifies any specific issues or works for which it believes it requires additional information, Plaintiffs are willing to meet and confer to discuss those concerns. But, in the absence of any basis to believe that the sought-after agreements will shed light on any disputed issue, Suno's request for every agreement pertaining to each sound recording registered as a work for hire is burdensome and disproportionate to the needs of the case.

Regards,
Alex

**Alexander Perry**

_____

**HUESTON HENNIGAN LLP**

D: 212.715.1121
aperry@hueston.com
Biography

---

**From:** Grace.McLaughlin@lw.com <Grace.McLaughlin@lw.com>
**Sent:** Tuesday, March 4, 2025 5:35 PM
**To:** Alexander Perry <aperry@hueston.com>; Mariah Rivera <mrivera@hueston.com>; Britt.Lovejoy@lw.com; Andrew.Gass@lw.com; suno.lwteam@lw.com
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Katie Ross <kross@hueston.com>;

dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Subject:** RE: UMG RECORDINGS, INC., et al., v. SUNO, INC., et al., No. 1:24-CV-11611-FDS

Counsel:

We do not understand—and Plaintiffs have not articulated—the burden associated with producing the documents Suno seeks. This category of documents requested is a narrow one: agreements establishing proof of ownership for works in which [Plaintiffs] are listed as owners or authors on the registration *but* that the registration makes clear are works made for hire.  Though Plaintiffs still have not produced registration information for any of the asserted works, Suno's initial investigation suggests that a number of those works do not fall into this category at all—that is, a number of the works at issue likely do not have Plaintiffs listed as owners or authors. The number of contracts Plaintiffs need to collect is further limited by the fact that a single artist-contract may cover multiple works, and Plaintiffs' list of asserted works identifies fewer than around 50 artists total. Finally, it bears note that Plaintiffs' proposal, which is based on a percentage of the *total number of asserted works* rather than works identified on a copyright registration as works made for hire, could result in Plaintiffs selecting for their proposed sample works that are not in the relevant category whatsoever.  And, as Plaintiffs have not yet produced registrations, Suno cannot determine which works would be relevant for its proposed sample either.

Suno cannot accept any "sampling approach" without an understanding of the burden Plaintiffs are attempting to vitiate and without appropriate tailoring of the "sample" to the actual information Suno seeks through this request.

We will continue to prepare our position statement regarding works for hire and deposit copies, which we will send to you on March 7.

In addition, will you please confirm that the below chart reflects Plaintiffs' positions on the ownership-related RFPs in dispute:

| RFP No. | RFP | Updated Proposal |
|---|---|---|
| 1 | All U.S. copyright registrations for each of Your Asserted Works. | Without waiving any objections, including those with respect to Plaintiffs' production obligations after the list of asserted works grows, Plaintiffs agree to produce documents from the U.S. Copyright Office reflecting registrations for each of the post-1972 works listed in Exhibit A of the Complaint. |
| 2 | Deposit copies for each of Your Asserted Works. | This request is unduly burdensome and disproportionate to the needs of the case.  Plaintiffs do not retain deposit copies for the vast majority of sound recordings they own, and any deposit copies they do have would be extremely difficult to collect and produce.  This burden is disproportionate to the needs of the case, especially because Plaintiffs will be able to prove that the commercially available versions of the asserted sound recordings are the same sound recordings they deposited with the Copyright Office when seeking registration.  Moreover, many copyright registrations themselves contain sufficient identifying information (*e.g.*, ISRC or UPC codes) to allow for identification of the corresponding sound recording using publicly available means.  In short, Plaintiffs will be able to satisfy their duty to identify the precise contours of their copyrighted sound recordings by means other than undergoing the burdensome (and, in certain cases, potentially impossible) exercise of obtaining the deposit copies they submitted to the Copyright Office. |

