# EXHIBIT H

CIRCULAR
**56**

# Copyright Registration for
# Sound Recordings

A sound recording is generally a recorded performance, often of another work. It must be fixed—captured in a medium from which it can be perceived, reproduced, or otherwise communicated—in a digital track, disc, tape, or other format. This circular introduces legal concepts and registration issues related to sound recordings. It covers

- Distinction between sound recordings and other works
- Completing an application
- Deposit requirements
- Registering multiple sound recordings
- Scope of copyright protection

This circular provides general information about the requirements for registering sound recordings with the U.S. Copyright Office. For specific information about this topic, see **chapter 800** of the *Compendium of U.S. Copyright Practices, Third Edition.*[1]

## What is a Sound Recording?

The Copyright Act defines sound recordings as "works that result from the fixation of a series of musical, spoken, or other sounds but not including sounds accompanying a motion picture or other audiovisual work." Generally, a sound recording is a recorded performance, often of another work. A sound recording must be fixed, meaning that the sounds must be captured in a medium from which they can be perceived, reproduced, or otherwise communicated. The author may fix the sounds in a digital track, disk, tape, or other format.

Common examples of sound recordings include an audio recording of:

- A person singing a song or playing a musical instrument.
- A person reading a book or delivering a lecture.
- A group of persons hosting a podcast or performing a radio play.
- A person speaking, a dog barking, a bird singing, wind chimes ringing, or other sounds from the natural world (assuming the recording contains a sufficient amount of production authorship).

A sound recording typically includes the contributions of the parties whose performance is captured in the recording and the parties who captured and processed those sounds to make the final recording. Short sound recordings may lack



**United States Copyright Office**

a sufficient amount of authorship to warrant copyright protection, just as words and short textual phrases are not copyrightable. Sound recordings captured by purely mechanical means without originality of any kind also lack a sufficient amount of authorship to warrant copyright protection.

## Sound Recordings Distinguished from Underlying Creative Works

Sound recordings often contain other separate copyrightable creative works, such as songs, plays, lectures, or readings. The copyright in a sound recording covers the recording itself. It does not cover the music, lyrics, words, or other underlying content embodied in that recording. For example, the song "Rolling in the Deep" authored by Adele and Paul Epworth and a recording of Aretha Franklin singing "Rolling in the Deep" are two distinct works. The underlying music and lyrics are a "musical work," and a recording of an artist performing that song is a "sound recording."

This circular focuses on registration issues involving sound recordings. It does not address registration of the music, lyrics, or other content that may be embodied in the recording itself. For information on registering a song, book, or other content that may be embodied in a sound recording, see *Copyright Registration for Musical Compositions* (**Circular 50**) and **chapter 700** of the *Compendium*. For information on registering a sound recording together with the content embodied in that recording, see *Copyright Registration of Musical Compositions and Sound Recordings* (**Circular 56A**).

## Sound Recordings Distinguished from the Sounds Accompanying a Motion Picture

There is a legal distinction between a sound recording and the soundtrack for a motion picture or other audiovisual work. The Copyright Act states that "sounds accompanying a motion picture or audiovisual work" are not sound recordings. These types of sounds are considered part of the motion picture or audiovisual work.

Common examples of works that do not qualify as sound recordings include:

- The soundtrack for a cartoon, documentary, or major motion picture.
- The soundtrack for an online video, music video, or concert video.
- A musical performance during a scene or during the credits for a motion picture.

## Sound Recordings Distinguished from Phonorecords

A sound recording is not the same as a phonorecord. A phonorecord is the statutory term for a physical object that contains a sound recording, such as a digital audio file, a compact disc, or an LP. The term "phonorecord" includes any type of object that may be used to store a sound recording, including digital formats such as .mp3 and .wav files.

## Derivative Sound Recordings

A derivative sound recording is an audio recording that incorporates preexisting sounds, such as sounds that were previously registered or published or sounds that were fixed before February 15, 1972. The preexisting recorded sounds must be rearranged, remixed, or otherwise altered in sequence

or character, or the recording must contain additional new sounds. The new or revised sounds must contain at least a minimum amount of original sound recording authorship.

Examples of derivative sound recordings include:

- A mashup comprising tracks and sounds from multiple sources.

- Additional tracks added to a previously published album.

Mechanical changes or processes, such as a change in format, declicking, or noise reduction, generally do not contain enough original authorship to warrant registration.


