# EXHIBIT K

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, and WARNER RECORDS INC., <br><br> Plaintiffs, <br> vs. <br><br> SUNO, INC., and JOHN DOES 1-10, <br><br> Defendant. | Case No. 1:24-cv-11611 (FDS) |

## **DECLARATION OF DAVID CASTAGNA IN OPPOSITION TO SUNO'S MOTION TO COMPEL**

I, David Castagna, declare as follows:

1. I am a Senior Director, Litigation Support & Copyright Administration at Sony Music Entertainment ("Sony"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. In my capacity as Senior Director, Litigation Support & Copyright Administration, I am familiar with the process by which Sony provides deposit copies of sound recordings to the United States Copyright Office in the process of registering sound recordings for copyright protection.

3. The sound recordings that Sony deposits with the Copyright Office for registration purposes, whether in physical (such as CD or vinyl record) or digital form, are the same sound recordings that Sony releases to the market for public consumption. In other words, the sound recordings that Sony makes commercially available (for instance, on streaming services such as

Spotify and elsewhere) are identical to or contain the same actual fixation of sounds as the sound recordings that Sony submits for registration with the Copyright Office.

4. The vast majority of deposit copies currently submitted with copyright applications are digital. When Sony submits copyright registration applications with physical deposit copies of the work sought to be registered, its ordinary practice is to include a unique Catalog Number corresponding to the registered work. Consumers can input some of these identifiers into publicly available search engines or databases to find the sound recordings reflected in the copyright registrations.

5. To the extent Sony maintains copies of physical product it submitted to the Copyright Office during the registration process, retrieving and searching such product would entail a manual, time-consuming process. Even if Sony were to locate copies of the versions of the sound recordings in suit they deposited with the Copyright Office, we would simply provide a copy of the same recording that is commercially available.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of March, 2025, at New York, New York.

                                      Signed by: *David Castagna*
                                      F47C64EC59D44DB...

David Castagna