# EXHIBIT E
# REDACTED

# Alexander Perry

| | |
|---|---|
| **From:** | Britt.Lovejoy@lw.com |
| **Sent:** | Friday, February 21, 2025 3:50 PM |
| **To:** | Mariah Rivera; Andrew.Gass@lw.com; suno.lwteam@lw.com |
| **Cc:** | Moez M. Kaba; Rajan Trehan; Alexander Perry; Katharine Ross; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com |
| **Subject:** | RE: UMG RECORDINGS, INC., et al., v. SUNO, INC., et al., No. 1:24-CV-11611-FDS |

Mariah:

You write that "we understand that you have agreed to produce documents responsive to RFP Nos. 7, 12, 14, and 18 (i.e., the first of the two buckets that Judge Levenson identified with respect to that dispute)." I'm not sure that we recall the conference the same way. Regardless, we have proposed search terms related to these RFPs. In addition, please find Suno's responses to Plaintiffs' proposed search strings below. We are happy to meet and confer further as needed. We will also be responding to your email regarding Plaintiffs' other proposed search strings today.

With respect to investor discovery, we seem to have a different understanding of Judge Levenson's guidance. We understood that investor discovery should be focused on the two topics the parties discussed: (1) willfulness—e.g., discussions of the legality of the product as a matter of copyright law—and (2) the impact of the product on the market for Plaintiffs' works, either the market for their works as training data (Suno's view of what Factor 4 of the fair use test should be focused on) or on the market for their works more generally (Plaintiffs' view of how Factor 4 applies). We have thus proposed search terms directed at those two topics.

Finally, the interrogatory you have proposed is much broader than the *Anthropic* court's order—the authority that was guiding the parties' discussion before Judge Levenson. The *Anthropic* court found only a narrow subset of unreleased predecessor models potentially relevant: predecessor models "where both: (1) the [plaintiffs' works] were included in the training data for the model; **and** (2) the model was **used to train publicly released** [. . .] models" or was "**being used to train** not-yet-released" versions—meaning a situation where an AI company has separately trained a model whose model weights were thereafter used in a publicly-available version. *See Concord Music Grp. Inc.*, No. 24-cv-03811-ELK (SVK), Dkt. 273 at 3 (N.D. Cal. Nov. 26, 2024) (emphasis added). We understood *that* to be the relational information that we were agreeing to provide—not the identity of every iteration of a commercially-released model, as you seem to be requesting now. With respect to the information relevant to the *Anthropic* Court's holding, Suno has investigated and can report ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

For publicly-released versions of Suno, namely, V.2, V.3, V.3.5, and V.4, Suno can provide identifying information (i.e., the designation or description used internally to track each version) for the pre-preferencing "base" models in each version, as well as approximately when, with respect to each of those models, Suno (1) began training, (2) completed pre-training, (3) began any fine-tuning, (4) completed any fine-tuning, and (5) was last modified. We will also provide the internal identifier or reference associated with every subsequently modified publicly-released model (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). References to these models will also be present in the source code provided for inspection. We can provide this information by Monday, March 10.

However, we have investigated and Suno cannot practically identify every additional, internal-only iteration that may be associated with these models without significant burden—nor does legal authority on this issue require Suno to do so. Providing additional details about each internal iteration—i.e., each time a "new" version of the model was generated because some modification was made to it—would be unduly burdensome given the voluminous number of such iterations and the work that would be required to reconstruct the development process. Identifying the purpose and impact of every internal model would require Suno to, among other things, conduct extensive interviews of its engineers to attempt to ascertain who developed each internal model, why, and by what processes. From there, Suno

would need to analyze and attempt to match lines of code to ascertain how, if at all, that model was used in the development of a subsequently-released public model. Suno does not believe doing so would be feasible. However, if ordered by the Court to do so, engaging in a good faith effort to obtain this information to the extent possible is estimated to take on the order of half a year—and that is if Suno to redeployed its entire engineering staff to focus on the effort full time. Even then, it would be impossible to recreate with certainty the entirety of Suno's model development history.

