# EXHIBIT F

## Alexander Perry

| | |
|---|---|
| **From:** | Mariah Rivera |
| **Sent:** | Tuesday, October 29, 2024 12:52 PM |
| **To:** | Britt.Lovejoy@lw.com; Andrew.Gass@lw.com; Steve.Feldman@lw.com; Grace.McLaughlin@lw.com; Lydia.Franzek@lw.com |
| **Cc:** | Moez M. Kaba; Rajan Trehan; Alexander Perry; Katharine Ross; Daniel Cloherty; Alexandra Arnold |
| **Subject:** | RE: UMG Recordings, Inc. et al. v. Suno, Inc. et al., No. 1:24-cv-11611 (FDS) |

Counsel,

Thank you for sending your follow-up positions on Plaintiffs' First Set of Discovery.  While the parties have now reached agreement on the scope of several requests for discovery, there are still a number of outstanding disputes.  Unfortunately, we will need to raise those disputes with the Court on a motion to compel.  We have also identified instances where we propose narrowing the scope of a request.  Please confirm whether you are willing to modify your positions with respect to any of the issues below no later than <u>Thursday, October 31</u>.

\*\*\*

- **Scope of model definitions**:  You state that you will interpret "AI MODEL" and "AI SERVICE" to "encompass predecessor models that are similar in functionality to the models that Plaintiffs used to generate outputs for the complaint and that were released prior to June 24, 2024."  We cannot agree to a definition that will allow you to unilaterally determine which of Suno's AI models are "similar in functionality" to the model used to generate the outputs in the complaint.  We require additional information regarding this standard before we can agree to narrow our definitions.  Please (1) explain what you mean by "similar in functionality to the models that Plaintiffs used to generate outputs for the complaint," and (2) provide a list of the predecessor models you believe are similar in functionality, and a list of models that are dissimilar and therefore will not be included in your proposed definition.  We also cannot agree to the narrowed time period.  The complaint alleges active, ongoing infringement of Plaintiffs' copyrighted sound recordings, and we are entitled to discovery into AI models and services released after the complaint was filed.

- **Temporal period covered by discovery**:  We need additional information regarding your proposed relevant time period before we can agree to your proposal. Please provide an explanation of what you mean by the "beginning of model development."

- **Training data**:  Despite the passage of several weeks, you still have failed to identify a single reason as to why you cannot produce Suno's training data.  Absent such an explanation, we intend to insist that the data be produced rather than made available for inspection.

- **RFAs**:  Plaintiffs served RFAs in order to "eliminat[e] the necessity of proving facts that re not in substantial dispute," *In re New Eng. Compounding Pharm. Prods. Liab. Litig.*, 2015 WL 13715291, at \*3 (D. Mass. Sept. 8, 2015), specifically the undisputed fact that Suno copied Plaintiffs' copyrighted sound recordings.  *See* Answer at 8-9 ("It is no secret that the tens of millions of recordings that Suno's model was trained on presumably included recordings whose rights are owned by the Plaintiffs in this case . . . Suno's training data includes essentially all music files of reasonable quality that are accessible on the open Internet . . . Irrespective of whether UMG's particular version of "Johnny B. Goode" was in Suno's training data, many UMG recordings probably were[.]").  Unlike *In re New Eng.*, this is not a case involving RFAs being used to ask a party to admit facts of which it has no special knowledge.  2015 WL 13715291, at \*3.  Your client knows exactly how it trained its AI models, and what copyrighted sound recordings it used to do so.  Plaintiffs' RFAs very simply ask your client to

admit that at least one copyrighted sound recording from each Plaintiff has been included in that training data.  If you continue to stand on your objections, <u>we will move to compel</u>.

- **Outputs and other RFPs**:  Your email stated that you would follow-up in short order regarding your positions for additional RFPs, including the RFPs that discuss outputs.  <u>Please provide us with your written positions on these discovery requests by Thursday</u>.

