# EXHIBIT I

## Alexander Perry

| | |
|---|---|
| **From:** | Alexander Perry |
| **Sent:** | Wednesday, March 19, 2025 9:43 AM |
| **To:** | Jessie.Cammack@lw.com; Britt.Lovejoy@lw.com; Andrew.Gass@lw.com; Steve.Feldman@lw.com; Shlomo.Fellig@lw.com; Sy.Damle@lw.com; Nathan.Taylor@lw.com; suno.lwteam@lw.com |
| **Cc:** | Moez M. Kaba; Rajan Trehan; Mariah Rivera; Samuel Givertz; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com |
| **Subject:** | RE: UMG Recordings, Inc. v. Suno, Inc., No. 24-CV-11611 (FDS) | Motion to Compel |

Jessie,

Given the below clarifications, Plaintiffs are amenable to Suno's proposal concerning the dispute over the definition of AI Models.  As this agreement moots the present dispute regarding AI Models, Plaintiffs will remove this portion of the brief and note the resolution of this issue for the Court.  Furthermore, and in addition to our previous reservations of rights regarding this dispute, Plaintiffs further reserve their rights to contest Suno's stated position that November 20, 2024, is the appropriate end date for the production of source code.  *See* Suno Statement at 10.

With respect to investor discovery, Plaintiffs will no longer be moving on RFP 47.  Plaintiffs are also willing to continue negotiations over search terms with respect to RFPs 48 and 49.  We cannot, however, agree to Suno's counterproposal on this category of discovery.  As Plaintiffs have repeatedly explained, in addition to being relevant to willfulness and the fourth fair use factor, Suno's communications with investors are also relevant to the first fair use factor.  Suno's proposal to limit its productions for this category of documents to only a subset of the relevant issues is improper.  Furthermore, Suno is proposing that it be permitted to determine responsiveness based on an inherent legal conclusion as to whether a particular document bears on Suno's selected subset of legal issues.  This is fundamentally different than the responsiveness review that is attendant to the typical search term exchange process.  Plaintiffs cannot agree to let Suno unilaterally make legal determinations during its own document review about which materials bear on particular legal issues.

Accordingly, Plaintiffs will be proceeding with their motion to compel as to RFPs 48 and 49.  We will plan to exchange a finalized draft for Suno's review at 1PM ET today, for filing by 6PM ET.

Regards,
Alex

**Alexander Perry**

_____

**HUESTON HENNIGAN** LLP

D: 212.715.1121
aperry@hueston.com
Biography

---

**From:** Jessie.Cammack@lw.com <Jessie.Cammack@lw.com>
**Sent:** Tuesday, March 18, 2025 7:58 PM
**To:** Britt.Lovejoy@lw.com; Alexander Perry <aperry@hueston.com>; Andrew.Gass@lw.com; Steve.Feldman@lw.com; Shlomo.Fellig@lw.com; Sy.Damle@lw.com; Nathan.Taylor@lw.com; suno.lwteam@lw.com
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Mariah Rivera <mrivera@hueston.com>; Samuel Givertz <sgivertz@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Subject:** RE: UMG Recordings, Inc. v. Suno, Inc., No. 24-CV-11611 (FDS) | Motion to Compel

1

Alex,

Please find Suno's responses below.

1. Suno intends to produce non-privileged documents relating to non-public music-generative AI models to the extent those documents are responsive to the RFPs to which Suno has agreed to respond and are captured by the search terms currently being negotiated by the parties.

2. Suno has no intention of excluding any particular information from its W&B export. We note that we are still investigating how to export the information, and will let you know if we encounter any technical constraints associated with doing so.

3. Plaintiffs' reservation of rights is received. Since Plaintiffs have not yet identified any source code as "missing" from the initial inspection, we do not understand there to be any presently ripe dispute regarding the sufficiency of the production. Suno will entertain—but reserves the right to oppose—any further requests.

With respect to investor discovery:

Suno is not proposing (and will not agree) to produce *all* non-privileged documents that hit on the parties' agreed search terms—Suno will still review documents for responsiveness as well as privilege. But contingent on reaching an agreement on narrower search terms, to resolve this dispute, Suno would agree to produce non-privileged documents that hit on those search terms and that Suno determines are related to willfulness, Factor Four of the fair use inquiry, or are responsive to any other RFP for which Suno has agreed to produce responsive documents.

Please let us know if it would be helpful to meet and confer regarding these proposals.

Thanks,

**Jessie A. Cammack**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4739

---

**From:** Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>
**Sent:** Tuesday, March 18, 2025 9:06 AM
**To:** Alexander Perry <aperry@hueston.com>; Cammack, Jessie (NY) <Jessie.Cammack@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Taylor, Nathan (NY) <Nathan.Taylor@lw.com>; #C-M SUNO - LW TEAM <suno.lwteam@lw.com>
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Mariah Rivera <mrivera@hueston.com>; Samuel Givertz <sgivertz@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Subject:** RE: UMG Recordings, Inc. v. Suno, Inc., No. 24-CV-11611 (FDS) | Motion to Compel

Alex:

We will get you a response as soon as possible today, but as a preview I am hopeful we will be able to reach agreement here.

