UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, AND WARNER RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> SUNO, INC. and JOHN DOES 1-10, <br><br> Defendant. | Civil Action No. 1:24-cv-11611-FDS |

**STATEMENT OF COUNSEL IN SUPPORT OF
PLAINTIFFS' MOTION TO FILE REDACTED EXHIBIT [ECF NO. 72]**

Pursuant to Local Rule 7.2 and Paragraphs 20 and 21 of the Confidentiality Stipulation and Protective Order entered in this case, Dkt. No. 54 ("Protective Order"), Defendant Suno, Inc. ("Suno"), by and through its undersigned counsel, hereby respectfully submits this statement in support of Plaintiffs' Motion to File Redacted Exhibit to the Parties' Joint Letter Regarding Discovery Dispute. Dkt. No. 72.[1]

On March 19, 2025, the parties filed a joint letter submission to Judge Levenson outlining their discovery dispute related to Plaintiffs' first sets of discovery requests. *See* Dkt. No. 71; *see also* Declaration of Brittany N. Lovejoy ("Lovejoy Decl.") ¶ 3. Plaintiffs and Suno each cite to a February 21, 2025 email from Britt Lovejoy, counsel to Suno, attached to the parties' joint letter

---

[1] Plaintiffs previously filed a redacted version of Exhibit E. Dkt. No. 71-5.

submission as Exhibit E. *See* Dkt. No. 71-5; *see also* Lovejoy Decl. ¶ 3. Suno seeks to impound two phrases in Ms. Lovejoy's email, which detail how Suno trained and developed its AI model. Lovejoy Decl. ¶ 4. Suno has designated this information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("AEO") under the parties' Protective Order. *Id*. ¶ 4.

Courts recognize that "the right to inspect and copy judicial records is not absolute," and non-public, commercially sensitive documents may be protected from public disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential. Fed. R. Civ. P. 26(c). The good cause standard in Rule 26(c) is "a flexible one that requires an individualized balancing of the many interests that may be present in a particular case." *Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402 (1st Cir. 2005) (internal quotations omitted). Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted).

Here, good cause exists to keep this information confidential. These details, if made public, could enable Suno's competitors to learn how to build a similar model. *Id*. ¶¶ 4, 5. Courts routinely seal competitively sensitive information such as this, the disclosure of which "could unfairly disadvantage" a party in favor of their economic competitors. *See, e.g.*, *In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, 2012 WL 5239726, at *1 (D. Mass. Oct. 24, 2012). Suno's request is also narrowly tailored. The information that Suno seeks to impound is only a small portion (comprising twenty-one words) of the email in question. Lovejoy Decl. ¶ 7. Moreover, these portions relate to the parties' previous dispute regarding the appropriate

definition of "AI Models," which is no longer before the Court. *Id*. ¶ 6. Therefore, the portions of Exhibit E that Suno seeks to impound are peripheral to the Court's resolution of parties' discovery dispute, and any public interest in their disclosure is very low. On the other hand, as noted above, the risk to Suno is high: making these details public could give competitors insight into how Suno trained its model, thereby giving competitors an unfair leg up in recreating Suno's work. Any public interest in disclosure is therefore sharply outweighed by Suno's interest in maintaining this confidential information under seal. *See United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (emphasizing that the presumptive right of public access to judicial documents must be "carefully balance[d] . . . against the competing interests that are at stake in a particular case").

WHEREFORE, Suno respectfully requests that the Court allow Plaintiffs' Notice of Motion to File Redacted Exhibit and order that the unredacted version of Exhibit E be impounded until further order of the Court.

Dated: March 26, 2025                               Respectfully submitted,

/s/ Brittany N. Lovejoy
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Steven N. Feldman (*pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com

Sarang V. Damle (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

Shlomo Fellig (BBO# 699643)
**LATHAM & WATKINS LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
shlomo.fellig@lw.com

*Counsel for Defendant Suno, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent March 26, 2025 to those identified as non-registered participants.

                                                  */s/ Brittany N. Lovejoy*
                                                  Brittany N. Lovejoy