UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, AND WARNER RECORDS INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>Defendant. | Civil Action No. 1:24-cv-11611-FDS |

### DECLARATION OF BRITTANY N. LOVEJOY IN SUPPORT OF SUNO'S STATEMENT OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION TO FILE REDACTED EXHIBIT [ECF NO. 72]

I, Brittany N. Lovejoy, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Latham & Watkins LLP and counsel of record for Suno, Inc. ("Suno") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Local Rule 7.2, Paragraphs 20 and 21 of the Confidentiality Stipulation and Protective Order entered in this case, Dkt. No. 54 ("Protective Order"), and the Court's Standing Order Regarding Motions for Leave to File Under Seal and Stipulated Protective Orders.

3. On March 19, 2025, the parties filed a joint letter submission to Judge Levenson outlining their discovery dispute related to Plaintiffs' first sets of discovery requests. *See* Dkt. No. 71. To support their respective positions, both Plaintiffs and Suno cite to a February 21, 2025 email I sent to opposing counsel in this matter. That email is attached to the parties' joint letter submission as Exhibit E. *See* Dkt. No. 71-5.

4. My February 21, 2025 email describes Suno's position on several discovery disputes, including the parties' dispute regarding Plaintiffs' definition of "AI Models" and the parties' dispute regarding the appropriate scope of investor discovery. The first page of the email includes information (two phrases) that Suno has designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY ("AEO") under the Protective Order. These two phrases describe details of how Suno developed and trained its generative AI model that, if made public, could give a competitor an unfair advantage in learning how to build a similar model.

5. Suno seeks to impound these two phrases from my February 21, 2025 email because its business would be harmed if its competitors were to learn the information contained therein. This is especially true because generative AI is a booming field, and the competitive landscape is crowded.

6. The phrases Suno seeks to impound are relevant only to the parties' dispute regarding the appropriate definition of "AI Models," which the parties have now resolved. The parties' joint letter submission, and the citations to Exhibit E therein, discuss the parties' exchange regarding the appropriate scope of investor discovery and search term proposals. Neither of the phrases Suno seeks to impound discuss these topics.

7. The two phrases Suno seeks to impound consist of a total of twenty-one words. This is the narrowest possible request that will maintain protection over Suno's highly confidential proprietary information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2025 in San Francisco, California.

<i><u>/s/ Brittany N. Lovejoy</u></i><br>
Brittany N. Lovejoy

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent March 26, 2025 to those identified as non-registered participants.

                                            */s/ Brittany N. Lovejoy*
                                            Brittany N. Lovejoy