# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, and WARNER RECORDS INC., <br><br> Plaintiffs, <br> vs. <br><br> SUNO, INC., and JOHN DOES 1-10, <br><br> Defendant. | Case No. 1:24-cv-11611 (FDS) |

## DECLARATION OF COLLEEN O'CONNELL IN OPPOSITION TO SUNO'S MOTION TO COMPEL

I, Colleen O'Connell, declare as follows:

1. I am a Senior Vice President, Digital Operations, Account Management at Sony Music Entertainment ("Sony"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. In my capacity as Senior Vice President, Digital Operations, Account Management, I am familiar with Sony's systems for distributing digital music assets with commercial partners and the process by which Sony submits sound recordings to Audible Magic's content recognition database.

3. I understand that Sony has agreed to produce digital, commercially available versions of the sound recordings that Sony has alleged Suno infringed in this case. I further understand that Sony intends to source these digital sound recordings from its centralized system

for storing digital music assets, known internally as the Asset Offering and Management Application ("AOMA").

4. For all intents and purposes, AOMA includes practically all of the digitally available, commercially released sound recordings that Sony owns or controls. Accordingly, if a copyright registration contains identifying information for a digitally available sound recording, such as artist, title, year of release, UPC, catalog number, and/or other identifying information, I believe that Sony should be able to source a copy of that recording from AOMA.

5. Based on my personal experience, the digital recordings stored in AOMA are the same recordings that Sony (1) commercializes through digital service providers ("DSPs"), such as Spotify, YouTube, and others, and (2) provides to Audible Magic for inclusion in its content recognition database. I further understand that the recordings Sony commercially releases via AOMA are also (3) provided as deposit copies to the United States Copyright Office for registration purposes.

6. By and large, any digital commercially available sound recording produced by a Sony record label is systematically included in AOMA. For digital releases that Sony makes commercially available on DSPs, Sony provides the DSPs with digital recordings and metadata directly from AOMA. Thus, sound recordings that Sony makes available on a DSP originated from a Sony record label via AOMA.

7. For physical releases, I understand that it is Sony's current practice in the United States to receive a digital copy of a final master sound recording from the mastering studio, which is then ingested into AOMA and, in addition to being sent to DSPs, is also then sent for physical manufacturing.

8. Similarly, when Sony sends audio files and associated metadata to Audible Magic for inclusion in its content recognition reference database, Sony transmits to Audible Magic the files and data from AOMA. Accordingly, the recordings that Sony commercializes through DSPs and sends to Audible Magic are the same.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of April, 2025, at New York, New York.

_____
Colleen O'Connell

- 3 -