## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, and WARNER RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> SUNO, INC., and JOHN DOES 1-10, <br><br> Defendant. | Case No. 1:24-cv-11611-FDS |

### JOINT MOTION TO AMEND THE AMENDED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, Atlantic Recording Corporation, Atlantic Records Group LLC, Rhino Entertainment LLC, The All Blacks U.S.A., Inc., Warner Music International Services Limited, and Warner Records Inc. ("Plaintiffs") and Defendant Suno, Inc. ("Suno") (together, the "Parties"), respectfully request that the Court amend the Amended Scheduling Order.

In support of this motion, the Parties state as follows:

1.    Plaintiffs filed their Complaint in this court on June 24, 2024.

2.    Suno answered the Complaint on August 1, 2024.

3.    The Court entered a Scheduling Order on October 28, 2024 (Dkt. 42).    The Scheduling Order set the Parties' deadline for serving written discovery as March 19, 2025.

4.      The Court entered an Amended Scheduling Order on January 30, 2025 (Dkt. 57). Pursuant to the Amended Scheduling Order, the Parties' deadline for serving written discovery was April 30, 2025.

5.      Plaintiffs served their First Set of Requests for Production on August 19, 2024. Suno served its First Set of Requests for Production on September 13, 2024.  In the months since, the parties have met and conferred multiple times to come to agreement on discovery requests and search terms.  Given the complexity of the case, the number of discovery requests at issue, this process has been a complex one that has required careful attention and compromise on both sides. Over the course of negotiations, however, the parties have been able to reach agreement on the majority of their disputes—including disputes that may have otherwise required judicial intervention.

6.      While negotiating the scope of discovery, the parties have also made progress collecting and reviewing documents.  Plaintiffs made their first production of documents on April 7, 2025.  Suno made its first production of documents on April 25, 2025.  Both parties have continued to make rolling productions even as the parties continue to negotiate regarding the proper scope of discovery.

7.      In addition to the discovery that would be expected in any major civil litigation, the parties have spent a significant amount of time on the highly technical discovery necessary for this case, including the negotiation and implementation of sophisticated protocols governing Plaintiffs' inspection of Suno's source code and training data.  The parties' source code inspection protocol was entered on February 18, 2025, and Plaintiffs began their first inspection of Suno's source code on February 26, 2025.  The parties' training data inspection protocol was entered on March 31, 2025, and Plaintiffs began their first inspection of Suno's training data on April 15, 2025.

8.    The Parties submitted a Joint Motion for Extension of Time to Serve Written Discovery on April 29, 2025, requesting that the Court extend the deadline for serving written discovery to May 30, 2025.

9.    The Court granted the Joint Motion for Extension of Time to Serve Written Discovery on April 30, 2025.

10.    Suno served its Second Set of Requests for Production on April 14, 2025.

11.    Plaintiffs served their Second Set of Requests for Production on April 24, 2025.

12.    The parties have met and conferred regarding these additional discovery requests and are working diligently to reach agreement regarding the proper scope of review and production in response to those requests.

13.    The Parties submitted a Joint Motion for Extension of Time to Serve Written Discovery on May 29, 2025, requesting that the Court extend the deadline for serving written discovery to June 27, 2025.

14.    The Court granted the Joint Motion for Extension of Time to Serve Written Discovery on May 30, 2025.

15.    The Parties had a telephonic status conference before Judge Saylor on June 5, 2025, during which they provided an update on the status of discovery.  The Parties explained that they intended to request an extension of the discovery schedule to permit additional time to produce and review documents and, if necessary, conduct additional discovery.  The Court directed the Parties to make the request as a joint motion.

16.    WHEREFORE, the Parties respectfully request that the Court grant this Motion and amend the Amended Scheduling Order as follows:

   A.    Substantial completion of document production for presently agreed-upon

search terms and custodians shall be complete no later than August 15, 2025.

B.    All fact discovery, except for requests for admission, shall be complete by October 10, 2025.

C.    All requests for admission shall be served by October 21, 2025.

D.    All remaining discovery disputes (except as to requests for admissions and expert-related discovery disputes) shall be raised before Judge Levenson by October 24, 2025.

E.    Trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by November 21, 2025 and rebuttal experts by December 19, 2025.

F.    Trial experts must be deposed by February 13, 2026.

G.    Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by March 13, 2026.

Dated: June 26, 2025

*s/* Rajan S. Trehan
Moez M. Kaba (*pro hac vice)*
Mariah N. Rivera  (*pro hac vice*)
Alexander R. Perry (*pro hac vice*)
Samuel Givertz (*pro hac vice*)
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com
sgivertz@hueston.com

Robert N. Klieger (*pro hac vice*)
Rajan S. Trehan (*pro hac vice*)
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rklieger@hueston.com
rtrehan@hueston.com

Daniel J. Cloherty
Alexandra Arnold
**CLOHERTY & STEINBERG LLP**
One Financial Center, Suite 1120
Boston, Massachusetts 02110
Telephone: (617) 481-0160
Facsimile: (617) 848-0830
dcloherty@clohertysteinberg.com
aarnold@clohertysteinberg.com

*Counsel for Plaintiffs*

*s/* Brittany N. Lovejoy
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Steven N. Feldman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com

Sarang V. Damle
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*