UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, AND WARNER RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> SUNO, INC. and JOHN DOES 1-10, <br><br> Defendant. | Civil Action No. 1:24-cv-11611-FDS |

**STATEMENT IN SUPPORT OF UNOPPOSED MOTION FOR IMPOUNDMENT**

Pursuant to Local Rule 7.2 and Paragraphs 20 and 21 of the Confidentiality Stipulation and Protective Order entered in this case, Dkt. No. 54 ("Protective Order"), Defendant Suno, Inc. ("Suno"), by and through its undersigned counsel, hereby respectfully submits this statement in support of impounding certain portions of three exhibits to the Declaration of Rajan S. Trehan, submitted in support of Plaintiffs' Motion for Leave to Amend the Complaint ("MLA"). Dkt. Nos. 126, 127.[1]

Plaintiffs filed their MLA on September 19, 2025, seeking leave to amend their complaint after the deadline for amendments had passed. *See* Dkt. No. 126; *see also* Declaration of Brittany

---

[1] Plaintiffs previously filed a Notice of Motion to impound these materials. Dkt. No. 125.

N. Lovejoy ("Lovejoy Decl.") ¶ 3. Plaintiffs' MLA describes and cites certain discovery requests to Suno, as well as Suno's responses. Suno designated the cited responses as Highly Confidential - Attorneys' Eyes Only under the Protective Order. *See* Dkt. No. 127; *see also* Lovejoy Decl. ¶ 6. Suno seeks to impound the portions of those materials that are neither cited nor discussed in Plaintiffs' MLA or proposed first amended complaint ("Proposed FAC"). Lovejoy Decl. ¶ 7. Specifically, Suno seeks to impound: (i) Exhibit E to the Trehan Declaration, pp. 11-15 as designated in Attachment 1 to this motion; (ii) Exhibit F to the Trehan Declaration, pp. 10-15, 17, 19-26 as designated in Attachment 2 to this motion; and (iii) Exhibit H to the Trehan Declaration, pp. 10, 12-14 as designated in Attachment 3 to this motion. *Id.* ¶ 4.

Suno's motion is unopposed. On October 2, 2025, in an effort to minimize sealing disputes before the Court, Suno agreed to limit its request for impounding to the above-listed documents, and Plaintiffs agreed that they would not oppose that request.[2] *Id.* Suno does not seek to impound any other material preliminarily sealed or redacted in connection with Plaintiffs' September 19, 2025 filing, and agrees that that material may become unsealed. *Id.* ¶ 5. Subject to the Court's approval, in order to effectuate this agreement, within 5 days of the Court's order on this motion, the parties agree to file revised, operative sealed versions of the all identified documents and lesser-redacted public versions of the same.[3]

1. ***No Right of Public Access Attaches to Discovery Materials Unrelated to The Matter Before the Court***

As the First Circuit has explained, no right of public access attaches to discovery materials (including "pretrial depositions and interrogatories") until they are filed on the docket in support

---

[2] Plaintiffs have reserved the right to contest the propriety of sealing this material at a later date, and to contest any future sealing requests.

[3] The parties agree that this refiling will not alter any other date or deadline in the case.

of motion practice. *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984)). Even after discovery materials are filed with the court, the right of public access attaches only when the materials are "judicial records" "on which a court relies in determining the litigants' substantive rights." *Id.* at 54.

Here, the materials at issue are not "judicial records" because the Court is highly unlikely to rely upon them in resolving Plaintiffs' MLA. Plaintiffs do not cite or refer to the portions Suno seeks to impound in their MLA or Proposed FAC. This is because the materials Suno seeks to seal are wholly unrelated to Plaintiffs' MLA and Plaintiffs' Proposed FAC: they are *other* confidential discovery materials that simply happen to be in the set of discovery responses that also contain the information that Plaintiffs relied on in connection with their MLA and Proposed FAC—and which Suno does not seek to seal.

### 2. *Any Public Right of Access is Outweighed by The Risk of Harm to Suno*

Even if Suno's proposed redactions to Exhibits E, F, and H were judicial records, "the right to inspect and copy judicial records is not absolute," and non-public, commercially sensitive documents may be protected from public disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). These are just such records: Suno's proposed redactions to Exhibits E, F, and H are all materials that Suno provided in discovery and designated Highly Confidential - Attorneys' Eyes Only under the protective order. *See* Lovejoy Decl. ¶ 6. Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential. Fed. R. Civ. P. 26(c). Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted).

Exhibits E, F, and H provide details about Suno's model training process and information Suno used (or did not use) in connection with building its training dataset, comprised of audio recordings and metadata. *See* Lovejoy Decl. ¶ 6. Public disclosure of this information could cause Suno serious competitive harm. *See id.* Generative AI is a booming field, and a rival who obtained details about Suno's model development might be able to develop its own model more quickly, cheaply, or easily, and therefore be able to compete unfairly with Suno. *See id.* Courts routinely seal competitively sensitive information such as this, the disclosure of which "could unfairly disadvantage" a party in favor of their economic competitors. *See, e.g.*, *In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, 2012 WL 5239726, at *1 (D. Mass. Oct. 24, 2012). Indeed, courts throughout the country have routinely found that details regarding the training data for a generative AI model are competitively sensitive and may be maintained under seal. *See, e.g.*, *UMG Recordings, Inc., et al. v. Uncharted Labs, Inc.*, Case No. 1:24-cv-04777-AKH, Dkt. No. 79 (S.D.N.Y. Feb. 28, 2025) (granting motion to maintain under seal declaration providing a detailed description of how another generative AI company "creates and processes its training datasets"); *The New York Times v. Microsoft Corp.*, No. 23-cv-11195, Dkt. No. 378 (S.D.N.Y. Jan. 10, 2025) (granting motions to seal exhibits and portions of letter motions that reference "information of the type that would normally be kept strictly confidential by the parties" and noting "the high-stakes nature and publicity of these cases and the sensitive information involved"); *id.*, Dkt. No. 349 ¶ 6 (information sought to be maintained under seal included details of training processes for generative AI model); *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, Dkt. No. 304 (N.D. Cal. Dec. 4, 2024) (order granting motion to seal discussion of training data in generative AI copyright case); *Concord Music Group, et al., v. Anthropic PBC*, No. 24-cv-03811, Dkt. No. 282, at 2–4 (N.D. Cal. Dec. 19, 2024) (granting request to seal

confidential information about training data). To the extent this Court concludes that a right of public access attaches at all, this Court should also find that Suno's interest in keeping this material confidential outweighs any (minimal) right of access.

\* \* \* \* \*

For these reasons, Suno respectfully requests that the Court grant the motion and order that the materials described herein be impounded until further order of the Court. The parties have conferred and Plaintiffs have indicated that they do not oppose this motion.

Dated: October 2, 2025

Respectfully submitted,

/s/ *Brittany N. Lovejoy*
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Steven N. Feldman (*pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com

Sarang V. Damle (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304

Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Suno has conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues raised in this motion. Plaintiffs have indicated they do not oppose this motion.

>*/s/ Brittany N. Lovejoy*
>Brittany N. Lovejoy

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent October 2, 2025 to those identified as non-registered participants.

>*/s/ Brittany N. Lovejoy*
>Brittany N. Lovejoy