# EXHIBIT H

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, and WARNER RECORDS INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SUNO, INC., and JOHN DOES 1-10, <br><br> Defendant. | Civil Action No. 1:24-cv-11611-FDS |

### DEFENDANT SUNO, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of this Court, Defendant Suno, Inc. ("Suno"), by and through its undersigned counsel, hereby provides the following responses and objections (the "Responses and Objections") to Plaintiffs' Second Set of Interrogatories (the "Interrogatories").

### <u>GENERAL OBJECTIONS</u>

1.    Suno objects to each of the Definitions, Instructions, and Interrogatories as set forth below (the "General Objections").  Unless otherwise stated, each General Objection shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Interrogatory.  Any undertaking to search for or provide information in response to any of

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

the Interrogatories remains subject to the General Objections, as well as the objections lodged further below that are specific to each Interrogatory (the "Specific Objections").

2.       Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, Suno counts each discrete subpart as an interrogatory counting toward the total allotted to Plaintiffs.

3.       Suno objects to the Interrogatories, including the Definitions and Instructions contained therein, to the extent that they:

a.       call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law.  The inadvertent disclosure of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection.  Nothing in these Responses and Objections is intended as or should be construed as a waiver of any applicable privilege.  Specific Objections on the ground of privilege are provided only for emphasis.  The absence of a privilege objection is neither intended, nor should be interpreted, as an indication that Suno does not object to an Interrogatory on the ground of privilege;

b.       are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

c.       require disclosure of information that is neither relevant to the claims or defenses of any party in this action, imposes burden and expense that outweigh their benefits, are not proportional to the needs of the case, and are not reasonably calculated to lead to the discovery of admissible evidence.  Suno submits these Responses and Objections without conceding the relevancy or materiality of the subject matter of any Interrogatory;

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

d.      purport to require the disclosure of information already in the possession of Plaintiffs, available from public sources, as accessible to Plaintiffs as to Suno, or obtainable from another source that is more convenient, less burdensome or less expensive.  Suno provides these responses with the understanding that Plaintiffs already have access to such sources, including all materials on Suno's website;

e.      attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law.  Suno will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules.  Suno stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

f.      call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in Suno's possession, custody, or control.  Suno will only provide relevant, non-privileged information that is within Suno's present possession, custody, or control and available after a reasonable investigation;

g.      imprecisely specify the information sought.  Where imprecise terms are used, Suno will, therefore, provide only information that is responsive to the Interrogatory based on Suno's interpretation of the Interrogatory;

h.      seek information concerning "all people," or the like on the basis that providing a response to such Interrogatories would be unduly burdensome;

i.      are not limited to a reasonable time period.  Suno will disclose information from a reasonable time period as it relates to the case;

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

j.      purport to impose a duty on Suno to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Interrogatory would reasonably be expected to be stored in the ordinary course of business;

k.      seek discovery in violation of any applicable law;

l.      are premature and/or the disclosure of expert discovery, opinions or analysis;

m.      seek information that is private, confidential, proprietary, or commercially or competitively sensitive to Suno, its affiliates, its employees, its clients, its customers, its counterparties, its customers' or counterparties' current or former officers, directors, or employees, or any third parties.  To the extent that any such information is responsive to the Interrogatories, Suno will only provide it subject to these Responses and Objections and in accordance with the forthcoming protective order entered in this case;

n.      seek information in a format that differs from the forthcoming protective order, ESI protocol, source code protocol, training data inspection protocol, and/or any other agreements between the parties that govern production parameters;

o.      seek information that is more efficiently or appropriately obtained through some other form of discovery;

p.      seek information that is not within Suno's possession, custody, or control, or not otherwise ascertainable upon a reasonable inquiry; that is publicly available or already in the possession of Plaintiffs; or that may be obtained from another source that is more convenient, less burdensome, or less expensive;

q.      to the extent they impose an obligation on Suno to disclose information that is created or received after receipt of the Interrogatories; and/or

r.      seek disclosure of information irrelevant to the Action.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

4.      Suno objects to the Interrogatories to the extent they assume disputed facts or legal conclusions in defining the information requested. Suno hereby denies any such disputed facts or legal conclusions to the extent they are assumed by an Interrogatory. Any response by Suno with respect to any such Interrogatory is without prejudice to this objection. Suno objects to each Interrogatory to the extent that it calls for Suno to reach legal conclusions in order to respond.

