# EXHIBIT C

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, and WARNER RECORDS INC.,<br><br>　　　　Plaintiffs,<br>vs.<br><br>SUNO, INC., and JOHN DOES 1-10,<br><br>　　　　Defendant. | Case No. 1:24-cv-11611 (FDS) |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT SUNO, INC.**

6712687

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs UMG Recordings, Inc. ("UMG") and Capitol Records, LLC ("Capitol," and collectively with UMG, "Universal"); Sony Music Entertainment ("Sony"); Atlantic Recording Corporation ("Atlantic"), Atlantic Records Group LLC ("ARG"), Rhino Entertainment LLC ("Rhino"), The All Blacks U.S.A., Inc. ("The All Blacks"), Warner Music International Services Limited ("WMISL"), and Warner Records Inc. (collectively with Atlantic, ARG, Rhino, The All Blacks, and WMISL, "Warner," and together with Universal and Sony, "Plaintiffs"), hereby request that Defendant Suno, Inc. ("Suno") answer the following interrogatories in writing and under oath within thirty (30) days after the service of these interrogatories in accordance with the definitions and instructions applicable hereto, or at a time as may be agreed to by counsel.

## DEFINITIONS

The definitions and rules of construction set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules are incorporated herein by reference. Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and any other applicable rules.

The following definitions apply to the following Interrogatories.

1. "ACTION" or "LITIGATION" shall refer to the above-captioned action, filed in the U.S. District Court for the District of Massachusetts, entitled *UMG Recordings, Inc. et al. v. Suno, Inc. et al.*, No. 1:24-cv-11611, unless otherwise specified.

2. The words "AND" and "OR" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

3. The term "ANY" shall include "ALL" and "ALL" shall include "ANY."

4. "AI MODEL" means any and all computer programs or "neural networks," inclusive of software source code, parameters, and other settings, that YOU constructed using

"tens of millions of instances of different kinds of recordings" in order to derive a "collection of statistical insights about the auditory characteristics of those recordings" for the purpose of allowing YOUR SERVICE to generate OUTPUTS. (ANSWER at 3; *see also id.* ¶ 41.)

5. "AI SERVICE" or "SERVICE" shall refer to any and all of YOUR "artificial intelligence-powered service[s]" that allow USERS to "use plain English descriptions of genres, styles, and other musical elements" to generate OUTPUTS. (ANSWER at 2.)

6. "ANSWER" shall mean the Answer, dated August 1, 2024, YOU filed in response to the COMPLAINT in this ACTION.

7. "COMPLAINT" refers to the operative Complaint in the ACTION as of the date these Requests are served.

8. "COPYRIGHTED SOUND RECORDINGS" refers to the non-exhaustive, representative list of sound recordings whose copyrights are owned or exclusively controlled by Plaintiffs listed in Exhibit A attached to the COMPLAINT.

9. "DESCRIBE" shall mean to provide a narrative statement or description, phrased in specifics, of the facts or matters referenced in the interrogatories including, but not limited to, an identification of all persons, communications, acts, transactions, events, agreements, recommendations, and documents necessary or desirable to make such statement or description complete.

10. "DEVELOP" shall mean the process or processes by which something is created, refined, maintained, altered, and/or classified.

11. "IDENTIFY" when referring to (i) a PERSON means the name, last known business address or last known home address, phone number, and if an entity, the representative for the entity, including the title or position of the PERSON; (ii) a DOCUMENT means the date, type of DOCUMENT, and if part of a COMMUNICATION the PERSONS to whom the DOCUMENT was addressed or received copies; and (iii) a device means a description of the device and its current location and custodian.

12. "OUTPUT" and "OUTPUTS" shall refer to the digital music files that YOUR SERVICE generates as a result of YOUR AI MODEL.

13. "PERSON" is used broadly and includes any of the following without limitation: natural persons, corporations, limited or general partnerships, joint ventures, firms, limited liability companies, associations, proprietorships, agencies, boards, authorities, governmental entities, the federal government, any state government, any city government or agency, or any county government or agency, or any other entity.

14. "PLEADINGS" shall refer collectively to the COMPLAINT and ANSWER.

15. "SOUND RECORDINGS" shall have the same meaning as that term is defined in the Copyright Act, *see* 17 U.S. § 101.

16. "TERMS OF SERVICE" shall refer to the Terms of Service presently available on YOUR website at https://suno.com/terms and ANY prior versions thereof.

17. "TRAINING DATA" means any information, data, or datasets used to train or establish the parameters of YOUR AI MODEL at any point in time, including but not limited to pre-training and fine-tuning processes.

