# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, and WARNER RECORDS INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>Defendant. | Civil Action No. 1:24-cv-11611-FDS |

**DEFENDANT SUNO, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1–7)**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of this Court, Defendant Suno, Inc. ("Suno"), by and through its undersigned counsel, hereby provides the following responses and objections (the "Responses and Objections") to Plaintiffs' First Set of Interrogatories (the "Interrogatories").

**GENERAL OBJECTIONS**

1.   Suno objects to each of the Definitions, Instructions, and Interrogatories as set forth below (the "General Objections"). Unless otherwise stated, each General Objection shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Interrogatory. Any undertaking to search for or provide information in response to any of the

Interrogatories remains subject to the General Objections, as well as the objections lodged further below that are specific to each Interrogatory (the "Specific Objections").

2. Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, Suno counts each discrete subpart as an interrogatory counting toward the total allotted to Plaintiffs.

3. Suno objects to the Interrogatories, including the Definitions and Instructions contained therein, to the extent that they:

a. call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law. The inadvertent disclosure of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection. Nothing in these Responses and Objections is intended as or should be construed as a waiver of any applicable privilege. Specific Objections on the ground of privilege are provided only for emphasis. The absence of a privilege objection is neither intended, nor should be interpreted, as an indication that Suno does not object to an Interrogatory on the ground of privilege;

b. are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

c. require disclosure of information that is neither relevant to the claims or defenses of any party in this action, imposes burden and expense that outweigh their benefits, are not proportional to the needs of the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Suno submits these Responses and Objections without conceding the relevancy or materiality of the subject matter of any Interrogatory;

d. purport to require the disclosure of information already in the possession of Plaintiffs, available from public sources, as accessible to Plaintiffs as to Suno, or obtainable from

another source that is more convenient, less burdensome or less expensive. Suno provides these responses with the understanding that Plaintiffs already have access to such sources, including all materials on Suno's website;

 e. attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law. Suno will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules. Suno stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

 f. call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in Suno's possession, custody, or control. Suno will only provide relevant, non-privileged information that is within Suno's present possession, custody, or control and available after a reasonable investigation;

 g. imprecisely specify the information sought. Where imprecise terms are used, Suno will, therefore, provide only information that is responsive to the Interrogatory based on Suno's interpretation of the Interrogatory;

 h. seek information concerning "all people," or the like on the basis that providing a response to such Interrogatories would be unduly burdensome;

 i. are not limited to a reasonable time period. Suno will disclose information from a reasonable time period as it relates to the case;

 j. purport to impose a duty on Suno to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Interrogatory would reasonably be expected to be stored in the ordinary course of business;

 k. seek discovery in violation of any applicable law;

   l. are premature and/or the disclosure of expert discovery, opinions or analysis;

   m. seek information that is private, confidential, proprietary, or commercially or competitively sensitive to Suno, its affiliates, its employees, its clients, its customers, its counterparties, its customers' or counterparties' current or former officers, directors, or employees, or any third parties. To the extent that any such information is responsive to the Interrogatories, Suno will only provide it subject to these Responses and Objections and in accordance with the forthcoming protective order entered in this case;

   n. seek information in a format that differs from the forthcoming protective order, ESI protocol, source code protocol, and/or any other agreements between the parties that govern production parameters;

   o. seek information that is more efficiently or appropriately obtained through some other form of discovery;

   p. seek information that is not within Suno's possession, custody, or control, or not otherwise ascertainable upon a reasonable inquiry; that is publicly available or already in the possession of Plaintiffs; or that may be obtained from another source that is more convenient, less burdensome, or less expensive;

   q. to the extent they impose an obligation on Suno to disclose information that is created or received after receipt of the Interrogatories; and/or

   r. seek disclosure of information irrelevant to the Action.

  4. Suno objects to the Interrogatories to the extent they assume disputed facts or legal conclusions in defining the information requested. Suno hereby denies any such disputed facts or legal conclusions to the extent they are assumed by an Interrogatory. Any response by Suno with

respect to any such Interrogatory is without prejudice to this objection. Suno objects to each Interrogatory to the extent that it calls for Suno to reach legal conclusions in order to respond.

