# EXHIBIT G

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, and WARNER RECORDS INC., <br><br> Plaintiffs, <br> vs. <br><br> SUNO, INC., and JOHN DOES 1-10, <br><br> Defendant. | Case No. 1:24-cv-11611 (FDS) |

**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT SUNO, INC.**

Pursuant to Magistrate Judge Levenson's recommendation during the February 14, 2025 discovery conference and Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs UMG Recordings, Inc. ("UMG") and Capitol Records, LLC ("Capitol," and collectively with UMG, "Universal"); Sony Music Entertainment ("Sony"); Atlantic Recording Corporation ("Atlantic"), Atlantic Records Group LLC ("ARG"), Rhino Entertainment LLC ("Rhino"), The All Blacks U.S.A., Inc. ("The All Blacks"), Warner Music International Services Limited ("WMISL"), and Warner Records Inc. (collectively with Atlantic, ARG, Rhino, The All Blacks, and WMISL, "Warner," and together with Universal and Sony, "Plaintiffs"), hereby request that Defendant Suno, Inc. ("Suno") answer the following interrogatories in writing and under oath as soon as reasonably possible but no later than 14 days after the service of these interrogatories in accordance with the definitions and instructions applicable hereto, or at a time as may be agreed to by counsel.

## DEFINITIONS

The definitions and rules of construction set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules are incorporated herein by reference. Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and any other applicable rules.

The following definitions apply to the following Interrogatories.

1. The words "AND" and "OR" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

2. The term "ANY" shall include "ALL" and "ALL" shall include "ANY."

3. "AI MODEL" means any and all computer programs or "neural networks," inclusive of software source code, parameters, and other settings, that YOU constructed using "tens of millions of instances of different kinds of recordings" in order to derive a "collection of

statistical insights about the auditory characteristics of those recordings" for the purpose of allowing YOUR SERVICE to generate OUTPUTS.  (ANSWER at 3; *see also id.* ¶ 41.)

4. "AI SERVICE" or "SERVICE" shall refer to any and all of YOUR "artificial intelligence-powered service[s]" that allow USERS to "use plain English descriptions of genres, styles, and other musical elements" to generate OUTPUTS.  (ANSWER at 2.)

5. "ANSWER" shall mean the Answer, dated August 1, 2024, YOU filed in response to the COMPLAINT in this ACTION.

6. "DESCRIBE" shall mean to provide a narrative statement or description, phrased in specifics, of the facts or matters referenced in the interrogatories including, but not limited to, an identification of all persons, communications, acts, transactions, events, agreements, recommendations, and documents necessary or desirable to make such statement or description complete.

7. "DEVELOP" shall mean the process or processes by which something is created, refined, maintained, altered, selected, and/or classified.

8. "FREE MUSIC ARCHIVE" shall refer to the music website available at https://freemusicarchive.org/.

9. "INTERNATIONAL MUSIC SCORE LIBRARY PROJECT" shall refer to the music website available at https://imslp.org/.

10. "JAMENDO" shall refer to the music website available at https://www.jamendo.com/?language=en.

11. "MUSICBRAINZ" shall refer to the music website available at https://musicbrainz.org/.

12. "IDENTIFY" when referring to (i) a PERSON means the name, last known business address or last known home address, phone number, and if an entity, the representative for the entity, including the title or position of the PERSON; (ii) a DOCUMENT means the date, type of DOCUMENT, and if part of a COMMUNICATION the PERSONS to whom the

DOCUMENT was addressed or received copies; and (iii) a device means a description of the device and its current location and custodian.

13. "OUTPUT" and "OUTPUTS" shall refer to the digital music files that YOUR SERVICE generates as a result of YOUR AI MODEL.

14. "SOUND RECORDINGS" shall have the same meaning as that term is defined in the Copyright Act, *see* 17 U.S. § 101.

15. "SPOTIFY" shall refer to the digital service provider that distributes and streams SOUND RECORDINGS in digital formats available at open.spotify.com.

16. "SUNO AI MODEL" shall refer to any and all AI MODELS that have been publicly released through your AI SERVICE.

17. "SUNO," YOU," and "YOUR" shall refer to Defendant Suno, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

18. "USERS" means PERSONS who use YOUR AI SERVICE to create OUTPUTS.

## INSTRUCTIONS

1. The definitions incorporated and set forth in full herein shall have the broadest possible meaning under the Federal Rules of Civil Procedure.

2. All Interrogatories must be answered fully unless objected to in good faith. In the event that any Interrogatory cannot be answered fully after the exercise of reasonable diligence, YOU shall furnish as complete an answer as possible, explain in detail the reasons why YOU cannot give a full answer, state what must be done in order to answer the Interrogatory fully, and estimate when YOU will be able to answer the Interrogatory fully.

