# EXHIBIT J

| | |
|---|---|
| **From:** | Mariah Rivera |
| **To:** | Britt.Lovejoy@lw.com; Alexander Perry; Moez M. Kaba; Samuel Givertz; Robert N. Klieger; Rajan Trehan; jzk@cll.com; aarnold@clohertysteinberg.com; dcloherty@clohertysteinberg.com; jtracer@riaa.com; kdoroshow@riaa.com |
| **Cc:** | Andrew.Gass@lw.com; suno.lwteam@lw.com; HH Suno |
| **Subject:** | RE: UMG Recordings, Inc. v. Suno, Inc., No. 24-cv-11611 (FDS) |
| **Date:** | Thursday, September 11, 2025 3:02:18 AM |
| **Attachments:** | 2025-09-10 Suno DRAFT Joint Motion for Amending Scheduling Order(7139942.1).docx<br>2025-09-10 DRAFT Amended Complaint - Suno(7091785.8).docx |

Britt,

As discussed, please find attached Plaintiffs' (1) proposed joint motion with a three-month extension of relevant deadlines, and (2) draft First Amended Complaint. We plan to redact and move to seal anything in grey. We are sharing the draft with you solely for the limited purpose of our conferral, and reserve all rights, including to make further edits.

Please let us know if you would like to discuss.

Best,
Mariah

**Mariah Rivera**

**HUESTON HENNIGAN LLP**

D: 646.891.5049
mrivera@hueston.com
Biography

**From:** Mariah Rivera <mrivera@hueston.com>
**Sent:** Wednesday, September 10, 2025 2:09 PM
**To:** Britt.Lovejoy@lw.com; Alexander Perry <aperry@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Samuel Givertz <sgivertz@hueston.com>; Robert N. Klieger <rklieger@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; jzk@cll.com; aarnold@clohertysteinberg.com; dcloherty@clohertysteinberg.com; jtracer@riaa.com; kdoroshow@riaa.com
**Cc:** Andrew.Gass@lw.com; suno.lwteam@lw.com
**Subject:** RE: UMG Recordings, Inc. v. Suno, Inc., No. 24-cv-11611 (FDS)

Thank you Britt. Your recap accurately reflects our conversation. We'll provide a draft proposed joint motion shortly.

**Mariah Rivera**
D: 646.891.5049

**From:** Britt.Lovejoy@lw.com <Britt.Lovejoy@lw.com>

**Sent:** Wednesday, September 10, 2025 9:19 AM
**To:** Mariah Rivera <mrivera@hueston.com>; Alexander Perry <aperry@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Samuel Givertz <sgivertz@hueston.com>; Robert N. Klieger <rklieger@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; jzk@cll.com; aarnold@clohertysteinberg.com; dcloherty@clohertysteinberg.com; jtracer@riaa.com; kdoroshow@riaa.com
**Cc:** Andrew.Gass@lw.com; suno.lwteam@lw.com
**Subject:** RE: UMG Recordings, Inc. v. Suno, Inc., No. 24-cv-11611 (FDS)

Mariah:

Thanks for the call. I think we are aligned, but to recap—

1. Suno does not believe that fact discovery extension related to one proposed a claim only is sensical. A three-month extension only for discovery on Plaintiffs Section 1201 claim would be disruptive to the case schedule as whole given the impending expert discovery deadlines. However, to minimize issues before the Court on Plaintiffs motion to amend, Suno is amenable to wholesale fact discovery extension and subsequent extensions to the case deadline. However, that agreement is contingent on Plaintiffs' proposed extension allowing for additional time for all depositions to be taken because: (1) Suno would like to minimize risk of any of its deponents' depositions needing to be taken twice, including because Plaintiffs' motion to amend is pending or because Plaintiffs are still pursuing discovery on their Section 1201 claim (or otherwise); and (2) we understand from Plaintiffs' representations that critical agreements Suno has requested will may not be produced into the case until late September at the earliest.

2. Suno is not conditioning depositions of its witnesses on completion of document productions. Suno is amenable to proceeding with reasonable notice and subject to its witnesses' schedules. However, as noted above, Suno will not sit its witnesses twice or hold depositions open, either because Plaintiffs are collecting additional evidence (from Suno or third parties) or because a witness is also a 30(b)(6) deponent. The latter problem is easily addressed by exchanging and negotiating 30(b)(6) notices prior to sitting any individual deponent for a 30(b)(1) deposition. We will provide you the same courtesy.

3. Based on our call, I understand that Plaintiffs are in fact amenable to a *wholesale extension to the fact discovery deadline of three months*, that will accommodate the issues above and Plaintiffs' contemplated motion to amend (which we understand is contingent on Suno's willingness to negotiate near-term deposition dates for deponents). We also understand that Plaintiffs will provide a proposed joint motion.

