UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, AND WARNER RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> SUNO, INC. and JOHN DOES 1-10, <br><br> Defendant. | Civil Action No. 1:24-cv-11611-FDS |

**SUNO, INC.'S UNOPPOSED MOTION FOR IMPOUNDMENT**

Pursuant to Local Rule 7.2 and Paragraphs 20 and 21 of the Confidentiality Stipulation and Protective Order entered in this case, Dkt. No. 54 ("Protective Order"), Defendant Suno, Inc. ("Suno"), by and through its undersigned counsel, hereby respectfully submits this statement in support of impounding certain portions the parties' joint position statement.

On October 3, 2025, the parties submitted a joint position statement to the Court via email concerning a discovery dispute brought by Suno. *See* Declaration of Brittany N. Lovejoy ("Lovejoy Decl.") ¶ 3. The joint position statement describes and cites various documents produced by Suno and Plaintiffs in discovery and designated either Confidential or Highly Confidential - Attorneys' Eyes Only under the Protective Order. *See* Lovejoy Decl. ¶ 4. Suno seeks to impound certain portions of the position statement referencing materials produced by

1

Suno.  Specifically, Suno moves to impound the references to Suno-produced documents on pages 2, 9–10, 11, 12, 13–14, 15, and 16–17 of the statement.  Plaintiffs do not object to Suno's motion.  Plaintiffs also seek to impound different portions of the statement, which refer to materials Plaintiffs have produced in discovery.  Suno moves to impound those portions of the statement to provide Plaintiffs an opportunity to file a statement supported by good cause that the material should be impounded.  *See* Protective Order ¶ 20 ("Within five business days of the filing of the motion to seal, the Designating Party will file with the Court a statement of reasons that the confidential material should be sealed that complies with Local Rule 7.2.").

1. ***No Right of Public Access Attaches to Discovery Materials Cited as Part of a Discovery Dispute.***

As the First Circuit has explained, no right of public access attaches to discovery materials until they are filed on the docket in support of motion practice.  *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984)).  Even after discovery materials are filed with the court, the right of public access attaches only when the materials are "judicial records" "on which a court relies in determining the litigants' substantive rights."  *Id.* at 54.

Here, the discovery statement quotes or otherwise expressly references confidential discovery material, though that material itself was not submitted or filed with the statement.  Courts in this Circuit have consistently determined that the right of public access does not extend to materials filed in connection with discovery disputes because these disputes do not determine the litigants' substantive rights.  *See, e.g., Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ("[A] request to compel or protect the disclosure of information in the discovery process is not a request for a disposition of substantive rights."); *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d 445, 446 (D. Mass. 2015) (noting that any presumption of public access can be overcome "if the filing

is not related to issues where there is no tradition of public access, like motions about discovery matters"); *Warren v. Rojas*, No. 09-cv-40217, 2016 WL 1642584, at *1 (D. Mass. Apr. 25, 2016) (applying good cause standard to sealing application submitted in connection with discovery motion); *Roy v. FedEx Ground Package Sys., Inc.*, No. 17-cv-30116, 2023 WL 4186291, at *1 (D. Mass. June 26, 2023) (same). Thus, the references to Suno's discovery materials in the dispute statement should remain sealed so long as there is good cause for doing so.

### 2. The Commercial Sensitivity of the Documents Referenced Justifies Impoundment.

Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential. Fed. R. Civ. P. 26(c). Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. 07-cv-11444, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted).

The provisions of the joint position statement Suno seeks to file under seal contain references to highly sensitive business decisions and negotiations. Lovejoy Decl. ¶ 11. Public disclosure of this information could cause Suno serious competitive harm. *See id.* Generative AI is a booming field, and a rival who obtained currently undisclosed information about Suno's business strategies and negotiations might be able gain an unfair advantage over Suno or try to undercut Suno's approach; similarly, Suno's existing relationships and negotiations with third parties may be affected by the publication of information about Suno's business strategy. Courts routinely seal similar competitively sensitive information, the disclosure of which could "result in competitive harm to [a party] and damage its business relationships." *Jones v. PGA Tour, Inc.*, No. 22-cv-4486, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023); *see also, e.g., Int'l Swimming*

*League, Ltd. v. Fed'n Internationale De Natation*, No. 18-cv-07394, 2021 WL 2075572, at *7 (N.D. Cal. May 24, 2021) (sealing confidential business documents whose disclosure would cause the defendant competitive harm); *Bradford*, 109 F. Supp. 3d at 448 ("countervailing interests" include "the existence of trade secrets in the documents or confidential business information" (quoting *Nixon v. Warner Comm'ns*, 435 U.S. 589, 597 (1978))); *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 18-cv-00585, 2022 WL 17668678, at *2 (D. Nev. Dec. 14, 2022) ("[P]rotecting a party's business relationships and ability to negotiate for services constitutes good cause to seal documents."); *In re Qualcomm Litig.*, No. 17-cv-00108, 2019 WL 845659, at *2 (S.D. Cal. Feb. 21, 2019) (finding good cause to seal confidential business information, the disclosure of which would cause competitive harm).

In light of the significant risks to Suno's competitive position that may result from disclosure of the material at issue, the Court should also find that Suno's interest in keeping this material confidential outweighs any (minimal) public interest in access.

\* \* \* \* \*

For these reasons, Suno respectfully requests that the Court grant the unopposed motion and order that the materials described herein be impounded until further order of the Court. The parties have conferred and Plaintiffs have indicated that they do not oppose this motion.

Dated: October 21, 2025

Respectfully submitted,

/s/ *Brittany N. Lovejoy*
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street

4

Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Sarang V. Damle (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Suno has conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues raised in this motion.  Plaintiffs have indicated they do not oppose this motion.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent October 21, 2025 to those identified as non-registered participants.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy