## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ATLANTIC RECORDS GROUP LLC, RHINO ENTERTAINMENT LLC, THE ALL BLACKS U.S.A., INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, and WARNER RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> SUNO, INC. and JOHN DOES 1-10, <br><br> Defendant. | Civil Action No. 1:24-cv-11611-FDS |

### DEFENDANT SUNO, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Pursuant to Local Rule 7.1(b)(3), Defendant Suno, Inc. ("Suno") hereby moves for leave to file a sur-reply in response to Plaintiffs' reply in support of their motion to amend the complaint. Dkt. No. 147. Plaintiffs' reply raised new arguments in support of their proposed claim under section 1201(a) of the Digital Millennium Copyright Act (DMCA) that were not addressed in Plaintiffs' original motion to amend. *See* Dkt. No. 126 ("Motion"); Dkt. No. 127 (Memorandum in Support of Motion). Suno's proposed sur-reply, attached hereto as Exhibit A, responds to those arguments and will therefore assist the Court in resolving the Motion.

As grounds for this motion, Suno states as follows:

1.      On September 19, 2025, Plaintiffs moved for leave to amend the complaint. *See* Dkt. No. 126. Plaintiffs' brief in support of that Motion argued that Suno violated section 1201(a) of the DMCA by circumventing YouTube's "rolling cipher," which Plaintiffs characterized as a

measure that "protect[s] against unauthorized downloading and copying of licensed content available for streaming on [YouTube's] service." Dkt. No. 127 at 7–8.  Plaintiffs did not address the distinction between access controls (governed by 17 U.S.C. § 1201(a)) and copy controls (governed by § 1201(b)).

2.    On October 3, 2025, Suno filed an opposition to Plaintiffs' motion for leave to amend the complaint. Dkt. No. 131.  That opposition argued that the "rolling cipher" was, according to Plaintiffs' own allegations, a copy control governed by 17 U.S.C. § 1201(b), and that because the statute does not prohibit circumvention of copy controls, Plaintiffs' claim fails as a matter of law and their amendment is futile.  *Id.* at 1–3.

3.    On October 8, 2025, Plaintiffs filed a motion seeking an extension of their deadline to file a reply in support of their motion, Dkt. No. 137, which the Court granted on October 15, 2025.

4.    On October 20, 2025, Plaintiffs filed a reply in support of their motion for leave to amend the complaint.  Dkt. No. 147.  That reply argued, for the first time, that the statute's definition of access controls encompasses technological measures that allow free public access to the content of a work but simply restrict what users can do with it—including measures that exist to prevent copying.  *Id.* at 4–5.  Plaintiffs also continued to cite the district court's opinion in *Yout, LLC v. Recording Industry Association of America, Inc.*, 633 F. Supp. 3d 650 (D. Conn. 2022), *appeal docketed*, No. 22-2760 (2d Cir. Oct. 28, 2022), in support of that proposition.  *See* Dkt. No. 147 at 5–6.  But their reply but did not mention that, subsequent to the filing of Suno's opposition to the Motion, *see* Dkt. No. 131, the Second Circuit panel in the *Yout* appeal granted Suno's motion for leave to file an amicus brief arguing that the *Yout* district court opinion overlooked the distinction between access controls and copy controls, and further invited the

parties to the appeal to submit 20-page briefs in response to those arguments, *see* Mot. Order, No. 22-2760, ECF 124 (2d Cir. Oct. 10, 2025); *see also* Dkt. No. 147 at 6 n.4 (Plaintiffs referencing Suno's amicus brief, but failing to mention the Second Circuit's October 10, 2025 order).

5.      Good cause to file the proposed sur-reply exists because Plaintiffs' reply introduced a new legal interpretation of section 1201's access-control provision that was not articulated in Plaintiffs' prior filings on this issue.  The merits of that legal interpretation are dispositive to this Motion.  Granting Suno leave to file a sur-reply will not prejudice Plaintiffs and will assist the Court in resolving the Motion.  *See Minturn v. Monrad*, No. 1:20-cv-10668, ECF 75 (D. Mass. Dec. 30, 2021) (granting leave to file sur-reply to address purported inaccuracies in Reply); *Klein v. MHM Corr. Servs., Inc.*, No. 08-cv-11814-MLW, 2010 WL 3245291, at *2 (D. Mass. Aug. 16, 2010) (granting motion for leave to file additional brief where opponent's brief "arguably incorporated new arguments" that movant could not reasonably have addressed earlier); *Kaplan v. First Hartford Corp.*, No. 04-cv-10402-NMG, 2006 WL 8458253, at *1 (D. Mass. Apr. 5, 2006) (granting motion for leave to file reply brief that was directed at rebutting opponent's new legal argument).

6.      Counsel for Suno informed Plaintiffs of its intention to seek leave to file a sur-reply on October 23, 2025 and sought Plaintiffs' position on the motion.  Plaintiffs consented to Suno's filing of a sur-reply, but under the condition that the sur-reply be "no more than five double-spaced pages."  The Court has not imposed such a condition, *see* Dkt. No. 42 ("Scheduling Order") at 2 ¶ 3, and Suno did not agree to it.

WHEREFORE, Suno respectfully requests that the Court grant it leave to file the attached sur-reply in opposition to Plaintiffs' motion for leave to amend the complaint.

Dated: October 24, 2025

Respectfully submitted,

*/s/ Andrew M. Gass*

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Sarang V. Damle (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

Shlomo Fellig (BBO# 699643)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
shlomo.fellig@lw.com

*Counsel for Defendant Suno, Inc.*

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

Pursuant to Local Rule 7.1(a)(2), I hereby certify that that counsel for Suno, Inc. has conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issue raised in the instant motion, but the parties were not able to reach agreement.  Further details regarding such efforts are provided in paragraph 6 of this motion.


*/s/ Andrew M. Gass*
Andrew M. Gass


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent October 24, 2025, to those identified as non-registered participants.


*/s/ Andrew M. Gass*
Andrew M. Gass