# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UMG RECORDINGS, INC., CAPITOL
RECORDS, LLC, SONY MUSIC
ENTERTAINMENT, ATLANTIC
RECORDING CORPORATION, ATLANTIC
RECORDS GROUP LLC, RHINO
ENTERTAINMENT LLC, THE ALL
BLACKS U.S.A., INC., WARNER MUSIC
INTERNATIONAL SERVICES LIMITED,
and WARNER RECORDS INC.,

          Plaintiffs,

vs.

SUNO, INC. and JOHN DOES 1-10,

          Defendant.

Civil Action No. 1:24-cv-11611 (FDS)

## PLAINTIFFS' UNOPPOSED MOTION TO SEAL

Pursuant to Local Rule 7.2 and Paragraphs 20 and 21 of the Confidentiality Stipulation and Protective Order entered in this case, Dkt. No. 54 ("Protective Order"), Plaintiffs hereby respectfully submit this motion in support of their request to seal certain portions of the parties' joint position statement, reflecting Plaintiffs' confidential and commercially sensitive business information.

On October 3, 2025, the parties submitted a joint position statement to the Court via email concerning a discovery dispute raised by Defendant Suno, Inc. ("Suno"), concerning its copyright misuse affirmative defense. *See* Declaration of Mariah Rivera ("Rivera Decl.") ¶ 3. The joint position statement describes and references various discovery documents designated either Confidential or Highly Confidential—Attorneys' Eyes Only pursuant to the Protective Order. *See*

*id.* at ¶ 4.  Plaintiffs seek to seal certain portions of the position statement that describe or refer to their own sensitive material.  Specifically, Plaintiffs seek to seal the references to their own confidential information on pages 2-4, 9-17, and 19-22 of the statement (the "Confidential Information").  The Confidential Information reveals Plaintiffs' sensitive business strategies, such that, if it were disclosed to the public, Plaintiffs would be put at a substantial competitive disadvantage by giving others insight into Plaintiffs' business and negotiation strategy.  The harm Plaintiffs would suffer if the Confidential Information were made public outweighs the public's interest in accessing this information.  Suno has not taken a position on the present motion, and has separately sought sealing of certain portions of this same position statement.

### A.    The Public Right of Access Does Not Attach to Materials Related to Discovery Disputes.

As the  First Circuit has explained, the public does not have a right to access discovery materials until they are filed on the docket in support of motion practice.  *See United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013).  Even after discovery materials are filed on the docket, the right of public access attaches only when the materials are "judicial records" "on which a court relies in determining the litigants' substantive rights."  *Id.* at 54.

The discovery statement quotes or otherwise expressly references discovery materials that Plaintiffs designated as confidential pursuant to the protective order.  Courts in this Circuit have consistently found that the right of public access does not extend to materials associated with discovery disputes, as these disputes do not determine the litigants' substantive rights.  *See, e.g., Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ("[A] request to compel or protect the disclosure of information in the discovery process is not a request for a disposition of substantive rights."); *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d 445, 446 (D. Mass. 2015) (noting that any

presumption of public access can be overcome "if the filing is not related to issues where there is

no tradition of public access, like motions about discovery matters").

### B. Plaintiffs' Request to Seal the Confidential Information Is Supported By Good Cause.

Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal

when "good cause" exists to keep the information confidential.  Fed. R. Civ. P. 26(c).  Good cause

exists where the moving party shows "the harm that would be sustained if the court did not allow

the filing under seal." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008

WL 427290, at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted).

The Confidential Material references highly sensitive business decisions and negotiations

regarding Plaintiffs' confidential licensing agreements, including with non-parties. Rivera Decl.

¶ 10.  Courts grant requests to seal information involving confidential matters relating to business

operations, particularly where public revelation of these matters would interfere with a company's

ability to effectively compete in the marketplace.  *FOX INFLUSED, LLC v. Neone Techs., Inc.*,

2023 WL 5206812, at *2 (C.D. Cal. June 21, 2023) (granting application "to seal the parties'

contract and to redact from the public record paragraphs that quote that contract).  Plaintiffs would

face serious competitive harm if the terms of their confidential licensing agreements, and the

negotiations thereof, were publicly disseminated to their competitors and other companies with

which Plaintiffs may wish to contract.  Public disclosure would harm competitors, potential

licensors, and counterparties with significant insight into Plaintiffs' bargaining priorities, risk

tolerance, and valuation, enabling them to undercut Plaintiffs on price, replicate preferred term

packages, and systematically demand concessions Plaintiffs have offered in other contexts.  The

resulting information asymmetry would impair Plaintiffs' ability to procure favorable agreements,

erode margins, and destabilize existing commercial relationships.  The same commercial

sensitivity interests exist for the third parties with whom Plaintiffs have negotiated or contracted with.  This is exactly why the contracts themselves include confidentiality provisions protecting agreements from public dissemination, and why the negotiations were undertaken confidentially.

Courts routinely recognize that sealing is warranted where disclosure of confidential business terms and negotiation strategies would undermine a company's competitive position and business relationships.  *See, e.g.*, *Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023); *Bradford*, 109 F. Supp. 3d at 448 (noting that "countervailing interests" include "confidential business information" (internal quotation omitted)).  Public dissemination here would thus cause concrete, immediate competitive harm to Plaintiffs by revealing competitively sensitive deal terms and negotiation strategies, thereby conferring an unfair advantage on market competitors and contractual counterparties, and impairing Plaintiffs' ongoing and future ability to negotiate at arm's length on market terms.

Given the commercial sensitivity of the Confidential Information, and the significant harm that Plaintiffs may suffer if this information is made public, the Court should grant Plaintiffs' unopposed motion and order the materials described herein be sealed until further order of the Court.

Dated:   October 28, 2025
        New York, New York

                                        By: _____
                                        Mariah Rivera
                                        HUESTON HENNIGAN LLP
                                        1 Little West 12th Street
                                        New York, New York 10014
                                        Telephone: (646) 930-4046
                                        Facsimile: (888) 775-0898
                                        mrivera@hueston.com

                                        *Attorney for Plaintiffs*

## <u>LOCAL RULE 7.1(a)(2) CERTIFICATION</u>

Pursuant to Local Rule 7.1(a)(2), I, Mariah N. Rivera, hereby certify that counsel for Plaintiffs conferred with counsel for the defendant regarding appropriate redactions.  Suno has indicated it does not oppose this motion.

*Mariah N. Rivera*
Mariah N. Rivera
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those identified as non-registered participants on October 28, 2025.

*Mariah N. Rivera*
Mariah N. Rivera
*Counsel for Plaintiffs*
