UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC. ET AL,<br>  *Plaintiffs,*<br><br>v.<br><br>SUNO, INC. ET AL,<br>  *Defendants.* | No. 24-cv-11611-FDS |

### ORDER REGARDING PROPOSED PROTECTIVE ORDER

LEVENSON, U.S.M.J.

  The parties have jointly moved for entry of an amended confidentiality stipulation and protective order (Docket No. 171).

  As currently drafted, the proposed amended confidentiality stipulation and protective order (Docket No. 171) is unacceptable. The problem appears in paragraph 22 of the proposed order, which provides:

> 22. Absent prior consent from the producing party, any party seeking to file another party's Protected Discovery Material *shall* seek leave to file that material under seal. All persons seeking to file redacted documents or documents under seal with the Court shall follow Local Rule 7.2. For any document a party ("Filing Party") seeks to seal because that document has been designated as confidential by a Designating Party, the Filing Party's motion or letter motion to seal shall state that the basis for sealing is the Designating Party's designation and immediately provide notice to the Designating Party of the sealing request, with a copy of filed documents showing the Designating Party's confidential materials unredacted. Within five business days of the filing of the motion to seal, the Designating Party will file with the Court a statement of the reasons that the confidential material should be sealed that complies with Local Rule 7.2. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Protected Discovery Material are deemed to be on notice that the First Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Discovery Material submitted to the Court or presented in connection with any motion,

>application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Protected Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

Docket No. 171 at 12–13 (emphasis added).[1]

This paragraph refers to a requirement to "seek leave to file that material under seal," which appropriately acknowledges that the Court, rather than the parties, decides whether materials may be filed under seal. The problem is that this provision creates a presumption that any party who seeks to file in Court materials that have been designated as "confidential" *shall* file a motion to seal those materials. That is more or less backwards: litigants should file motions only when "legal contentions are warranted by existing law or by a nonfrivolous argument . . . ." Fed. R. Civ. P. 11(b)(2). In particular, parties should file motions to seal only when the facts and circumstances suggest that there are privacy considerations sufficiently weighty to overcome the strong presumption of public access to court proceedings. The mere fact that one party or the other has designated a document as "confidential' does not satisfy that standard.

Litigants are generally free to make such agreements as they see fit when it comes to their own handling of discovery materials. Thus, in dealing with one another, they may set conditions for the designation and handling of materials they choose to characterize as "confidential." The parties enjoy carte blanche in this regard because the exchange of information under the discovery rules is normally an out-of-court matter, not subject to public disclosure. *See Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir.1986) (holding that there is no common law right to inspect such documents because "[t]here is no tradition of public access to discovery, and

---

[1] I previously approved a protective order in this case that had a similar trigger for filing motions to seal. *See* Docket No. 51 ¶ 20 (Proposed Confidentiality Stipulation and Proposed Protective Order); Docket No. 54 ¶ 20 (Protective Order). It seems I overlooked the issue at that time.

requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process").

When it comes to filings in court, the rules are different. Arrangements between the parties do not determine whether materials should ultimately be sealed. For court filings there is a strong presumption of public access, which may be overcome only with a particularized showing that the need for protection outweighs the public's right to know what happens in the courts. Because the public has a "presumptive" right of access to judicial documents, *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013), "'only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access." *Id*. at 59 (quoting *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002)). Absent a particularized factual demonstration of cognizable potential harm, conclusory or blanket assertions that materials are confidential or that they constitute sensitive business or financial records will not suffice. *See id*. at 60; *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987).

As Judge Zobel of this Court has noted, "[a] common justification offered up as 'good cause' for sealing a court filing is that a document is (or contains information that is) designated as confidential under a stipulated protective order. That alone, however, is not enough." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015).

The parties are free to agree that they will notify one another before submitting materials to the Court that they have marked "confidential." But they should only file motions to seal when there exist legally sufficient grounds for doing so. An agreement that *requires* the parties to file such motions reflexively, merely because one or both parties have designated materials as "confidential," threatens to deny the public's right to access and to waste the Court's time.

The parties are directed to review my [Standing Order Regarding Motions for Leave to File Under Seal](#) [and Stipulated Protective Orders](#).

Accordingly, the Proposed Amended Confidentiality Stipulation and Proposed Protective Order (Docket No. 171), is DENIED, without prejudice to submission of an appropriately revised Protective Order.[2]

Dated: December 9, 2025

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

---

[2] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).