RAJAN S. TREHAN

rtrehan@hueston.com
D: 213 788 4381
T: 213 788 4340
F: 888 866 4825

523 West 6th Street
Suite 400
Los Angeles, CA 90014

# HUESTON HENNIGAN LLP

February 13, 2026

**VIA ECF**

The Honorable F. Dennis Saylor IV
United States District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   *UMG Recordings, Inc. et al. v. Suno, Inc. et al.*, Case No. 1:24-cv-11611 (FDS) (D. Mass.)

Dear Judge Saylor:

Plaintiffs respectfully submit this Notice of Supplemental Authority to bring to the Court's attention a recent federal decision from the Northern District of California, addressing materially similar allegations and legal arguments as those raised in Plaintiff's motion for leave to amend their Complaint to allege a violation of 17 U.S.C. § 1201(a) ("DMCA") based on Defendant's circumvention of YouTube's rolling cipher technology. Dkt. No. 126. That court denied a motion to dismiss plaintiff's § 1201(a) claim. *See Cordova v. Huneault*, No. 25-cv-04685-VKD (N.D. Cal. Jan. 23, 2026) (attached hereto as Exhibit 1).

Just as Plaintiffs have alleged in their Proposed Amended Complaint, the *Cordova* plaintiff alleged that the defendants used technology designed to bypass (and circumvent) YouTube's technological measures intended to restrict access to downloadable files—specifically, YouTube's rolling cipher technology—to unlawfully access such files and download copyrighted videos on YouTube. *Id.* at *1–2; *see also* Dkt. No. 126-3 (Proposed Am. Compl.) ¶¶ 53-58. And just like Suno, the *Cordova* defendants moved to dismiss the plaintiff's DMCA claim, arguing, *inter alia*, that the plaintiff's allegations were insufficient to state a viable claim under § 1201(a) because the rolling cipher does not control access. 2026 WL 184598 at *9 ("defendants argue that Mr. Cordova's claim fails and YouTube's technological measures do not 'effectively control access' because Mr. Cordova's videos are 'publicly available' on YouTube."); *see also* Dkt. No. 131 (Suno's Opposition) at 11-16.

In denying defendants' motion to dismiss, the *Cordova* court held that the plaintiff adequately pled that his videos were protected by a "technological measure" pursuant to §1201(a). The court reasoned that the complaint alleged that YouTube applies "rolling-cipher technology," which is "software designed to prevent unauthorized downloading" of videos by "encrypt[ing] and dynamically alter[ing] the video stream's URL signatures." *Id.* at *8. The court found these allegations satisfied the DMCA's requirement that the allegedly-circumvented technological measure "effectively control access to" a work. *Id.* at *9. The court rejected the defendants' argument that the technological measures were ineffective because the videos were "publicly available," explaining that "[w]hether the videos may be viewed by the public is immaterial; the FAC refers to technological measures intended to prevent unauthorized downloading. As other courts have concluded, allegations similar to those in the FAC, identifying measures that restrict access to downloadable files, are sufficient for purposes of the second element of a § 1201(a)(1) claim." *Id.* (citing *Yout, LLC v. Recording Indus. Ass'n of Am., Inc.,* 633 F. Supp. 3d 650, 665, 670 (D. Conn. 2022); *Edland v. Basin Elec. Power Coop.,* No. 21-cv-04008-KES, 2021 WL 3080225, at *6 (D.S.D. July 21, 2021); *UMG*

# HUESTON HENNIGAN LLP

*Recordings, Inc. v. Kurbanov,* No. 18-cv-957-CMH TCB, 2021 WL 6492907, at *4, 7 (E.D. Va. Dec. 16, 2021)). The court further noted that the statutory definition "does not require that an access control measure be strong or circumvention-proof," but requires only that the measure "provide **some degree of control over access** to a copyrighted work." *Id.* (emphasis added) (quoting *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 954 n.17 (9th Cir. 2010)). Finally, the court rejected the defendants' contention that the plaintiff was required to identify the specific tools used or the date on which they were used in order to survive a motion to dismiss. *Id.* at *9-10.

      The *Cordova* decision thus directly supports Plaintiffs' motion for leave to amend and confirms that the Proposed Amended Complaint's allegations regarding YouTube's rolling cipher state a viable claim under § 1201(a)(1). *See* Dkt. No. 126.

Sincerely,

Rajan S. Trehan

7296574