Britt Lovejoy
Direct Dial: +1.415.646.8329
britt.lovejoy@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

**LATHAM&WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

February 23, 2026

<u>**VIA ECF**</u>

The Honorable F. Dennis Saylor IV
United States District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   UMG Recordings, Inc. et al. v. Suno, Inc. et al.
        Case No. 1:24-cv-11611-FDS
        *Response to Notice of Supplemental Authority*

Dear Judge Saylor:

Defendant Suno, Inc. ("Suno") writes in response to Plaintiffs' Notice of Supplemental Authority, Dkt. 185. The case that Plaintiffs bring to Your Honor's attention—*Cordova v. Huneault*, No. 25-cv-04685, 2026 WL 184598 (N.D. Cal. Jan. 23, 2026)—is neither controlling nor instructive.

The *Cordova* decision does not engage with the statutory distinction between "access" and "copy" controls that Suno raised in opposition to Plaintiffs' Motion to Amend the Complaint. As Suno explained, 17 U.S.C. § 1201 distinguishes between two types of technological protection measures ("TPMs"): (1) <u>*access*</u> controls, governed by section 1201(<u>*a*</u>) and (2) <u>*copy*</u> controls, governed by section 1201(<u>*b*</u>). *See* Dkt. 131 at 3-6. Congress did not prohibit the circumvention of copy controls—only trafficking in them—as a compromise to protect fair use activities, rejecting calls for a broader ban. *See id.* at 6-8.

That the *Cordova* decision does not grapple with this critical distinction is not surprising. Although the *Cordova* plaintiffs alleged that the defendants in that case circumvented "YouTube's copy-protection systems," *see* No. 25-cv-04685, Dkt. 39, the defendants did not argue (as Suno did) that such allegations describe a *copy* control—which section 1201 does not prohibit the circumvention of—rather than an access control, *see* No. 25-cv-04685, Dkt. 43-1 at 10.

The *Cordova* defendants' failure to clearly brief the access-control/copy-control distinction led the court to overlook it as well. The court held that, because the plaintiffs identified "technological measures intended to prevent unauthorized *downloading*," they adequately alleged an access control within the meaning of section 1201(a). 2026 WL 184598, at *9 (emphasis

added). But a TPM that prevents users from "downloading" a work is a *copy* control. *See* Dkt. 131 at 13-14 (citing 17 U.S.C. § 1201(b)(2)(B) (defining copy controls as measures that "prevent[], restrict[], or otherwise limit[] the exercise of a right of a copyright owner") and *id.* § 106(1) (defining the exclusive right "to reproduce the copyrighted work in copies or phonorecords")); *see also* Dkt. 157 at 4 (arguing that the clear implication of section 1201's framework is that "there must be some category of copy controls that can be freely circumvented because they are not also access controls").

Further undermining its conclusion, the primary authority the *Cordova* court cites in support of its holding is *Yout, LLC v. Recording Indus. Ass'n of Am., Inc.*, 633 F. Supp. 3d 650 (D. Conn. 2022). *Yout*, too, does not engage with the access-control vs. copy-control control distinction. *See* Dkt. 131 at 17-19. As Suno previously informed the Court, it submitted an amicus brief to the Second Circuit panel reviewing that decision, arguing that it jeopardizes the careful statutory framework Congress intentionally designed to protect fair uses. *See* Brief for Amici Curiae in *Yout, LLC v. Recording Indus. Ass'n of Am.*, No. 22-2760, Dkt. 127 (2d Cir. Oct. 7, 2025). The panel granted Suno leave to file its amicus brief out of time and invited the parties to respond to Suno's brief. *See* Mot. Order, No. 22-2760, Dkt. 124 (2d Cir. Oct. 10, 2025).

The other cases *Cordova* cites also do not help Plaintiffs here. As Suno previously flagged when the Plaintiffs in this case cited it, in *UMG Recordings, Inc. v. Kurbanov*, No. 18-cv-957, 2021 WL 6492907 (E.D. Va. Dec. 16, 2021), the plaintiffs and the court proceeded primarily on the theory that the rolling cipher was a *copy* control and that the defendant's service violated section 1201(*b*)'s anti-trafficking provision. *See* Dkt. 157 at 6-7. And the court in *Edland v. Basin Electric Power Cooperative*, No. 21-cv-04008, 2021 WL 3080225 (D.S.D. July 21, 2021) did not address allegations related to YouTube's "rolling cipher." In fact, that case involved an entirely different form of alleged circumvention: recording YouTube videos with a mobile phone as they played on a screen. Because the case does not address the core statutory question at bar here—whether YouTube's rolling cipher is an "access" control or a "copy" control—it has little persuasive value.

For these reasons, *Cordova* does not alter the analysis set forth in Suno's briefing in opposition to Plaintiffs' Motion to Amend the Complaint. The Court should deny Plaintiffs' Motion as futile.

Respectfully submitted,

Britt Lovejoy

cc: Counsel of Record (via CM/ECF)