UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC., and JOHN DOES 1-10,<br><br>Defendant. | Case No. 1:24-cv-11611-FDS |

**JOINT MOTION TO AMEND THE AMENDED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, and Sony Music Entertainment ("Plaintiffs") and Defendant Suno, Inc. ("Suno") (together, the "Parties"), respectfully request that the Court amend the Amended Scheduling Order.

In support of this motion, the Parties state as follows:

1. Plaintiffs filed their Complaint on June 24, 2024.

2. Suno answered the Complaint on August 1, 2024.

3. The Court entered a Scheduling Order on October 28, 2024 (Dkt. 42).

4. The Court entered an Amended Scheduling Order on January 30, 2025 (Dkt. 57). The Amended Scheduling Order set the Parties' deadline for serving written discovery as April 30, 2025.

5. The Parties submitted a Joint Motion for Extension of Time to Serve Written Discovery on April 29, 2025, requesting that the Court extend the deadline for serving written discovery to May 30, 2025 (Dkt. 100).

1

6. The Court granted the Joint Motion for Extension of Time to Serve Written Discovery on April 30, 2025 (Dkt. 101).

7. The Parties submitted a Joint Motion for Extension of Time to Serve Written Discovery on May 29, 2025, requesting that the Court extend the deadline for serving written discovery to June 27, 2025 (Dkt. 102).

8. The Court granted the Joint Motion for Extension of Time to Serve Written Discovery on May 30, 2025 (Dkt. 103).

9. The Parties submitted a Joint Motion to Amend the Scheduling Order on June 26, 2025, requesting that the Court extend the deadlines for substantial completion of document production to August 15, 2025, and fact discovery to October 10, 2025 (Dkt. 108).

10. The Court granted the Joint Motion to Amend the Scheduling Order on June 30, 2025 (Dkt. 109).

11. The Parties submitted a Joint Motion to Amend the Scheduling Order on September 15, 2025, requesting that the Court set a deadline for submission of Plaintiffs' motion for leave to amend their complaint, and extend the deadline for completion of fact discovery to January 9, 2026 or ninety days from a Court order granting Plaintiffs' motion, whichever is later (Dkt. 124).

12. The Court granted the Joint Motion to Amend the Scheduling Order on October 3, 2025 (Dkt. 132). Plaintiffs' motion for leave to amend remains pending.

13. The Parties submitted a Joint Motion to Amend the Scheduling Order on December 17, 2025, requesting that the Court extend the deadline for fact discovery to the later of March 6, 2026, or ninety days from a Court order granting Plaintiffs' motion to amend (Dkt. 176).

14. The Court granted the Joint Motion to Amend the Scheduling Order on December 19, 2025 (Dkt. 178).

15.     Over the last year, the Parties have continued to negotiate regarding the proper scope of discovery.  The Parties' agreed-upon deadline for substantial completion of document production with respect to certain previously-served discovery was August 15, 2025.  (*See* Dkt. 109).

16.     However, discovery is ongoing, and both Parties have outstanding disputes.  Suno submitted dispute statements to Magistrate Judge Levenson on January 23, 2026 for several of its outstanding discovery disputes.  Similarly, Plaintiffs will be submitting dispute statements to Magistrate Judge Levenson regarding several of their outstanding discovery disputes.  There is presently scheduled a conference for March 12, 2026, the first available date when Magistrate Judge Levenson and Plaintiffs' counsel was available, at which the Parties will present their outstanding discovery disputes.  (*See* Dkt. 184).

17.     This extension is intended to allow the Parties to resolve outstanding discovery disputes, complete document productions (including following resolution of pending disputes before Magistrate Judge Levenson), and complete party and third-party fact depositions before expert discovery.  The extension will avoid preventable disputes regarding missing or incomplete information ahead of the above-mentioned depositions.

18.     The Parties also respectfully request a deadline for the service of Reply Expert Reports, as initially requested in the Parties' December 17, 2025 Joint Motion for Amending the Scheduling Order (Dkt. 176).  Including a reply expert report in the proposed case schedule is appropriate to ensure that the Parties have equal opportunity to address core matters before the Court, including aspects of Suno's fair use defense—which the Parties agree is central to the resolution of this case.  While Suno bears the ultimate burden on its fair use defense, the Parties respectfully request an opportunity to review and respond to any rebuttal report the other party

