**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, AND SONY MUSIC ENTERTAINMENT, <br><br> *Plaintiffs*, <br><br> v. <br><br> SUNO, INC., and JOHN DOES 1-10, <br><br> *Defendant*. | Case No. 1:24-cv-11611-FDS |

**[PROPOSED] STIPULATED ORDER REGARDING DEPOSITION PROTOCOL**

1

## I.    PURPOSE

1.      This Stipulation and Order Regarding Deposition Protocol ("Deposition Protocol Order") shall govern depositions of Plaintiffs, Defendant, and non-parties in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and local rules.  Nothing in this Order is intended to expand or limit the Parties' obligations under the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure shall govern the depositions of non-party witnesses unless otherwise stated in this Order or agreed-to by the Parties and the non-party witness.

2.      All Parties reserve the right to seek relief from the Court from any provision in this Deposition Protocol Order for good cause shown.

## II.    GENERAL DEPOSITION PROCEDURES

3.      Time for Depositions.  In accordance with Rule 30(a)(2) of the Federal Rules of Civil Procedure and Local Rule 26.1(c), the Parties agree that each side is entitled to take 100 hours of deposition testimony for party depositions, and 60 hours of deposition testimony for non-party depositions.  Once a Party reaches the hour limit, any additional hours may only be extended by agreement of the Parties or upon order of the Court for good cause shown. The Parties must first meet and confer prior to seeking leave of court.

4.      Deposition Duration.  In accordance with Rule 30(d) of the Federal Rules of Civil Procedure, the duration of depositions for all fact witnesses, shall be limited to seven (7) hours on the record, except depositions of witnesses who are designated as corporate representatives pursuant to Rule 30(b)(6).  For an individual witness that is designated as both a Rule 30(b)(1) and Rule 30(b)(6) deponent, the deposing Party shall have up to two (2) additional hours on the record with that individual witness, and shall have the right to request additional hours prior to

2

the deposition if needed.  Depositions shall be conducted in a single day unless otherwise agreed by the Parties and in no event shall a witness designated as a 30(b)(6) witness sit for more than two days.  These time limits may be extended by agreement of the Parties or upon order of the Court for good cause shown.  For witnesses testifying in both a 30(b)(6) and 30(b)(1) capacity, the taking Party must clearly designate on the record whether they are starting with questioning in the witnesses' 30(b)(1) or 30(b)(6) capacity.

5.      Deposition Participation.  No individual, except for in-house counsel who have been designated to receive Highly Confidential information pursuant to Section 14(b) of the parties' amended Protective Order (Dkt. 180), attorneys taking, defending, or assisting with the deposition, an attorney who has been retained by the witness, or testifying or consulting experts who have been disclosed pursuant to Section 17 of the parties' amended Protective Order (Dkt. 180) at least seven (7) business days prior to the deposition, will be physically present in the same room as the witness while the witness is giving deposition testimony on the record.  To the extent any documents introduced as exhibits have been designated as "Highly Confidential – Outside Counsel Only" pursuant to the Parties' amended Protective Order (Dkt. 180) in-house counsel must excuse themselves from the examination room until questioning on those documents is complete.  To the extent any documents introduced as exhibits have been designated as "Highly Confidential – Attorneys' Eyes Only" ("AEO") pursuant to the parties' amended Protective Order (Dkt. 180) in-house counsel who have not been designated to receive AEO materials pursuant to paragraph 13(b) of the Protective Order must excuse themselves from the examination room until questioning on those documents is complete.

6.      Non-Party Witnesses.

3

a.  The Parties agree that this Deposition Protocol Order applies to depositions of non-parties under Federal Rule of Civil Procedure 45 and shall confer about scheduling depositions of non-parties.  The Party noticing any non-party depositions shall provide this Deposition Protocol Order to counsel for any non-party under Rule 45 at least seven (7) calendar days before the start of the deposition.  This Deposition Protocol Order does not restrict the ability of any non-party to seek relief from any provisions contained herein based upon their individual circumstances.

b.  All third-party depositions will be limited to seven (7) hours on the record.  For cross-noticed non-party witness depositions, the parties will meet and confer at least fourteen (14) days before the scheduled deposition or as soon as possible if that is not practicable regarding the amount of time required by each party.  The parties agree to work in good faith to determine a reasonable division of the provided seven (7) hours on the record.  If additional time is needed, the Parties can (i) agree, with the consent of the witness, to enlarge the time for the deposition to ensure that a second deposition is not necessary, or (ii) seek Court intervention.

c.  For cross-noticed depositions, the Parties agree that the Party that first issued the deposition notice or subpoena will proceed first, followed by the subsequent noticing Party.

