**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>　　　　　　　　Defendant. |

Civil Action No. 1:24-cv-11611-FDS

### SUNO, INC.'S UNOPPOSED MOTION FOR IMPOUNDMENT

Pursuant to Local Rule 7.2 and Paragraphs 22 and 23 of the Amended Confidentiality Stipulation and Protective Order entered in this case, Dkt. No. 180 ("Protective Order"), Defendant Suno, Inc. ("Suno"), by and through its undersigned counsel, hereby respectfully moves to impound certain portions of the parties' January 23, 2026 joint position statement, which Suno seeks to maintain under seal. Pursuant to Paragraph 22 of the Protective Order, Suno also moves the Court to impound certain portions of the parties' January 23, 2026 and March 6, 2026 joint position statements, which Plaintiffs seek to maintain under seal. Plaintiffs do not oppose this motion.

On January 23, 2026 and March 6, 2026, the parties submitted joint position statements to the Court via email concerning discovery disputes brought by Suno. *See* Declaration of Ivana Dukanovic ("Dukanovic Decl.") ¶ 3. The joint position statements describe and cite various documents produced by Suno and Plaintiffs in discovery and designated either Confidential or Highly Confidential - Attorneys' Eyes Only under the Protective Order. *See* Dukanovic Decl. ¶ 4.

Specifically, Suno moves to impound one narrow reference to a Confidential Suno-produced document on page 7 of the January 23, 2026 position statement, as designated in Exhibit 1 to this motion.  *See id.* ¶ 8.  Plaintiffs also seek to impound different portions of the January 23, 2026 statement and the March 6, 2026 statements, which refer to materials Plaintiffs have produced in discovery, as designated in Exhibits 1 and 2 to this motion.  *See id.* ¶ 9.  Suno moves to impound those portions of the statement to provide Plaintiffs an opportunity to file a statement supported by good cause that the material should be impounded.  *See* Protective Order ¶ 22 ("Within five business days of the filing of the motion to seal, the Designating Party will file with the Court a statement of the reasons that the confidential material should be sealed that complies with Local Rule 7.2.").

### 1. *No Right of Public Access Attaches to Discovery Materials Cited as Part of a Discovery Dispute.*

As the First Circuit has explained, no right of public access attaches to discovery materials until they are filed on the docket in support of motion practice.  *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984)).  Even after discovery materials are filed with the court, the right of public access attaches only when the materials are "judicial records" "on which a court relies in determining the litigants' substantive rights."  *Id.* at 54.

Here, page 7 of the January 23, 2026 discovery statement expressly references confidential discovery material, though that material itself was not submitted or filed with the statement.  Courts in this Circuit have consistently determined that the right of public access does not extend to materials filed in connection with discovery disputes because these disputes do not determine the litigants' substantive rights.  *See, e.g., Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ("[A] request to compel or protect the disclosure of information in the discovery process is not a

request for a disposition of substantive rights."); *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 446 (D. Mass. 2015) (noting that any presumption of public access can be overcome "if the filing is not related to issues where there is no tradition of public access, like motions about discovery matters"); *Warren v. Rojas*, No. 09-cv-40217, 2016 WL 1642584, at *1 (D. Mass. Apr. 25, 2016) (applying good cause standard to sealing application submitted in connection with discovery motion); *Roy v. FedEx Ground Package Sys., Inc.*, No. 17-cv-30116, 2023 WL 4186291, at *1 (D. Mass. June 26, 2023) (same).  Thus, the references to Suno's discovery material on page 7 of the January 23, 2026 dispute statement should remain sealed so long as there is good cause for doing so, which exists here.

### 2.  Any Public Right of Access is Outweighed by the Risk of Harm to Suno.

Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential.  Fed. R. Civ. P. 26(c).  Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, No. 07-cv-11444, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted).

The portions of the January 23, 2026 joint position statement Suno seeks to file under seal contain references to highly sensitive business decisions and negotiations.  Dukanovic Decl. ¶ 10. The Court has previously permitted references to the same confidential discovery material, submitted in connection with an early discovery dispute, to remain under seal.  *See* Dkt. No. 152 (granting motion to impound discovery dispute containing references to same confidential discovery material).  Public disclosure of this information could cause Suno serious competitive harm.  *See id.*  Generative AI is a booming field, and a rival who obtained currently undisclosed information about Suno's business negotiations might be able to gain an unfair advantage over

3

Suno or try to undercut Suno's approach; similarly, Suno's existing relationships and negotiations with third parties may be affected by the publication of information about Suno's business strategy. *See id.* ¶ 10.  Courts routinely seal similar competitively sensitive information, the disclosure of which could "result in competitive harm to [a party] and damage its business relationships." *Jones v. PGA Tour, Inc.*, No. 22-cv-4486, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023); *see also, e.g.*, *Int'l Swimming League, Ltd. v. Féd'n Internationale De Natation*, No. 18-cv-07394, 2021 WL 2075572, at *7 (N.D. Cal. May 24, 2021) (sealing confidential business documents whose disclosure would cause the defendant competitive harm); *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 448 ("countervailing interests" include "the existence of trade secrets in the documents or confidential business information" (quoting *Nixon v. Warner Comm'ns*, 435 U.S. 589, 597 (1978))); *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 18-cv-00585, 2022 WL 17668678, at *2 (D. Nev. Dec. 14, 2022) ("[P]rotecting a party's business relationships and ability to negotiate for services constitutes good cause to seal documents."); *In re Qualcomm Litig.*, No. 17-cv-00108, 2019 WL 845659, at *2 (S.D. Cal. Feb. 21, 2019) (finding good cause to seal confidential business information, the disclosure of which would cause competitive harm).

In light of the significant risks to Suno's competitive position that may result from disclosure of the material at issue, the Court should also find that Suno's interest in keeping this material confidential outweighs any (minimal) public interest in access.

\* \* \* \* \*

For these reasons, Suno respectfully requests that the Court grant the unopposed motion and order that the materials described herein be impounded until further order of the Court.  The parties have conferred and Plaintiffs have indicated that they do not oppose this motion.

Dated: April 8, 2026

Respectfully submitted,

/s/ *Ivana Dukanovic*
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Ivana Dukanovic (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com
ivana.dukanovic@lw.com

Sarang V. Damle (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Suno has conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues raised in this motion. Plaintiffs have indicated they do not oppose this motion.

/s/ *Ivana Dukanovic*
Ivana Dukanovic

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent April 8, 2026 to those identified as non-registered participants.

*/s/ Ivana Dukanovic*
Ivana Dukanovic
