**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC and SONY MUSIC ENTERTAINMENT,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>　　　　　Defendant. | Civil Action No. 1:24-cv-11611 (FDS) |

**PLAINTIFFS' STATEMENT IN SUPPORT OF SUNO, INC.'S MOTION FOR IMPOUNDMENT**

Pursuant to Local Rule 7.2 and Paragraphs 22 and 23 of the Amended Confidentiality Stipulation and Protective Order entered in this case, Dkt. No. 179 ("Protective Order"), Plaintiffs, by and through their undersigned counsel, hereby respectfully submit this statement in support of Suno Inc.'s Motion for Impoundment, requesting to seal certain portions of the parties' joint position statements. Dkt. Nos. 207, 212, 213.

On January 23 and March 6, 2026, the parties submitted joint position statements to the Court via email concerning various discovery disputes raised by Suno. *See* Declaration of Mariah Rivera ("Rivera Decl.") ¶ 3. The joint position statements describe and reference various documents produced by Plaintiffs that describe or refer to their sensitive material and confidential information. Specifically, Plaintiffs seek to seal the references to their own confidential information on pages 4, 7, 16-18, and 20-22 of the January 23, 2026 statement and pages 1-3, and 5 of the March 6, 2026 statement (the "Confidential Information"). The Confidential Information reveals Plaintiffs' sensitive business and litigation strategies, such that, if it were disclosed to the

public, Plaintiffs would be put at a substantial competitive disadvantage by giving others insight into Plaintiffs' business and negotiation strategy. The harm Plaintiffs would suffer if the Confidential Information were made public outweighs the public's interest in accessing this information.

### A. The Public Right of Access Does Not Attach to Materials Related to Discovery Disputes.

As the First Circuit has explained, the public does not have a right to access discovery materials until they are filed on the docket in support of motion practice. *See United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013). Even after discovery materials are filed on the docket, the right of public access attaches only when the materials are "judicial records" "on which a court relies in determining the litigants' substantive rights." *Id.* at 54.

The discovery statement quotes or otherwise expressly references discovery materials that Plaintiffs designated as confidential pursuant to the protective order. Courts in this Circuit have consistently found that the right of public access does not extend to materials associated with discovery disputes, as these disputes do not determine the litigants' substantive rights. *See, e.g., Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ("[A] request to compel or protect the disclosure of information in the discovery process is not a request for a disposition of substantive rights."); *S.E.C. v. Bradford & Bigelow, Inc.*, 109 F. Supp. 3d 445, 446 (D. Mass. 2015) (noting that any presumption of public access can be overcome "if the filing is not related to issues where there is no tradition of public access, like motions about discovery matters").

### B. Plaintiffs' Request to Seal the Confidential Information Is Supported By Good Cause.

Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal

when "good cause" exists to keep the information confidential. Fed. R. Civ. P. 26(c). Good cause exists where the moving party shows "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted).

The Confidential Information includes references to highly sensitive business and litigation decisions and negotiations with non-parties, including direct references to Plaintiffs' confidential licensing agreements. Rivera Decl. ¶ 10. Courts grant requests to seal information involving confidential matters relating to business operations, particularly where public revelation of these matters would interfere with a company's ability to effectively compete in the marketplace. *FOX INFUSED, LLC v. Neone Techs., Inc.*, 2023 WL 5206812, at *2 (C.D. Cal. June 21, 2023) (granting application "to seal the parties' contract and to redact from the public record paragraphs that quote that contract"). Plaintiffs would face serious competitive harm if the terms of their confidential licensing agreements, and the negotiations thereof, were publicly disseminated to their competitors and other companies with which Plaintiffs may wish to contract. Public disclosure would harm competitors, potential licensors, and counterparties with significant insight into Plaintiffs' bargaining priorities, risk tolerance, and valuation, enabling them to undercut Plaintiffs on price, replicate preferred term packages, and systematically demand concessions Plaintiffs have offered in other contexts. The resulting information asymmetry would impair Plaintiffs' ability to procure favorable agreements, erode margins, and destabilize existing commercial relationships. The same commercial harm exists for the third parties with whom Plaintiffs have negotiated or contracted with. This is exactly why the contracts themselves include confidentiality provisions protecting agreements from public dissemination, and why the negotiations were undertaken confidentially.

Courts routinely recognize that sealing is warranted where disclosure of confidential business terms and negotiation strategies would undermine a company's competitive position and business relationships. *See, e.g.*, *Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023); *Bradford*, 109 F. Supp. 3d at 448 (noting that "countervailing interests" include "confidential business information" (internal quotation omitted)). Public dissemination here would thus cause concrete, immediate competitive harm to Plaintiffs by revealing competitively sensitive deal terms and negotiation strategies, thereby conferring an unfair advantage on market competitors and contractual counterparties, and impairing Plaintiffs' ongoing and future ability to negotiate at arm's length on market terms.

Given the commercial sensitivity of the Confidential Information, and the significant harm that Plaintiffs may suffer if this information is made public, the Court should grant Suno, Inc.'s unopposed motion and order the materials described herein be sealed until further order of the Court.

Dated:  April 13, 2026

/s/  *Mariah Rivera*

Mariah Rivera
HUESTON HENNIGAN LLP
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mrivera@hueston.com

*Attorney for Plaintiffs*

- 5 -

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I, Mariah N. Rivera, hereby certify that counsel for Plaintiffs conferred with counsel for the defendant regarding appropriate redactions.  Suno has indicated it does not oppose this motion.

/s/  Mariah Rivera
Mariah Rivera

*Attorney for Plaintiffs*

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those identified as non-registered participants on April 13, 2026.

/s/ Mariah Rivera
Mariah Rivera

*Attorney for Plaintiffs*