**RAJAN S. TREHAN**    rtrehan@hueston.com    523 West 6th Street
D: 213 788 4381    Suite 400
T: 213 788 4340    Los Angeles, CA 90014
F: 888 866 4825

# HUESTON HENNIGAN LLP

April 16, 2026

**VIA ECF**

The Honorable F. Dennis Saylor IV
United States District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:    *UMG Recordings, Inc. et al. v. Suno, Inc. et al.,* Case No. 1:24-cv-11611 (FDS) (D. Mass.)

Dear Judge Saylor:

Plaintiffs respectfully submit this Notice of Supplemental Authority to bring to the Court's attention a recent federal decision from the Southern District of New York, addressing materially similar allegations and legal arguments as those raised in Plaintiffs' motion for leave to amend their Complaint to allege a violation of 17 U.S.C. § 1201(a) ("DMCA") based on Defendant's circumvention of YouTube's rolling cipher technology. Dkt. No. 126. In that case, Plaintiffs Sony Music Entertainment, Arista Music, and Arista Records LLC (together, "Sony") filed suit against a generative AI music company that scraped and copied Sony's copyrighted sound recordings to train generative AI music models. That court denied a motion to dismiss Sony's 1201(a) claim. *See Sony Music Entertainment, et al. v. Uncharted Labs, Inc., et al.*, No. 1:24-cv-04777-AKH, 2026 WL 1019199, at *1 (S.D.N.Y. April 15, 2026) (attached hereto as Exhibit 1).

Just as Plaintiffs have alleged in their Proposed Amended Complaint, in *Uncharted Labs*, Sony has alleged that the defendants used technology designed to bypass (and circumvent) YouTube's technological measures intended to restrict access to downloadable files—specifically, YouTube's rolling cipher technology—to unlawfully access such files and download copyrighted sound recordings on YouTube. *Id.* at *1–2; *see also* Dkt. No. 126-3 (Proposed Am. Compl.) ¶¶ 53-58. The *Uncharted Labs* defendants moved to dismiss Sony's DMCA claim, arguing, *inter alia*, that the allegations were insufficient to state a viable claim under § 1201(a) because the rolling cipher does not control access. 2026 WL 1019199, at *3 ("Defendants claim that Plaintiffs' description of YouTube's 'rolling cipher' constitutes a copy control and that they have failed to adequately plead circumvention of an access control"); *see also* Dkt. No. 131 (Suno's Opposition) at 11-16.

In denying defendants' motion to dismiss, the *Uncharted Labs* court held that Sony adequately pled that the videos uploaded to YouTube were protected by a "technological measure" pursuant to § 1201(a). The court reasoned that the complaint alleged that YouTube applies "rolling-cipher technology," which "control[s] access to content uploaded on its platform and prevent[s] or inhibit[s] external sites or services from directly downloading protected media files." *Id.* at *1. The court recognized the line of cases holding that circumvention of encryption technology on DVDs violates § 1201(a) even though purchasers may lawfully view the content using licensed players. *Id.* at *3. The court rejected the defendants' claims that DVD technology operates differently than the rolling cipher, holding that any alleged distinction cannot be

7372234

## HUESTON HENNIGAN LLP

sufficiently analyzed at this stage. *Id*. The court thus found that Sony's allegations plausibly alleged "that YouTube employs technological measures that regulate access to its content and that Defendant circumvented them." *Id*.

The *Uncharted Labs* decision thus directly supports Plaintiffs' motion for leave to amend and confirms that the Proposed Amended Complaint's allegations regarding YouTube's rolling cipher state a viable claim under § 1201(a)(1). *See* Dkt. No. 126.

Sincerely,

Rajan S. Trehan

7372234