# EXHIBIT 6

**From:** Mariah Rivera
**To:** Britt.Lovejoy@lw.com; Grace.McLaughlin@lw.com; Alexander Perry; Andrew.Gass@lw.com; Blake.Davis@lw.com; Joe.Wetzel@lw.com; Shlomo.Fellig@lw.com; Sy.Damle@lw.com; suno.lwteam@lw.com
**Cc:** Moez M. Kaba; Christina V. Rayburn; Rajan Trehan; Samuel Givertz
**Subject:** RE: UMG Recordings Inc. v. Suno, Inc., No. 24-cv-11611 (FDS) | Disclosure Date for AI Licensing Agreements
**Date:** Friday, December 5, 2025 12:33:27 AM

Britt,

Plaintiffs write to clarify their production of third-party AI deals and communications about them. In addition to the documents and communications Plaintiffs have already produced that pre-date the instant action relating to contemplated agreements with generative AI companies, Plaintiffs intend to produce <u>all</u> executed agreements to license sound recordings as training data for generative AI models up to present day, as well as external communications with the contractual counterparties regarding the negotiation of those agreements.

However, it is unacceptable that Plaintiffs have agreed to expand the relevant timeframe for the production of certain documents, but Suno—who continues to actively infringe Plaintiffs' copyrighted sound recordings—has not. Plaintiffs thus request that Suno expand their collection and production of the following categories of documents to the present day:

- Documents sufficient to identify how you use sound recordings to develop your AI models, including specifically Suno v4.5 and v.5.
- All documents comprising your source code and training data for Suno v.4.5 and v.5.
- All documents and communications relating to licensing or contemplation of potential licensing of any training data including sound recordings. This must include all licensing and settlement agreements, including but not limited to Suno's agreement with Warner, and related communications. Further, according to Suno's investor presentation materials, Suno has set aside a portion of its latest funding for data, which presumably includes licensing. *See Suno Pitch-Deck Reveals 1M Subscribers – But Licensing Plans Unclear*, Music Ally (Nov. 25, 2025), *available at* https://musically.com/2025/11/25/suno-pitch-deck-reveals-1m-subscribers-but-licensing-plans-unclear/. Plaintiffs are entitled to documents and communications related to these plans.
- All documents and communications relating to the marketing of your AI service or outputs, including specifically Suno v4.5 and v.5. This request includes all marketing materials including pitch decks related to Suno's latest funding round announced on November 19, 2025.
- Documents sufficient to identify the number of outputs that have been generated by your AI models on a monthly basis. According to Suno's investor presentation materials, Suno generates as much music as what is currently available on Spotify every two weeks. *See Suno Creates an Entire Spotify Catalog's Worth of Music Every Two*

*Weeks, Says Investor Pitch Deck for $250M Fundraise*, Billboard (Nov. 24, 2025),
*available at* https://www.billboard.com/pro/suno-creates-spotify-catalog-music-two-
weeks-pitch-deck/.  Plaintiffs are entitled to this data.

- All documents and communications relating to the market for your AI service, including but not limited to any projections or forecasts.
- All documents and communications relating to the most streamed output generators.
- Documents sufficient to identify, on a monthly, quarterly, and annual basis, the revenue and profit realized from your AI model and service, including but not limited to documents sufficient to identify the gross revenue generated, the costs, the gross profit margin, and the net profit margin.

Please confirm by Tuesday, December 9 that you will collect and produce the above categories of documents up to present day.

Best,
Mariah

**Mariah Rivera**
D: 646.891.5049

**From:** Britt.Lovejoy@lw.com <Britt.Lovejoy@lw.com>
**Sent:** Monday, November 10, 2025 5:41 PM
**To:** Mariah Rivera <mrivera@hueston.com>; Grace.McLaughlin@lw.com; Alexander Perry <aperry@hueston.com>; Andrew.Gass@lw.com; Blake.Davis@lw.com; Joe.Wetzel@lw.com; Shlomo.Fellig@lw.com; Sy.Damle@lw.com; suno.lwteam@lw.com
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Christina V. Rayburn <crayburn@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Samuel Givertz <sgivertz@hueston.com>
**Subject:** RE: UMG Recordings Inc. v. Suno, Inc., No. 24-cv-11611 (FDS) | Disclosure Date for AI Licensing Agreements

Mariah:

This is an incredible position for Plaintiffs to take.

Plaintiffs leveraged their commitment to producing third-party AI deals and communications about them—both executed and potential deals—as a basis to justify their refusal to produce their internal communications about their AI licensing strategy.  *See, e.g.*, Dkt. 150-1 at 6–7 (claiming that discovery into internal communications is unnecessary because that Plaintiffs "agreed to produce," *inter alia*, communications with third parties concerning any executed or potential license or agreement, including drafts, related to the use of sound recordings to train any generative AI model or for use in the outputs of any generative AI model"); *id.* at 8 (claiming