Britt Lovejoy
Direct Dial: +1.415.646.8329
britt.lovejoy@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 23, 2026

**VIA ECF**

The Honorable F. Dennis Saylor IV
United States District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:    UMG Recordings, Inc. et al. v. Suno, Inc. et al.
        Case No. 1:24-cv-11611-FDS
        *Response to Notice of Supplemental Authority*

Dear Judge Saylor:

Defendant Suno, Inc. ("Suno") writes in response to Plaintiffs' Notice of Supplemental Authority, Dkt. 217, regarding *Sony Music Entertainment, et al. v. Uncharted Labs, Inc.*, No. 24-cv-4777, 2026 WL 1019199 (S.D.N.Y. Apr. 15, 2026) (Hellerstein, J.).  That decision, which disregards the pleading standard under Rule 12(b)(6), is neither controlling nor instructive with respect to the proper outcome of Plaintiffs' motion to amend here.

In *Uncharted Labs*, the court's analysis of whether the plaintiffs plausibly pleaded a violation of Section 1201(a) consists of only two paragraphs.  *See Uncharted Labs*, 2026 WL 1019199, at *3.  As an initial matter, very little can be gleaned from such a minimal justification for the court's conclusion—particularly for an issue of first impression in this Circuit and one on which the Second Circuit requested briefing.  See Mot. Order in *Yout, LLC v. Recording Indus. Ass'n of Am.*, No. 22-2760, ECF 124 (2d Cir. Oct. 10, 2025).

The court's conclusion also inverts the applicable pleading standard.  Despite finding that the amended complaint "does not establish how [YouTube's alleged technological protection] measures function sufficiently to determine their legal classification" and that "[w]hether YouTube's measures . . . constitute access controls within the meaning of § 1201 requires a greater factual record than the pleadings contain," the court allowed the plaintiffs' claim to *proceed*.  The decision does not identify the factual allegations in the amended complaint that, notwithstanding the foregoing, allowed the court to conclude that the pleading "plausibly alleges that YouTube employs technological protection measures that regulate access to its content." *See Uncharted Labs*, 2026 WL 1019199, at *3.  In fact, even the *Uncharted Labs* court's recitation of the facts alleged in the amended complaint is at odds with such a conclusion: as the court explains,

LATHAM&WATKINS LLP

"Plaintiffs alleged that YouTube, which *allows users to stream content, is not designed to allow, and in fact prohibits, making permanent unrestricted copies of the content it streams*."  *See id.* at *1 (emphasis added).

A proper application of the standard requires a Section 1201(a) plaintiff to plead facts sufficient to show that the defendant "circumvent[ed] a technological measure that effectively controls access to a work protected under [the Copyright Act]." 17 U.S.C. § 1201(a).  The *Uncharted Labs* court found the opposite to be true—*i.e.*, the complaint did not allege sufficient facts from which the Court could "establish how [YouTube's alleged technological protection] measures function sufficiently to determine their legal classification"—and that their claim could proceed.[1]  That approach effectively means that the less a plaintiff alleges about how a measure works, the *more* likely the claim survives.  The outcome is inconsistent with the legal standard in this Circuit, under which "[d]ismissal is appropriate if the complaint fails to set forth factual allegations . . . respecting *each material element necessary to sustain recovery* under some actionable legal theory." *Strahan v. AT&T Mobility LLC*, 270 F. Supp. 3d 535, 544 (D. Mass. 2017) (Saylor, J.) (emphasis added) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008)).

Plaintiffs here have not met that standard.  As Suno explained in its briefing, *see* Dkt. 131 at 12-17, Plaintiffs' proposed Amended Complaint describes that the YouTube platform "allows users to 'stream' content" for free and without restriction. Dkt. 126-3 ¶ 52.  What the rolling cipher prevents, according to Plaintiffs' allegations, is "downloading" or "making permanent copies" of the publicly available streamed content.  *Id.* ¶¶ 52–54, 57.  The rolling cipher is therefore at most, as Plaintiffs have pleaded, a copy control, not an access control.  That is confirmed by Plaintiffs' Notice of Supplemental Authority, where Plaintiffs claim to have alleged that Suno circumvented a measure "intended to restrict access to downloadable *files* . . . to unlawfully access such files and download copyrighted sound recordings." Dkt. 217 at 1 (emphasis added).  Section 1201(a) does

---

[1] Plaintiffs are incorrect that the *Uncharted Labs* court "rejected the defendants' [*sic*] claims that DVD technology operates differently than the rolling cipher." Dkt. 217 at 1.  The decision references the parties' dispute regarding "cases involving DVD players" but contains no such holding.  As Suno argued in opposing Plaintiffs' motion to amend, cases involving DVD encryption are distinguishable because those restrictions actually prevent access to the content—a user without a licensed DVD player cannot view the film at all. *See* Dkt. 157 at 7-9.  By contrast, as alleged in both Plaintiffs' proposed Amended Complaint here and the *Uncharted Labs* amended complaint, YouTube content is freely streamable by anyone without circumventing any technological protection measure. *See* Dkt. 126-3 ¶ 52 (alleging that YouTube "allows users to 'stream' content" without restriction); *Uncharted Labs, Inc.*, No. 24-cv-4777, Dkt. 119 ¶ 52 (same); Dkt. 131 at 10 (explaining that "Plaintiffs do not allege that YouTube imposes technological measures that restrict access to the content for watching or listening"). The *Uncharted Labs* court acknowledged that the defendant raised this distinction but dismissed it as one that "cannot be sufficiently analyzed at this stage," without explaining *why*.  The court thus effectively deferred a legal question—whether a technological protection measure is an access control or a copy control—that is appropriate to resolve on a motion to dismiss. *See, e.g., Hattler v. Ashton*, No. 16-cv-4099, 2017 WL 11634742, at *7-8 (C.D. Cal. Apr. 20, 2017).

LATHAM&WATKINS LLP

not prohibit circumvention of measures that control access to files; it prohibits circumvention of measures that control access to copyrighted *works*.  *See* Dkt. 131 at 15-17.  Here, those works are freely available to the public, with nothing preventing access to them.

It also bears noting that the decision in *Uncharted Labs* addressed a motion to dismiss a claim that had been added to the case over six months earlier.  *See Uncharted Labs*, No. 24-cv-4777, Dkts. 119, 125.  Discovery concerning that claim was already well underway, and the court's opinion simply maintained the status quo.  Here, by contrast, granting Plaintiffs' motion to amend will expand the scope of the litigation and require additional, yet-unserved discovery.  Because the parties' dispute turns on whether YouTube's rolling cipher effectively prevents access to Plaintiffs' recordings, Suno expects that discovery will largely be directed at third party YouTube and will seek technical information about both how the rolling cipher operates and how YouTube made its works available to the public at various relevant times.  This information will only confirm what Suno has already explained and what Plaintiffs' proposed Amended Complaint does not contradict: YouTube imposes no technological measure that "controls access to a copyrighted work." 17 U.S.C. § 1201(a).  But it is neither necessary nor appropriate to burden a third party with discovery where Plaintiffs have failed *ab initio* to plead a cause of action.

For these reasons, and those set forth in Suno's briefing opposing Plaintiffs' motion to amend, the *Uncharted Labs* decision is not a basis to permit Plaintiffs to amend.  The Court should deny Plaintiffs' motion as futile.

Respectfully submitted,

Britt Lovejoy

cc: Counsel of Record (via CM/ECF)