**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT, <br><br> Plaintiffs, <br><br> v. <br><br> SUNO, INC. and JOHN DOES 1-10, <br><br> Defendant. | Civil Action No. 1:24-cv-11611-FDS |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE**
**A RESPONSE TO PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S**
**APRIL 6, 2026 DISCOVERY RULING**

Defendant Suno, Inc. ("Suno") respectfully moves for leave to file an opposition brief in response to Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, and Sony Music Entertainment's (collectively, "Plaintiffs") Objection to Magistrate Judge Levenson's April 6, 2026 Order denying Plaintiffs' request for discovery into Suno's commercial agreement with Warner Music Group ("Warner") ("Objection"). *See* Dkt. 218. Suno's proposed brief, attached hereto as Exhibit A, responds to Plaintiffs' submission and should assist the Court in resolving their Objection.

As grounds for this motion, Suno states as follows:

1. On March 12, 2026, the parties appeared before Magistrate Judge Levenson for a discovery conference, during which Judge Levenson considered a number of discovery disputes the parties submitted for resolution. *See* Dkt. 201. Among the discovery disputes Judge Levenson considered was Plaintiffs' request that Suno produce its confidential settlement agreement with

Warner Music Group ("Warner")—a former co-plaintiff in this litigation—to the remaining Plaintiffs. *See* Mar. 12, 2026 Tr. at 60:14-23, Dkt. 202.

2.      Judge Levenson denied Plaintiffs' request at the March 12, 2026 conference, finding that Plaintiffs had not "made out a significant showing of significance in proportionality" to the burden of production, including because the agreement is "of less relevance given that the limited value of settlements in figuring out market and licensing fees." Mar. 12, 2026 Tr. at 60:14-61:1.  On April 6, 2026, Judge Levenson memorialized this finding in a written order that covered multiple discovery issues. *See* Dkt. 206.  Judge Levenson denied Plaintiffs' discovery request and explained that "the relevance of this information is marginal and the potential for chilling settlements . . . is high." *Id.* at 12.  In making his determination, Judge Levenson credited Suno's argument that "settlements of litigation have little persuasive bearing on identifying and characterizing markets for intellectual property." *Id.*

3.      On April 20, 2026, Plaintiffs filed objections to the portion of the order concerning the Warner agreement. *See* Dkt. 218.

4.      Suno seeks leave to file a responsive brief to address Plaintiffs' arguments.  Good cause exists to permit the filing of the proposed response because Plaintiffs' objections contain numerous mischaracterizations of Judge Levenson's order, Suno's arguments before Judge Levenson, and the law.

5.      For example, though Plaintiffs make cursory reference to the applicable clear error standard of review, their arguments in fact ask the Court to revisit Judge Levenson's careful application of the Rule 26(b) factors and simply reach a different conclusion.  Plaintiffs' objections fundamentally ignore the highly deferential standard of review under Rule 72(a).  Suno seeks to provide the background Plaintiffs have omitted.

6.      Taken at face value, the order makes clear that Judge Levenson properly considered the proportional burden of producing a highly sensitive commercial agreement settling the claims between Suno and a former plaintiff that has marginal relevance to Plaintiffs' litigation positions and that is unlikely to be admissible.  Suno's response would explain both the significant burden and limited relevance of this agreement, situating Judge Levenson's order in the context of Plaintiffs' other discovery requests and the arguments they raised to Judge Levenson.

7.      Plaintiffs' objections also misrepresent Judge Levenson's findings in a number of material ways.  For instance, Plaintiffs' lead argument is that Judge Levenson "disregard[ed] the go-forward component of Suno's agreement with Warner."  Dkt. 218 at 8.  But Judge Levenson's Order expressly references it.  *See* Dkt. 206 at 12.  Plaintiffs also argue that Judge Levenson found that "Federal Rule of Evidence 408 . . . bar[s] discovery of settlement agreements."  Dkt. 218 at 12.  In fact, Judge Levenson found the opposite to be true.  *See* Dkt. 206 at 12.  Suno should be permitted to clarify the false premises of Plaintiffs' objections.

8.      Granting Suno leave to file a response will not prejudice Plaintiffs and will assist the Court in resolving their objections.

9.      Counsel for Suno informed Plaintiffs of its intention to request leave to file a response to their objection on April 22, 2026, and counsel for Plaintiffs stated that they take no position on Suno's request.

WHEREFORE, Suno respectfully requests that the Court grant it leave to file the attached response to Plaintiffs' Objection.

Dated: May 4, 2026

Respectfully submitted,

*/s/ Brittany N. Lovejoy*
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Shlomo Fellig (BBO# 699643)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
shlomo.fellig@lw.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), I, Brittany N. Lovejoy, certify that on April 22, 2026, counsel for Suno, Inc. conferred with counsel for the Plaintiffs by email regarding the relief requested in this motion, and counsel for Plaintiffs indicated that they take no position on this motion.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent May 4, 2026, to those identified as non-registered participants.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy