**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br><br>       Plaintiffs,<br>vs.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>       Defendant. | Civil Action No. 1:24-cv-11611 (FDS) |

**DECLARATION OF RAJAN S. TREHAN IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO AMEND COMPLAINT**

I, Rajan S. Trehan, declare as follows:

1.      I am an attorney, duly licensed to practice law in California, and a Partner at the law firm Hueston Hennigan LLP.  I am counsel of record for Plaintiffs in the above-captioned matter.  I submit this Declaration in support of Plaintiffs' Motion for Leave to Amend Complaint. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently to such facts under oath.

2.      Prior to filing this litigation, Plaintiffs requested information from Suno regarding the development of its AI models.  Specifically, on April 25, 2024, Plaintiffs sent a letter to Suno requesting that it: (1) cease and desist from copying or otherwise using their copyrighted sound recordings; and (2) provide a complete list of all of the materials that it used to develop its AI models, including copyrighted sound recordings.  Suno sent a response on April 29, 2024 refusing to provide the requested information.

3.      On August 19, 2025, Plaintiffs served their First Set of Requests for Production of Documents to Defendant Suno, Inc.  Plaintiffs requested documents and communications concerning Suno's training data, including RFP 6 which requests "documents sufficient to identify how you use sound recordings to develop your AI model, including but not limited to use as training data."  These requests led to negotiation of the Joint Stipulation and Order Regarding Training Data Inspection Protocol.

4.      Once Plaintiffs were provided access to Suno's training data, they worked with their experts to develop a novel, technically complex process by which they could review the millions of audio files in Suno's training data to identify their copyrighted sound recordings.  This process involved the use of Audible Magic's industry-standard audio fingerprinting technology.

5.      Pursuant to the Joint Stipulation and Order Regarding Training Data Inspection Protocol, Plaintiffs sent to Suno the technical details of how Plaintiffs planned to use Audible Magic to analyze the audio files in Suno's training data on May 16, 2025.

6.      On June 27, 2025, after the parties conferred, Suno agreed to Stage 1 of Plaintiffs' proposed plan.  Suno refused to provide consent for Stage 2, citing security concerns.

- 2 -

7. On July 8, 2025, Suno rescinded consent for Stage 1. Suno claimed that it required resolution of the outstanding disputes before the Audible Magic analysis could begin. Plaintiffs promptly provided Suno with a position statement for submission to Judge Levenson focused on the Audible Magic dispute on July 11, 2025.

8. The parties appeared before Judge Levenson on July 31, 2025. While Judge Levenson appeared to be dubious of Suno's security concerns, he ultimately suggested that the parties attempt to arrive at a compromise that entails running less than the entirety of Suno's training data through Audible Magic. After the conference, the parties continued to confer and were ultimately able to reach agreement in October of 2025.

9. Plaintiffs promptly began Stage 1 on November 3, 2025 while the Parties continued to confer regarding the technical details for Stage 2. The Parties agreed that Plaintiffs' experts would obtain the full match results and work with Plaintiffs to develop a list of the unique entities that have uploaded the sound recordings that they own to Audible Magic. After further work with their experts and Audible Magic, Plaintiffs developed a process that would permit Plaintiffs to remove the identifying information for any non-Plaintiff affiliated entities who uploaded sound recordings to Audible Magic.

10. The final Audible Magic match results were shared with Plaintiffs on January 15, 2026.

11. At that point, Plaintiffs conducted multi-step, manual reviews of the Audible Magic results to identify a subset of works to assert in this litigation. Those efforts are detailed in the declarations of David Castagna and Laura Pasek.

12. On May 11, 2026, Plaintiffs provided Suno with notice regarding their forthcoming motion to amend and provided their draft second amended complaint. On May 13, 2026, Plaintiffs provided Suno with their updated Exhibit A, which includes their full list of asserted works.

13. On May 15, 2026, Suno provided its position regarding Plaintiffs' motion, stating:

> Suno opposes Plaintiffs' proposed motion because it would effectively start the case over as we near depositions and the close of fact discovery. With just over a month left in fact discovery,

Plaintiffs would be starting discovery from scratch with respect to the 60,000 new works they propose to add. Plaintiffs cannot add these works to an ongoing litigation while opting out of their discovery and proof burdens with respect to ownership, registration, and validity for each of the added works. Suno is also entitled to an expeditious resolution of its fair use defense, which Plaintiffs' proposed amendments would delay for many months. Plaintiffs' delayed efforts to identify allegedly infringed works and amend their complaint (when they apparently felt they had a basis for asserting the 560 works they originally asserted without any discovery) cannot excuse blowing up the schedule at this late date.

14.    Attached hereto as Exhibit A is a copy of Plaintiffs' Proposed Second Amended Complaint.

15.    Attached hereto as Exhibit B is a redline comparison between Plaintiffs' Proposed Second Amended Complaint and the Complaint.[1]

16.    Attached as Exhibit C is a copy of Plaintiffs' Exhibit A to the Proposed Second Amended Complaint, which includes a list of the works Plaintiffs intend to assert in this action.

17.    Attached as Exhibit D is an email chain dated May 15, 2026 from G. McLaughlin, P. Sanders, and M. Rivera regarding Plaintiffs' Second Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21 day of May, 2026, in Los Angeles, California.

_____

Rajan S. Trehan

---

[1] Plaintiffs have provided a redline comparison to the operative Complaint, as their Motion for Leave to Amend Complaint filed September 19, 2025, remains pending.  Dkt. 126.