## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, and ATLANTIC RECORDS GROUP LLC,<br><br>　　　Plaintiffs,<br>vs.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>　　　Defendant. | Civil Action No. 1:24-cv-11611 (FDS) |

**DECLARATION OF LAURA PASEK IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

UMG Internal

7107753
7137662

I, Laura Pasek, declare as follows:

1.      I am Associate Director of Business and Legal Affairs at UMG Recordings, Inc. ("UMG").  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      I submit this declaration in support of Plaintiffs' Motion for Leave to Amend the Complaint in the above-captioned matter.  This declaration describes the process by which I and other members of UMG's Business and Legal Affairs team, including attorneys, paralegals, and other support staff, undertook to identify additional copyrighted sound recordings owned by UMG or its affiliates that were present in Defendant Suno, Inc.'s ("Suno") training dataset.

3.      I understand that as part of the litigation, UMG analyzed Suno's training data set using Audible Magic's content identification technology.  I further understand that this Audible Magic analysis returned millions of results corresponding to sound recordings that may be owned or controlled by UMG or one of its affiliates.  Given the sheer volume of these results, it would not have been possible for me or members of the Business and Legal Affairs team at UMG to review them all within a reasonable timeframe.

4.      Recognizing this constraint, we were tasked with reviewing only a subset of the Audible Magic match results to confirm that UMG has a good-faith basis to claim ownership over the identified sound recordings.

5.      As an initial step, we identified the copyrighted works that UMG has asserted in other litigation matters.  Because those works have been the subject of prior proceedings, some of the relevant supporting materials, such as copyright registrations and other ownership documentation, had already been compiled in connection with those litigations.

6.      We then gathered a comprehensive list of all pre-1972 sound recordings owned by UMG that have been included in schedules filed with the Copyright Office.  I provided both lists to the attorney team for transmittal to the retained experts.  The experts subsequently cross-referenced these two lists against the Audible Magic results and returned a list identifying all works from our compilations that appeared in those results.

7.      We then conducted a review of those results, which contained thousands of individual sound recordings.  For each post-1972 work that had not been previously asserted in litigation, this review entailed confirming that the work was registered with the Copyright Office and obtaining the corresponding registration numbers from the Copyright Office's website.  Additionally, we conducted searches within UMG's internal databases to verify that UMG continues to hold the rights to each sound recording.

8.      For the pre-1972 sound recordings, we reviewed and affirmed that UMG has the rights to each work and the relevant territory.

9.      I understand that the attorney team also conducted a manual review of the Audible Magic results to identify additional works that UMG could assert in this action.  Specifically, this review involved identifying particular artists that have released sound recordings with UMG that could be included among the asserted works.

10.     Once the expanded list of asserted works was finalized, we circulated it to various departments within UMG to confirm its accuracy and to verify that the inclusion of specific artists was appropriate.  We also consulted with a few artist representatives to discuss the case and the potential inclusion of specific works.

11.     This entire process took approximately two months.  The cumulative effort required to develop a list of works that UMG owns was substantial and reflected a significant investment of time and resources.

UMG Internal

- 3 -

- 4 -

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of May, 2026, in Reno, Nevada.

Signed by:

Laura Pasek

AC7301A1CF8F460...

Laura Pasek

UMG Internal

- 4 -

7137662