# Inner City Press

May 21, 2026

Hon. F. Dennis Saylor IV
United States District Judge
District of Massachusetts
One Courthouse Way Boston, MA 02210

Via Email

Re: Press Opposition to Impoundment of Dkt. 230 in  UMG Recordings, Inc. et al. v. Suno, Inc. 1:24-cv-11611-FDS (D. Mass.)  (Plaintiffs' Motion for Leave to Amend Complaint and Supporting Papers, filed May 21, 2026)

Dear Judge Saylor:

I am a reporter for Inner City Press and respectfully submit this letter in opposition to the impoundment of the supporting papers filed at Docket 230 on May 21, 2026, in the above- captioned matter, and requests that the Court deny the impoundment or require Defendant Suno, Inc. to make a specific, particularized showing of good cause before any material remains under seal.

Numerous Federal judges docket and act on Press requests such as this, routinely in SDNY (leading to the 2d Circuit, Lee v. Greenwood, 145 F.4th 248, No. 23-7432-cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-v-greenwood/ and https://storage.courtlistener.com/recap/gov.uscourts.dcd.235480/gov.uscourts.dcd.235480.19.0.pdf
("Let this be filed")

Let *this* be filed / docketed and responded to before any decision to seal / impound.

I. THE CASE AND ITS HISTORIC PUBLIC SIGNIFICANCE

This is not an ordinary copyright case. UMG Recordings, Capitol Records, and Sony Music Entertainment — three of the largest record labels in the world — have sued Suno, Inc., one of the leading artificial intelligence music generation companies, for copyright infringement based on Suno's use of recorded music to train its AI system. The central question — whether and how AI companies may lawfully use copyrighted works to train generative AI models — is among the most consequential legal issues of this era.

The answer will shape the future of the music industry, the AI industry, and the rights of artists, composers, and copyright holders across every creative field. Millions of musicians, songwriters, and listeners have a direct stake in this litigation. So does every technology company developing AI systems trained on human creative work. This is

Inner City Press: E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013

precisely the category of case in which the public's First Amendment and common law right of access to judicial records is at its zenith.

## II. WHAT IS BEING IMPOUNDED

Docket 230 impounds:

• Plaintiffs' Memorandum of Law in Support of Amended Complaint • Exhibit A to the Declaration of Rajan S. Trehan • Exhibit B to the Declaration of Rajan S. Trehan • Declaration of Daniel Delorey

These are not peripheral discovery documents — they are the core pleadings and supporting submissions for Plaintiffs' motion to amend the complaint. Plaintiffs' memorandum of law contains the legal arguments that will define the scope of this litigation. The Trehan declaration exhibits and the Delorey declaration contain evidence about Suno's training data that goes to the heart of the copyright infringement claims.

The motion states that this material "contains information regarding Defendant Suno Inc.'s training data" designated "Highly Confidential – Attorneys' Eyes Only" by Suno under the operative Protective Order. Dkt. 230 at 1.

## III. THE IMPOUNDMENT IS BEING DRIVEN BY SUNO, NOT BY THE PLAINTIFFS

The motion itself reveals the critical procedural reality: Plaintiffs "expressly reserve the right to object to Suno's sealing the designated material." Dkt. 230 at 1. Plaintiffs are impounding the material not because they believe it should be sealed, but because Suno's "Highly Confidential" designation under the protective order compels them to seek impoundment as a precondition to filing.

This is the same dynamic that courts have recognized as problematic in other sealing contexts: a well- resourced defendant uses a stipulated protective order to designate materials as confidential, effectively forcing the opposing party — and the public — to accept sealing that the opposing party itself opposes. The parties agreed that Suno would have five business days to file a statement of good cause. See Dkt. 180 ¶ 22. That deadline is approximately May 28-29, 2026.

Inner City Press urges the Court to hold Suno to a rigorous standard when it files that statement.

## IV. THE LEGAL STANDARD REQUIRES SPECIFIC GOOD CAUSE

Under First Circuit precedent, there is a qualified First Amendment and common law right of access to judicial records, including documents filed in connection with substantive motions. In re Providence Journal Co., 293 F.3d 1 (1st Cir. 2002); FTC v. Standard Financial Management Corp., 830 F.2d 404 (1st Cir. 1987). The First Circuit

has recognized that the presumption of access is especially strong for documents that are "central to the adjudicatory process." Standard Financial, 830 F.2d at 410.

A motion to amend a complaint — and the memorandum of law and declarations supporting it — are core adjudicatory documents. They define the claims, identify the evidence, and shape the entire course of the litigation. A party asserting that such documents should be impounded must demonstrate specific, particularized harm from disclosure — not a generic invocation of "Highly Confidential" designations made during discovery.

The question of what data Suno used to train its AI model is not a peripheral trade secret — it is the central factual question in this case. Suno has made public statements about its AI capabilities and training methodology. The notion that the training data facts are so sensitive that even the legal arguments about them must be hidden from the public does not satisfy the First Circuit's standard.

## V. THE PUBLIC INTEREST IN AI TRAINING DATA REQUIRES TRANSPARENCY

The impounded materials address what music Suno used to train its AI system. This information is of direct public concern for several reasons:

First, copyright law is a public law. It defines the rights of creators and the obligations of those who use creative works. The public has a right to know what conduct is being alleged and what evidence supports those allegations.

Second, the AI training data debate is a matter of active public policy. Congress, the Copyright Office, and regulatory agencies worldwide are actively considering how to address AI training data and copyright. The judicial record in this case is important public input into that debate.

Third, artists and musicians — whose works may be at issue — have a direct interest in understanding what is alleged about how their recordings were used. Impounding that information from them is particularly inappropriate.

## VI. REQUEST FOR RELIEF

Inner City Press respectfully requests that the Court:

(1) Decline to impound Plaintiffs' Memorandum of Law (Dkt. 230) in its entirety, as legal argument does not constitute protectable confidential information and the public has a First Amendment right to access pleadings that define the scope of litigation;

(2) Require Defendant Suno, when it files its statement of good cause under Local Rule 7.2 and Dkt. 180 ¶ 22, to identify with specificity which particular facts or passages in each document would cause concrete competitive harm if disclosed, and why that harm outweighs the public interest in access;

(3) Consider whether targeted redaction of specific proprietary technical details — rather than wholesale impoundment of entire documents — would adequately protect any legitimate confidentiality interests while preserving public access to the legal arguments and general factual contentions; and

(4) Make specific findings on the public docket as to any material that remains impounded, consistent with the First Circuit's requirement that sealing orders be supported by specific findings. Standard Financial, 830 F.2d at 412.

The copyright questions presented in this case — whether and how AI companies may use recorded music to train generative models — will be decided in large part on the factual record now being developed. The public, including working musicians, AI developers, and every person who interacts with AI-generated content, deserves to understand the evidence and arguments that will determine those questions. The First Amendment right of access exists precisely for cases of this magnitude.

Respectfully submitted,

Respectfully submitted,

/s/
Matthew Russell Lee, Inner City Press
Mail: PO Box 130222, Chinatown Station NY NY 10013
Email Matthew.Lee [at] innercitypress.com
Cell: 718-716-3540
https://x.com/innercitypress (380,000 followers)
www.InnerCityPress.com

4