**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br><br>   Plaintiffs,<br><br>   v.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>   Defendant. | Civil Action No. 1:24-cv-11611-FDS |

**DEENDANT SUNO,  INC.'S STATEMENT IN SUPPORT OF**
**MOTION FOR IMPOUNDMENT**

Pursuant to Local Rule 7.2 and Paragraphs 22 and 23 of the Amended Confidentiality Stipulation and Protective Order entered in this case, ("Protective Order"), Dkt. No. 180, Defendant Suno, Inc. ("Suno"), by and through its undersigned counsel, hereby respectfully submits this statement in support of partially impounding discrete portions of Plaintiffs' Proposed Second Amended Complaint, Dkt. 231-3, ¶¶ 12, 81, the redline of the Proposed Second Amended Complaint, Dkt. 231-3, ¶¶ 12, 81, the Declaration of Daniel Delorey in Support of Plaintiffs' Motion for Leave to Amend Complaint ("Delorey Declaration"), Dkt. 231-7, ¶¶ 4, 6, Plaintiffs' Memorandum of Law in Support of Motion for Leave to Amend Complaint ("Memorandum"), Dkt. 232, at 7, 13.

Suno seeks to impound a single figure across these materials: the number of audio files Plaintiffs allege Suno used to train its generative AI model (the "Model Training Figure").  The Model Training Figure is nonpublic, commercially sensitive information that Plaintiffs gained

access to only through discovery and under the protections of the Protective Order and the separate Training Data Inspection Protocol, which the parties entered in recognition of the unique sensitivity of this data. *See* Dkt. 76.  Disclosure of the Model Training Figure would cause competitive harm for Suno, and good cause exists to grant the narrow impoundment Suno requests.

Plaintiffs do not oppose Suno's motion, but third-party Inner City Press has filed an opposition requesting that the Court "deny the impoundment or require [Suno] to make a specific, particularized showing of good cause before any material remains under seal." *See* Dkt. 233 at 1.[1] Because the Court has ordered Suno to make such a showing, *see* Dkt. 234, and Suno has done so, Inner City Press's request is moot.

### 1. The Commercial Sensitivity of the Model Training Figure Justifies Impoundment

The right to "inspect and copy judicial records is not absolute," *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978), and nonpublic documents and information may be protected from public disclosure for good cause, *see* Fed. R. Civ. P. 26(c).  In considering a request to keep confidential materials under seal, the Court must weigh "the interest in public access to the entire complaint against the asserted privacy interests in disclosing nonpublic, proprietary, or commercially sensitive information."  *Nachbaur v. Mahoney*, No. 23-cv-10750, 2024 WL 3471300, at *1 (D. Mass. Feb. 6, 2024).  Good cause to seal information exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing [of nonpublic information] under seal." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. 07-cv-11444, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008).  "Sources of business information that might harm a litigant's competitive standing" have regularly been found

---

[1] Plaintiffs have reserved the right to contest the propriety of sealing this material at a later date. *See* Dkt. 231.

sufficient to outweigh the common law presumption of public access.  *Nachbaur*, 2024 WL 3471300, at *1 (quoting *Nixon*, 435 U.S. at 598).[2]

The Model Training Figure reflects the total volume of audio files Plaintiffs allege Suno used to train its generative AI models.  *See* Kucsko Decl. ¶ 4.  To be clear (and contrary to Inner City Press's claims*, see* Dkt. 233 at 3 (falsely claiming "[t]he impounded materials address what music Suno used to train its AI system"), Suno does not seek to impound any *particular* recording Plaintiffs allege was included in the training data.  Nor does Suno seek impoundment of the information material to Plaintiffs' motion to amend: the additional works they purportedly identified in the training data.  *Cf. United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) ("judicial records" are materials "on which a court relies in determining the litigants' substantive rights").  Rather, the sole information Suno seeks to  impound is the total *number* of audio files allegedly used to train its model.  Suno has never disclosed that figure publicly, and for good reason.  Generative AI is a booming field, and many rival companies exist seeking to develop tools to compete with Suno's.  *See* Kucsko Decl. ¶¶ 6–8.  If competitors learned the volume of Suno's training data—a core component of the tool has Suno built—they could use that information to replicate and benchmark against Suno's models, infer aspects of Suno's training and development process, and potentially optimize their models to unfairly compete with Suno's by leveraging Suno's confidential business information. *See* Kucsko Decl. ¶ 8.  Plaintiffs have been able to allege the Model Training Figure only because Suno produced the underlying information in discovery,

