**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,

Plaintiffs,

v.

SUNO, INC. and JOHN DOES 1-10,

Defendant.

Civil Action No. 1:24-cv-11611-FDS

**DECLARATION OF GEORG KUCSKO REGARDING**
**SUNO'S STATEMENT IN SUPPORT OF MOTION FOR IMPOUNDMENT**

I, Georg Kucsko, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.  I am Chief Technology Officer at Suno, Inc. ("Suno"). I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2.  I submit this declaration in accordance with Local Rule 7.2, Paragraphs 22 and 23 of the Amended Confidentiality Stipulation and Protective Order entered in this case, Dkt. No. 180 ("Protective Order"), and the Court's Standing Order Regarding Motions for Leave to File Under Seal and Stipulated Protective Orders.

3.  I understand that Plaintiffs have filed a second Motion for Leave to Amend the Complaint and have, in connection with that Motion, filed a Proposed Second Amended Complaint, Dkt. 231-3, a redline of the Proposed Second Amended Complaint, Dkt. 231-3, a Declaration of Daniel Delorey in Support of Plaintiffs' Motion for Leave to Amend

Complaint ("Delorey Declaration"), Dkt. 231-7, and a Memorandum of Law in Support of Motion for Leave to Amend Complaint ("Memorandum"), Dkt. 232.

4. I understand that each of these materials refers to a total number of audio files Plaintiffs allege Suno used to train its generative AI model (the "Model Training Figure").

5. I understand Plaintiffs' experts arrived at the Model Training Figure by inspecting Suno's source code and training data and identifying the number of audio files. *See* Delorey Declaration ¶ 3. I understand that Suno produced its source code and training data in the context of this litigation and under the procedures governed by the Protective Orders, Dkts. 54, 180, and the Training Data Inspection Protocol, Dkt. 76.

6. The Model Training Figure is not publicly available and has not been disclosed outside of this litigation.

7. Suno treats information about the scale and scope of its training data as highly confidential, proprietary business information.

8. Public disclosure of the Model Training Figure would risk significant competitive harm to Suno. In the rapidly evolving and highly competitive generative AI market, the size of a company's training corpus reflects technical development decisions and strategic judgments concerning model design and performance, including with respect to the exact volume of data required to build a high-quality generative AI model. If competitors obtain access to the Model Training Figure, this could allow them to benchmark their own systems against Suno's model, infer aspects of Suno's training and development approach, and potentially optimize their models to unfairly compete with Suno's by leveraging Suno's confidential business information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2026 at Redwood City, California.

Georg Kucsko
SUNO, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent May 29, 2026 to those identified as non-registered participants.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy

4