Britt Lovejoy
Direct Dial: +1.415.646.8329
britt.lovejoy@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

July 2, 2026

**VIA ECF**

The Honorable F. Dennis Saylor IV
United States District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re: *UMG Recordings, Inc., et al. v. Suno, Inc., et al.*, No. 1:24-cv-11611-FDS (D. Mass.)

Dear Judge Saylor:

Defendant Suno, Inc. ("Suno") files this notice of supplemental authority to draw the Court's attention to a recent order denying the plaintiffs' motion for leave to amend the complaint in *Sony Music Entertainment v. Uncharted Labs, Inc.*, No. 24-cv-04777, Dkt. 183 (S.D.N.Y. June 29, 2026) ("*Udio*") (attached hereto as Exhibit A). The *Udio* court's analysis applies equally to the present litigation and further supports Suno's opposition to Plaintiffs' Second Motion for Leave to Amend Complaint. As the court did in *Udio*, this Court should deny Plaintiffs' Motion.

The *Udio* litigation was brought by the same three major record labels that filed suit here[1] and involves nearly identical claims for copyright infringement against a generative AI company that allegedly trained on the plaintiffs' sound recordings. *Compare* Dkt. 1 with *Udio*, No. 24-cv-04777, Dkt. 1 (S.D.N.Y. June 24, 2024). In both cases, the labels made the strategic decision to assert a few hundred allegedly infringed works, while maintaining that the defendant had trained on many other recordings. *See* Dkt. 1 ¶¶ 9, 27, Ex. A; *Udio*, No. 24-cv-04777, Dkt. 1 ¶¶ 9, 30; Dkt. 1-1. And in both cases, just a day apart, the plaintiffs moved to amend to assert tens of thousands of additional works nearly two years into the litigation, following multiple extensions of the case schedule and just as the parties were completing document discovery—and, in *Suno*, weeks from the close of *all* fact discovery. *See* Dkt. 231; *Udio*, No. 24-cv-04777, Dkt. 160 (S.D.N.Y. May 22, 2026).

---

[1] Warner Music Group and its subsidiaries have since dismissed their claims against Suno, leaving UMG Recordings, Inc., Sony Music Entertainment, and their respective subsidiaries. In *Udio*, both Warner Music Group and UMG Recordings, Inc. and their subsidiaries have dismissed their claims.

LATHAM&WATKINS LLP

The *Udio* plaintiffs presented the same arguments in support of amendment as Plaintiffs here, claiming that they acted diligently and that the defendants would not be prejudiced by their attempt to exponentially increase the scope of the case at the eleventh hour. *See* Dkt. 232 at 9; *Udio*, No. 24-cv-04777, Dkt. 160-2 at 9 (S.D.N.Y. May 22, 2026). In response, both Uncharted Labs ("Udio") and Suno cited the plaintiffs' lack of urgency in identifying the works they intended to add, the significant disruption to the case schedule that would be caused by inserting tens of thousands of new works, and the prejudice caused by continuing to delay resolution of the question of whether using sound recordings to train advanced AI tools constitutes fair use. *See* Dkt. 237 at 9-19; *Udio*, No. 24-cv-04777, Dkt. 169 at 9-20 (S.D.N.Y. June 5, 2026).

The *Udio* court denied the plaintiffs' motion, "agree[ing] with" Udio and finding that "[p]ermitting the proposed amendment at this stage would substantially prejudice [Udio] and unduly delay the resolution of th[e] action." *Udio*, No. 24-cv-04777, Dkt. 183, at 2. The court specifically observed that the addition of 30,000 works "would require substantial additional production and review" of documents and "materially alter the scope of the case," creating a litigation that no "single judge could deal with." *Id.* at 2 (citation and quotation marks omitted). The court further found that Udio would be prejudiced by the inevitable effect of the proposed amendment and of the requisite additional discovery that would come with it: "delaying the resolution of the legal questions at the heart of this matter," including the question of "whether using works to train a generative AI model is a transformative use." *Id.* at 2, 3.

Each of the considerations that led the court to deny the *Udio* plaintiffs' motion is equally present—or more material—in this case. Plaintiffs seek to assert 60,000 additional works, twice the number at issue in *Udio*, which would likewise require "substantial additional production and review" of documents, to say nothing of whether "any single judge could deal with" this volume of works at summary judgment or at trial. And Suno would be just as prejudiced by delaying this litigation and postponing resolution of its fair use defense (and other defenses); indeed, the disruption here would be even more significant, where, unlike in *Udio*, depositions are already underway and a deadline for dispositive motions has been set. *See* Dkt. 251. In short, just as in *Udio*, "allowing Plaintiffs to multiply the number of works now . . . would expand this action dramatically, prejudice Defendants by delaying the resolution of the legal questions at the heart of this matter, and considerably prolong the proceedings." *Udio*, No. 24-cv-04777, Dkt. 183, at 3. Plaintiffs' motion should be denied here, too.

Suno respectfully requests that this Court consider the *Udio* court's denial of the plaintiffs' motion to amend in deciding the present Plaintiffs' nearly identical motion. For the same reasons that the *Udio* court denied the motion in that case, as well as the additional bases identified in Suno's briefing, this Court should deny Plaintiffs' motion here as well.

Respectfully submitted,

Britt Lovejoy

cc: Counsel of Record (via CM/ECF)