**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UMG RECORDINGS, INC., et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SUNO INC., et al.,**<br><br>**Defendants.** | ) | **Civil Action No. 24-11611-FDS** |

**MEMORANDUM AND ORDER ON PLAINTIFFS' SECOND MOTION TO AMEND THE COMPLAINT**

**SAYLOR, J.**

This is a copyright dispute concerning an AI music generator. Plaintiffs are a group of record companies or recorded-music businesses that own or exclusively control copyrights to sound recordings. Defendant Suno, Inc. is a generative AI company. It runs Suno AI, a service that generates music in response to text prompts.

Plaintiffs accuse Suno of copying their sound recordings to train its AI model in violation of their copyright rights. The initial complaint identified 560 recordings as an "illustrative sampling of [p]laintiffs' federally copyrighted sound recordings that Suno has illegally reproduced." (Dkt. No. 1 ¶ 27; Dkt. No. 1-2).[1] During discovery, plaintiffs identified additional sound recordings that Suno allegedly infringed. It has now moved to amend the complaint to assert 61,026 additional works. (Dkt. No. 231).[2] Suno opposes the motion. (Dkt. No. 237).

[1] The original list included additional copyrighted sound recordings owned or controlled by record labels affiliated with Warner Music Group. Those entities are no longer plaintiffs in this case. (Dkt. No. 183).

[2] Plaintiffs had previously filed a first motion to amend the complaint that seeks to assert a claim under 17 U.S.C. § 1201(a)(1). (Dkt. No. 134). That motion to amend will be addressed in a separate memorandum and order.

Under Rule 15(a), a party may amend a pleading without leave of court in certain relatively narrow circumstances. Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, amendments may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may also consider judicial economy. *See Astellas Inst. for Regenerative Med. v. ImStem Biotechnology, Inc.*, 2019 WL 9096049, at *5 (D. Mass. Aug. 21, 2019) (citing cases). In determining whether to grant a motion to amend, the court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

Plaintiffs are of course entitled to pursue valid claims for copyright infringement, and the magnitude of the alleged infringement is not a defense. Nonetheless, simply adding claims involving 61,026 additional works to this lawsuit will have obvious consequences of complexity and delay. Fact discovery is nearing completion. Plaintiffs filed this motion to amend one month before the close of fact discovery. The deadline has since been extended to September 30, 2026—more than a year and a half since the original deadline for the close of fact discovery. Conducting discovery for 61,026 additional works will delay the resolution of this case for an indefinite period of time.

Such additional complexity and delay will likely prejudice Suno. Among other things, summary judgment on Suno's fair use defense will likely resolve the predominant issue in this

case. *See Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 24 (2021) (explaining "that the ultimate question [of] whether . . . facts show[] 'fair use' is a legal question for judges to decide"). Suno is entitled to a timely resolution of that question.

There appear to be two principal options that would both permit plaintiffs to assert their claims and avoid unnecessarily complicating and delaying this proceeding.

The first option is to deny the amendment, which would require plaintiffs to file a separate lawsuit. If that claim is brought in the District of Massachusetts, it will likely be designated as related to this action and assigned to this session. D. Mass. R. 40.1(g). Discovery in that case could proceed on a different schedule, or indeed be stayed pending resolution of the fair use issue in this proceeding. That lawsuit could also be potentially consolidated, in whole or in part, with this one.

The second option is to permit the amendment, but to sever and stay the claims involving the 61,026 additional works while the original lawsuit proceeds to a resolution or to some other suitable point in the litigation. Indeed, plaintiffs propose bifurcating the case—that is, proceeding to summary judgment on Suno's fair use defense while deferring discovery as to the newly added works. Doing so might have some minor disadvantages (for example, it might be necessary to enter separate judgment under Fed. R. Civ. P. 54(b) to permit a timely appeal of any resolution of the original claims), but none appear insuperable.

In any event, neither scenario is obviously preferable, and under either it would be desirable to delay or defer discovery and motion practice as to the 61,026 works so as not to interfere unduly with the resolution of this matter as to the 560 original works. Under the circumstances, it appears that proceeding in parallel cases best balances any prejudice to Suno from further delay, plaintiffs' right to pursue their copyright claims, and the interests of judicial

economy. How best to coordinate that proceeding (assuming one is filed) with this one is a question for another day.

For the foregoing reasons, plaintiffs' second motion to amend the complaint (Dkt. No. 231) is DENIED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: August 18, 2026