**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br><br>Plaintiffs,<br>vs.<br><br>SUNO, INC., and JOHN DOES 1-10,<br><br>Defendant. | Case No. 1:24-cv-11611-FDS<br><br>**STIPULATION AND [PROPOSED] ORDER RE: NON-WAIVER OF PRIVILEGE** |

Upon the stipulation of the parties, the Court ORDERS as follows:

WHEREAS, at the August 6, 2026 discovery conference, the Court encouraged the parties to consider a stipulation under which the production of documents previously withheld as privileged would not give rise to any argument of waiver;

WHEREAS, solely for the purpose of narrowing the parties' disputes and facilitating the efficient progress of discovery, the parties may agree to produce certain documents identified on their privilege logs ("Produced Log Documents");

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendant, through their undersigned counsel, as follows:

1. Any production of Produced Log Documents is a voluntary compromise made to narrow the parties' discovery disputes. Any such production is not, and shall not be construed or asserted as, an admission or concession that any Produced Log Document is or is not privileged or otherwise protected. For the avoidance of doubt, the Produced Log Documents, once produced, may be used by any party for any purpose in this litigation to the same extent as any other produced document.

2. The act of producing Produced Log Documents shall not constitute, and no party shall assert or argue that it constitutes, a waiver (express, implied, subject-matter, or otherwise) of the attorney-client privilege, the work-product doctrine, the common-interest doctrine, any joint-client privilege, or any other applicable privilege or protection, as to (a) the Produced Log Documents; (b) any other document, communication, or information withheld or redacted as privileged in this or any other proceeding; or (c) the subject matter of any Produced Log Document, including with respect to deposition or other testimony. For the avoidance of doubt, this paragraph does not limit any party's right to use the Produced Log Documents themselves in discovery, at trial, or in any other aspect of this litigation.

3. No party shall rely solely on the fact of another party's production of Produced Log Documents as a basis for asserting waiver of any privilege or protection, for compelling the production of any other withheld or redacted document, or for compelling testimony concerning privileged matters. For the avoidance of doubt, nothing in this Stipulation limits any party's rights to challenge any other privilege assertions on any grounds independent of the mere act of production contemplated herein, including without limitation challenges based on the face of the privilege log or any other applicable legal basis.

4. **Third-Party Privileges.** Insofar as any Produced Log Document comprises or reflects communications with counsel for, or involving, third parties, including but not limited to any trade association or its respective members as well as public relations and communications firms, the act of producing such documents pursuant to this Stipulation shall not constitute or be construed or asserted as a waiver by, or on behalf of, any implicated third party of any privilege or protection that such third party holds or may hold as to any other document, communication, or subject matter. Neither party purports to waive, and the parties agree that they cannot unilaterally

waive, any privilege or protection held in whole or in part by any other person or entity. For the avoidance of doubt, once produced, the Produced Log Documents may be used by any party to the same extent as any other produced document in this litigation.

5. **Federal Rule of Evidence 502.** This Stipulation constitutes an agreement under Federal Rule of Evidence 502(e). The parties shall jointly request that the Court enter this Stipulation as an order under Federal Rule of Evidence 502(d), providing that any production of Produced Log Documents does not waive any privilege or protection in this proceeding or in any other federal or state proceeding.

6. The Produced Log Documents may be designated under the operative Protective Order (Dkt. 180), and nothing in this Stipulation limits any party's rights or obligations under the Protective Order or the ESI Protocol (Dkt. 55).

7. Documents the parties continue to withhold and list on their privilege log remain subject to the parties' respective positions concerning privilege, which are fully preserved.

**IT IS SO STIPULATED**:[1]

Dated: August 20, 2026

*s/ Christina v. Rayburn*
Moez M. Kaba (*pro hac vice*)
Mariah N. Rivera (*pro hac vice*)
Alexander R. Perry (*pro hac vice*)
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com

Christina V. Rayburn (*pro hac vice*)
**HUESTON HENNIGAN LLP**
620 Newport Center Dr., Suite 1300
Newport Beach, California 92660
Telephone: (949) 356-6412
Facsimile: (888) 775-0898
crayburn@hueston.com

Rajan S. Trehan (*pro hac vice*)
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rtrehan@hueston.com

Daniel J. Cloherty
Alexandra Arnold
**CLOHERTY & STEINBERG LLP**
One Financial Center, Suite 1120
Boston, Massachusetts 02110
Telephone: (617) 481-0160
Facsimile: (617) 848-0830
dcloherty@clohertysteinberg.com
aarnold@clohertysteinberg.com

*Counsel for Plaintiffs*

*s/ Brittany N. Lovejoy*
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Shlomo Fellig (BBO# 699643)
**LATHAM & WATKINS LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
shlomo.fellig@lw.com

*Counsel for Defendant Suno, Inc.*

[1] The Parties use electronic signatures with consent in accordance with Rule 5.4(b) of the Local Rules and the Court's ECF Administrative Procedures.

**SO ORDERED this __ day of August, 2026**

________________________________________

The HONORABLE PAUL G. LEVENSON
Chief United States Magistrate Judge