| | | |
|---|---|---|
| | | If the provision of any additional information in this regard might moot the dispute, please let us know. |
| 3 | Documents and Communications sufficient to show the entire chain-of-title for each of Your Asserted Works. | Without waiving any objections, including those with respect to Plaintiffs' production obligations after the list of asserted works grows, Plaintiffs agree to produce chain-of-title information for the pre-1972 works asserted in Exhibit A of the Complaint, and the post-1972 works asserted in Exhibit A of the Complaint for which the copyright registration does not identify Plaintiffs as an author or owner of the work. |
| 5 | All U.S. copyright indexes pursuant to 17 U.S.C. § 1401 for Your Asserted Works. | Without waiving any objections, including those with respect to Plaintiffs' production obligations after the list of asserted works grows, Plaintiffs will produce the U.S. copyright indexes for the pre-1972 works listed in Exhibit A of the Complaint. |
| 6 | Documents sufficient to show the date of first publication of each of Your Asserted Works. | Without waiving any objections, including those with respect to Plaintiffs' production obligations after the list of asserted works grows, Plaintiffs agree to produce documents sufficient to show that the pre-1972 works asserted in Exhibit A of the Complaint are not in the public domain. |

Best,
Grace

**Grace McLaughlin**
Pronouns: She/Her/Hers

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.2967

---

**From:** Alexander Perry <aperry@hueston.com>
**Sent:** Wednesday, February 26, 2025 4:17 PM
**To:** Mariah Rivera <mrivera@hueston.com>; Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; #C-M SUNO - LW TEAM <suno.lwteam@lw.com>
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Katie Ross <kross@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Subject:** RE: UMG RECORDINGS, INC., et al., v. SUNO, INC., et al., No. 1:24-CV-11611-FDS

Counsel:

Plaintiffs continue to disagree with Suno's request for information regarding registered works for hire. Nevertheless, in an effort to moot this dispute, Plaintiffs offer an updated proposal for agreements with provisions pertaining to sound recordings registered as works for hire.

Plaintiffs propose an illustrative sampling approach, pursuant to which Plaintiffs would produce such materials for approximately 10% of the asserted works currently listed in Exhibit A. Under this sampling proposal, Suno would identify 5% of the sound recordings for which Plaintiffs will produce such materials, and Plaintiffs will select the remaining 5% of recordings. Our expectation is that you will see substantial similarities in the relevant provisions of these agreements, including the presence of clauses that ensure that all rights in the work remain with the commissioning party. If, after Plaintiffs produce this sample, Suno identifies any further issues that might warrant a broader production, Plaintiffs would agree to meet and confer to discuss such issues.

Regards,

3

Alex

**Alexander Perry**

**HUESTON HENNIGAN** LLP

D: 212.715.1121
aperry@hueston.com
Biography

**From:** Mariah Rivera <mrivera@hueston.com>
**Sent:** Wednesday, February 26, 2025 1:15 PM
**To:** Britt.Lovejoy@lw.com; Andrew.Gass@lw.com; suno.lwteam@lw.com
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Katie Ross <kross@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Subject:** RE: UMG RECORDINGS, INC., et al., v. SUNO, INC., et al., No. 1:24-CV-11611-FDS

Britt,

Plaintiffs understand the briefing schedule to be as follows: the parties will exchange position statements for the discovery they are compelling on March 7, the parties will exchange opposition statements on March 14, and the moving party will have until March 19 (we propose at 1PM ET) to draft a separate reply section that responds to the opposing parties' arguments to ensure a timely filing by 6 PM ET. Please confirm if Suno has the same understanding.

Also, for the avoidance of doubt, please confirm that you are agreeing to produce documents responsive to the requests identified in my email below. We took that to be the case based on the statements you made at the March 14, 2025 hearing before Judge Levenson and your proposal of search terms, and that of course would be necessary to resolving these disputes. Thank you.

Best,
Mariah

**Mariah Rivera**
D: 646.891.5049

**From:** Mariah Rivera <mrivera@hueston.com>
**Sent:** Wednesday, February 26, 2025 10:10 AM
**To:** Britt.Lovejoy@lw.com; Andrew.Gass@lw.com; suno.lwteam@lw.com
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Subject:** RE: UMG RECORDINGS, INC., et al., v. SUNO, INC., et al., No. 1:24-CV-11611-FDS

Britt,

As we represented in our joint letter to Magistrate Judge Levenson, we are hopeful that the parties can reach agreement regarding the search terms for the requests for production pertaining to Suno's training data and processes. Please find below Plaintiffs' counterproposals for the search terms that are still in dispute.