## Registering a Sound Recording

To register a claim to copyright in a sound recording, you must submit the following to the Copyright Office: (1) a completed application form; (2) a nonrefundable filing fee; and (3) the required "deposit" of your work. This circular highlights some common issues in registering a sound recording with the Copyright Office. For more guidance in registering a sound recording, see **chapter 800**, section 803.9 of the *Compendium*. For general registration issues, see *Copyright Registration* (**Circular 2**).


## Completing the Application

When completing an online application, the Copyright Office offers the following tips.

### Type of Work

- When you begin an application, select the "Sound Recording" option on the "Type of Work" screen. The questions you encounter when filling out the application are based on the choice you make at the beginning of the application. If you select the wrong option you will need to start over.

### Title

- Provide the title exactly as it appears on the work itself.

### Publication

"Publication" occurs when phonorecords of a work are distributed to the public by sale, transfer of ownership, or by rental, lease, or lending. Offering to distribute phonorecords to a group of persons for the purpose of further distribution or publicly performing the work also constitutes publication. Simply performing a sound recording publicly does not constitute publication.

- If the work has not been published, state that the work is "unpublished."

- If the work has been published, give the month, day, and year that phonorecords were first distributed to the public or first offered to a group of persons for further distribution or public performance.

### Author

- The author of a sound recording is the performer featured in the recording and the producer who captured and processed the sounds that appear in the final recording.

- If the performer or producer created the sound recording during the course of his or her employment under a typical employment relationship, then the sound recording is a work made for hire, and the employer is the author of the sound recording.

- If the performer or producer created the sound recording for a third party as a compilation or contribution to a collective work, and if the parties agreed in writing that the sound recording will be a "work made for hire," then the third party is the author of the work.

For more information on works made for hire, see *Works Made for Hire* (**Circular 30**).

### Type of Authorship

- When registering a sound recording, check the box for "Sound Recording"

- When registering artwork, photographs, or text of liner notes, include a brief statement to that effect in the "Other" field.

- When registering a compilation or a collective work (see below), state "compilation of sound recordings" in the "Other" field.

### Limitation of Claim

- When registering a derivative sound recording, identify the preexisting material in the "material excluded" field and identify the new material in the "new material included" field. If the preexisting material has been registered with the Copyright Office, include the registration number and year.

## Submitting the Deposit Copies of the Work

To register your sound recording, you must submit the work to the Copyright Office. Once a deposit has been submitted, it becomes part of the public record and cannot be returned.

When registering a sound recording that is unpublished or published solely in a digital form, the Copyright Office strongly encourages you to submit the deposit as a digital file uploaded through the online registration system. Do not also submit a physical phonorecord, such as a CD, flash drive, or other physical storage device. Each file must be uploaded in an **acceptable file format** and each uploaded file must not exceed 500 MB in size.

When you are registering a sound recording published in a physical format, such as a compact disc or LP, submit the work in the physical format, even if there is a corresponding digital version. To submit a physical copy of your work after completing an online application, print a shipping slip from the bottom of the "Submit Your Work" screen and send the shipping slip and deposit in the same package to the address given on the shipping slip. To submit a physical copy of your work with a paper application, complete Form SR and submit the deposit in the same package with the application and the filing fee.

If your sound recording has been published in the United States, you may need to comply with the "best edition" requirement by sending two copies of the "best" edition that exists at the time of registration. The "best" edition generally is the highest quality edition that has been publicly distributed in the United States. The Library of Congress has identified the following list, in descending order, of what it considers to be the best edition for sound recordings:

1. Compact disc
2. Vinyl disc
3. Open-reel tape
4. Cartridge tape
5. Cassette tape

For example, if the work was published both on compact disc and vinyl disc before the date of the application to register the work, you should submit the compact disc rather than the vinyl disc.

If your sound recording has not been published in any of the formats listed above, you may upload a digital file that contains any published version of the work.

## Registering Multiple Sound Recordings

As a general rule, you must submit a separate application, filing fee, and deposit for each work you want to register. It may be possible to register multiple sound recordings with one application if they qualify for one of the following special registration accommodations.

## Group Registration of Unpublished Sound Recordings

You may register up to ten unpublished sound recordings using the online group registration option of unpublished works if all of the recordings were created by the same author or authors and all of the authors are named as copyright claimants. For more information, see *Multiple Works* (**Circular 34**).

> *Example*
>
> Sue Smith and Joe Jones co-create five unpublished sound recordings, and co-own the copyright. They may register the five unpublished sound recordings on one application. The registration will cover all five sound recordings.