Regards,

Britt

[material highlighted in grey designated HIGHLY CONFIDENTIAL – AEO]

| Request No. | Plaintiffs' Proposed Search Terms | Suno's Counter-Proposed Terms |
|---|---|---|
| **RFP 2:** ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA, including without limitation ALL DOCUMENTS and COMMUNICATIONS RELATING TO the collection, copying, reproduction, development, compilation, maintenance, alteration, and revision of YOUR TRAINING DATA. | train* AND (collect* OR copy OR copie* OR reproduc* OR develop* OR compilat* OR maintain* OR maintenance OR alter* OR revis* OR scrap* OR crawl*)<br><br>**Plaintiffs reserve our right to add additional search terms once we learn more about how you compiled and manipulated your training data.** | Agree.<br><br>Suno reserves its right to object to any additional proposed search terms. |
| **RFP 3:** ALL DOCUMENTS and COMMUNICATIONS concerning the contents of YOUR AI MODEL or RELATING TO the manner in which YOU trained YOUR AI MODEL. | (model OR v2 OR v3 OR v3.5 OR v4) AND (contain* OR ingest* OR train* OR develop* OR refin* OR "fine-tun*" OR "fine tun*" OR finetun* OR modif*)<br><br>**Plaintiffs reserve our right to add additional search terms once you respond to Interrogatory No. 8.** | Agree<br><br>Suno reserves its right to object to any additional proposed search terms. |
| **RFP 7:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS, including but not limited to how, and what portions of, the SOUND RECORDINGS are downloaded, copied, and/or reproduced. | **Please provide your proposed search terms.** | (copy OR copie* OR download* OR reproduc* OR export* OR scrap* OR extract* OR pipeline* OR fetch* OR script*) w/5 (song* OR recording* OR music OR audio* OR track* OR media* OR video* OR file*)<br><br>"training data" OR "training dataset" OR "training data set" |

| | | |
|---|---|---|
| **RFP 12:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR efforts to obtain YOUR TRAINING DATA. | **Please provide your proposed search terms.** | train* AND (collect* OR copy OR copie* OR download* OR scrap* OR extract* OR pipeline* OR fetch* OR script*)<br><br>"training data" OR "training dataset" OR "training data set" |
| **RFP 14:** DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and used "essentially all music files of reasonable quality that are accessible on the open Internet" to train YOUR AI MODEL, as discussed on page 9 of the ANSWER. | **Please provide your proposed search terms.** | train* AND (collect* OR copy OR copie* OR download* OR scrap* OR extract* OR pipeline* OR fetch* OR script*)<br><br>"training data" OR "training dataset" OR "training data set" |
| **RFP 18:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and accessed ANY COPYRIGHTED SOUNDS RECORDINGS included in YOUR TRAINING DATA. | **Please provide your proposed search terms.** | Suno maintains its objection to Plaintiffs' this RFP's use of the term "COPYRIGHTED SOUND RECORDINGS" but nonetheless offers the below search strings which would pertain to Plaintiffs' allegedly copyrighted works and catalogs, in addition to the strings above which capture documents related to Suno's process for developing its training data set with respect to sound recordings, generally.<br><br>We are happy to meet and confer further regarding what particular information Plaintiffs seek here.<br><br>"Deep down in Louisiana close to New Orel" OR "One, Two, Three O'Clock, Four O'Clock, r" OR "Wow! I feel good, I knew that I would no" OR "You shake my nerves and you rattle my br" OR "The Thrill is Gone" OR "When marimba rhythms start to play" OR "Prancing Queen" OR "Dancing in the Moonlight" OR "Rains of Castamere" OR "Jason Derulo" OR "Wun, Two, Three O'Clock, Four O'Clock, r" OR "Bun Two, Three O'Clock, Four O'Clock ro" OR "Thriller" OR "Tracks of My Fears" OR "My Girl" OR "Lets Go" OR "Michael Jackson Bad" OR "Girl, You Know I Want Your Love" OR "Heroes" OR "You Shake My Nerves and You |

| | | |
|---|---|---|
| | | Rattle My Br" OR "Oh, keep your eyes on the road, your han" OR "Abba - Thank Abba for the Music" OR "I don't wanna talk" OR "Yesterday" OR "The Anthem" OR "Sittin' in the mornin' sun" OR "Well, I got a woman, way over town" OR "Hey mama, don't you treat me wrong" OR "i get around" OR "get around" OR "It's been a hard day's night, and I've b" OR "In the Dark" OR "Well, it's a marvelous night for moond"<br><br>UMG OR "Universal" OR "Capitol Records" OR Sony OR "Arista" OR Atlantic OR Rhino OR Warner OR "All Blacks" |
| **RFP 47:** DOCUMENTS sufficient to identify all PERSONS who invested in or financially backed SUNO. | **This request is not appropriate for search terms. Please confirm whether you will produce responsive documents sufficient to identify.** | We do not believe this RFP is directed at the matters discussed at the conference with Judge Levenson. We will, however, include documents and communications associated with all investors in our review population for the search terms below, to the extent such documents and communications exist. |