<u>Specific RFPs</u>

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| Suno RFP 1 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING or RELATED TO PLAINTIFFS. | Without waiving its objections, Suno agrees to produce responsive, non-privileged documents and communications referring to Plaintiffs. | To be clear, the RFP requests documents and communications concerning or related to Plaintiffs, not just those that explicitly refer to one of the named Plaintiffs.  <u>Please confirm whether you will produce non-privileged documents and communications concerning or relating to Plaintiffs.</u> |
| Suno RFP 2 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA, including without limitation ALL DOCUMENTS and COMMUNICATIONS RELATING TO the collection, copying, reproduction, development, compilation, maintenance, alteration, and revision of YOUR TRAINING DATA | Without waiving its objections, Suno agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show its process for developing its training data for in-scope AI models, as described above—including documents sufficient to show its process, if any, for collecting, copying (defined with a non-legal meaning), compiling, altering, revising, or maintaining its training data. | This is insufficient.  We requested all documents and communications concerning your training data.  Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint.  Any concern regarding the scope of this request can be dealt with when the parties negotiate search terms. <u>We intend to move to compel</u>. |
| Suno RFP 3 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR AI MODEL, including without limitation ALL DOCUMENTS and COMMUNICATIONS reflecting | Without waiving its objections, Suno agrees to provide Plaintiffs with access to its model source code for in-scope AI Models, as described above—although Suno is still investigating the | This is insufficient.  We requested all documents and communications concerning your AI model.  Defendant is not permitted to cherrypick the documents that it wants to share regarding the training |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | the contents of YOUR AI MODEL or RELATING TO the manner in which YOU developed, trained, fine-tuned, and refined YOUR AI MODEL. | technical mechanisms by which it can provide that access—*e.g.*, whether by production or inspection.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above. | of Suno's AI Models, which is directly related to core allegations in the Complaint.  Any concern regarding the scope of this request can be dealt with when the parties negotiate search terms.  <u>We intend to move to compel</u>. |
| Suno RFP 5 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR "extensive analysis and study of the building blocks of music," as referenced on page 1 of the ANSWER. | Without waiving its objections, Suno agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above. | This is insufficient.  We requested all documents and communications concerning your self-described extensive analysis and study of the building blocks of music.  Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint.  Only producing documents sufficient to show this process will not necessarily demonstrate how Suno has analyzed and studied the building blocks of music over time.  <u>We intend to move to compel</u>. |
| Suno RFP 6 | DOCUMENTS sufficient to identify how YOU use SOUND RECORDINGS to develop YOUR AI MODEL, including but not limited to use as TRAINING DATA. | Without waiving its objections, Suno agrees to produce documents sufficient to show in response to this request. | The parties are in agreement. |
| Suno RFP 7 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS, including but not limited to how, and what portions of, the SOUND RECORDINGS are downloaded, copied, and/or reproduced. | As explained at the M&C, this request is overly broad as it seeks information about *all* sound recordings, as opposed to the works asserted in the Complaint.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show its process for developing its | This is insufficient.  We requested all documents and communications related to Suno's use of sound recordings.  Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint.  Plaintiffs are entitled to all documents and communications responsive to this request, which will demonstrate the willfulness of Suno's infringement, among other things.<br><br>You have no basis to restrict your response to only the sound recordings identified in the |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | training data for in-scope AI Models, as described above. | Complaint.  The Complaint very clearly states that the identified copyrighted sound recordings are merely examples, and after discovery we plan to amend our complaint to identify the full catalog of copyrighted sound recordings included in Suno's training data.  We are therefore entitled to discovery into all sound recordings that Suno used to train its AI models, as you recognize in your Answer ("Plaintiffs will have ample opportunity to comb through the relevant data, all of which has been preserved, once discovery commences.").  *See Downtown Music Publishing LLC v. Peloton Interactive, Inc.*, 436 F.Supp.3d 754, 762 (S.D.N.Y. 2020) (allowing plaintiff to amend complaint to add to the list of infringed works after they became aware of the additional works in the course of discovery); *Plunket v. Doyle*, 2001 WL 175252, at *6 (S.D.N.Y. Feb. 22, 2001) ("[P]laintiff need not specify each infringing act with respect to each original work; the Court recognizes that discovery is likely to provide many of the details of the allegedly infringing acts and much of this information may be exclusively in defendants' control."); *see also* Fed. R. Civ. P. 26 (explaining any party "may obtain discovery regarding any matter, not privileged, which is relevant to the *subject matter* involved in the pending action") (emphasis added).<br><br>Further, it is unlikely that communications about this subject also included discussion of particular recordings, so it is not rational to limit your response in this way.  Any concern regarding the scope of this request can be dealt with when the parties negotiate search terms.  We intend to move to compel. |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| Suno RFP 8 | ALL DOCUMENTS comprising YOUR TRAINING DATA, including, without limitation, DOCUMENTS sufficient to identify ANY and ALL "instances of different kinds of recordings" that you showed YOUR AI MODEL as described on page 3 of the ANSWER. | As explained at the M&C, this request is overly broad as it seeks information about *all* sound recordings, as opposed to the asserted works cited in the Complaint.<br><br>Without waiving its objections, Suno agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. | The parties are in agreement, subject to resolution of the dispute over the definition of "AI MODEL." |
| Suno RFP 9 | DOCUMENTS sufficient to identify the "many UMG recordings" that "probably were" "in Suno's training data," as alleged on page 10 of the ANSWER. | As we explained at the M&C, this request mischaracterizes the Answer.<br><br>Without waiving its objections, Suno agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. | The parties are in agreement, subject to resolution of the dispute over the definition of "AI MODEL." |
| Suno RFP 10 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR belief that "many UMG recordings probably were" "in Suno's training data," as alleged on page 10 of the ANSWER. | As we explained at the M&C, this request mischaracterizes the Answer.<br><br>Additionally, as we articulated at the M&C, we believe that the Answer itself is sufficiently responsive to this request as it explains the basis for Suno's belief.<br><br>Without waiving its objections, Suno agrees to produce non-privileged documents sufficient to show in response to this request, to the extent such documents exist. | This is insufficient. We requested all documents and communications related to your belief that many UMG recordings probably were in Suno's training data. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint. <u>We intend to move to compel.</u> |