Britt

2

**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

---

**From:** Alexander Perry <aperry@hueston.com>
**Sent:** Monday, March 17, 2025 11:36 AM
**To:** Cammack, Jessie (NY) <Jessie.Cammack@lw.com>; Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Taylor, Nathan (NY) <Nathan.Taylor@lw.com>; #C-M SUNO - LW TEAM <suno.lwteam@lw.com>
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Mariah Rivera <mrivera@hueston.com>; Samuel Givertz <sgivertz@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Subject:** RE: UMG Recordings, Inc. v. Suno, Inc., No. 24-CV-11611 (FDS) | Motion to Compel

Counsel,

We write regarding Suno's counterproposals presented in its opposition to Plaintiffs' motion to compel.  With respect to the dispute concerning the definition of AI Models, Suno proposes that it "will not exclude documents from its productions on the basis that they relate only to non-public or in-development music-generative AI models" and that it will "provide Plaintiffs with an export of the information contained in its [Weights & Biases (W&B)] application regarding its model experiments, as well as access to any code referenced therein that has not already been provided for inspection."  Suno Statement at 10, 12.  Plaintiffs are amenable to this proposal, which would moot this present dispute, subject to the following clarifications:

1. **Document Discovery**: Plaintiffs understand that Suno intends to apply the definition of "AI Model" in Plaintiffs' first set of RFPs to all document discovery going forward, provided this does not extend to the source code review.  Please confirm that this is correct.

2. **W&B Export**: Suno has offered to provide Plaintiffs with an export of information contained in its W&B application regarding model experiments.  Please confirm whether Suno intends with this offer to exclude any information contained within its W&B application for the contemplated export.  If Suno does not intend to produce all the information contained within its W&B application, please explain what information it intends to exclude and the basis for excluding any such information.

3. **Source Code Inspection**: Any agreement concerning the definition of AI Models should not be construed as a concession regarding the sufficiency of the source code materials that Suno has previously made available for inspection concerning its commercially released models.  Plaintiffs expressly reserve the right to seek any additional source code material that they identified as missing during their preliminary inspection.  Plaintiffs further reserve their right to seek additional source code into other AI models to the extent they identify additional materials during the course of discovery.

Concerning investor communications, Plaintiffs are continuing to assess Suno's proposal to include additional terms in its proposed search strings.  *See* Suno Statement 20-21. To facilitate Plaintiffs' assessment of this proposal, Plaintiffs wish to clarify whether Suno is proposing to produce all non-privileged documents that hit on these search terms, or whether Suno intends to limit its production of documents that hit on these search terms to those Suno determines are related to willfulness or the fourth fair use factor.

Because Suno's responses to the above would stand to moot portions of Plaintiffs' motion to compel, Plaintiffs request that Suno provide its response by 3pm ET tomorrow.  Please note that any such agreement with respect to the issues

presented in Plaintiffs' motion to compel does not constitute a waiver of Plaintiffs' rights to seek a broader production consistent with our served requests, and all such rights are expressly reserved.

Thank you,
Alex

**Alexander Perry**

**HUESTON HENNIGAN** LLP

D: 212.715.1121
aperry@hueston.com
Biography

**From:** Jessie.Cammack@lw.com <Jessie.Cammack@lw.com>
**Sent:** Friday, March 14, 2025 11:13 PM
**To:** Alexander Perry <aperry@hueston.com>; Britt.Lovejoy@lw.com; Andrew.Gass@lw.com; Steve.Feldman@lw.com; Shlomo.Fellig@lw.com; Sy.Damle@lw.com; Nathan.Taylor@lw.com; suno.lwteam@lw.com
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Mariah Rivera <mrivera@hueston.com>; dcloherty@clohertysteinberg.com; aarnold@clohertysteinberg.com
**Subject:** RE: UMG Recordings, Inc. v. Suno, Inc., No. 24-CV-11611 (FDS) | Motion to Compel

Counsel,

Please find attached Suno's opposition to Plaintiffs' motion to compel. Also attached is a declaration from Georg Kucsko and an additional exhibit. Suno designates the portions highlighted in grey Highly Confidential – Attorneys' Eyes Only.

Thanks,

**Jessie A. Cammack**
Pronouns: She/Her/Hers

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4739

**From:** Alexander Perry <aperry@hueston.com>
**Sent:** Friday, March 7, 2025 11:44 PM
**To:** Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Taylor, Nathan (NY) <Nathan.Taylor@lw.com>; #C-M SUNO - LW TEAM <suno.lwteam@lw.com>
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Mariah Rivera <mrivera@hueston.com>; Daniel Cloherty <dcloherty@clohertysteinberg.com>; Alexandra Arnold <aarnold@clohertysteinberg.com>
**Subject:** UMG Recordings, Inc. v. Suno, Inc., No. 24-CV-11611 (FDS) | Motion to Compel

Counsel,

Pursuant to the parties agreed-upon briefing schedule discussed during the February 26 discovery conference, please find attached Plaintiffs' motion to compel and a zip file with associated exhibits. Plaintiffs expect Suno to add its position in opposition by Friday, March 14th.

Regards,

4

Alex

**Alexander Perry**

**HUESTON HENNIGAN** LLP

D: 212.715.1121
T: 213.788.4340
aperry@hueston.com
Biography

1 Little W 12th St
2nd Floor
New York NY 10014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.