5.      Suno's Responses and Objections and/or the disclosure of any information in response to an Interrogatory is not intended as, and shall not be deemed to be, an admission or concession of the relevance or admissibility of the information sought by any Interrogatory, and is not intended to and shall not waive or prejudice any objection Suno might assert now or in the future, including, without limitation, objections to the admissibility of any response, or category of responses, at the trial of this case or any other action.

6.      Suno reserves the right to amend these Responses and Objections for any reason, including the discovery of additional evidence, or following any court order that affects the nature or scope of appropriate discovery.

7.      Suno reserves the right to disclose information on a rolling basis.

8.      The Responses and Objections herein are based on Suno's present knowledge, information, and belief. Suno reserves the right to amend, revise, correct, supplement, or clarify any of the Responses and Objections herein.

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.      Unless specified otherwise, Suno does not adopt Plaintiffs' definitions of words and phrases. Suno objects to the "Definitions" stated in the Interrogatories to the extent they are susceptible to more than one distinct interpretation, or are inconsistent with the ordinary

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.      Suno objects to the definition of "AI MODEL" as overbroad, unduly burdensome, and not proportional to the needs of the case, including insofar as the definition includes products and versions of products that Plaintiffs have not claimed are infringing in this action, including products never made commercially available, to the extent such products exist.  Any product not identified as infringing in Plaintiffs' Complaint is not relevant to either party's claims or defenses nor would discovery on such product(s) be proportional to the needs of this case.  Suno further objects to this definition because the terms "computer programs," "source code, parameters, and other settings" are vague and ambiguous.  Suno further objects that this definition is vague and ambiguous with respect to whether, through this definition, Plaintiffs seek discovery into materials unrelated to aspects of model architecture that may have been developed by showing the model recordings.  Suno objects that such discovery would be irrelevant, overbroad, burdensome, and not proportional to the needs of the case. Suno further objects to this definition to the extent it seeks privileged information not in Suno's possession, custody, or control.  For purposes of these Interrogatories, Suno interprets "AI MODEL" as referring to all publicly-available Suno versions through V4.

3.      Suno objects to the definition of "AI SERVICE" or "SERVICE" as overbroad, unduly burdensome, and not proportional to the needs of the case, including insofar as this definition seeks to include products and versions of products that Plaintiffs have not claimed are infringing in this action, including products never made commercially available, to the extent such products exist.  Any product not identified as infringing in Plaintiffs' Complaint is not relevant to either party's claims or defenses nor proportional to the needs of this case.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

For purposes of these Interrogatories, Suno interprets "AI SERVICE" as referring to all publicly-available Suno versions through V4.

4.     Suno objects to the definition of "COPYRIGHT OWNER" on the grounds that it calls for a legal conclusion.

5.     Suno objects to the definition of "DESCRIBE" insofar as such definition seeks to impose obligations on Suno greater than those imposed by applicable rules.  Suno further objects to the definition on the grounds that they are overbroad, unduly burdensome, seek to impose burden and expense that outweigh their benefits, and are not reasonably calculated to lead to the discovery of admissible evidence.

6.     Suno objects to the definition of "DEVELOP" insofar as such definition seeks to impose obligations on Suno greater than those imposed by applicable rules.  Suno further objects to the definition on the grounds that they are overbroad, unduly burdensome, are not proportional to the needs of the case, and are not reasonably calculated to lead to the discovery of admissible evidence.