18. "SUNO," YOU," and "YOUR" shall refer to Defendant Suno, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

19. "USERS" means PERSONS who use YOUR AI SERVICE to create OUTPUTS.

## INSTRUCTIONS

1. The definitions incorporated and set forth in full herein shall have the broadest possible meaning under the Federal Rules of Civil Procedure.

2. All Interrogatories must be answered fully unless objected to in good faith. In the event that any Interrogatory cannot be answered fully after the exercise of reasonable diligence,

YOU shall furnish as complete an answer as possible, explain in detail the reasons why YOU cannot give a full answer, state what must be done in order to answer the Interrogatory fully, and estimate when YOU will be able to answer the Interrogatory fully.

3. If YOU contend that a portion of any item contains information that is privileged or otherwise immune from discovery, then provide all non-privileged information, and describe the privileged portion in a privilege log, identifying the redacted item produced and correlating the description of the withheld material thereto.

4. If YOU object to any portion of an Interrogatory, state YOUR objections and answer the unobjectionable portion of the request.

5. These Interrogatories shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

6. Except when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purposes of limitation.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

IDENTIFY ALL PERSONS who possess knowledge of information relevant to the subject matter alleged in the PLEADINGS, including a description of that knowledge.

**INTERROGATORY NO. 2**:

DESCRIBE the contents of YOUR TRAINING DATA, including by IDENTIFYING each and every SOUND RECORDING downloaded, collected, scraped, copied, included in, or used to create YOUR TRAINING DATA.

**INTERROGATORY NO. 3**:

DESCRIBE how YOU DEVELOPED YOUR TRAINING DATA, including the manner in which YOU identified and used SOUND RECORDINGS to DEVELOP YOUR TRAINING DATA, how YOU acquired the TRAINING DATA, and the individuals involved.

**INTERROGATORY NO. 4**:

DESCRIBE how YOU DEVELOPED YOUR AI MODEL, including the manner in which YOU use SOUND RECORDINGS to DEVELOP YOUR AI MODEL and the individuals involved.

**INTERROGATORY NO. 5**:

DESCRIBE the form and extent to which YOU copy, reproduce, keep, store, or otherwise maintain SOUND RECORDINGS, including whether in whole or in part, for purposes of training YOUR AI MODEL.

**INTERROGATORY NO. 6**:

DESCRIBE the efforts YOU have undertaken, including but not limited to the "guardrails" you have installed on YOUR SERVICE, as referenced on page 4 of the ANSWER, to ensure that YOU and USERS of YOUR SERVICE do not violate United States intellectual property laws.

**INTERROGATORY NO. 7**:

IDENTIFY and DESCRIBE in detail the factual and legal bases on which Suno will rely for its assertion that "Plaintiffs' pervasive copyright misuse bars their claims," as alleged on page 12 of the ANSWER.

- 7 -

Dated: August 19, 2024
      New York, New York

By: _____
Moez M. Kaba
HUESTON HENNIGAN LLP
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com

*Attorney for Plaintiffs*
*UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, Atlantic Recording Corporation, Atlantic Records Group LLC, Rhino Entertainment LLC, The All Blacks U.S.A., Inc., Warner Music International Services Limited, and Warner Records Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that: I am over the age of eighteen (18) and not a party to the within action. I am employed in the law firm of Hueston Hennigan LLP, 1 Little West 12th Street, New York, NY 10014.

On August 19, 2024, I served the foregoing document(s) described as: **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT SUNO, INC.** on the interested parties in this action as stated below:

| | |
|---|---|
| Steven N. Feldman<br>Nathan Taylor<br>Latham & Watkins<br>1271 Avenue of the Americas<br>New York, NY 10020<br>steve.feldman@lw.com<br>Nathan.Taylor@lw.com | Sarang Damle<br>Latham & Watkins<br>555 Eleventh Street NW<br>Suite 1000<br>Washington, DC 20004<br>sy.damle@lw.com |
| Andrew Gass<br>Brittany N. Lovejoy<br>Latham & Watkins LLP<br>505 Montgomery Street<br>Suite 2000<br>San Francisco, CA 94111<br>andrew.gass@lw.com<br>brittany.lovejoy@lw.com | Shloime Fellig<br>Latham & Watkins LLP<br>John Hancock Tower, 27th Flr.<br>200 Clarendon Street<br>Boston, MA 02116<br>Email: shlomo.fellig@lw.com |

☐ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at New York, New York, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed on August 19, 2024, at New York, New York.

Celeste Kelly

(Type or print name)                                     (Signature)

- 8 -