5. Suno's Responses and Objections and/or the disclosure of any information in response to an Interrogatory is not intended as, and shall not be deemed to be, an admission or concession of the relevance or admissibility of the information sought by any Interrogatory, and is not intended to and shall not waive or prejudice any objection Suno might assert now or in the future, including, without limitation, objections to the admissibility of any response, or category of responses, at the trial of this case or any other action.

6. Suno reserves the right to amend these Responses and Objections for any reason, including the discovery of additional evidence, or following any court order that affects the nature or scope of appropriate discovery.

7. Suno reserves the right to disclose information on a rolling basis.

8. The Responses and Objections herein are based on Suno's present knowledge, information, and belief. Suno reserves the right to amend, revise, correct, supplement, or clarify any of the Responses and Objections herein.

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1. Unless specified otherwise, Suno does not adopt Plaintiffs' definitions of words and phrases. Suno objects to the "Definitions" stated in the Interrogatories to the extent they are susceptible to more than one distinct interpretation, or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2. Suno objects to the definition of "AI MODEL" as overbroad, unduly burdensome, and not proportional to the needs of the case, including insofar as the definition includes products

and versions of products that Plaintiffs have not claimed are infringing in this action, including products never made commercially available, to the extent such products exist. Any product not identified as infringing in Plaintiffs' Complaint is not relevant to either party's claims or defenses nor would discovery on such product(s) be proportional to the needs of this case. Suno further objects to this definition because the terms "computer programs," "source code, parameters, and other settings" are vague and ambiguous. Suno further objects that this definition is vague and ambiguous with respect to whether, through this definition, Plaintiffs seek discovery into materials unrelated to aspects of model architecture that may have been developed by showing the model recordings. Suno objects that such discovery would be irrelevant, overbroad, burdensome, and not proportional to the needs of the case. Suno further objects to this definition to the extent it seeks privileged information not in Suno's possession, custody, or control.

3. Suno objects to the definition of "AI SERVICE" or "SERVICE" as overbroad, unduly burdensome, and not proportional to the needs of the case, including insofar as this definition seeks to include products and versions of products that Plaintiffs have not claimed are infringing in this action, including products never made commercially available, to the extent such products exist. Any product not identified as infringing in Plaintiffs' Complaint is not relevant to either party's claims or defenses nor proportional to the needs of this case.

4. Suno objects to the definition of "COPYRIGHTED SOUND RECORDINGS" on the grounds that it is overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar as it seeks irrelevant discovery into sound recordings not asserted in the Complaint. Suno further objects to the definition on the grounds that it calls for a legal conclusion to the extent it assumes that the Plaintiffs' asserted works are indeed "copyrighted."

5. Suno objects to the definition of "DESCRIBE" insofar as such definition seek to impose obligations on Suno greater than those imposed by applicable rules. Suno further objects to these definition on the grounds that they are overbroad, unduly burdensome, seek to impose burden and expense that outweigh their benefits, and are not reasonably calculated to lead to the discovery of admissible evidence.

6. Suno objects to the definition of "DEVELOP" insofar as such definition seek to impose obligations on Suno greater than those imposed by applicable rules. Suno further objects to these definition on the grounds that they are overbroad, unduly burdensome, are not proportional to the needs of the case, and are not reasonably calculated to lead to the discovery of admissible evidence.

7. Suno objects to the definition of "IDENTIFY" insofar as such definition seek to impose obligations on Suno greater than those imposed by applicable rules. Suno further objects to these definition on the grounds that they are overbroad, unduly burdensome, are not proportional to the needs of the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Suno further objects to the terms "entity," "copies," and "device" as overbroad, vague, and ambiguous.