3. If YOU contend that a portion of any item contains information that is privileged or otherwise immune from discovery, then provide all non-privileged information, and describe

the privileged portion in a privilege log, identifying the redacted item produced and correlating the description of the withheld material thereto.

4. If YOU object to any portion of an Interrogatory, state YOUR objections and answer the unobjectionable portion of the request.

5. These Interrogatories shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

6. Except when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purposes of limitation.

## INTERROGATORIES

**INTERROGATORY NO. 8**:

DESCRIBE YOUR use of MUSICBRAINZ in DEVELOPING YOUR TRAINING DATA and/or DEVELOPING YOUR AI MODEL, including as a tool to IDENTIFY and select SOUND RECORDINGS.

**INTERROGATORY NO. 9**:

DESCRIBE YOUR use of audio and/or video downloaders in DEVELOPING YOUR TRAINING DATA and/or DEVELOPING YOUR AI MODEL, including the precise downloader(s) or program(s) YOU used to select and obtain the SOUND RECORDINGS included in YOUR TRAINING DATA.

**INTERROGATORY NO. 10**:

DESCRIBE YOUR use of SOUND RECORDINGS obtained from YOUTUBE, JAMENDO, SPOTIFY, the FREE MUSIC ARCHIVE, or any other music or video streaming

- 6 -

service in DEVELOPING YOUR TRAINING DATA and/or DEVELOPING YOUR AI MODEL, including testing efforts.

**INTERROGATORY NO. 11**:

DESCRIBE YOUR use of the INTERNATIONAL MUSIC SCORE LIBRARY PROJECT in DEVELOPING YOUR TRAINING DATA and/or DEVELOPING YOUR AI MODEL.

**INTERROGATORY NO. 12**:

For each SOUND RECORDING included in YOUR TRAINING DATA, identify the artist, title, year of first publication, and COPYRIGHT OWNER.

**INTERROGATORY NO. 13**:

DESCRIBE YOUR efforts to determine the COPYRIGHT OWNERS of the SOUND RECORDINGS included in YOUR TRAINING DATA at any time, including before and after this ACTION was initiated.

**INTERROGATORY NO. 14**:

IDENTIFY each SOUND RECORDING listed within Exhibit A to the COMPLAINT that YOU believe was used to train YOUR AI MODEL and the basis for YOUR belief.

**INTERROGATORY NO. 15**:

IDENTIFY each SOUND RECORDING listed within Exhibit A to the COMPLAINT that YOU believe was not used to train YOUR AI MODEL and the basis for YOUR belief.

**INTERROGATORY NO. 16**:

If YOUR response to any of the Requests for Admission in Plaintiffs' Second Set of Requests for Admission to Defendant Suno, Inc. is anything other than an unqualified admission, state all facts that support YOUR response.

**INTERROGATORY NO. 17**:

State all facts that support YOUR contention that "the tens of millions of recordings that Suno's model was trained on presumably included recordings whose rights are owned by Plaintiffs in this case," as referenced on page 8 of the ANSWER.

Dated:  April 24, 2025
         Los Angeles, California

By:_____
Moez M. Kaba
HUESTON HENNIGAN LLP
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com

*Attorney for Plaintiffs
UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, Atlantic Recording Corporation, Atlantic Records Group LLC, Rhino Entertainment LLC, The All Blacks U.S.A., Inc., Warner Music International Services Limited, and Warner Records Inc.*

- 8 -

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that: I am over the age of eighteen (18) and not a party to the within action. I am employed in the law firm of Hueston Hennigan LLP, 1 Little West 12th Street, New York, NY 10014.

On April 24, 2025, I served the foregoing document(s) described as: **PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT SUNO, INC.** on the interested parties in this action as stated below:

| | |
|---|---|
| Steven N. Feldman<br>Andrew Gass<br>Brittany N. Lovejoy<br>Sarang Damle<br>Nathan Taylor<br>Latham & Watkins<br>1271 Avenue of the Americas<br>New York, NY 10020<br>steve.feldman@lw.com<br>andrew.gass@lw.com<br>brittany.lovejoy@lw.com<br>sy.damle@lw.com<br>Nathan.Taylor@lw.com | Shloime Fellig<br>Latham & Watkins LLP<br>John Hancock Tower, 27th Flr.<br>200 Clarendon Street<br>Boston, MA 02116<br>Email: shlomo.fellig@lw.com |

☐   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at New York, New York, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth above.

    I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

    Executed on April 24, 2025, at New York, New York.

| Celeste Kelly | _[signature]_ |
|---|---|
| (Type or print name) | (Signature) |