4. Please revert as soon as possible if you are not in agreement with the above.

Regards,

Britt

**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

**From:** Mariah Rivera <mrivera@hueston.com>
**Sent:** Wednesday, September 10, 2025 6:59 AM
**To:** Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; Alexander Perry <aperry@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Samuel Givertz <sgivertz@hueston.com>; Robert N. Klieger <rklieger@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; jzk@cll.com; aarnold@clohertysteinberg.com; dcloherty@clohertysteinberg.com; jtracer@riaa.com; kdoroshow@riaa.com
**Cc:** Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; #C-M SUNO - LW TEAM <suno.lwteam@lw.com>
**Subject:** RE: UMG Recordings, Inc. v. Suno, Inc., No. 24-cv-11611 (FDS)

Britt,

Thank you for your email. I will respond separately to your points about: (1) the case schedule; and (2) the depositions Plaintiffs have noticed.

As to the case schedule, we expect to share a draft of the amended complaint with you later today, and consistent with our discussion, we're amenable to reaching agreement on an extension of three months for any additional discovery.

As to the depositions, your suggestion that you can avoid putting *your* witnesses forward for a duly noticed deposition until after we have completed *our* document productions is baseless. If your intention is to stand on that objection, please inform us immediately so we can take it to the Court. Nor is there any justification for withholding 30(b)(1) witnesses on the notion that you might later select them as 30(b)(6) witnesses. *Doelger v. JP Morgan Chase Bank, N.A.*, 2023 WL 11826608, at *1 n.1 (D. Mass. Apr. 3, 2023) ("Rule 30(b)(6) and Rule 30(b)(1) serve different purposes and both types of depositions may properly be conducted of a single witness.") (cleaned up). This is particularly problematic when you take this position for *all noticed witnesses*, as opposed to selecting those most likely to actually be 30(b)(6) witnesses.

That said, if the parties can agree on a three-month discovery extension in connection with the amended complaint, and you commit to drop the objections referenced above and provide

alternative deposition dates in the near term, we can agree to negotiate continued dates for the noticed depositions. Also, if the parties reach agreement on reasonable extensions to the four noticed depositions, then our side can endeavor to send out our initial 30(b)(6) notice sufficiently in advance of the depositions provided that you agree to provide the same courtesy.

Best,
Mariah

**Mariah Rivera**

**HUESTON HENNIGAN LLP**

D: 646.891.5049
mrivera@hueston.com
Biography

**From:** Britt.Lovejoy@lw.com <Britt.Lovejoy@lw.com>
**Sent:** Tuesday, September 9, 2025 12:27 PM
**To:** Mariah Rivera <mrivera@hueston.com>; Alexander Perry <aperry@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Samuel Givertz <sgivertz@hueston.com>; Robert N. Klieger <rklieger@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; jzk@cll.com; aarnold@clohertysteinberg.com; dcloherty@clohertysteinberg.com; jtracer@riaa.com; kdoroshow@riaa.com
**Cc:** Andrew.Gass@lw.com; suno.lwteam@lw.com
**Subject:** UMG Recordings, Inc. v. Suno, Inc., No. 24-cv-11611 (FDS)

Counsel:

We are in receipt of your 30(b)(1) deposition notices. Consistent with my comments on the parties' meet and confer last Wednesday, we will not agree to hold open depositions and/or sit deponents more than once either because: (1) Plaintiffs intend to amend their complaint to add a Section 1201 claim and intend to seek additional discovery related to that claim; (2) these individuals may also be 30(b)(6) deponents; or (3) Plaintiffs are still collecting discovery—for example, the third set of requests for production that Suno has agreed to allow Plaintiffs to serve.

We separately have grave concerns about proceeding to depositions without certain critical discovery from Plaintiffs including, for example, agreements restricting the use of AI that Plaintiffs have only agreed to produce by "end of discovery." Ms. Rivera's correspondence last night confirms that the current timeline for Plaintiffs' production of those agreements has been "delayed"—which severely prejudices Suno's ability to review those agreements, revisit its demand for additional discovery related to those agreements in the step-wise manner Judge Levenson contemplated, and question Plaintiffs' witnesses about those agreements (or

any other discovery related to them) at deposition. We also expect that Plaintiffs are not likely to produce their licenses with designated streaming services or social media platforms before September 25 given their representations in the Udio litigation. Moreover, as articulated in our August 26 deficiency email following Plaintiffs' substantial completion production (to which we have not yet received a response), among other issues, Plaintiffs' productions to date do not meaningfully reflect evidence of the harms Plaintiffs alleged in the Complaint—evidence about which Suno is entitled to depose Plaintiffs' witnesses.

On our meet and confer call we requested that Plaintiffs send over a proposal that reflects the extension to the fact discovery schedule that Ms. Rivera indicated in her September 1 email may be appropriate to "ensure that the parties have the opportunity to serve new requests related to" Plaintiffs additional proposed claim, should the Court grant Plaintiffs' motion to amend. Mr. Perry indicated on our meet and confer call that additional third-party discovery may also be implicated by Plaintiffs' proposed amendment. We reiterate our request for Plaintiffs' proposed schedule and further request that Plaintiffs' proposal address the various other scheduling considerations above. It is difficult for Suno to determine what may be appropriate without additional insight into Plaintiffs' notice process.

We are open to working collaboratively to negotiate a schedule that ensures that both parties have sufficient opportunity to develop the factual record without undue prejudice. However, if Plaintiffs are not amenable to negotiating an extension of the fact discovery period, please confirm by **no later than 10 am ET tomorrow** so that we can seek alternative relief from the Court.

All rights reserved.

Britt


**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.