may submit on topics relevant to that defense, such as: (1) how Suno's generative AI technology works; and (2) any harm that Suno's alleged use of the asserted works may cause to the market for Plaintiffs' works. With respect to the former, the technology at issue is highly complex; the Court will benefit from fulsome expert testimony on the issue, including Suno's technical expert's response to Plaintiffs' technical expert opinions. With respect to the latter, reply reports will ensure both Parties have the ability to thoroughly address the others' expert arguments concerning the alleged market impact that will result from Suno's use of the asserted works. Recall, Factor Four assesses the potential impact of the defendant's use on the market for the allegedly infringed work. *See* 17 U.S.C. § 107(4). For purposes of this analysis, Plaintiffs assert that they have already identified several relevant markets they allege have been or will be harmed by Suno's conduct. *See* Plaintiffs' First Amended and Supplemental Responses to Interrogatories Nos. 15, 16. Suno maintains that Plaintiffs' identification of the relevant markets in those Responses is not sufficiently granular to focus the scope of expert testimony in this case. Regardless, given the possibility that Plaintiffs' expert report will crystallize the markets at issue, Suno may be prejudiced if it is unable to respond to that report. Suno should have an opportunity to address each of the *specific* markets Plaintiffs claim will be harmed, and respond to Plaintiffs' specific theories of harm. To be clear, this issue is not solved by Plaintiffs' disclosure of their experts' opinions on actual copyright infringement damages, as Plaintiffs expressly reserve their right to assert harms to likely-to-be-developed markets under Factor Four that are not the subject of their lost profits analysis. For these and other reasons, the service of reply expert reports is a common course in copyright cases involving AI and similar complex technology. *See, e.g.*, *In Re OpenAI, Inc. Copyright Infringement Litig.*, No. 25-md-03143, Dkt. 238 (S.D.N.Y. June 20, 2025) (joint case schedule providing for the service of reply expert reports); *Concord Music Group, Inc. et al.*

*v. Anthropic PBC*, No. 24-cv-03811, Dkt. 224-1 (N.D. Cal. Sept. 12, 2024) (same); *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence Inc.*, No. 20-cv-00613, Dkt. 41 (D. Del. May 3, 2021) (same).[1] Likewise, Plaintiffs request to have an opportunity to address each of the specific arguments Suno raises in any of its rebuttal reports where Plaintiffs have submitted an opening report. The Parties therefore respectfully request that the expert disclosure schedule provide a deadline for service of expert reply reports. Alternatively, if the Court declines to allow expert replies, the Parties request that the forthcoming scheduling order require the Parties to concurrently serve opening reports from all experts offering testimony related to fair use, followed by an exchange of concurrent rebuttal reports.[2]

WHEREFORE, the Parties respectfully request that the Court grant this Motion and amend the Amended Scheduling Order as follows:

| Event | Current Due Date | Proposed Date |
| --- | --- | --- |
| Substantial Completion of Remaining Document Production | N/A | April 23, 2026 |
| Fact Discovery (except for RFAs) and Depositions | March 6, 2026 | June 26, 2026, or ninety days from a Court order granting Plaintiffs' pending motion to amend (Dkt. No. 126), whichever is later.[3] |

---

[1] Notably, in the only AI copyright case to reach summary judgment to date *without* expert reply reports, the plaintiff served an opening report on market harm. *See, e.g.*, *Kadrey et al v. Meta Platforms, Inc.*, No. 23-cv-03417 (N.D. Cal.), Dkt. 537 at 32 (citing to opening expert report concerning market harm from plaintiffs' expert, Dr. Daniel Spulber).

[2] Any agreement with respect to the service of reply expert reports is without prejudice to any future arguments the Parties may advance with respect to the admissibility or sequencing of expert testimony that will be presented at trial.

[3] Plaintiffs expressly reserve their right to file a subsequent motion for leave to amend the complaint, including for the purpose of expanding the list of asserted works, which they anticipate doing within this proposed fact discovery period. *See* Compl. ¶ 27 ("Plaintiffs intend to amend the Complaint at an appropriate time to provide an expanded list of works that Suno has infringed."). Suno intends to oppose any such motion.

| Serve RFAs | March 20, 2026 | 2 weeks after the Fact Discovery deadline |
|---|---|---|
| Serve Remaining Discovery Disputes (except for RFAs and experts) | March 27, 2026 | 1 week after the RFA deadline |
| Trial Expert Disclosure and Initial Expert Reports | April 17, 2026 | 4 weeks after the Discovery Dispute deadline |
| Rebuttal Expert Reports | May 15, 2026 | 4 weeks after the Expert Disclosure deadline |
| Reply Expert Reports | N/A | 4 weeks after the Rebuttal Expert deadline |
| Trial Expert Depositions | July 10, 2026 | 8 weeks after the Reply Expert Report deadline |
| Dispositive Motions | August 14, 2026 | 5 weeks after the Expert Deposition deadline |

Dated: February 25, 2026

<div style="display: flex;">

*s/* Rajan S. Trehan
Moez M. Kaba (*pro hac vice*)
Mariah N. Rivera (*pro hac vice*)
Alexander R. Perry (*pro hac vice*)
Samuel Givertz (*pro hac vice*)
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com
sgivertz@hueston.com

Robert N. Klieger (*pro hac vice*)
Rajan S. Trehan (*pro hac vice*)
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rklieger@hueston.com
rtrehan@hueston.com

Christina V. Rayburn (*pro hac vice*)
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 356-6412
Facsimile: (888) 775-0898
crayburn@hueston.com

Daniel J. Cloherty
Alexandra Arnold
**CLOHERTY & STEINBERG LLP**
One Financial Center, Suite 1120
Boston, Massachusetts 02110
Telephone: (617) 481-0160
Facsimile: (617) 848-0830
dcloherty@clohertysteinberg.com
aarnold@clohertysteinberg.com

*Counsel for Plaintiffs*

</div>

<div>

*s/* Brittany N. Lovejoy
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Steven N. Feldman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com

Sarang V. Damle
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*

</div>