5.      Examination and Cross-Examination Procedures for Party Depositions.  After questioning by the noticing Party, the Party defending the deposition may elect to question the deponent.  For avoidance of doubt, the hours limitations discussed herein do not prevent a Party from engaging in reasonable redirect examination.  If the defending Party elects to question the deponent, then the noticing Party shall be entitled to perform re-cross examination, which shall

4

be limited in scope to the matters covered by the defending Party.  Following any re-cross examination, the Party defending the deposition shall be entitled to perform re-direct examination, which shall be limited in scope to the matters covered by the noticing Party on re-cross examination.

6. <u>Deposition Exhibits</u>.  For the avoidance of doubt, the deposing Party may not introduce as an exhibit any documents produced by a Party with no affiliation to the deponent that has been designated as "Highly Confidential – Outside Counsel Only" or AEO unless permitted under the terms of the Amended Protective Order (Dkt. 180), or with provided express written permission by the producing Party or its attorney before the deposition begins.

### III.    SCHEDULING AND LOCATION OF DEPOSITIONS

7. The Parties shall confer about the scheduling of a deposition before noticing a deposition.  Party deposition notices shall comply with Federal Rule of Civil Procedure 30(b).  To the extent not already scheduled, within ten (10) days of service of a deposition notice opposing counsel must provide available dates and times.  If opposing counsel fails to respond to the request, the requesting Party may notice the deposition for a specific date.  The Parties and non-parties shall make all reasonable efforts to accommodate reasonable requests to reschedule depositions.

8. If a Party seeks to cross-notice a non-party deposition, that Party must notify the noticing Party within seven (7) business days of receiving the notice.  The Parties shall then confer about scheduling.

9. Unless otherwise agreed, depositions will occur in-person, with the witness and each of counsel noticing and defending the deposition in the same room.  When scheduling a

deposition, counsel will confer in good faith to schedule depositions at a time and location convenient for the witness.

### IV.    REMOTE DEPOSITION PROCEDURES

11.    <u>Consent and Notification for Remote Deposition</u>.  If the witness, witness's counsel, and the Party taking the deposition all agree, the deposition may occur remotely and shall be deemed a "Remote Deposition."  Any Party may notice a Remote Deposition by so indicating in the notice of deposition.  If a deposition was previously anticipated or agreed to be an in-person deposition, the noticing Party, the witness, or the witness's counsel may request that the deposition be changed to a Remote Deposition.  Such a request to change the format for the deposition should be provided as soon as reasonably practicable.  If the witness, witness's counsel, and the Party taking the deposition all agree to change the format to a Remote Deposition, the Parties will work cooperatively and timely to arrange the logistics required for the change in format of the deposition.

12.    <u>Communications with the Deponent</u>.  No individual, except for in-house counsel who are not witnesses in this case, attorneys defending the deposition, or an attorney who has been retained by the witness, will be physically present in the same room as the witness while the witness is giving deposition testimony on the record.  To the extent counsel intends to be in the same room as the witness during the deposition, this will be clearly disclosed by counsel on the record at the start of the deposition.  During live testimony on the record, no one, including attorneys, shall communicate in any manner with the deponent in any way that cannot be heard or seen by all Participants to the deposition.  All attorneys defending the deposition must remain on camera at all times during live testimony.