---

[2] Suno intends to oppose Plaintiffs' Motion for Leave to Amend Complaint.  That the Model Training Figure is "irrelevant to the live claims in this action" further supports impoundment. *See Freedom Mortg. Corp. v. Tschernia*, No. 20-cv-1206, 2021 WL 11645776, at *2 (S.D.N.Y. May 7, 2021); *see also Lusk v. Akradi*, No. 15-cv-1911, 2018 WL 1634408, at *2 (D. Minn. Apr. 5, 2018) (denying motion to unseal proposed amended complaint attached to unsuccessful motion for leave to amend and explaining that "[t]he public's interest in a proposed amended complaint that is unanswered by the Defendants is outweighed by the confidentiality interests of the Defendants and third parties" (emphasis omitted)).

subject to the Protective Order as well as the separate Training Data Inspection Protocol, which designates all training data as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," requires inspection to be conducted in a secure room on designated computers without internet access, and, with limited exceptions, prohibits copies of the training data from leaving the secured room. *See* Kucsko Decl. ¶ 5; Dkt. 76; *see also* Dkts. 54, 180. While Suno disclosed its highly sensitive information to Plaintiffs for use in this litigation under the protections of the Protective Order and the Training Data Inspection Protocol, public disclosure of the Model Training Figure to potential competitors could cause Suno serious commercial harm. *See* Kucsko Decl. ¶ 8.

Courts routinely seal competitively sensitive information such as this, the disclosure of which "could unfairly disadvantage" a party in favor of their economic competitors. *See, e.g.*, *In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, No. 10-02193, 2012 WL 5239726, at *1 (D. Mass. Oct. 24, 2012); *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015) ("countervailing interests" include "the existence of trade secrets in the documents or confidential business information" (quoting *Nixon v. Warner Comm'ns*, 435 U.S. 589, 598 (1978))). In this litigation specifically, the Court has granted previous motions to impound information about Suno's training data due to the same competitive risks of disclosure currently at issue. *See, e.g.*, Dkt. 129 (seeking impoundment of "details about Suno's model training process and information Suno used (or did not use) in connection with building its training dataset); Dkt. 130 (granting motion). In so doing, the Court joined courts around the country that have found that details regarding the training data and process for a generative AI model are competitively sensitive and may be maintained under seal. *See, e.g.*, *UMG Recordings, Inc., et al. v. Uncharted Labs, Inc.*, Case No. 1:24-cv-04777, Dkt. 79 (S.D.N.Y. Feb. 28, 2025) (granting motion to maintain under seal declaration providing a description of how

company "creates and processes its training datasets"); *The New York Times v. Microsoft Corp.*, No. 23-cv-11195, Dkt. 378, at 1, 5 (S.D.N.Y. Jan. 10, 2025) (granting motions to seal exhibits and portions of letter motions that reference "information of the type that would normally be kept strictly confidential by the parties" and noting "the high-stakes nature and publicity of these cases and the sensitive information involved"); *id.*, Dkt. 349 ¶ 6 (information sought to be maintained under seal included details of training processes for generative AI model); *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, Dkt. No. 304 (N.D. Cal. Dec. 4, 2024) (granting motion to seal discussion of training data in generative AI copyright case); *Concord Music Group, et al., v. Anthropic PBC*, No. 24-cv-03811, Dkt. 282, at 2–4 (N.D. Cal. Dec. 19, 2024) (granting request to seal confidential information about training data).

In light of the significant harm to Suno's competitive position that could result from disclosure of the Model Training Figure, the Court should find that good cause exists to impound that information.