Plaintiffs reserve all rights.

Best,
Mariah

| Request No. | Plaintiffs' Proposed Search Terms | Suno's Counter-Proposed Terms | Plaintiffs' Counter-Proposed Search Terms |
|---|---|---|---|
| **RFP 2:** ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA, including without limitation ALL DOCUMENTS and COMMUNICATIONS RELATING TO the collection, copying, reproduction, development, compilation, maintenance, alteration, and revision of YOUR TRAINING DATA. | train* AND (collect* OR copy OR copie* OR reproduc* OR develop* OR compilat* OR maintain* OR maintenance OR alter* OR revis* OR scrap* OR crawl*)<br><br>**Plaintiffs reserve our right to add additional search terms once we learn more about how you compiled and manipulated your training data.** | Agree.<br><br>Suno reserves its right to object to any additional proposed search terms. | |
| **RFP 3:** ALL DOCUMENTS and COMMUNICATIONS concerning the contents of YOUR AI MODEL or RELATING TO the manner in which YOU trained YOUR AI MODEL. | (model OR v2 OR v3 OR v3.5 OR v4) AND (contain* OR ingest* OR train* OR develop* OR refin* OR "fine-tun*" OR "fine tun*" OR finetun* OR modif*)<br><br>**Plaintiffs reserve our right to add additional search terms once you respond to Interrogatory No. 8.** | Agree<br><br>Suno reserves its right to object to any additional proposed search terms. | |
| **RFP 7:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS, including but not limited to how, and what portions of, the SOUND RECORDINGS are downloaded, copied, and/or reproduced. | **Please provide your proposed search terms.** | (copy OR copie* OR download* OR reproduc* OR export* OR scrap* OR extract* OR pipeline* OR fetch* OR script*) w/5 (song* OR recording* OR music OR audio* OR track* OR media* OR video* OR file*)<br><br>"training data" OR "training dataset" OR "training data set" | (copy OR copie* OR download* OR reproduc* OR export* OR scrap* OR extract* OR pipeline* OR fetch* OR script*) w/25 (song* OR recording* OR music OR audio* OR track* OR media* OR video* OR file* OR catalog*)<br><br>"training data" OR "training dataset" OR "training data set" OR "reference material*" OR "input data" OR "music dataset" |

5

| | | | |
|---|---|---|---|
| **RFP 12:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR efforts to obtain YOUR TRAINING DATA. | **Please provide your proposed search terms.** | (train*) AND (collect* OR copy OR copie* OR download* OR scrap* OR extract* OR pipeline* OR fetch* OR script*)<br><br>"training data" OR "training dataset" OR "training data set" | (train* ==OR reference OR input* OR dataset==) AND (collect* OR copy OR copie* OR download* OR scrap* OR extract* OR pipeline* OR fetch* OR script*)<br><br>"training data" OR "training dataset" OR "training data set" ==OR "reference material*" OR== "input data" OR "music dataset" |
| **RFP 14:** DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and used "essentially all music files of reasonable quality that are accessible on the open Internet" to train YOUR AI MODEL, as discussed on page 9 of the ANSWER. | **Please provide your proposed search terms.** | (train*) AND (collect* OR copy OR copie* OR download* OR scrap* OR extract* OR pipeline* OR fetch* OR script*)<br><br>"training data" OR "training dataset" OR "training data set" | (train* ==OR reference OR input* OR dataset==) AND (collect* OR copy OR copie* OR download* OR scrap* OR extract* OR pipeline* OR fetch* OR script*)<br><br>"training data" OR "training dataset" OR "training data set" ==OR "reference material*" OR== "input data" OR "music dataset" |
| **RFP 18:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and accessed ANY COPYRIGHTED SOUNDS RECORDINGS included in YOUR TRAINING DATA. | **Please provide your proposed search terms.** | Suno maintains its objection to Plaintiffs' this RFP's use of the term "COPYRIGHTED SOUND RECORDINGS" but nonetheless offers the below search strings which would pertain to Plaintiffs' allegedly copyrighted works and catalogs, in addition to the strings above which capture documents related to Suno's process for developing its training data set with respect to sound recordings, generally.<br><br>We are happy to meet and confer further regarding what particular information Plaintiffs seek here.<br><br>"Deep down in Louisiana close to New Orel" OR "One, | Plaintiffs are seeking information regarding how Suno identified and accessed Plaintiffs' sound recordings it used within its training data. The search strings you provided are not responsive to the request. Plaintiffs are currently not in a position of being able to propose adequate search terms, as we do not know how Suno identified and accessed these sound recordings. We have included a proposed search string below, but **Plaintiffs reserve our right to add additional search terms once we learn more about how** |

| | | | |
|---|---|---|---|
| | | Two, Three O'Clock, Four O'Clock, r" OR "Wow! I feel good, I knew that I would no" OR "You shake my nerves and you rattle my br" OR "The Thrill is Gone" OR "When marimba rhythms start to play" OR "Prancing Queen" OR "Dancing in the Moonlight" OR "Rains of Castamere" OR "Jason Derulo" OR "Wun, Two, Three O'Clock, Four O'Clock, r" OR "Bun Two, Three O'Clock, Four O'Clock ro" OR "Thriller" OR "Tracks of My Fears" OR "My Girl" OR "Lets Go" OR "Michael Jackson Bad" OR "Girl, You Know I Want Your Love" OR "Heroes" OR "You Shake My Nerves and You Rattle My Br" OR "Oh, keep your eyes on the road, your han" OR "Abba - Thank Abba for the Music" OR "I don't wanna talk" OR "Yesterday" OR "The Anthem" OR "Sittin' in the mornin' sun" OR "Well, I got a woman, way over town" OR "Hey mama, don't you treat me wrong" OR "i get around" OR "get around" OR "It's been a hard day's night, and I've b" OR "In the Dark" OR "Well, it's a marvelous night for moond"<br><br>UMG OR "Universal" OR "Capitol Records" OR Sony OR "Arista" OR Atlantic OR Rhino OR Warner OR "All Blacks" | **you identified and accessed your training data.**<br><br>(identif* OR access* OR locat* OR pull* OR scrap* OR collect* OR copy OR copie* OR reproduc* OR compilat* OR scrap*) /25 (song* OR recording* OR music OR audio* OR track* OR media* OR video* OR file* OR catalog* OR apple OR spotify OR soundcloud OR tidal OR deezer OR youtube OR amazon OR streaming OR DSP* OR TikTok OR Distrokid) |

**Mariah Rivera**

**HUESTON HENNIGAN** LLP

D: 646.891.5049
mrivera@hueston.com
Biography

7

**From:** Britt.Lovejoy@lw.com <Britt.Lovejoy@lw.com>
**Sent:** Friday, February 21, 2025 3:50 PM
**To:** Mariah Rivera <mrivera@hueston.com>; Andrew.Gass@lw.com; suno.lwteam@lw.com
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Subject:** RE: UMG RECORDINGS, INC., et al., v. SUNO, INC., et al., No. 1:24-CV-11611-FDS

Mariah:

You write that "we understand that you have agreed to produce documents responsive to RFP Nos. 7, 12, 14, and 18 (i.e., the first of the two buckets that Judge Levenson identified with respect to that dispute)." I'm not sure that we recall the conference the same way. Regardless, we have proposed search terms related to these RFPs. In addition, please find Suno's responses to Plaintiffs' proposed search strings below. We are happy to meet and confer further as needed. We will also be responding to your email regarding Plaintiffs' other proposed search strings today.

With respect to investor discovery, we seem to have a different understanding of Judge Levenson's guidance. We understood that investor discovery should be focused on the two topics the parties discussed: (1) willfulness—e.g., discussions of the legality of the product as a matter of copyright law—and (2) the impact of the product on the market for Plaintiffs' works, either the market for their works as training data (Suno's view of what Factor 4 of the fair use test should be focused on) or on the market for their works more generally (Plaintiffs' view of how Factor 4 applies). We have thus proposed search terms directed at those two topics.

Finally, the interrogatory you have proposed is much broader than the *Anthropic* court's order—the authority that was guiding the parties' discussion before Judge Levenson. The *Anthropic* court found only a narrow subset of unreleased predecessor models potentially relevant: predecessor models "where both: (1) the [plaintiffs' works] were included in the training data for the model; **and** (2) the model was **used to train publicly released** [. . .] *models*" or was "**being used to train** not-yet-released" versions—meaning a situation where an AI company has separately trained a model whose model weights were thereafter used in a publicly-available version. *See Concord Music Grp. Inc.*, No. 24-cv-03811-ELK (SVK), Dkt. 273 at 3 (N.D. Cal. Nov. 26, 2024) (emphasis added). We understood *that* to be the relational information that we were agreeing to provide—not the identity of every iteration of a commercially-released model, as you seem to be requesting now. With respect to the information relevant to the *Anthropic* Court's holding, Suno has investigated and can report there are no such models: Suno trained V.2, V.3, V.3.5, and V.4 from scratch.

For publicly-released versions of Suno, namely, V.2, V.3, V.3.5, and V.4, Suno can provide identifying information (i.e., the designation or description used internally to track each version) for the pre-preferencing "base" models in each version, as well as approximately when, with respect to each of those models, Suno (1) began training, (2) completed pre-training, (3) began any fine-tuning, (4) completed any fine-tuning, and (5) was last modified. We will also provide the internal identifier or reference associated with every subsequently modified publicly-released model (of which there are more than 500). References to these models will also be present in the source code provided for inspection. We can provide this information by Monday, March 10.

However, we have investigated and Suno cannot practically identify every additional, internal-only iteration that may be associated with these models without significant burden—nor does legal authority on this issue require Suno to do so. Providing additional details about each internal iteration—i.e., each time a "new" version of the model was generated because some modification was made to it—would be unduly burdensome given the voluminous number of such iterations and the work that would be required to reconstruct the development process. Identifying the purpose and impact of every internal model would require Suno to, among other things, conduct extensive interviews of its engineers to attempt to ascertain who developed each internal model, why, and by what processes. From there, Suno would need to analyze and attempt to match lines of code to ascertain how, if at all, that model was used in the development of a subsequently-released public model. Suno does not believe doing so would be feasible. However, if ordered by the Court to do so, engaging in a good faith effort to obtain this information to the extent possible is

estimated to take on the order of half a year—and that is if Suno to redeployed its entire engineering staff to focus on the effort full time. Even then, it would be impossible to recreate with certainty the entirety of Suno's model development history.

Regards,

Britt

[material highlighted in grey designated HIGHLY CONFIDENTIAL – AEO]

| Request No. | Plaintiffs' Proposed Search Terms | Suno's Counter-Proposed Terms |
|---|---|---|
| **RFP 2:** ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA, including without limitation ALL DOCUMENTS and COMMUNICATIONS RELATING TO the collection, copying, reproduction, development, compilation, maintenance, alteration, and revision of YOUR TRAINING DATA. | train* AND (collect* OR copy OR copie* OR reproduc* OR develop* OR compilat* OR maintain* OR maintenance OR alter* OR revis* OR scrap* OR crawl*)<br><br>**Plaintiffs reserve our right to add additional search terms once we learn more about how you compiled and manipulated your training data.** | Agree.<br><br>Suno reserves its right to object to any additional proposed search terms. |
| **RFP 3:** ALL DOCUMENTS and COMMUNICATIONS concerning the contents of YOUR AI MODEL or RELATING TO the manner in which YOU trained YOUR AI MODEL. | (model OR v2 OR v3 OR v3.5 OR v4) AND (contain* OR ingest* OR train* OR develop* OR refin* OR "fine-tun*" OR "fine tun*" OR finetun* OR modif*)<br><br>**Plaintiffs reserve our right to add additional search terms once you respond to Interrogatory No. 8.** | Agree<br><br>Suno reserves its right to object to any additional proposed search terms. |
| **RFP 7:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS, including but not limited to how, and what portions of, the SOUND RECORDINGS are downloaded, copied, and/or reproduced. | **Please provide your proposed search terms.** | (copy OR copie* OR download* OR reproduc* OR export* OR scrap* OR extract* OR pipeline* OR fetch* OR script*) w/5 (song* OR recording* OR music OR audio* OR track* OR media* OR video* OR file*)<br><br>"training data" OR "training dataset" OR "training data set" |
| **RFP 12:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR efforts to obtain YOUR TRAINING DATA. | **Please provide your proposed search terms.** | train* AND (collect* OR copy OR copie* OR download* OR scrap* OR extract* OR pipeline* OR fetch* OR script*) |

| | | |
|---|---|---|
| | | "training data" OR "training dataset" OR "training data set" |
| **RFP 14:** DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and used "essentially all music files of reasonable quality that are accessible on the open Internet" to train YOUR AI MODEL, as discussed on page 9 of the ANSWER. | **Please provide your proposed search terms.** | train* AND (collect* OR copy OR copie* OR download* OR scrap* OR extract* OR pipeline* OR fetch* OR script*)<br><br>"training data" OR "training dataset" OR "training data set" |
| **RFP 18:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and accessed ANY COPYRIGHTED SOUNDS RECORDINGS included in YOUR TRAINING DATA. | **Please provide your proposed search terms.** | Suno maintains its objection to Plaintiffs' this RFP's use of the term "COPYRIGHTED SOUND RECORDINGS" but nonetheless offers the below search strings which would pertain to Plaintiffs' allegedly copyrighted works and catalogs, in addition to the strings above which capture documents related to Suno's process for developing its training data set with respect to sound recordings, generally.<br><br>We are happy to meet and confer further regarding what particular information Plaintiffs seek here.<br><br>"Deep down in Louisiana close to New Orel" OR "One, Two, Three O'Clock, Four O'Clock, r" OR "Wow! I feel good, I knew that I would no" OR "You shake my nerves and you rattle my br" OR "The Thrill is Gone" OR "When marimba rhythms start to play" OR "Prancing Queen" OR "Dancing in the Moonlight" OR "Rains of Castamere" OR "Jason Derulo" OR "Wun, Two, Three O'Clock, Four O'Clock, r" OR "Bun Two, Three O'Clock, Four O'Clock ro" OR "Thriller" OR "Tracks of My Fears" OR "My Girl" OR "Lets Go" OR "Michael Jackson Bad" OR "Girl, You Know I Want Your Love" OR "Heroes" OR "You Shake My Nerves and You Rattle My Br" OR "Oh, keep your eyes on the road, your han" OR "Abba - Thank Abba for the Music" OR "I don't wanna talk" OR "Yesterday" OR "The Anthem" OR "Sittin' in the mornin' |

| | | |
|---|---|---|
| | | sun" OR "Well, I got a woman, way over town" OR "Hey mama, don't you treat me wrong" OR "i get around" OR "get around" OR "It's been a hard day's night, and I've b" OR "In the Dark" OR "Well, it's a marvelous night for moond"<br><br>UMG OR "Universal" OR "Capitol Records" OR Sony OR "Arista" OR Atlantic OR Rhino OR Warner OR "All Blacks" |
| **RFP 47:** DOCUMENTS sufficient to identify all PERSONS who invested in or financially backed SUNO. | **This request is not appropriate for search terms. Please confirm whether you will produce responsive documents sufficient to identify.** | We do not believe this RFP is directed at the matters discussed at the conference with Judge Levenson. We will, however, include documents and communications associated with all investors in our review population for the search terms below, to the extent such documents and communications exist. |
| **RFP 48:** ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in SUNO, including but not limited to Lightspeed Venture Partners, Nat Friedman and Daniel Gross, Matrix, Founder Collective, 3LAU, Aaron Levie, Alexandr Wang, Amjad Masad, Andrej Karpathy, Aravind Srinivas, Brendan Iribe, Flosstradamus, Fred Ehrsam, Guillermo Rauch and Shane Mac, regarding YOUR TRAINING DATA, SOUND RECORDINGS, copyright law, and/or business risks. | (Invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock OR offer* OR option* OR warrant*) AND (train* OR recording* OR song* OR label* OR audio OR music OR catalog* OR track* OR copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*)<br><br>(Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND (train* OR recording* OR song* OR label* OR audio OR music OR catalog* OR track* OR copyright OR infring* | As noted above, we maintain investor communications should target: (1) willfulness—e.g., discussions of the legality of the product as a matter of copyright law—and (2) the impact of the product on the market for Plaintiffs' works, either the market for their works as training data (Suno's view of what Factor 4 of the fair use test should be focused on) or on the market for their works more generally (Plaintiffs' view of how Factor 4 applies). We have revised these terms to be directed at (1).<br><br>(invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed* OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock OR offer* OR option* OR warrant*) AND (copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*) |

11

| | | |
|---|---|---|
| | OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*) | (Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND (copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*) |
| **RFP 49:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings, including but not limited to pitch decks to investors and potential investors. | (Invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock* OR offer* OR option* OR warrant*) AND (pitch OR deck OR present* OR meeting* OR propos*)<br><br>(Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND (pitch OR deck OR present* OR meeting* OR propos*) | As noted above, we maintain investor communications should target: (1) willfulness—e.g., discussions of the legality of the product as a matter of copyright law—and (2) the impact of the product on the market for Plaintiffs' works, either the market for their works as training data (Suno's view of what Factor 4 of the fair use test should be focused on) or on the market for their works more generally (Plaintiffs' view of how Factor 4 applies). We have revised these terms to be directed at (2). In the alternative, we are amenable to running your proposed search strings (with a /10 modifier for the first string) with our production limited to documents responsive to topics (1) and (2).<br><br>(invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed* OR sponsor* OR |

|  |  | stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock* OR offer* OR option* OR warrant*) AND ((disrupt* OR compet* OR substitu* OR supplant* OR revolution* OR transform* OR innovat* OR redefin* OR impact* OR affect*) /5 ("music industry" OR "labels" OR streaming OR "digital service platform*" OR DSP OR market)) |
|  |  | (invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed* OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock* OR offer* OR option* OR warrant*) AND ((licens* OR deal*) /5 ("training data" OR "training dataset" OR "training data set" OR catalog* OR "label*")) |
|  |  | (Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac)  AND ((disrupt* OR compet* OR substitu* OR supplant* OR revolution* OR transform* OR innovat* OR redefin* OR impact* OR affect*) /5 ("music industry" OR "labels" OR streaming OR "digital service platform*" OR DSP OR market)) |
|  |  | (Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND ((licens* OR deal*) /5 ("training data" OR "training dataset" OR "training data set" OR catalog* OR "label*")) |

**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

---

**From:** Mariah Rivera <mrivera@hueston.com>
**Sent:** Wednesday, February 19, 2025 8:32 AM
**To:** Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; #C-M SUNO - LW TEAM <suno.lwteam@lw.com>
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>; Daniel Cloherty <dcloherty@clohertysteinberg.com>; Alexandra Arnold <aarnold@clohertysteinberg.com>
**Subject:** UMG RECORDINGS, INC., et al., v. SUNO, INC., et al., No. 1:24-CV-11611-FDS

Counsel,

Based on Judge Levenson's recommendations during last Friday's conference, please find below a draft interrogatory and proposed search terms for the RFPs that you claim are overbroad. Please let us know if you have any objections, otherwise we will prepare and serve the interrogatory. Based on the statements made during the conference, we understand that you have agreed to produce documents responsive to RFP Nos. 7, 12, 14, and 18 (i.e., the first of the two buckets that Judge Levenson identified with respect to that dispute). Please provide us with your proposed search terms for those requests. Lastly, RFP No. 47 requests documents "sufficient to identify" and is therefore not appropriate for search terms. Please confirm that you will be producing documents responsive to this request.

**PROPOSED INTERROGATORY NO. 8:**
IDENTIFY and DESCRIBE all AI MODELS that YOU used to DEVELOP or train, or that YOU integrated into, incorporated into, otherwise used, or may use in the future, in any version of YOUR AI SERVICE or any other SUNO product, including without limitation the date on which each AI MODEL began training, completed pre-training, began any fine-tuning, completed any fine-tuning, and was last modified, and any internal designation or description used for internal tracking or reference.

| Request No. | Plaintiffs' Proposed Search Terms |
| --- | --- |
| **RFP 2:** ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA, including without limitation ALL DOCUMENTS and COMMUNICATIONS RELATING TO the collection, copying, reproduction, development, compilation, maintenance, alteration, and revision of YOUR TRAINING DATA. | train* AND (collect* OR copy OR copie* OR reproduc* OR develop* OR compilat* OR maintain* OR maintenance OR alter* OR revis* OR scrap* OR crawl*)<br><br>**Plaintiffs reserve our right to add additional search terms once we learn more about how you compiled and manipulated your training data.** |
| **RFP 3:** ALL DOCUMENTS and COMMUNICATIONS concerning the contents of YOUR AI MODEL or RELATING TO the manner in which YOU trained YOUR AI MODEL. | (model OR v2 OR v3 OR v3.5 OR v4) AND (contain* OR ingest* OR train* OR develop* OR refin* OR "fine-tun*" OR "fine tun*" OR finetun* OR modif*) |

| | |
|---|---|
| | Plaintiffs reserve our right to add additional search terms once you respond to Interrogatory No. 8. |
| **RFP 7:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS, including but not limited to how, and what portions of, the SOUND RECORDINGS are downloaded, copied, and/or reproduced. | **Please provide your proposed search terms.** |
| **RFP 12:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR efforts to obtain YOUR TRAINING DATA. | **Please provide your proposed search terms.** |
| **RFP 14:** DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and used "essentially all music files of reasonable quality that are accessible on the open Internet" to train YOUR AI MODEL, as discussed on page 9 of the ANSWER. | **Please provide your proposed search terms.** |
| **RFP 18:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and accessed ANY COPYRIGHTED SOUNDS RECORDINGS included in YOUR TRAINING DATA. | **Please provide your proposed search terms.** |
| **RFP 47:** DOCUMENTS sufficient to identify all PERSONS who invested in or financially backed SUNO. | **This request is not appropriate for search terms. Please confirm whether you will produce responsive documents sufficient to identify.** |
| **RFP 48:** ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in SUNO, including but not limited to Lightspeed Venture Partners, Nat Friedman and Daniel Gross, Matrix, Founder Collective, 3LAU, Aaron Levie, Alexandr Wang, Amjad Masad, Andrej Karpathy, Aravind Srinivas, Brendan Iribe, Flosstradamus, Fred Ehrsam, Guillermo Rauch and Shane Mac, regarding YOUR TRAINING DATA, SOUND RECORDINGS, copyright law, and/or business risks. | (Invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock OR offer* OR option* OR warrant*) AND (train* OR recording* OR song* OR label* OR audio OR music OR catalog* OR track* OR copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*)<br><br>(Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR |

15

| | |
|---|---|
| | Flosstradamus OR Ehrsam OR Rauch OR Mac) AND (train* OR recording* OR song* OR label* OR audio OR music OR catalog* OR track* OR copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*) |
| **RFP 49:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings, including but not limited to pitch decks to investors and potential investors. | (Invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock* OR offer* OR option* OR warrant*) AND (pitch OR deck OR present* OR meeting* OR propos*)<br><br>(Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND (pitch OR deck OR present* OR meeting* OR propos*) |

**Mariah Rivera**

**HUESTON HENNIGAN** LLP

D: 646.891.5049
T: 213.788.4340
mrivera@hueston.com
Biography

1 Little W 12th St
2nd Floor
New York NY 10014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication

will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at [www.lw.com](www.lw.com).