## Collective Work

You may register multiple sound recordings as a "collective work" if they have been assembled together into a collective whole, such as a digital album or compact disc. The registration will cover the copyrightable authorship in the selection, coordination, or arrangement of the collective work as a whole. It also may cover each individual sound recording if (1) the collective work and the individual sound recordings are owned by the same party, and (2) the individual sound recordings have not been previously published or previously registered and are not in the public domain.

> *Examples*
>
> This year, the Oldies Recording Company published a "best of" album titled "Greatest Hits from the Age of Aquarius" featuring sound recordings originally published in the late 1960s. The Oldies Recording Company may register "Greatest Hits from the Age of Aquarius" as a collective work. The registration will cover the authorship involved in creating the album as a whole, but will not cover the individual sound recordings because they were previously published.

ABC Records, Inc., publishes a new album containing twelve new tracks that were never before published. ABC Records owns the copyright in both the album and the individual tracks. ABC Records may register the album as a collective work. The registration will cover both the album and the sound recordings because the copyright in both the sound recordings and the album are owned by the same party.

## Unit of Publication

You may register multiple sound recordings as well as accompanying text and artwork as a "unit of publication," if they were physically packaged or bundled together and if all of the recordings were first published together as that integrated unit. In addition, the entity that bundles the works together as the integrated unit must be the claimant in all the works that are submitted for registration.

*Example*

ABC Records bundles ten sound recordings on a CD with an insert containing text and photographs, distributes the packaged unit to the general public, and owns the copyright in the sound recordings, text, and photographs. ABC Records may register the sound recordings, text, and photographs with one application as a unit of publication. The registration will cover all copyrightable content in the sound recordings, text, and photographs.

For more information concerning these special registration accommodations, see *Multiple Works* (**Circular 34**).

## Copyright Protection in Sound Recordings

Generally, the owner of a sound recording does not have the exclusive right to publicly perform that work under the Copyright Act. However, the owner of a sound recording does have the exclusive right to publicly perform a sound recording by means of a digital audio transmission.

Before February 15, 1972, federal copyright law did not protect sound recordings, but common law, or in some cases statutes enacted in certain states, generally did. In 1971, Congress amended the copyright law to provide federal copyright protection for sound recordings fixed and first published with a statutory copyright notice on or after February 15, 1972. All sound recordings created after January 1, 1978, are automatically protected by copyright. A sound recording is considered created when it is "fixed" in a phonorecord for the first time. Neither registration in the Copyright Office nor publication is required for protection under the present law.

Before March 1, 1989, the use of copyright notice was mandatory on all copies or phonorecords of published works, and any work first published before that date should have carried a notice. The copyright notice is optional for works published on and after March 1, 1989. For more information about copyright notice, see *Copyright Notice* (**Circular 3**).

The Uruguay Round Agreements Act, which became effective on January 1, 1996, restored copyright protection for certain unpublished foreign sound recordings fixed before February 15, 1972, and certain foreign sound recordings that were published without notice. For further information concerning restored sound recordings, see *Copyright Restoration Under the URAA* (**Circular 38B**).

**NOTE**

1. This circular is intended as an introduction to registering sound recordings. The authoritative source for U.S. copyright law is the Copyright Act, codified in Title 17 of the *United States Code*. Copyright Office regulations are codified in Title 37 of the *Code of Federal Regulations*. Copyright Office practices and procedures are summarized in the third edition of the *Compendium of U.S. Copyright Office Practices*, cited as the *Compendium*. The copyright law, regulations, and the *Compendium* are available on the Copyright Office website at **www.copyright.gov**.

## For Further Information

### By Internet

The copyright law, the *Compendium*, electronic registration, application forms, regulations, and related materials are available on the Copyright Office website at **www.copyright.gov**.

### By Email

To send an email inquiry, click the *Contact Us* link on the Copyright Office website.

### By Telephone

For general information, call the Copyright Public Information Office at (202) 707-3000 or 1-877-476-0778 (toll free). Staff members are on duty from 8:30 am to 5:00 pm, eastern time, Monday through Friday, except federal holidays. To request application forms or circulars by postal mail, call (202) 707-9100 or 1-877-476-0778 and leave a recorded message.

### By Regular Mail

Write to
      Library of Congress
      U.S. Copyright Office
      Outreach and Education Section
      101 Independence Avenue, SE #6304
      Washington, DC 20559-6304