4

| | | |
|---|---|---|
| **RFP 48:** ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in SUNO, including but not limited to Lightspeed Venture Partners, Nat Friedman and Daniel Gross, Matrix, Founder Collective, 3LAU, Aaron Levie, Alexandr Wang, Amjad Masad, Andrej Karpathy, Aravind Srinivas, Brendan Iribe, Flosstradamus, Fred Ehrsam, Guillermo Rauch and Shane Mac, regarding YOUR TRAINING DATA, SOUND RECORDINGS, copyright law, and/or business risks. | (Invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock OR offer* OR option* OR warrant*) AND (train* OR recording* OR song* OR label* OR audio OR music OR catalog* OR track* OR copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*)<br><br>(Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND (train* OR recording* OR song* OR label* OR audio OR music OR catalog* OR track* OR copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*) | As noted above, we maintain investor communications should target: (1) willfulness—e.g., discussions of the legality of the product as a matter of copyright law—and (2) the impact of the product on the market for Plaintiffs' works, either the market for their works as training data (Suno's view of what Factor 4 of the fair use test should be focused on) or on the market for their works more generally (Plaintiffs' view of how Factor 4 applies).  We have revised these terms to be directed at (1).<br><br>(invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed* OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock OR offer* OR option* OR warrant*) AND (copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*)<br><br>(Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND (copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*) |

| | | |
|---|---|---|
| **RFP 49:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings, including but not limited to pitch decks to investors and potential investors. | (Invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock* OR offer* OR option* OR warrant*) AND (pitch OR deck OR present* OR meeting* OR propos*)<br><br>(Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND (pitch OR deck OR present* OR meeting* OR propos*) | As noted above, we maintain investor communications should target: (1) willfulness—e.g., discussions of the legality of the product as a matter of copyright law—and (2) the impact of the product on the market for Plaintiffs' works, either the market for their works as training data (Suno's view of what Factor 4 of the fair use test should be focused on) or on the market for their works more generally (Plaintiffs' view of how Factor 4 applies). We have revised these terms to be directed at (2). In the alternative, we are amenable to running your proposed search strings (with a /10 modifier for the first string) with our production limited to documents responsive to topics (1) and (2).<br><br>(invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed* OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock* OR offer* OR option* OR warrant*) AND ((disrupt* OR compet* OR substitu* OR supplant* OR revolution* OR transform* OR innovat* OR redefin* OR impact* OR affect*) /5 ("music industry" OR "labels" OR streaming OR "digital service platform*" OR DSP OR market))<br><br>(invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed* OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock* OR offer* OR option* OR warrant*) AND ((licens* OR deal*) /5 ("training data" OR "training dataset" OR "training data set" OR catalog* OR "label*")) |

|  |  | (Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND ((disrupt* OR compet* OR substitu* OR supplant* OR revolution* OR transform* OR innovat* OR redefin* OR impact* OR affect*) /5 ("music industry" OR "labels" OR streaming OR "digital service platform*" OR DSP OR market)) <br><br> (Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND ((licens* OR deal*) /5 ("training data" OR "training dataset" OR "training data set" OR catalog* OR "label*")) |

**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

---

**From:** Mariah Rivera <mrivera@hueston.com>
**Sent:** Wednesday, February 19, 2025 8:32 AM
**To:** Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; #C-M SUNO - LW TEAM <suno.lwteam@lw.com>
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>; Daniel Cloherty <dcloherty@clohertysteinberg.com>; Alexandra Arnold <aarnold@clohertysteinberg.com>
**Subject:** UMG RECORDINGS, INC., et al., v. SUNO, INC., et al., No. 1:24-CV-11611-FDS

Counsel,

Based on Judge Levenson's recommendations during last Friday's conference, please find below a draft interrogatory and proposed search terms for the RFPs that you claim are overbroad. Please let us know if you have any objections, otherwise we will prepare and serve the interrogatory. Based on the statements made during the conference, we understand that you have agreed to produce documents responsive to RFP Nos. 7, 12, 14, and 18 (i.e., the first of the two buckets that Judge Levenson identified with respect to that dispute). Please provide us with your proposed search terms for those requests. Lastly, RFP No. 47 requests documents "sufficient to

identify" and is therefore not appropriate for search terms. Please confirm that you will be producing documents responsive to this request.

**PROPOSED INTERROGATORY NO. 8:**
IDENTIFY and DESCRIBE all AI MODELS that YOU used to DEVELOP or train, or that YOU integrated into, incorporated into, otherwise used, or may use in the future, in any version of YOUR AI SERVICE or any other SUNO product, including without limitation the date on which each AI MODEL began training, completed pre-training, began any fine-tuning, completed any fine-tuning, and was last modified, and any internal designation or description used for internal tracking or reference.

| Request No. | Plaintiffs' Proposed Search Terms |
|---|---|
| **RFP 2:** ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA, including without limitation ALL DOCUMENTS and COMMUNICATIONS RELATING TO the collection, copying, reproduction, development, compilation, maintenance, alteration, and revision of YOUR TRAINING DATA. | train* AND (collect* OR copy OR copie* OR reproduc* OR develop* OR compilat* OR maintain* OR maintenance OR alter* OR revis* OR scrap* OR crawl*)<br><br>**Plaintiffs reserve our right to add additional search terms once we learn more about how you compiled and manipulated your training data.** |
| **RFP 3:** ALL DOCUMENTS and COMMUNICATIONS concerning the contents of YOUR AI MODEL or RELATING TO the manner in which YOU trained YOUR AI MODEL. | (model OR v2 OR v3 OR v3.5 OR v4) AND (contain* OR ingest* OR train* OR develop* OR refin* OR "fine-tun*" OR "fine tun*" OR finetun* OR modif*)<br><br>**Plaintiffs reserve our right to add additional search terms once you respond to Interrogatory No. 8.** |
| **RFP 7:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS, including but not limited to how, and what portions of, the SOUND RECORDINGS are downloaded, copied, and/or reproduced. | **Please provide your proposed search terms.** |
| **RFP 12:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR efforts to obtain YOUR TRAINING DATA. | **Please provide your proposed search terms.** |
| **RFP 14:** DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and used "essentially all music files of reasonable quality that are accessible on the open Internet" to train YOUR AI MODEL, as discussed on page 9 of the ANSWER. | **Please provide your proposed search terms.** |
| **RFP 18:** ALL DOCUMENTS and COMMUNICATIONS RELATED TO | **Please provide your proposed search terms.** |

| | |
|---|---|
| how YOU identified and accessed ANY COPYRIGHTED SOUNDS RECORDINGS included in YOUR TRAINING DATA. | |
| **RFP 47:** DOCUMENTS sufficient to identify all PERSONS who invested in or financially backed SUNO. | **This request is not appropriate for search terms.  Please confirm whether you will produce responsive documents sufficient to identify.** |
| **RFP 48:** ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in SUNO, including but not limited to Lightspeed Venture Partners, Nat Friedman and Daniel Gross, Matrix, Founder Collective, 3LAU, Aaron Levie, Alexandr Wang, Amjad Masad, Andrej Karpathy, Aravind Srinivas, Brendan Iribe, Flosstradamus, Fred Ehrsam, Guillermo Rauch and Shane Mac, regarding YOUR TRAINING DATA, SOUND RECORDINGS, copyright law, and/or business risks. | (Invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock OR offer* OR option* OR warrant*) AND (train* OR recording* OR song* OR label* OR audio OR music OR catalog* OR track* OR copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*)<br><br>(Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND (train* OR recording* OR song* OR label* OR audio OR music OR catalog* OR track* OR copyright OR infring* OR lawsuit* OR liab* OR litigat* OR sue* OR suit* OR risk*) |
| **RFP 49:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings, including but not limited to pitch decks to investors and potential investors. | (Invest* OR equity OR fundrais* OR rais* OR round* OR venture OR capital* OR seed OR sponsor* OR stakeholder* OR benefactor* OR shareholder* OR partner* OR debt* OR note* OR bond* OR convertible OR securit* OR interest OR share* OR stock* OR offer* OR option* OR warrant*) AND (pitch OR deck OR present* OR meeting* OR propos*)<br><br>(Lightspeed OR Friedman OR Gross OR Matrix OR "Founder Collective" OR 3LAU OR Levie OR Wang OR Masad OR Karpathy OR Srinivas OR Iribe OR Flosstradamus OR Ehrsam OR Rauch OR Mac) AND (pitch OR deck OR present* OR meeting* OR propos*) |

**Mariah Rivera**

_____

**HUESTON HENNIGAN** LLP

D: 646.891.5049
T: 213.788.4340
mrivera@hueston.com
Biography

1 Little W 12th St
2nd Floor
New York NY 10014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.