| Suno RFP 11 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR belief that YOUR AI SERVICE allows USERS to "create new songs that didn't and often couldn't previously exist," as alleged on page 1 of the ANSWER. | Without waiving its objections, Suno agrees to produce responsive, non-privileged documents and communications. | The parties are in agreement. |
| Suno RFP 12 | ALL DOCUMENTS and COMMUNICATIONS RELATED | Without waiving its objections, Suno agrees to produce | This is insufficient. We requested all documents and communications |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | TO YOUR efforts to obtain YOUR TRAINING DATA. | documents sufficient to show its process for developing its training data for in-scope AI Models, as described above. | related to your efforts to obtain your training data. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint. Any concern regarding the scope of this request can be dealt with when the parties negotiate search terms. We intend to move to compel. |
| Suno RFP 13 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO the "additional further technical refinements" included in YOUR training process as referenced on pages 20 and 21 of the ANSWER. | Without waiving its objections, Suno agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above, including any such "technical refinements." | The parties are in agreement, subject to resolution of the dispute over the definition of "AI MODEL." |
| Suno RFP 14 | DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and used "essentially all music files of reasonable quality that are accessible on the open Internet" to train YOUR AI MODEL, as discussed on page 9 of the ANSWER. | Without waiving its objections, Suno agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above. | This is insufficient. We requested all documents and communications related to how you identified and used essentially all music files of reasonable quality that are accessible on the Internet. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint. Any concern regarding the scope of this request can be dealt with when the parties negotiate search terms. We intend to move to compel. |
| Suno RFP 15 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO payment, including but not limited to contemplation of potential payment, for any SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Suno agrees to produce non-privileged documents and communications, to the extent they exist. | The parties are in agreement. |
| Suno RFP 16 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO licensing or contemplation of potential licensing of ANY TRAINING DATA, including but not limited to licensing of any SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Suno agrees to produce non-privileged documents and communications, to the extent they exist. | The parties are in agreement. |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | | |
| Suno RFP 17 | DOCUMENTS sufficient to identify the formats of media, including but not limited to file types, included in YOUR TRAINING DATA and any format conversions YOU carried out with respect to YOUR TRAINING DATA. | Without waiving its objections, Suno agrees to produce documents sufficient to show in response to this request. | The parties are in agreement. |
| Suno RFP 18 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and accessed ANY COPYRIGHTED SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Suno agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above.<br><br>Without waiving its objections, Suno further agrees to produce any responsive non-privileged documents and communications referencing the works asserted in the Complaint, to the extent they exist. | This is insufficient.  We requested all documents and communications related to how Suno identified and accessed copyrighted sound recordings included in its training data.  Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint.  Plaintiffs are entitled to all documents and communications responsive to this request, which will demonstrate the willfulness of Suno's infringement, among other things.<br><br>You have no basis to restrict your response to only the sound recordings identified in the Complaint.  The Complaint very clearly states that the identified copyrighted sound recordings are merely examples, and after discovery we plan to amend our complaint to identify the full catalog of copyrighted sound recordings included in Suno's training data.  We are therefore entitled to discovery into all sound recordings that Suno used to train its AI models, as you recognize in your Answer ("Plaintiffs will have ample opportunity to comb through the relevant data, all of which has been preserved, once discovery commences.").  *See Downtown Music Publishing LLC v. Peloton Interactive, Inc.*, 436 F.Supp.3d 754, 762 (S.D.N.Y. 2020) (allowing plaintiff to amend complaint to add to the list of infringed works after they became |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | | aware of the additional works in the course of discovery); *Plunket v. Doyle*, 2001 WL 175252, at *6 (S.D.N.Y. Feb. 22, 2001) ("[P]laintiff need not specify each infringing act with respect to each original work; the Court recognizes that discovery is likely to provide many of the details of the allegedly infringing acts and much of this information may be exclusively in defendants' control."); *see also* Fed. R. Civ. P. 26 (explaining any party "may obtain discovery regarding any matter, not privileged, which is relevant to the *subject matter* involved in the pending action") (emphasis added).<br><br>Further, it is unlikely that communications about this subject also included discussion of particular recordings, so it is not rational to limit your response in this way. Any concern regarding the scope of this request can be dealt with when the parties negotiate search terms. We intend to move to compel. |
| Suno RFP 19 | DOCUMENTS sufficient to show whether and to what extent or in what form SOUND RECORDINGS, in whole or in part, in any form or format, reside in, are stored in, or otherwise exist within YOUR AI MODEL. | Without waiving its objections, Suno agrees to produce documents sufficient to show in response to this request, to the extent such documents exist.<br><br>Without waiving its objections, Suno also agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. | The parties are in agreement, subject to resolution of the dispute over the definition of "AI MODEL." |
| Suno RFP 22 | ALL DOCUMENTS AND COMMUNICATIONS RELATING TO United States intellectual property laws or regulations, including but not limited to the Copyright Act, 17 U.S.C. §§ 101 et seq., the Music Modernization Act, 17 U.S.C. §§ 1401, et seq., and the United States Copyright Office. | As articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action.<br><br>Suno also maintains that the scope of this request is overbroad insofar as it concerns copyright matters unrelated to the infringement claim brought by Plaintiffs. | This is insufficient. The request is focused on discovery into matters related to copyright law, as the Music Modernization Act and the United States Copyright Office are both related to copyright law more broadly. We are entitled to documents and communications related to these topics, which will demonstrate the willfulness of Suno's infringement, among other |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | Without waiving its objections, Suno agrees to produce non-privileged documents and communications related to the Copyright Act's application to Suno's service. | things.  We intend to move to compel. |
| Suno RFP 24 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies, procedures, or practices RELATED TO intellectual property rights, including but not limited to YOUR compliance with copyright law. | As we articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action.<br><br>Additionally, we maintain that the request requires a legal conclusion insofar as it requires Suno to assess whether a document reflects conduct that would comprise compliance or lack thereof with any given law.  Production in response to this request in no way constitutes an admission.<br><br>Without waiving its objections, Suno agrees to produce non-privileged documents and communications that outline the company's copyright policies and procedures, to the extent such documents exist. | To be clear, the RFP requests documents and communications related to Suno's policies and procedures, not just those that "outline" those policies and procedures.  Please confirm whether you will produce non-privileged documents and communications related to the company's copyright policies and procedures. |
| Suno RFP 27 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies, procedures, or practices CONCERNING complaints regarding purported copyright violations. | As articulated at the M&C, we maintain that the request calls for a legal conclusion; production in response to this request in no way constitutes an admission.<br><br>Additionally, we contend that the request is vague and ambiguous.<br><br>Without waiving its objections, Suno agrees to produce non-privileged documents and communications that reflect the company's copyright policies, to the extent such documents exist. | The parties are in agreement. |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| Suno RFP 28 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING ANY complaints YOU have received RELATED TO purported copyright violations. | As articulated at the M&C, we maintain that the request calls for a legal conclusion; production in response to this request in no way constitutes an admission.<br><br>Additionally, we contend that the request is vague and ambiguous.<br><br>Without waiving its objections, Suno agrees to produce non-privileged documents and communications related to complaints about alleged copyright violations, to the extent such documents exist. | The parties are in agreement. |
| Suno RFP 33 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO articles, news reports, social media posts or other publicly available communications CONCERNING YOUR TRAINING DATA or the inclusion of SOUND RECORDINGS in YOUR TRAINING DATA, including but not limited to the publications referenced in paragraph 48 of the COMPLAINT. | Without waiving its objections, Suno agrees to produce non-privileged, responsive documents and communications in Suno's possession, custody and control and not otherwise publicly available to Plaintiffs. | The parties are in agreement. |
| Suno RFP 36 | DOCUMENTS sufficient to identify the number of USERS that have used YOUR AI SERVICE on a monthly basis. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Without waiving its objections, Suno agrees to produce responsive documents sufficient to show in response to this request. | The parties are in agreement. |
| Suno RFP 41 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's subscription tiers, including but not limited to how many USERS | Without waiving its objections, Suno agrees to produce documents sufficient to show the tiers and number of users in each tier. | The parties are in agreement. |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | are included in each subscription tier. | | |
| Suno RFP 42 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO the market for YOUR AI SERVICE, including but not limited to ANY projections or forecasts. | As we explained at the M&C, the term "market" is ambiguous and overbroad. We maintain that this request is both ambiguous and unduly burdensome.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show financial projections or forecasts. | This is insufficient. We requested all documents and communications relating to the market for your AI Service. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint and Suno's fair use defense. Any concern regarding scope or ambiguity can be dealt with when the parties negotiate search terms. <u>We intend to move to compel.</u> |
| Suno RFP 43 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's impact or effect on the music industry. | As we explained at the M&C, the terms "impact" and "effect" are vague, ambiguous, and overbroad. | Any concern regarding scope or ambiguity can be dealt with when the parties negotiate search terms. <u>Please confirm that you will produce all documents and communications responsive to this request, or we will move to compel.</u> |
| Suno RFP 47 | DOCUMENTS sufficient to identify all PERSONS who invested in or financially backed SUNO. | As we explained at the M&C, we object to this request on relevance grounds as the identity of investors are irrelevant to the copyright claims alleged in the Complaint.<br><br>Suno refuses to produce documents in response to this request. | As we've already explained, these individuals are likely to have information relevant to demonstrating the purpose and character of the use, the effect of the use on the market, and willfulness. <u>We intend to move to compel.</u> |
| Suno RFP 48 | ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in SUNO, including but not limited to Lightspeed Venture Partners, Nat Friedman and Daniel Gross, Matrix, Founder Collective, 3LAU, Aaron Levie, Alexandr Wang, Amjad Masad, Andrej Karpathy, Aravind Srinivas, Brendan Iribe, Flosstradamus, Fred Ehrsam, Guillermo Rauch and Shane Mac. | As we explained at the M&C, we object to this request on relevance grounds as third-party communications are irrelevant to the copyright claims alleged in the Complaint.<br><br>Suno refuses to produce documents in response to this request. | Plaintiffs propose narrowing this request to:<br><br>ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in SUNO, including but not limited to Lightspeed Venture Partners, Nat Friedman and Daniel Gross, Matrix, Founder Collective, 3LAU, Aaron Levie, Alexandr Wang, Amjad Masad, Andrej Karpathy, Aravind Srinivas, Brendan Iribe, Flosstradamus, Fred Ehrsam, Guillermo Rauch and Shane |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | | Mac, regarding YOUR TRAINING DATA, SOUND RECORDINGS, copyright law, and/or business risks.<br><br>These documents and communications are directly relevant to Plaintiffs' claims, including because they will likely demonstrate Suno's willfulness and state of mind, and identify third parties with discoverable information. <u>Please confirm whether you will produce all documents and communications responsive to this narrowed request.</u> |
| Suno RFP 49 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings, including but not limited to pitch decks to investors and potential investors. | As we explained at the M&C, we object to this request on relevance grounds as the materials prepared for investors are irrelevant to the copyright claims alleged in the Complaint.<br><br>Suno refuses to produce documents in response to this request. | As we've already explained, these documents and communications are relevant to demonstrating the purpose and character of the use, the effect of the use on the market, and willfulness. <u>We intend to move to compel.</u> |
| Suno RFP 50 | DOCUMENTS sufficient to show YOUR funding and financing. | As we explained at the M&C, we object to this request on relevance grounds as information regarding funding and financing are irrelevant to the copyright claims alleged in the Complaint.<br><br>Suno refuses to produce documents in response to this request. | Plaintiffs propose amending this request to:<br><br>DOCUMENTS sufficient to show YOUR profits on a monthly basis.<br><br>These documents are relevant to calculating Plaintiffs' damages. <u>Please confirm whether you will produce all documents and communications responsive to this narrowed request.</u> |
| Suno RFP 51 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation on page 12 of the ANSWER that music labels "have sought to impose deal terms on a broad array of licensees." | Without waiving its objections, Suno agrees to produce non-privileged, responsive documents and communications insofar any are in its custody or control. | The parties are in agreement. |
| Suno RFP 52 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation on page 11 of the ANSWER that music labels "have responded to | Without waiving its objections, Suno agrees to produce non-privileged, responsive documents and | The parties are in agreement. |

| RFP Number | RFP | Suno Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | outreach from potential commercial counterparties by engaging in one or more concerted refusals to deal." | communications insofar any are in its custody or control. | |
| Suno RFP 53 | ALL DOCUMENTS and COMMUNICATIONS referenced directly or indirectly in the ANSWER. | As explained during the M&C, we object that the phrase "referenced indirectly" is vague and ambiguous.<br><br>Without waiving its objections, Suno agrees to produce any non-privileged, responsive documents and communications referenced in the Answer. | The parties are in agreement. |
| Suno RFP 54 | ALL DOCUMENTS and COMMUNICATIONS that support ANY of YOUR defenses to the allegations in the COMPLAINT. | As explained during the M&C, we maintain that this request is a premature contention request.<br><br>Without waiving its objections, Suno agrees to produce non-privileged, responsive documents and communications, with the caveat that these documents will likely be produced on a rolling basis through the end of discovery.  Suno will not re-produce documents or communications it receives from Plaintiffs that support any of its defenses. | The parties are in agreement. |

Plaintiffs reserve all rights.

Best,
Mariah


**Mariah Rivera**
D: 646.891.5049

**From: From:** Britt.Lovejoy@lw.com <Britt.Lovejoy@lw.com>
**Date:** Sunday, October 13, 2024 at 6:58 PM

**To:** Rajan Trehan <rtrehan@hueston.com>, Marina Green <mgreen@hueston.com>, Moez M. Kaba <mkaba@hueston.com>, Alexander Perry <aperry@hueston.com>, Katharine Ross <kross@hueston.com>, dcloherty@clohertysteinberg.com <dcloherty@clohertysteinberg.com>, aarnold@clohertysteinberg.com <aarnold@clohertysteinberg.com>
**Cc:** Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Steve.Feldman@lw.com <Steve.Feldman@lw.com>, Grace.McLaughlin@lw.com <Grace.McLaughlin@lw.com>, Lydia.Franzek@lw.com <Lydia.Franzek@lw.com>
**Subject:** RE: UMG Recordings, Inc. et al. v. Suno, Inc. et al., No. 1:24-cv-11611 (FDS)

Counsel:

Please find, below, our follow-up positions on Plaintiffs' First Set of Discovery. Suno is amenable to meeting and conferring further as may be helpful to resolve any remaining disputes between the parties.

- **Scope of model definitions:** Suno will interpret "AI MODEL" and "AI SERVICE" to encompass predecessor models that are similar in functionality to the models that Plaintiffs used to generate outputs for the complaint and that were released prior to June 24, 2024.

- **Temporal period covered by discovery:** Beginning of model development, May 1, 2023, through August 19, 2024.

- **Training data:** Without waiving its objections, Suno agrees to make its training data available for Plaintiffs' inspection; it is investigating the logistics of doing so and will provide Plaintiffs with an inspection protocol when its investigation is complete.

- **RFAs:** Suno stands on its objections to Plaintiffs' first set of RFAs. "Rule 36 is not a discovery device," and Rule 36 requests are intended to "reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *In re New Eng. Compounding Pharm. Prods. Liab. Litig.*, No. 13-md-02419, 2015 WL 13715291, at *3 (D. Mass. Sept. 8, 2015). Moreover, because Plaintiffs will have access to the training data, Plaintiffs can ascertain the answers to the RFAs themselves.

- **Interrogatory No. 1:** Without waiving its objections, Suno will supplement its response to Interrogatory No. 1 by identifying any additional persons who possess knowledge of information relevant to the subject matter alleged in the pleadings, to the extent such persons exist.

<u>Specific RFPs</u>

Suno's positions on specific RFPs following the parties' meet and confer are shown below.

Suno will follow-up in short order regarding its per-RFP positions with respect to output-related discovery, and any other RFPs not addressed below.

| RFP Number | RFP | Suno Position as of 10/13 |
|---|---|---|
| Suno RFP 1 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING or RELATED TO PLAINTIFFS. | Without waiving its objections, Suno agrees to produce responsive, non-privileged documents and communications referring to Plaintiffs. |
| Suno RFP 2 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA, including without limitation ALL DOCUMENTS and COMMUNICATIONS RELATING TO | Without waiving its objections, Suno agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. |

| RFP Number | RFP | Suno Position as of 10/13 |
|---|---|---|
| | the collection, copying, reproduction, development, compilation, maintenance, alteration, and revision of YOUR TRAINING DATA | Without waiving its objections, Suno agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show its process for developing its training data for in-scope AI models, as described above—including documents sufficient to show its process, if any, for collecting, copying (defined with a non-legal meaning), compiling, altering, revising, or maintaining its training data. |
| Suno RFP 3 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR AI MODEL, including without limitation ALL DOCUMENTS and COMMUNICATIONS reflecting the contents of YOUR AI MODEL or RELATING TO the manner in which YOU developed, trained, fine-tuned, and refined YOUR AI MODEL. | Without waiving its objections, Suno agrees to provide Plaintiffs with access to its model source code for in-scope AI Models, as described above—although Suno is still investigating the technical mechanisms by which it can provide that access—*e.g.*, whether by production or inspection.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above. |
| Suno RFP 5 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR "extensive analysis and study of the building blocks of music," as referenced on page 1 of the ANSWER. | Without waiving its objections, Suno agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above. |
| Suno RFP 6 | DOCUMENTS sufficient to identify how YOU use SOUND RECORDINGS to develop YOUR AI MODEL, including but not limited to use as TRAINING DATA. | Without waiving its objections, Suno agrees to produce documents sufficient to show in response to this request. |
| Suno RFP 7 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS, including but not limited to how, and what portions of, the SOUND RECORDINGS are downloaded, copied, and/or reproduced. | As explained at the M&C, this request is overly broad as it seeks information about *all* sound recordings, as opposed to the works asserted in the Complaint.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above. |
| Suno RFP 8 | ALL DOCUMENTS comprising YOUR TRAINING DATA, including, without limitation, DOCUMENTS sufficient to identify ANY and ALL "instances of different kinds of | As explained at the M&C, this request is overly broad as it seeks information about *all* sound recordings, as opposed to the asserted works cited in the Complaint. |

| RFP Number | RFP | Suno Position as of 10/13 |
|---|---|---|
| | recordings" that you showed YOUR AI MODEL as described on page 3 of the ANSWER. | Without waiving its objections, Suno agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. |
| Suno RFP 9 | DOCUMENTS sufficient to identify the "many UMG recordings" that "probably were" "in Suno's training data," as alleged on page 10 of the ANSWER. | As we explained at the M&C, this request mischaracterizes the Answer.<br><br>Without waiving its objections, Suno agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. |
| Suno RFP 10 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR belief that "many UMG recordings probably were" "in Suno's training data," as alleged on page 10 of the ANSWER. | As we explained at the M&C, this request mischaracterizes the Answer.<br><br>Additionally, as we articulated at the M&C, we believe that the Answer itself is sufficiently responsive to this request as it explains the basis for Suno's belief.<br><br>Without waiving its objections, Suno agrees to produce non-privileged documents sufficient to show in response to this request, to the extent such documents exist. |
| Suno RFP 11 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR belief that YOUR AI SERVICE allows USERS to "create new songs that didn't and often couldn't previously exist," as alleged on page 1 of the ANSWER. | Without waiving its objections, Suno agrees to produce responsive, non-privileged documents and communications. |
| Suno RFP 12 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR efforts to obtain YOUR TRAINING DATA. | Without waiving its objections, Suno agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above. |
| Suno RFP 13 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO the "additional further technical refinements" included in YOUR training process as referenced on pages 20 and 21 of the ANSWER. | Without waiving its objections, Suno agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above, including any such "technical refinements." |
| Suno RFP 14 | DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and used "essentially all music files of reasonable quality that are accessible on the open Internet" to train YOUR AI MODEL, as discussed on page 9 of the ANSWER. | Without waiving its objections, Suno agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above. |

| RFP Number | RFP | Suno Position as of 10/13 |
|---|---|---|
| Suno RFP 15 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO payment, including but not limited to contemplation of potential payment, for any SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Suno agrees to produce non-privileged documents and communications, to the extent they exist. |
| Suno RFP 16 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO licensing or contemplation of potential licensing of ANY TRAINING DATA, including but not limited to licensing of any SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Suno agrees to produce non-privileged documents and communications, to the extent they exist. |
| Suno RFP 17 | DOCUMENTS sufficient to identify the formats of media, including but not limited to file types, included in YOUR TRAINING DATA and any format conversions YOU carried out with respect to YOUR TRAINING DATA. | Without waiving its objections, Suno agrees to produce documents sufficient to show in response to this request. |
| Suno RFP 18 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and accessed ANY COPYRIGHTED SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Suno agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above.<br><br>Without waiving its objections, Suno further agrees to produce any responsive non-privileged documents and communications referencing the works asserted in the Complaint, to the extent they exist. |
| Suno RFP 19 | DOCUMENTS sufficient to show whether and to what extent or in what form SOUND RECORDINGS, in whole or in part, in any form or format, reside in, are stored in, or otherwise exist within YOUR AI MODEL. | Without waiving its objections, Suno agrees to produce documents sufficient to show in response to this request, to the extent such documents exist.<br><br>Without waiving its objections, Suno also agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. |
| Suno RFP 22 | ALL DOCUMENTS AND COMMUNICATIONS RELATING TO United States intellectual property laws or regulations, including but not limited to the Copyright Act, 17 U.S.C. §§ 101 et seq., the Music Modernization Act, 17 U.S.C. §§ 1401, et seq., and the United States Copyright Office. | As articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action.<br><br>Suno also maintains that the scope of this request is overbroad insofar as it concerns copyright matters unrelated to the infringement claim brought by Plaintiffs.<br><br>Without waiving its objections, Suno agrees to produce non-privileged documents and communications related to the Copyright Act's application to Suno's service. |

| RFP Number | RFP | Suno Position as of 10/13 |
|---|---|---|
| | | |
| Suno RFP 24 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies, procedures, or practices RELATED TO intellectual property rights, including but not limited to YOUR compliance with copyright law. | As we articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action.

Additionally, we maintain that the request requires a legal conclusion insofar as it requires Suno to assess whether a document reflects conduct that would comprise compliance or lack thereof with any given law. Production in response to this request in no way constitutes an admission.

Without waiving its objections, Suno agrees to produce non-privileged documents and communications that outline the company's copyright policies and procedures, to the extent such documents exist. |
| Suno RFP 27 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies, procedures, or practices CONCERNING complaints regarding purported copyright violations. | As articulated at the M&C, we maintain that the request calls for a legal conclusion; production in response to this request in no way constitutes an admission.

Additionally, we contend that the request is vague and ambiguous.

Without waiving its objections, Suno agrees to produce non-privileged documents and communications that reflect the company's copyright policies, to the extent such documents exist. |
| Suno RFP 28 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING ANY complaints YOU have received RELATED TO purported copyright violations. | As articulated at the M&C, we maintain that the request calls for a legal conclusion; production in response to this request in no way constitutes an admission.

Additionally, we contend that the request is vague and ambiguous.

Without waiving its objections, Suno agrees to produce non-privileged documents and communications related to complaints about alleged copyright violations, to the extent such documents exist. |
| Suno RFP 33 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO articles, news reports, social media posts or other publicly available communications CONCERNING YOUR TRAINING DATA or the inclusion of SOUND RECORDINGS in YOUR TRAINING DATA, including but not limited to the publications referenced in paragraph 48 of the COMPLAINT. | Without waiving its objections, Suno agrees to produce non-privileged, responsive documents and communications in Suno's possession, custody and control and not otherwise publicly available to Plaintiffs. |

| RFP Number | RFP | Suno Position as of 10/13 |
|---|---|---|
| | | |
| Suno RFP 36 | DOCUMENTS sufficient to identify the number of USERS that have used YOUR AI SERVICE on a monthly basis. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Without waiving its objections, Suno agrees to produce responsive documents sufficient to show in response to this request. |
| Suno RFP 41 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's subscription tiers, including but not limited to how many USERS are included in each subscription tier. | Without waiving its objections, Suno agrees to produce documents sufficient to show the tiers and number of users in each tier. |
| Suno RFP 42 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO the market for YOUR AI SERVICE, including but not limited to ANY projections or forecasts. | As we explained at the M&C, the term "market" is ambiguous and overbroad.  We maintain that this request is both ambiguous and unduly burdensome.<br><br>Without waiving its objections, Suno agrees to produce documents sufficient to show financial projections or forecasts. |
| Suno RFP 43 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's impact or effect on the music industry. | As we explained at the M&C, the terms "impact" and "effect" are vague, ambiguous, and overbroad. |
| Suno RFP 47 | DOCUMENTS sufficient to identify all PERSONS who invested in or financially backed SUNO. | As we explained at the M&C, we object to this request on relevance grounds as the identity of investors are irrelevant to the copyright claims alleged in the Complaint.<br><br>Suno refuses to produce documents in response to this request. |
| Suno RFP 48 | ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in SUNO, including but not limited to Lightspeed Venture Partners, Nat Friedman and Daniel Gross, Matrix, Founder Collective, 3LAU, Aaron Levie, Alexandr Wang, Amjad Masad, Andrej Karpathy, Aravind Srinivas, Brendan Iribe, Flosstradamus, Fred Ehrsam, Guillermo Rauch and Shane Mac. | As we explained at the M&C, we object to this request on relevance grounds as third-party communications are irrelevant to the copyright claims alleged in the Complaint.<br><br>Suno refuses to produce documents in response to this request. |

| RFP Number | RFP | Suno Position as of 10/13 |
|---|---|---|
| Suno RFP 49 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings, including but not limited to pitch decks to investors and potential investors. | As we explained at the M&C, we object to this request on relevance grounds as the materials prepared for investors are irrelevant to the copyright claims alleged in the Complaint.<br><br>Suno refuses to produce documents in response to this request. |
| Suno RFP 50 | DOCUMENTS sufficient to show YOUR funding and financing. | As we explained at the M&C, we object to this request on relevance grounds as information regarding funding and financing are irrelevant to the copyright claims alleged in the Complaint.<br><br>Suno refuses to produce documents in response to this request. |
| Suno RFP 51 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation on page 12 of the ANSWER that music labels "have sought to impose deal terms on a broad array of licensees." | Without waiving its objections, Suno agrees to produce non-privileged, responsive documents and communications insofar any are in its custody or control. |
| Suno RFP 52 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation on page 11 of the ANSWER that music labels "have responded to outreach from potential commercial counterparties by engaging in one or more concerted refusals to deal." | Without waiving its objections, Suno agrees to produce non-privileged, responsive documents and communications insofar any are in its custody or control. |
| Suno RFP 53 | ALL DOCUMENTS and COMMUNICATIONS referenced directly or indirectly in the ANSWER. | As explained during the M&C, we object that the phrase "referenced indirectly" is vague and ambiguous.<br><br>Without waiving its objections, Suno agrees to produce any non-privileged, responsive documents and communications referenced in the Answer. |
| Suno RFP 54 | ALL DOCUMENTS and COMMUNICATIONS that support ANY of YOUR defenses to the allegations in the COMPLAINT. | As explained during the M&C, we maintain that this request is a premature contention request.<br><br>Without waiving its objections, Suno agrees to produce non-privileged, responsive documents and communications, with the caveat that these documents will likely be produced on a rolling basis through the end of discovery.  Suno will not re-produce documents or communications it receives from Plaintiffs that support any of its defenses. |

**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

---

**From:** Lovejoy, Britt (Bay Area)
**Sent:** Friday, October 4, 2024 9:22 AM
**To:** 'Rajan Trehan' <rtrehan@hueston.com>; 'Marina Green' <mgreen@hueston.com>; 'Moez M. Kaba' <mkaba@hueston.com>; 'Alexander Perry' <aperry@hueston.com>; 'Katharine Ross' <kross@hueston.com>; 'dcloherty@clohertysteinberg.com' <dcloherty@clohertysteinberg.com>; 'aarnold@clohertysteinberg.com' <aarnold@clohertysteinberg.com>
**Cc:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>
**Subject:** RE: UMG Recordings, Inc. et al. v. Suno, Inc. et al., No. 1:24-cv-11611 (FDS)

Counsel:

Thank you for a productive meet and confer on Wednesday.  We will provide you with follow-up positions coming out of that call in short order.  As I previewed on the call, we are not able to provide that information today, as you demanded.  Lead counsel Steve Feldman and Andy Gass have been out of office for the Rosh Hashanah holiday.  Our client is out as well.

We will circle back just as soon as we are able.

Regards,

Britt

**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

---

**From:** Lovejoy, Britt (Bay Area)
**Sent:** Tuesday, October 1, 2024 2:38 PM
**To:** 'Rajan Trehan' <rtrehan@hueston.com>; Marina Green <mgreen@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Cc:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>
**Subject:** RE: UMG Recordings, Inc. et al. v. Suno, Inc. et al., No. 1:24-cv-11611 (FDS)

Raj:

That's acceptable, though I now have a hard stop at 4:30 pm PT.

Britt

**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

**From:** Rajan Trehan <rtrehan@hueston.com>
**Sent:** Tuesday, October 1, 2024 2:06 PM
**To:** Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; Marina Green <mgreen@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Cc:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>
**Subject:** Re: UMG Recordings, Inc. et al. v. Suno, Inc. et al., No. 1:24-cv-11611 (FDS)

Britt,

We do not agree with the positions that you have staked out below nor do we believe that they provide a basis to refuse to produce any documents or information.  We propose meeting and conferring immediately following our other call tomorrow at 2:30 p.m. (PT).  Please let us know if that will not work for you.


Regards,
Raj


**Rajan Trehan**
*\*\*Not admitted in NY*

_____

## HUESTON HENNIGAN LLP

D: 213.788.4381
rtrehan@hueston.com
Biography

**From:** Britt.Lovejoy@lw.com <Britt.Lovejoy@lw.com>
**Date:** Monday, September 30, 2024 at 9:08 PM
**To:** Marina Green <mgreen@hueston.com>, Rajan Trehan <rtrehan@hueston.com>, Moez M. Kaba <mkaba@hueston.com>, Alexander Perry <aperry@hueston.com>, Katharine Ross <kross@hueston.com>, dcloherty@clohertysteinberg.com <dcloherty@clohertysteinberg.com>, aarnold@clohertysteinberg.com <aarnold@clohertysteinberg.com>
**Cc:** Steve.Feldman@lw.com <Steve.Feldman@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>
**Subject:** RE: UMG Recordings, Inc. et al. v. Suno, Inc. et al., No. 1:24-cv-11611 (FDS)

Counsel:

We are in receipt of your letter dated September 27, 2024.  We wholly disagree with the statements therein.

Suno's objections to Plaintiffs' requests are not "baseless."  They result from Plaintiffs' attempt to leverage overbroad terms that do not limit discovery to the product that Plaintiffs' allege forms the basis of their Complaint (*see, e.g.*, Plaintiffs' overbroad definitions of "AI SERVICE" and "AI MODEL"), the sound recordings asserted in this case (*see, e.g.*, requests related to "COPYRIGHTED SOUND RECORDINGS" and "SOUND RECORDINGS" beyond those asserted in the Complaint), or even the actual infringement claim pleaded (*see, e.g.*, requests related to "OUTPUTS" notwithstanding Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings," Compl. ¶ 50).  Plaintiffs "have no entitlement to discovery to develop new claims … that are not already identified in the pleadings."  Fed. R. Civ. P. 26(b)(1), Adv. Comm. Note.  Suno's objections on that basis are plainly stated both in its objections to Plaintiffs' "Definitions" and in its specific objections and responses to each request.

Further, as also expressly stated in Suno's objections, Plaintiffs' requests for admission are an improper use of Rule 36. Rule 36 allows a party to use RFAs to confirm information, not elicit facts. "Rule 36 is not a discovery device"; rather, the purpose of RFAs is to "reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *In re New Eng. Compounding Pharm. Prods. Liab. Litig.*, No. 13-md-02419, 2015 WL 13715291, at *3 (D. Mass. Sept. 8, 2015). "A party who desires to discover what the facts are ... should resort to other discovery rules rather than Rule 36." *Duncan v. Santaniello*, No. 94-cv-30224, 1996 WL 121730, at *1 (D. Mass. Mar. 8, 1996). Plaintiffs' RFAs are clearly intended to identify rather than confirm facts: the RFAs ask Suno to admit that its model both *was* and *was not* trained on the asserted works.

We remain hopeful that the parties can work cooperatively to narrow discovery in this litigation to an appropriate scope. To that end, we are available to meet and confer on Wednesday, after 2:30 pm PT and/or on Thursday between 12:15 pm PT and 2 pm PT.

Britt

**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

---

**From:** Marina Green <mgreen@hueston.com>
**Sent:** Friday, September 27, 2024 12:28 PM
**To:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Taylor, Nathan (NY) <Nathan.Taylor@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>; dcloherty@clohertysteinberg.com; Alexandra Arnold <aarnold@clohertysteinberg.com>
**Subject:** UMG Recordings, Inc. et al. v. Suno, Inc. et al., No. 1:24-cv-11611 (FDS)

Counsel:

      Please see the attached correspondence from Mr. Trehan regarding the above-referenced matter.

Best,

**Marina Green**
*California Certified Legal Secretary*

---

**HUESTON HENNIGAN LLP**

D: 213.377.5469
T: 213.788.4340
mgreen@hueston.com

523 West 6th St Suite 400
Los Angeles CA 90014

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.