7.     Suno objects to the definition of "IDENTIFY" insofar as such definition seeks to impose obligations on Suno greater than those imposed by applicable rules.  Suno further objects to the definition on the grounds that they are overbroad, unduly burdensome, are not proportional to the needs of the case, and are not reasonably calculated to lead to the discovery of admissible evidence.  Suno further objects to the terms "entity," "copies," and "device" as overbroad, vague, and ambiguous.

8.     Suno objects to the definitions of "OUTPUT" and "OUTPUTS" on the grounds that they are overbroad, unduly burdensome, and not proportionally relevant to the needs of the case.  Suno further objects to these definitions because of their incorporation of the term

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

"YOUR AI MODEL"—which is itself an overboard, unduly burdensome, and not proportionally relevant term. Suno further objects to the definitions on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

9.      Suno objects to the definition of "SOUND RECORDINGS" on the grounds that it is overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar it seeks irrelevant discovery into sound recordings not asserted in the Complaint. Suno further objects to the definition on the grounds that it calls for a legal conclusion.

10.     Suno objects to the definition of "SUNO AI MODEL" on the grounds that it is overbroad and ambiguous. Suno also objects to this definition for failing to identify a relevant time period for response. For purposes of these Interrogatories, Suno interprets "SUNO AI MODEL" as referring to all publicly-available Suno versions through V4.

11.     Suno objects to the definitions of "SUNO," YOU," and "YOUR" on the grounds that they define these terms so broadly as to purport to require Suno to collect and disclose information that is not within Suno's possession, custody, or control. Suno further objects to these definitions insofar as they purport to include Suno's attorneys and/or yield requests that purport to call for the disclosure of privileged information. Suno will construe the terms "SUNO," "YOU," and "YOUR" to mean Suno and its current and former employees, officers, and directors, to the extent such employees, officers, and directors are known to Suno.

12.     Suno objects to the definition of "USERS" on the grounds that it is overbroad, unduly burdensome, seeks to impose burden and expense that outweigh the benefits, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

of admissible evidence.  Suno further objects to this definition because it incorporates the objected-to terms "YOUR AI SERVICE" and "OUTPUTS."  Suno further objects to the definition on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

13.    Suno objects to the Instructions on the grounds that they are overly broad and unduly burdensome, seek discovery that is not proportional to the needs of the case, and to the extent they purport to impose on Suno obligations that are different than or exceed those imposed by the applicable rules.

14.    Suno objects to the Instructions to the extent they purport to impose on Suno obligations that are different than or exceed those imposed by the Protective Order, ESI protocol, source code protocol, training data protocol, and/or any other agreements between the parties that govern production parameters.

15.    Suno objects to the Interrogatories, and to each Interrogatory, for failing to provide a relevant timeframe for responses.  The Interrogatories, therefore, are overly broad, unduly burdensome, and are not reasonably calculated to lead to the discovery of admissible evidence.  Suno is willing to meet and confer regarding an appropriate time frame for discovery in this case.

* * *

Without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, but in express reliance thereon, Suno incorporates the foregoing objections into the responses below and responds to the individually numbered Interrogatories as follows:

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 8:**

DESCRIBE YOUR use of MUSICBRAINZ in DEVELOPING YOUR TRAINING DATA and/or DEVELOPING YOUR AI MODEL, including as a tool to IDENTIFY and select SOUND RECORDINGS.

**RESPONSE TO INTERROGATORY NO. 8:**

Suno objects to Interrogatory No. 8 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case. Suno further objects to this Interrogatory on the grounds that the answer to this Interrogatory may be determined by examining Suno's source code or training data production, and the burden of deriving or ascertaining the answer will be substantially the same for either Suno or Plaintiffs. *See* Fed. R. Civ. P. 33(d). Suno further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 3.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:

audio files ███████████████████████ were obtained from the open Internet, including from YouTube—again, while abiding by paywalls, password protections, and the like.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 9:**

DESCRIBE YOUR use of audio and/or video downloaders in DEVELOPING YOUR TRAINING DATA and/or DEVELOPING YOUR AI MODEL, including the precise downloader(s) or program(s) YOU used to select and obtain the SOUND RECORDINGS included in YOUR TRAINING DATA.

**RESPONSE TO INTERROGATORY NO. 9**

Suno objects to Interrogatory No. 9 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case. Suno further objects to this Interrogatory on the grounds that the answer to this Interrogatory may be determined by examining Suno's source code production, and the burden of deriving or ascertaining the answer will be substantially the same for either Suno or Plaintiffs. *See* Fed. R. Civ. P. 33(d). Suno further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 3. Suno further objects on the grounds that the phrase "audio and/or video downloaders" is vague and ambiguous.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:

Pursuant to Rule 33(d), Suno identifies and has made available for inspection code Suno used to download audio from YouTube—code using ffmpeg, a common utility for extracting audio data from YouTube videos—and as well as other code Suno used to download audio files. Pursuant to Rule 33(d), Suno will also identify, collect, and produce for inspection Jupyter notebook files that contain the main portions of the code relevant for audio file collection, including code associated with Suno's use of YT-DL and YT-DLP. Suno otherwise refers Plaintiffs to its response to Interrogatory No. 3.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Suno is willing to meet and confer regarding this request in order to ascertain what additional information Plaintiffs are seeking beyond what has been identified in Suno's response to Interrogatory No. 3.

**INTERROGATORY NO. 10:**

DESCRIBE YOUR use of SOUND RECORDINGS obtained from YOUTUBE, JAMENDO, SPOTIFY, the FREE MUSIC ARCHIVE, or any other music or video streaming service in DEVELOPING YOUR TRAINING DATA and/or DEVELOPING YOUR AI MODEL, including testing efforts.

**RESPONSE TO INTERROGATORY NO. 10:**

Suno objects to Interrogatory No. 10 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case. Suno further objects to this Interrogatory on the grounds that the answer to this Interrogatory may be determined by examining Suno's source code or training data production, and the burden of deriving or ascertaining the answer will be substantially the same for either Suno or Plaintiffs. *See* Fed. R. Civ. P. 33(d). Suno also objects to this Interrogatory as premature insofar as it calls for information that will be the subject of expert discovery. Suno further objects to this Interrogatory to the extent it is duplicative of Interrogatories Nos. 2, 3, and 5.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

██████████████████████████████████████████████████████████

██████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████ Suno ██ used

audio files from YouTube ████████████ in connection with training all Suno models. ████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████

██████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████     ██████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

██████████████████████████████████████████████

███████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

**INTERROGATORY NO. 12:**

For each SOUND RECORDING included in YOUR TRAINING DATA, identify the artist, title, year of first publication, and COPYRIGHT OWNER.

**RESPONSE TO INTERROGATORY NO. 12:**

Suno objects to Interrogatory No. 12 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case. Suno further objects to this Interrogatory on the grounds that the answer to this Interrogatory may be determined by examining Suno's source code or training data production, and the burden of deriving or ascertaining the answer will be substantially the same for either Suno or Plaintiffs. *See* Fed. R. Civ. P. 33(d). Suno further objects on the grounds that the "year of first publication" both calls for a legal conclusion and demands information not in Suno's custody or control. Suno further objects on the basis that

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

the Interrogatory incorporates the objected-to term "COPYRIGHT OWNER," which calls for a legal conclusion.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Suno refers Plaintiffs to the training data Suno has produced for inspection.

**INTERROGATORY NO. 13:**

DESCRIBE YOUR efforts to determine the COPYRIGHT OWNERS of the SOUND RECORDINGS included in YOUR TRAINING DATA at any time, including before and after this ACTION was initiated.

**RESPONSE TO INTERROGATORY NO. 13:**

Suno objects to Interrogatory No. 13 on the grounds that the phrase "YOUR efforts to determine the COPYRIGHT OWNERS" is vague and ambiguous.  Suno further objects on the grounds that the Interrogatory calls for a legal conclusion.  Suno further objects insofar as this Interrogatory seeks information that is privileged and/or subject to attorney work product protection.  Suno further objects on the basis that the Interrogatory incorporates the objected-to term "COPYRIGHT OWNER," which calls for a legal conclusion.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:

Suno does not intend to respond to this Interrogatory as drafted.  Suno is willing to meet and confer.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 14:**

IDENTIFY each SOUND RECORDING listed within Exhibit A to the COMPLAINT that YOU believe was used to train YOUR AI MODEL and the basis for YOUR belief.

**RESPONSE TO INTERROGATORY NO. 14:**

Suno objects to Interrogatory No. 14 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case. Suno objects that the terms "belief" and "believe" are vague and ambiguous, and that any present "beliefs" are irrelevant to any claim or defense in the case. Suno objects insofar as this Interrogatory seeks information that is privileged and/or subject to attorney work product protection. Suno further objects to this Interrogatory on the grounds that the answer to this Interrogatory may be determined by examining Suno's training data production, and the burden of deriving or ascertaining the answer will be substantially the same for either Suno or Plaintiffs. *See* Fed. R. Civ. P. 33(d). Suno further objects to this Interrogatory as premature because discovery in this case, including expert discovery, is ongoing. Suno further objects to this Interrogatory as premature: Plaintiffs have not yet produced the digital versions of the recordings that they deposited with the Copyright Office when registering the asserted works, so Suno is unable to confirm that any audio file in its training data matches a work in Exhibit A. Suno also objects to this Interrogatory as premature insofar as it calls for information that will be the subject of expert discovery.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

Suno does not intend to respond to this Interrogatory at this juncture.

**INTERROGATORY NO. 15:**

IDENTIFY each SOUND RECORDING listed within Exhibit A to the COMPLAINT that YOU believe was not used to train YOUR AI MODEL and the basis for YOUR belief.

**RESPONSE TO INTERROGATORY NO. 15**

Suno objects to Interrogatory No. 15 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case. Suno objects that the terms "belief" and "believe" are vague and ambiguous, and that any present "beliefs" are irrelevant to any claim or defense in the case. Suno objects insofar as this Interrogatory seeks information that is privileged and/or subject to attorney work product protection. Suno further objects to this Interrogatory on the grounds that the answer to this Interrogatory may be determined by examining Suno's training data production, and the burden of deriving or ascertaining the answer will be substantially the same for either Suno or Plaintiffs. *See* Fed. R. Civ. P. 33(d). Suno further objects to this Interrogatory as premature because discovery in this case, including expert discovery, is ongoing. Suno further objects to this Interrogatory as premature: Plaintiffs have not yet produced the digital versions of the recordings that they deposited with the Copyright Office when registering the asserted works, so Suno is unable to confirm that any audio file in its training data matches a work in Exhibit A. Suno also objects to this Interrogatory as premature insofar as it calls for information that will be the subject of expert discovery.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:

Suno does not intend to respond to this Interrogatory at this juncture.

**INTERROGATORY NO. 16:**

If YOUR response to any of the Requests for Admission in Plaintiffs' Second Set of Requests for Admission to Defendant Suno, Inc. is anything other than an unqualified admission, state all facts that support YOUR response.

**RESPONSE TO INTERROGATORY NO. 16**

Suno objects to Interrogatory No. 16 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Suno further objects on the grounds that the Interrogatory calls for legal conclusions.  Suno further objects on the grounds that this Interrogatory is premature, because Plaintiffs have not yet produced the digital versions of the recordings that they deposited with the Copyright Office when registering the asserted works, so Suno does not yet have sufficient information to provide a definitive response to Request for Admission No. 5 or No. 6.  Suno further objects that this interrogatory is compound, because it seeks different factual information for each Request for Admission for which Suno has not provided an unqualified admission.  *See, e.g.*, *Safeco of America v. Rawstron,* 181 F.R.D. 441, 446 (C.D. Cal. 1998); *Saliga v. Chemtura Corp.*, No. 3:12-CV-832-RNC, 2013 WL 6097100, at *3–4 (D. Conn. Nov. 20, 2013).

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:

Suno does not intend to respond to this Interrogatory at this juncture.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 17:**

State all facts that support YOUR contention that "the tens of millions of recordings that Suno's model was trained on presumably included recordings whose rights are owned by Plaintiffs in this case," as referenced on page 8 of the ANSWER.

**RESPONSE TO INTERROGATORY NO. 17:**

Suno objects to Interrogatory No. 17 on the grounds that it is overbroad and unduly burdensome. Suno further objects to this Interrogatory as premature because discovery in this case, including expert discovery, is ongoing. Suno further objects to this Interrogatory as premature because discovery in this case, including expert discovery, is ongoing. Suno further objects to this Interrogatory as premature: Plaintiffs have not yet produced the digital versions of the recordings that they deposited with the Copyright Office when registering the asserted works, so Suno is unable to confirm that any audio file in its training data matches a work in Exhibit A. Suno also objects to this Interrogatory as premature insofar as it calls for information that will be the subject of expert discovery.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:

As Suno explained in its Answer, Suno's training data includes a vast number of music files. Suno understands that Plaintiffs own or claim to own a large number of sound recordings. Suno therefore speculates that at least some of the sound recordings contained in Suno's training data may be recordings that Plaintiffs own or claim to own.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

Dated: May 27, 2025

Respectfully submitted,

*/s/ Andrew M. Gass*

Shlomo Fellig (BBO# 699643)
Latham & Watkins LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
shlomo.fellig@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Steven N. Feldman (*pro hac vice*)
Nathan Taylor (*pro hac vice*)
Latham & Watkins LLP
1271 Avenue of the Americas New
York, NY 10020 Telephone: (212)
906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com
nathan.taylor@lw.com

Sarang V. Damle (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc*

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

### CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, a copy of the foregoing **SUNO, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** was served by E-mail upon the following:

| | |
|---|---|
| Moez M. Kaba (admitted *pro hac vice*)<br>Samuel Givertz (admitted *pro hac vice*)<br>Alexander R. Perry (admitted *pro hac vice*)<br>Mariah N. Rivera (admitted *pro hac vice*)<br>HUESTON HENNIGAN LLP<br>1 Little West 12th Street<br>New York, New York 10014<br>Telephone: (646) 930-4046<br>mkaba@hueston.com<br>sgivertz@hueston.com<br>aperry@hueston.com<br>mrivera@hueston.com<br><br>Robert N. Klieger (admitted *pro hac vice*)<br>Rajan Trehan (admitted *pro hac vice*)<br>HUESTON HENNIGAN LLP<br>523 West 6th Street, Suite 400<br>Los Angeles, CA 90014<br>Telephone: (213) 788-4381<br>rklieger@hueston.com<br>rtrehan@hueston.com | Alexandra Arnold (BBO #706208)<br>Daniel Cloherty (BBO #565772)<br>CLOHERTY & STEINBERG LLC<br>One Financial Center, Suite 1120<br>Boston, MA 02111<br>617-481-0160<br>aarnold@clohertysteinberg.com<br>dcloherty@clohertysteinberg.com<br><br>Jacob Tracer (admitted *pro hac vice*)<br>Kenneth L. Doroshow (admitted *pro hac vice*)<br>Recording Industry Association of America<br>1000 F Street, NW<br>Ste 2d Floor<br>Washington, DC 20004<br>Telephone: (202) 857-9637<br>jtracer@riaa.com<br>kdoroshow@riaa.com |

*/s/ Jessie Cammack*
Jessie Cammack