8. Suno objects to the definitions of "OUTPUT" and "OUTPUTS" on the grounds that they are overbroad, unduly burdensome, and not proportionally relevant to the needs of the case,. Suno further objects to these definitions because of their incorporation of the term "YOUR AI MODEL"—which is itself an overboard, unduly burdensome, and not proportionally relevant term. Suno further objects to the definitions on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

9. Suno objects to the definition of "PERSON" insofar as that definition seeks to impose obligations on Suno beyond the requirements of the Federal Rules of Civil Procedure. Suno further objects to this definition on the grounds that it is overbroad, unduly burdensome, seek to impose burden and expense that outweigh their benefits, are not proportional to the needs of the case, and are not reasonably calculated to lead to the discovery of admissible evidence.

10. Suno objects to the definition of "SOUND RECORDINGS" on the grounds that it is overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar it seeks irrelevant discovery into sound recordings not asserted in the Complaint. Suno further objects to the definition on the grounds that it calls for a legal conclusion.

11. Suno objects to the definition of "TERMS OF SERVICE" as overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar as it seeks prior, non-operative versions of Suno's terms of service.

12. Suno objects to the definition of "TRAINING DATA" on the grounds that it is overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar as it seeks "*any* information, data, or datasets used to train or established the parameters" used to train "YOUR AI MODEL"—which is itself an overboard, unduly burdensome, and not proportionally relevant term. Suno further objects to the terms "pre-training and fine-tuning processes" as overbroad, vague, and ambiguous.

13. Suno objects to the definitions of "SUNO," YOU," and "YOUR" on the grounds that they define these terms so broadly as to purport to require Suno to collect and disclose information that is not within Suno's possession, custody, or control. Suno further objects to these definitions insofar as they purport to include Suno's attorneys and/or yield requests that purport to call for the disclosure of privileged information. Suno will construe the terms "SUNO," "YOU,"

8

and "YOUR" to mean Suno and its current and former employees, officers, and directors, to the extent such employees, officers, and directors are known to Suno.

14. Suno objects to the definition of "USERS" on the grounds that it is overbroad, unduly burdensome, seeks to impose burden and expense that outweigh the benefits, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. Suno further objects to this definition because it incorporates the objected to terms "PERSONS," YOUR AI SERVICE," and "OUTPUTS." Suno further objects to the definition on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

15. Suno objects to the Instructions on the grounds that they are overly broad and unduly burdensome, seek discovery that is not proportional to the needs of the case, and to the extent they purport to impose on Suno obligations that are different than or exceed those imposed by the applicable rules.

16. Suno objects to the Instructions to the extent they purport to impose on Suno obligations that are different than or exceed those imposed by the forthcoming protective order, ESI protocol source code protocol, and/or any other agreements between the parties that govern production parameters.

17. Suno objects to the Interrogatories, and to each Interrogatory, for failing to provide a relevant timeframe for responses. The Interrogatories, therefore, are overly broad, unduly burdensome, and are not reasonably calculated to lead to the discovery of admissible evidence. Suno is willing to meet and confer regarding an appropriate time frame for discovery in this case.

\*     \*     \*

Without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, but in express reliance thereon, Suno incorporates the foregoing objections into the responses below and responds to the individually numbered Interrogatories as follows:

<b><u>SPECIFIC RESPONSES AND OBJECTIONS</u></b>

**<u>INTERROGATORY NO. 1:</u>**

IDENTIFY ALL PERSONS who possess knowledge of information relevant to the subject matter alleged in the PLEADINGS, including a description of that knowledge.

**<u>RESPONSE TO INTERROGATORY NO. 1:</u>**

Suno objects to Interrogatory No. 1 as overly broad, unduly burdensome, and disproportionate to the needs of this case. Suno further objects to this Interrogatory to the extent it is duplicative of information disclosed in its or Plaintiffs' Initial Disclosures. Suno objects to the extent this Interrogatory seeks information not in its possession, custody, or control or that is in Plaintiffs' possession, custody or control. Suno further objects to this Interrogatory to the extent that it seeks information not relevant to any claim or defense in this litigation. Suno further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable privilege or protection. Suno further objects to the terms "knowledge," "information," "subject matter," and "description of that knowledge" because they are vague and ambiguous.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows: Suno refers Plaintiffs to the Parties' Initial Disclosures.

**INTERROGATORY NO. 2:**

DESCRIBE the contents of YOUR TRAINING DATA, including by IDENTIFYING each and every SOUND RECORDING downloaded, collected, scraped, copied, included in, or used to create YOUR TRAINING DATA.

**RESPONSE TO INTERROGATORY NO. 2:**

Suno objects to Interrogatory No. 2 as seeking information not relevant to any claim or defense and as overly broad, unduly burdensome, and disproportionate to the needs of this case, including given the Interrogatory's demand for the identify of "every" sound recording, not limited to the sound recordings asserted in this case. Suno further objects to the terms "contents," "downloaded," "collected," "scraped," "copied," "included in," "or used," and "to create" because they are vague and ambiguous. Suno further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable privilege or protection. Suno also objects to this Interrogatory to the extent it is duplicative of information requested in Plaintiffs' Interrogatory No. 3. Suno further objects to this Interrogatory to the extent it is duplicative of information requested in Plaintiffs' Requests for Production Nos. 2–3, 6–10, 12, 14, 16–20, and 26.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows: Suno does not intend to respond to this Interrogatory at this time, based on the above objections.

**INTERROGATORY NO. 3:**

DESCRIBE how YOU DEVELOPED YOUR TRAINING DATA, including the manner in which YOU identified and used SOUND RECORDINGS to DEVELOP YOUR TRAINING DATA, how YOU acquired the TRAINING DATA, and the individuals involved.

11

**RESPONSE TO INTERROGATORY NO. 3:**

Suno objects to Interrogatory No. 3 as overly broad, unduly burdensome, and disproportionate to the needs of this case. Suno further objects to the phrases and terms "manner in which," "identified," "used," "develop your training data," and "acquired" because they are vague, ambiguous, and overbroad. Suno objects to the Interrogatory as compound. Suno further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable privilege or protection. Suno further objects to this Interrogatory to the extent it is duplicative of information disclosed in Plaintiffs' Initial Disclosures. Suno also objects to this Interrogatory to the extent it is duplicative of information requested in Plaintiffs' Interrogatory No. 2 and Plaintiff's Requests for Production No. 14. Suno objects to Interrogatory No. 3 as seeking information not relevant to any claim or defense insofar as it seeks detailed information about unasserted sound recordings.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows: Suno does not intend to respond to this Interrogatory at this time, based on the above objections. Suno is willing to meet and confer in good faith regarding this request.

**INTERROGATORY NO. 4:**

DESCRIBE how YOU DEVELOPED YOUR AI MODEL, including the manner in which YOU use SOUND RECORDINGS to DEVELOP YOUR AI MODEL and the individuals involved.

**RESPONSE TO INTERROGATORY NO. 4:**

Suno objects to Interrogatory No. 4 as overly broad, unduly burdensome, and disproportionate to the needs of this case. Suno further objects to the terms "developed your AI model" and "the manner in which" because they are vague, ambiguous, and overbroad. Suno

12

objects to the Interrogatory as compound. Suno further objects to this Interrogatory to the extent it is duplicative of information disclosed in its Initial Disclosures. Suno further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable privilege or protection. Suno also objects to this Interrogatory to the extent it is duplicative of information requested in Plaintiffs' Interrogatory No. 5.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows: Suno does not intend to respond to this Interrogatory at this time, based on the above objections. Suno is willing to meet and confer in good faith regarding this request.

**INTERROGATORY NO. 5:**

DESCRIBE the form and extent to which YOU copy, reproduce, keep, store, or otherwise maintain SOUND RECORDINGS, including whether in whole or in part, for purposes of training YOUR AI MODEL.

**RESPONSE TO INTERROGATORY NO. 5:**

Suno objects to Interrogatory No. 5 as overly broad, unduly burdensome, and disproportionate to the needs of this case. Suno further objects to the terms "reproduce" and "copy" as requiring legal conclusions. Suno further objects to the terms "form and extent," "copy," "reproduce," "keep," "store," "otherwise maintain," and "in whole or in part" as vague and ambiguous. Suno further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable privilege or protection. Suno also objects to this Interrogatory to the extent it is duplicative of information requested in Plaintiffs' Interrogatory No. 4.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:  Suno does not intend to respond to this Interrogatory at this time, based on the above objections.

**INTERROGATORY NO. 6:**

DESCRIBE the efforts YOU have undertaken, including but not limited to the "guardrails" you have installed on YOUR SERVICE, as referenced on page 4 of the ANSWER, to ensure that YOU and USERS of YOUR SERVICE do not violate United States intellectual property laws.

**RESPONSE TO INTERROGATORY NO. 6:**

Suno objects to Interrogatory No. 6 as overly broad, unduly burdensome, and disproportionate to the needs of this case.  Suno further objects to this Interrogatory on the grounds that it seeks information not relevant to any claim or defense in this litigation because, among other reasons, Plaintiffs explicitly disavow any contention that any output ever generated by Suno has ever infringed any right that they own.  *See* Compl. ¶ 50.  Suno further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable privilege or protection.  Suno further objects to the terms "efforts," "undertaken," "installed," "ensure," "violate," and "United States intellectual property laws"  because they are vague and ambiguous and call for legal conclusions.  Suno further objects to this Interrogatory to the extent it is duplicative of information disclosed in Plaintiffs' First Set of Requests for Production.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows:  Suno does not intend to respond to this Interrogatory at this time, based on the above objections.  Suno is willing to meet and confer in good faith regarding this request.

**INTERROGATORY NO. 7:**

IDENTIFY and DESCRIBE in detail the factual and legal bases on which Suno will rely for its assertion that "Plaintiffs' pervasive copyright misuse bars their claims," as alleged on page 12 of the ANSWER.

**RESPONSE TO INTERROGATORY NO. 7:**

Suno objects to Interrogatory No. 7 as a premature and impermissible contention interrogatory that effectively seeks merits briefing on a core issue in this case—indeed, it seeks not only the factual basis but also the "legal bas[i]s" for Suno's defense. Suno further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable privilege or protection.

Subject to and without waiving any of the foregoing General or Specific Objections, Suno responds as follows: Suno does not intend to respond to this Interrogatory at this time, based on the above objections

Dated: September 18, 2024            Respectfully submitted,

_____

Shlomo Fellig (BBO# 699643)
Latham & Watkins LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
shlomo.fellig@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Steven N. Feldman (*pro hac vice*)
Nathan Taylor (*pro hac vice*)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com
nathan.taylor@lw.com

Sarang V. Damle (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2024, a copy of the foregoing **SUNO, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1–7)** was served by E-mail upon the following:

| | |
|---|---|
| Moez M. Kaba (admitted *pro hac vice*)<br>Alexander R. Perry (admitted *pro hac vice*)<br>Mariah N. Rivera (admitted *pro hac vice*)<br>HUESTON HENNIGAN LLP<br>1 Little West 12th Street<br>New York, New York 10014<br>Telephone: (646) 930-4046<br>mkaba@hueston.com<br>aperry@hueston.com<br>mrivera@hueston.com<br><br>Robert N. Klieger (admitted *pro hac vice*)<br>Rajan Trehan (admitted *pro hac vice*)<br>HUESTON HENNIGAN LLP<br>523 West 6th Street, Suite 400<br>Los Angeles, CA 90014<br>Telephone: (213) 788-4381<br>rklieger@hueston.com<br>rtrehan@hueston.com | Alexandra Arnold (BBO #706208)<br>Daniel Cloherty (BBO #565772)<br>CLOHERTY & STEINBERG LLC<br>One Financial Center, Suite 1120<br>Boston, MA 02111<br>617-481-0160<br>aarnold@clohertysteinberg.com<br>dcloherty@clohertysteinberg.com |

_____
Juan M. Palacio Moreno

17