13.     Presence of Court Reporter and Administration of Required Oath.  For a Remote Deposition, the Parties agree that a court reporter may administer the oath to a witness remotely, even if the court reporter is not in the physical presence of the witness.  Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Rule 28, the Parties agree that the circumstances warrant proceeding with the administration of such oaths remotely and that the transcripts may be used by or against all Parties in this litigation to the same extent that would otherwise be permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely.  The Parties reserve all other objections to the use of any deposition testimony at trial, and further reserve any objections related to technical difficulties such as inability to hear a question or answer.  The Parties, however, shall work in good faith to address and resolve all technical difficulties at any Remote Deposition.

14.     Deposition Participation.  The designated deposition service provider will provide invitations and access to the remote deposition to the witness and all attorneys participating in the deposition, including, as requested, counsel of record, personal counsel for the witness, or in-house counsel for Defendant or a non-party witness (collectively, the "Participants").

15.     Waiver of Authenticity Objections.  The Parties agree, pursuant to Federal Rule of Civil Procedure 29(a), that the recorded video provided by the court reporting service and/or platform vendor may be used as if it were a recording prepared by a certified videographer, and that each side will waive any objections based on authenticity.

16.     Recording and Other Technical Logistics.

7

a. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the Remote Deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply it prior to the deposition. In the case of non-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

b. Remote Depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), and the court reporter's transcript shall constitute the official record. The legal services vendor will record the deponent's video feed and the audio of all participants during the deposition, and will preserve the audio and video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

c. To the extent possible, the video conferencing service should display the witness, defending counsel, and deposing counsel on the video screen at all times unless one or more counsel must be taken off-screen to display an exhibit. The witness should always be visible on screen. There should be no unrecorded or unnoted conversations between the witness and any counsel during a Remote Deposition while the witness is on the record.

d. A Party that notices a Remote Deposition is responsible for arranging the use of an appropriate remote deposition video platform and, if necessary, for the

8

witness to participate in a "test run" of the platform software at the expense of the noticing Party.  Details regarding the remote deposition platform will be made available to all Parties at least three (3) business days before the deposition.  Within 24-hours of the commencement of any Remote Deposition, the noticing Party shall confirm that the defending Party's counsel and the witness have received the vendor-provided links to the remote deposition video platform and access to Realtime where requested.

e.  If audio or technical issues impact the ability to proceed with the Remote Deposition, the deposition shall be recessed until the technical issue is resolved.  If the technical issue cannot be resolved in a timely manner, then the Parties will meet and confer in good faith to address the problem, including but not limited to rescheduling the deposition.  The Parties will also act in good faith to account for any time lost to technical issues to permit the deposing Party to use the full time permitted for the deposition.

17.    Electronic Exhibits & Hard Copy Exhibits.

a.  The Parties agree that any of the following methods for administering exhibits may be employed during a Remote Deposition, or a combination of one or more methods:

i.  Counsel noticing the deposition may choose to send physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter.  In that event, noticing counsel shall inform the deponent's counsel, the other Party's counsel, and the court reporter prior to mailing the documents and shall provide tracking information for the package.  Such documents shall be delivered by 12:00 pm ET the business day

before the deposition.  Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to Counsel noticing the deposition.  If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition.  This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

ii.  Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter.  The .zip file shall be delivered by 12:00 pm ET the business day before the deposition.  Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to Counsel noticing the deposition.  The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition.  Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition.  If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

iii.  Counsel may introduce exhibits electronically during the deposition, by using Exhibit Share within the videoconferencing platform, or chat box, or by sending

10

the exhibit to the deponent and all individuals on the record via electronic mail. The witness and counsel will have access to the full exhibit within Exhibit Share for access and review during the deposition.

b. All deponents receiving physical copies of documents before a deposition, pursuant to Paragraph 18(a)(i), shall return the documents to the counsel who sent them originally, within two (2) business days following the completion of the deposition, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

## V.  DISPUTES

19.    If a dispute arises during a deposition, prior to contacting the Court, the primary examining and primary defending attorneys at the deposition must first meet and confer to attempt to resolve the issue. If the dispute remains, the Parties may then jointly contact the Court. The Parties will alert the court reporter to be prepared to read the deposition question and answer at issue to the Court. If the Court is not available, and to the extent the Parties are still unable to resolve the dispute, the deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at the earliest possible time.

20.    Nothing in this Deposition Protocol Order shall deny counsel the right to (1) suspend a deposition pursuant to Rule 30(d)(3); or (2) file an appropriate motion with the Court after the deposition.

11

## VI.   COST ALLOCATION

21.   For the avoidance of doubt, the Party issuing the deposition notice shall be fully responsible for the court reporter and videographer costs.  The Parties shall share these costs for cross-noticed depositions.

## VII.   STANDARD STIPULATIONS

22. The stipulation in this Section will apply to all depositions taken in this action, and shall be included in each transcript by the court reporter.

23. The court reporter shall deliver a certified copy of the transcript of each deposition to counsel for the witness (or, if the witness is not represented by counsel, to the witness directly). Counsel for the witness shall promptly forward the transcript to the witness for review, correction, and signature under penalty of perjury.  Within thirty (30) days of receiving the transcript from the court reporter, the witness's counsel (or the witness, as applicable) shall then forward any corrections to the court reporter, who will promptly notify all counsel of its receipt and any errata.  The deadline for providing corrections may be extended by agreement of the Parties.

24. The confidentiality designations of deposition transcripts, including exhibits, shall be governed by the Amended Protective Order in this Action, Dkt. 180 or any amended version thereof.  The Amended Protective Order (or any further amended version thereof) shall also govern the conduct of Parties during the deposition, including any Parties who elect to attend depositions.

25. Any witness who submits errata must do so in accordance with Rule 30(e)(2).

26. The court reporter will provide the original transcript to the first examining attorney. If for any reason, the original transcript is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

DATED:  March 18, 2026                    SO STIPULATED AND AGREED


*s/ Rajan S. Trehan*                              *s/ Brittany N. Lovejoy*
Rajan S. Trehan (*pro hac vice*)          Brittany N. Lovejoy (*pro hac vice*)
Christina Rayburn (*pro hac vice*)        Andrew M. Gass (*pro hac vice*)
Robert N. Klieger (*pro hac vice*)        **LATHAM & WATKINS LLP**
**HUESTON HENNIGAN LLP**             505 Montgomery Street
523 West 6th Street, Suite 400          Suite 2000
Los Angeles, California 90014           San Francisco, CA 94111-6538
Telephone: (213) 788-4340               Telephone: (415) 391-0600
Facsimile: (888) 775-0898               Facsimile: (415) 395-8095
rtrehan@hueston.com                     brittany.lovejoy@lw.com
crayburn@hueston.com                    andrew.gass@lw.com
rklieger@hueston.com


Moez M. Kaba (*pro hac vice*)             Steven N. Feldman (*pro hac vice*)
Mariah N. Rivera (*pro hac vice*)         Nathan Taylor (*pro hac vice*)
Alexander R. Perry (*pro hac vice*)       **LATHAM & WATKINS LLP**
**HUESTON HENNIGAN LLP**             1271 Avenue of the Americas
1 Little West 12th Street                New York, NY 10020
New York, New York 10014                Telephone: (212) 906-1200
Telephone: (646) 930-4046               Facsimile: (212) 751-4864
Facsimile: (888) 775-0898               steve.feldman@lw.com
mkaba@hueston.com                       nathan.taylor@lw.com
mrivera@hueston.com
aperry@hueston.com
                                        Sarang V. Damle (*pro hac vice*)
Daniel J. Cloherty                      **LATHAM & WATKINS LLP**
Alexandra Arnold                        555 Eleventh Street, NW Suite 1000
**CLOHERTY & STEINBERG LLP**          Washington, D.C. 20004-1304
One Financial Center, Suite 1120        Telephone: (202) 637-2200
Boston, Massachusetts 02110             Facsimile: (202) 637-2201
Telephone: (617) 481-0160               sy.damle@lw.com
Facsimile: (617) 848-0830
dcloherty@clohertysteinberg.com
aarnold@clohertysteinberg.com
                                        *Counsel for Defendant Suno, Inc.*

*Counsel for Plaintiffs*


13

SO ORDERED this __th day of March, 2026

_____

THE HONORABLE PAUL G. LEVENSON

United States Magistrate Judge