### 2. *The Requested Impoundment is Narrowly Tailored and Is Consistent with the Public Interest*

Suno's impoundment request is narrowly tailored to prevent the risk of competitive harm while also allowing public access to judicial records. Across the dozens of pages of materials Plaintiffs filed in support of their second Motion to Amend the Complaint, Suno seeks to impound just the Model Training Figure, which presents unique commercial sensitivities, as described above. Suno does not seek to impound anything beyond the Model Training Figure and no less restrictive alternative would protect Suno's interests. It is not the case, as Inner City Press suggests, that Suno seeks to prevent public disclosure of Plaintiffs' filed materials in general or beyond discrete references to this particular number. *See* Dkt. 233 at 2. Nor has Suno sought to

5

impound material merely because it is designated as Confidential under the Protective Order. *See id.* at 2, 3. For instance, Plaintiffs identified the additional works Suno allegedly infringed only by inspecting Suno's training data, which has been designated "Highly Confidential - Attorney's Eyes Only." *See* Dkt. 76. Suno does not seek to impound all references to that inspection or to its results, recognizing that the right of public access outweighs any commercial interest in keeping private the identity of these specific works. Suno also has not sought impoundment of more general references to the volume of works on which Suno trained its tool. *See, e.g.*, Dkt. 231-3, ¶ 48 (referring to "millions" of sound recordings allegedly in Suno's training data). Instead, Suno only seek to impound a handful of references to the exact number of files in its training data set. This approach is well-supported in this Circuit and beyond. *See supra.*

Inner City Press is also incorrect that the information at issue "goes to the heart of the copyright infringement claims." Dkt. 233 at 2. Plaintiffs' infringement claims are based on Suno's alleged copying of the specific works they have asserted, *see* Dkt. 231-3 ¶¶ 101-16; Dkt. 231-5, which Suno does not seek to seal. Plaintiffs' claims and Suno's defenses are well-documented in the parties' public filings—and will continue to be so as the litigation progresses. *See, e.g.*, Dkts. 1, 28, 131, 231-3, 232. The Model Training Figure is simply a reference to the *total* number of audio files Plaintiffs claim are in Suno's training dataset; it does not reveal any particular works, nor does it "address what music Suno used to train its AI system" or "how [any] recordings were used." Dkt. 233 at 3. In short, Inner City Press's sweeping and generalized statements about the right of public access and the importance of this litigation are simply divorced from the reality of what Suno seeks to impound: a small number of references to a single, competitively sensitive figure, which lends little (if any) insight into "what conduct is being alleged and what evidence supports those allegations." *See* Dkt. 233 at 3.

Because the interest of the general public in the Model Training Figure, in isolation, is low, and the risk of potential competitive harm is significant, the Court should grant Suno's narrow impoundment request.

* * * * *

For these reasons, Suno respectfully requests that the Court grant Plaintiffs' motion for impoundment and order that the materials described herein be impounded until further order of the Court.

Dated: May 29, 2026                                   Respectfully submitted,

                                                      */s/ Brittany N. Lovejoy*
                                                      Andrew M. Gass (*pro hac vice*)
                                                      Brittany N. Lovejoy (*pro hac vice*)
                                                      Ivana Dukanovic (*pro hac vice*)
                                                      **LATHAM & WATKINS LLP**
                                                      505 Montgomery Street
                                                      Suite 2000
                                                      San Francisco, CA 94111-6538
                                                      Telephone: (415) 391-0600
                                                      Facsimile: (415) 395-8095
                                                      andrew.gass@lw.com
                                                      brittany.lovejoy@lw.com
                                                      ivana.dukanovic@lw.com

                                                      Grace McLaughlin (*pro hac vice*)
                                                      **LATHAM & WATKINS LLP**
                                                      1271 Avenue of the Americas
                                                      New York, NY 10020
                                                      Telephone: (212) 906-1200
                                                      Facsimile: (212) 751-4864
                                                      grace.mclaughlin@lw.com

                                                      *Counsel for Defendant Suno, Inc.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent May 29, 2026 to those identified as non-registered participants.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy