**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>Defendant. | Civil Action No. 1:24-cv-11611-FDS |

## ANSWER OF DEFENDANT SUNO, INC. TO FIRST AMENDED COMPLAINT

Defendant Suno, Inc. ("Suno"), by and through its undersigned counsel, hereby answers the First Amended Complaint (the "FAC"), Dkt. 277, filed August 25, 2026, by Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, and Sony Music Entertainment (collectively, "Plaintiffs"), pursuant to the Court's order dated August 18, 2026, Dkt. 271.

## RESPONSES TO SPECIFIC ALLEGATIONS

## NATURE OF THE ACTION[1]

1. Suno admits that artificial intelligence ("AI") and machine learning are the next frontier of technological development and present significant future opportunities. Suno denies the remaining allegations of this paragraph.

2. Suno admits that AI companies, like all other enterprises, must abide by the laws that protect human creativity and ingenuity. The remaining allegations in this paragraph contain

[1] The various headings and subheadings of the First Amended Complaint are not allegations and thus do not require a response. Suno reproduces them in this Answer solely for convenience. To the extent a response is required, Suno denies any allegations contained in the headings and subheadings of the First Amended Complaint.

legal conclusions to which no response is required.[2] Suno denies that this lawsuit seeks to enforce any valid claim under applicable law.

3. Suno admits that generative AI tools assist humans in creating new and innovative music. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

4. Suno admits that its generative AI tool allows users to generate, among other things, digital music files in response to basic inputs. Suno admits that its model was constructed by showing the program a vast amount of different kinds of sound recordings in order to derive statistical insights about those recordings. Suno denies the remaining allegations of this paragraph.

5. The allegations in this paragraph contain legal conclusions to which no response is required.

6. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

7. Suno admits that it offers a generative AI tool that creates digital music files within seconds of receiving a user's prompts. Suno further admits that constructing its generative AI tool required showing the program massive amounts of data in order to derive statistical insights about that data. Suno also admits that it charges many of its users monthly fees to use its product and produce digital files. Suno further admits that it obtained audio data from YouTube for use as training data. Suno denies any remaining allegations of this paragraph.

8. Suno admits that constructing its generative AI tool required showing the program tens of millions of different kinds of recordings in order to derive statistical insights about them. Suno admits that the quoted language appears in an August 3, 2023 post from the @georg Discord account. Suno further admits that the quoted language appears in Rachel Metz, *The AI Music Era*

[2] To the extent a response to any legal conclusion herein is required, Suno denies the allegation.

*Is Here. Not Everyone Is a Fan*, Bloomberg (May 6, 2024), available at https://www.bloomberg.com/news/articles/2024-05-06/suno-udio-and-more-the-ai-music-era-is-here-not-everyone-is-a-fan. Suno also admits that the quoted language appears in Brian Hiatt, *A ChatGPT for Music is Here. Inside Suno, the Startup Changing Everything*, Rolling Stone (Mar. 17, 2024), available at https://www.rollingstone.com/music/music-features/suno-ai-chatgpt-for-music-1234982307/. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text, Suno denies those allegations. Suno denies any remaining allegations of this paragraph.

9. Suno admits that constructing its generative AI tool required showing the program tens of millions of instances of different kinds of recordings sources in order to derive statistical insights about them. Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

10. Suno admits that the selectively quoted language appears in a pre-litigation correspondence between Suno and Plaintiffs, the full text of which speaks for itself. Suno also admits that it stated in that correspondence that "on the facts" the RIAA "suggest[ed]" the development of generative AI tools would be fair use. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of Suno's correspondence, Suno denies those allegations. To the extent that the allegations in this paragraph contain legal conclusions, no response is required. Suno denies any remaining allegations of this paragraph.

11. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

12. Suno admits that over 12,000,000 users have generated music files using its product. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent the allegations in this paragraph purport to quote from portions of a publicly available comment, the full text of the comment speaks for itself. Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, including stream counts associated with unidentified "outputs" referenced therein, and on that basis denies them.

13. Suno admits that it offers a subscription plan, "Premier," available for $24 per month. Suno further admits that its Series B funding round in 2024 raised $125 million. Suno admits that it has been successful in its fundraising efforts, which have attracted prominent investors. Suno lacks knowledge or information sufficient to form a belief as to the truth of the unattributed company valuation in this paragraph. Suno denies any remaining allegations of this paragraph.

14. The allegations in this paragraph contain legal conclusions to which no response is required. Suno denies the remaining allegations of this paragraph.

15. The allegations in this paragraph contain legal conclusions to which no response is required. Suno denies the remaining allegations of this paragraph.

16. The allegations in this paragraph contain legal conclusions to which no response is required.

## **THE PARTIES**

17. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

18. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

19. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and Exhibit A, and on that basis denies them.

20. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and Exhibit A, and on that basis denies them.

21. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and Exhibit A, and on that basis denies them.

22. Suno admits that Suno, Inc. is a Delaware corporation with its current principal place of business at 17 Dunster Street, Cambridge, Massachusetts 02138.

23. The allegations of this paragraph are directed at unknown parties, and Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph about the unknown parties, and on that basis denies them. The remaining allegations against Suno are legal conclusions to which no response is required.

## JURISDICTION AND VENUE

24. For purposes of this action, Suno does not contest subject matter jurisdiction, except with respect to Suno's Twelfth Affirmative Defense (Lack of Article III Standing) and Thirteenth Affirmative Defense (Lack of Statutory Standing). The paragraph otherwise contains legal conclusions to which no response is required.

25. For purposes of this action, Suno does not contest personal jurisdiction. The paragraph otherwise contains legal conclusions to which no response is required.

26. For purposes of this action, Suno does not contest venue. The paragraph otherwise contains legal conclusions to which no response is required.

## FACTUAL BACKGROUND

27. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

28. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

29. Suno admits that a beta version of its music generation tool was launched in July 2023. Suno further admits that the quoted language appeared on Suno's website on the "About" page, at the time Plaintiffs' original complaint was filed on June 24, 2024.

30. Suno admits that it initially engaged users to generate AI music files through its channel on the social media website Discord, and later rolled out a web interface to expand the reach of its music generation product. Suno further admits that in December 2023, it announced a partnership with Microsoft through which Suno's tool would be integrated into Microsoft's AI chatbot Copilot.

31. Suno admits that its product allows users to enter text prompts to generate digital music files. Suno further admits that users can enter prompts using Suno's website interface or Microsoft's Copilot. Suno also admits that users can prompt Suno's tool with a description of the music they want to generate, which can include specifying the genre, lyrics, story direction, and themes to serve as inspiration. Suno admits that its tool processes the user's prompt and generates digital music files within seconds. Suno further admits that its website generates two files per

prompt, and Copilot's Suno plug-in generates one. Suno also admits that its tool's customization options allow users to adjust elements of the files, including tempo, mood, and genre.

32. Suno admits that it offers both free and paid versions of its product. Suno admits that under the free plan, users are given 50 credits per day, equivalent to 10 music files. Suno admits that under its Terms of Service, free users can "only use Outputs generated from Submissions made . . . through the Service" for "lawful, internal, personal and non-commercial purposes." Suno admits that users can subscribe to the Pro and Premier plans for monthly fees of $8 and $24, respectively. Suno admits that the Pro plan gives users 2,500 credits per month. Suno admits that 2,500 credits allow users to create 500 music files. Suno admits that the Premier plan gives users 10,000 credits per month. Suno admits that 10,000 credits allow users to create 2,000 music files. Suno admits that, per its Terms of Service, Suno assigns to users "all of its right, title and interest in and to any Output owned by Suno and generated from Submissions made by users through the Service during the term of [their] paid-tier subscription." To the extent the allegations in this paragraph contain legal conclusions, no response is required. Suno denies any remaining allegations of this paragraph.

33. Suno admits that on March 21, 2024, Suno launched a new version of its tool, named "v3." Suno further admits that the quoted language appears in Suno Blog, *Introducing v3* (Mar. 21, 2024), available at https://suno.com/blog/v3. Suno also admits that v3 enables all users, free or paid, to generate digital music files up to two minutes in length virtually instantaneously.

34. Suno admits that on May 30, 2024, Suno launched another version of its tool, named "v3.5." Suno further admits that it described v3.5 as an updated version of v3. Suno admits that v3.5 enables all users, free or paid, to generate digital music files up to four minutes in length virtually instantaneously. Suno admits that it announced that "v4" was in development as of March 24, 2024. Suno admits that the quoted language appears in a March 24, 2024 post from the

@suno_ai_ X account, available at https://x.com/suno_ai_/status/1794145852723777559. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.

35. Suno admits that it released a new version of its tool, named "v4," on November 19, 2024. Suno admits that the quoted language appears in a November 19, 2024 blog post on suno.com, available at https://suno.com/blog/v4. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno also admits that it released a feature called "Covers" that allows users to create a cover of audio files uploaded by users or generated on Suno's platform, subject to guardrails designed to prevent users from uploading audio files to which they do not own the rights.

36. Suno admits that its model is based on a machine learning model. Suno further admits that its model produces audio. Suno also admits that its model is a type of computer program known as a "neural network," which was constructed by showing the program tens of millions of instances of different kinds of recordings gathered from publicly available sources. By analyzing their constitutive elements, the model derived a complex collection of statistical insights about the auditory characteristics of those recordings. Suno admits that its training process includes additional further technical refinements. Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

37. Suno admits that the quoted language appears in Brian Hiatt, *A ChatGPT for Music is Here. Inside Suno, the Startup Changing Everything*, Rolling Stone (Mar. 17, 2024), available at https://www.rollingstone.com/music/music-features/suno-ai-chatgpt-for-music-1234982307/. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno admits that its model

was constructed by showing the program millions of different kinds of sound recordings in order to derive statistical insights about those recordings. Suno further admits that it obtained audio data from YouTube for use as training data. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

38. Suno admits that its model is a type of computer program known as a "neural network," which was constructed by showing the program tens of millions of instances of different kinds of recordings gathered from publicly available sources. By analyzing their constitutive elements, the model derived a complex collection of statistical insights about the auditory characteristics of those recordings. Suno admits that its training process includes additional further technical refinements. To the extent that the allegations in this paragraph contain legal conclusions, no response is required. Suno presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding YouTube's intent in designing any particular technology. Suno denies the remaining allegations of this paragraph.

39. Suno admits its model generates new music in existing musical styles using a complex collection of statistical insights regarding those styles that it has derived from tens of millions of sound recordings. Suno denies the remaining allegations of this paragraph.

40. Suno denies the allegations of this paragraph.

41. Suno admits that constructing its generative AI tool required showing the program tens of millions of instances of different kinds of recordings in order to derive statistical insights about them. Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

42. Suno admits that the quoted language appears in Brian Hiatt, *A ChatGPT for Music is Here. Inside Suno, the Startup Changing Everything*, Rolling Stone (Mar. 17, 2024), available at https://www.rollingstone.com/music/music-features/suno-ai-chatgpt-for-music-1234982307/. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno denies any remaining allegations of this paragraph.

43. The allegations in this paragraph contain legal conclusions to which no response is required. Suno also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "casual users," and on that basis denies them.

- Suno admits that the quoted language appears in Brian Hiatt, *AI-Music Arms Race: Meet Suno, the Other ChatGPT for Music*, Rolling Stone (Apr. 10, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.
- Suno admits that the quoted language appears in Sharon Goldman, *AI Music May be Having a Moment, But Human Songwriters Would Like a Word*, Fortune (May 17, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.
- Suno admits that the quoted language appears in Mike Wheatley, *Generative AI Music Maker Startup Suno Raises $125M in Funding*, SiliconAngle (May 21, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.

- Suno admits that the quoted language appears in Daniel Tencer, *Suno Could Get Sued By The Record Business. Who's Backing it With $125M?*, Music Business Worldwide (May 28, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.

44. Suno admits that the selectively quoted language appears in pre-litigation correspondence between Suno and Plaintiffs, the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of that correspondence, Suno denies those allegations.

45. Suno admits it obtained audio data from YouTube for use as training data. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno denies the remaining allegations in this paragraph.

46. Suno lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.[3]

47. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

48. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks

[3] Suno denies the images contained in the First Amended Complaint.

knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

49. Suno admits that audio data was obtained from YouTube for use as training data using YT-DLP. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

50. Suno admits that the article cited in footnote 18 refers to "private datasets." To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, the article speaks for itself. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

51. Suno admits it obtained audio data from YouTube for use as training data. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

52. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations.

53. Suno admits that Plaintiffs do not appear to be alleging that the outputs of Suno's model "infringe the Copyrighted Recordings." Consistent with its Preliminary Statement to its first Answer, Suno denies the allegation that "[t]he fact that Suno's product generates digital music

files that mimic readily identifiable features of the Copyrighted Recordings supports the conclusion that Suno is using the Copyrighted Recordings in training its AI model."

54. Consistent with its Preliminary Statement to its first Answer, Suno denies that any alleged similarities between model output and Plaintiffs' Copyrighted Recordings "betray that the models were trained on the Copyrighted Recordings." Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

55. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiffs' "test," and on that basis denies them. Consistent with its Preliminary Statement to its first Answer, Suno denies that the results of that "test" "confirm that Suno has copied for training purposes the Copyrighted Recordings, because this degree of similarity in output would be impossible if Suno were not training on the Copyrighted Recordings."

56. Suno denies this allegation.

57. Suno denies that any alleged similarities between model output and Plaintiffs' Copyrighted Recordings "are only possible because Suno copied the Copyrighted Recordings that contain these musical elements." Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and footnote 20, including with respect to Plaintiff UMG's copyright ownership, and on that basis denies them.

58. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiff UMG's copyright ownership, and on that basis denies them.

59. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiff UMG's copyright ownership, and on that basis denies them.

60. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and Exhibit B and on that basis denies them.

61. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including concerning Plaintiff UMG's copyright ownership, and on that basis denies them.

62. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including concerning Plaintiff UMG's copyright ownership, and on that basis denies them.

63. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including concerning Plaintiff UMG's copyright ownership, and on that basis denies them.

64. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

65. Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "producer tags," and on that basis denies them.

66. Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "producer tags," and on that basis denies them.

67. To the extent the allegations in this paragraph purport to reference portions of a publicly available video posted on March 8, 2024 on X by @mignano, the full video speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Suno denies those allegations. Suno admits that the quoted language in

footnote 22 appears in Joe Coscarelli, *An A.I. Hit of Fake 'Drake' and 'The Weeknd' Rattles the Music World*, N.Y. Times (Apr. 19, 2023), available at https://www.nytimes.com/2023/04/19/arts/music/ai-drake-the-weeknd-fake.html. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno further admits that the quoted language in footnote 22 appears in Jem Aswad, *What Would It Take for an AI-Generated Song to Qualify for a Grammy?*, Variety (Oct. 17, 2023), available at https://variety.com/2023/music/news/grammys-ai-drake-weeknd-awards-1235758275/. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.

68. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph or Exhibit B, and on that basis denies them.

69. Suno admits that the parties engaged in correspondence prior to Plaintiffs filing this lawsuit, the full text of which speaks for itself. Suno admits that it stated in that correspondence that "on the facts" the RIAA "suggest[ed]" the development of generative AI tools would be fair use. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text, Suno denies those allegations. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

70. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

71. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

72. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

73. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

74. Suno admits that the quoted language appears in Suno Blog, *Introducing v3* (Mar. 21, 2024), available at https://suno.com/blog/v3. Suno further admits that the quoted language appears in an October 1, 2023 post from the @keenan Discord account. Suno admits that constructing its generative AI tool required showing the program tens of millions of instances of different kinds of recordings sources in order to derive statistical insights about them. Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

75. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

76. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

77. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

78. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

79. Suno admits that over 10,000,000 people have created digital music files using the Suno tool. Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "users," and on that basis denies them. Suno admits that, per its Terms of Service, Suno assigns to users "all of its right, title and interest in and to any Output owned by Suno and generated from Submissions made by users through the Service during the term of their paid-tier

subscription." The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

80. Suno admits that the quoted language appears in the letter available at https://artistrightsnow.medium.com/200-artists-urge-tech-platforms-stop-devaluing-music-559fb109bbac. The remaining allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the remaining allegations.

81. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies these allegations.

82. Suno admits that there is room for AI and human creators to forge a sustainable, complementary relationship that promotes human creativity and facilitates the human creations that shape culture, excite the public, and resonate with consumers. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies these allegations.

83. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies these allegations.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Direct Copyright Infringement of Post-1972 Copyrighted Recordings)

84. Suno incorporates by reference its responses to all allegations set forth in paragraphs 1–83 as if fully set forth herein.

85. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to

admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

86. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

87. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

88. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

89. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

90. The allegations in this paragraph contain legal conclusions to which no response is required.

91. The allegations in this paragraph contain legal conclusions to which no response is required.

## SECOND CAUSE OF ACTION

**(Direct Copyright Infringement of Pre-1972 Copyrighted Recordings)**

92. Suno incorporates by reference its responses to all allegations set forth in paragraphs 1–83 as if fully set forth herein.

93. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

94. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

95. The allegations in this paragraph contain legal conclusions to which no response is required.

96. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound

recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

97. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

98. The allegations in this paragraph contain legal conclusions to which no response is required.

99. The allegations in this paragraph contain legal conclusions to which no response is required.

## THIRD CAUSE OF ACTION

### (Circumvention of Technological Measures)

100. Suno incorporates by reference its responses to all allegations set forth in paragraphs 1–83 as if fully set forth herein. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations.

101. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.

102. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to

admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.

103. Suno admits it obtained audio data from YouTube to use as training data. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.

104. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

105. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies those allegations.

106. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies those allegations.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

A. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

B. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

C. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

D. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

E. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

F. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

G. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## JURY DEMAND

With respect to the jury demand contained in Plaintiffs' First Amended Complaint, Suno states that no response is required. To the extent a response is deemed required, Suno denies that all of Plaintiffs' claims are properly triable to a jury.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the First Amended Complaint, Suno asserts the following affirmative defenses, incorporating by reference all of the preceding material, including without limitation the Preliminary Statement to its first Answer Suno does not concede that it has the burden of proof on the defenses listed below.

### FIRST AFFIRMATIVE DEFENSE

To the extent there is copying of copyrightable expression, that copying constitutes fair use pursuant to 17 U.S.C. § 107. Suno's AI tool uses a back-end technological process, invisible to the public, in the service of creating an ultimately non-infringing new product. This is quintessential fair use.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of copyright misuse and unclean hands. The defense of copyright misuse applies when a defendant can prove one of the following: (1) a violation of the antitrust laws; (2) that the copyright owner otherwise illegally extended its monopoly; or (3) that the copyright owner violated the public policies underlying the copyright laws. The effect of a finding of copyright misuse is to preclude enforcement of the copyright or copyrights at issue during the period of misuse, and the defense is available even if the defendant has not itself been injured by the misuse. On information and belief, Plaintiffs have engaged in anticompetitive activities that extend an unlawful monopoly over the production and commercialization of music, which by itself and/or in connection with other conduct satisfies each of the three alternative prongs above.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, and laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail in whole or in part because the complained-of use was validly licensed by express or implied license.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not own or hold exclusive rights under 17 U.S.C. § 106 or any copyright law over each work that was allegedly infringed by Suno, including without limitation because some or all of the materials over which Plaintiffs claim copyright are in the public domain.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent there is copying of copyrightable expression, that copying is de minimis.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs establish any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. 17 U.S.C. § 504(c)(2).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' remedies are barred at least in part by the applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no provable injury as a result of Suno's alleged copying.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs have failed to state facts sufficient to support a claim for injunctive relief, and there is an adequate remedy at law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411–412.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under 17 U.S.C. § 1201 are barred, in whole or in part, because one or more Plaintiffs lack standing under Article III of the United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under 17 U.S.C. § 1201 are barred, in whole or in part, because Plaintiffs are not "person[s] injured" within the meaning of 17 U.S.C. § 1203(a) and therefore lack standing to maintain a civil action for any alleged violation under § 1201.

## ADDITIONAL AFFIRMATIVE DEFENSES

Suno has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. Suno reserves the right to amend this Answer and/or its affirmative defenses.

## REQUEST FOR RELIEF

WHEREFORE, Suno respectfully requests that this Court:

1. Enter judgment in Suno's favor and against Plaintiffs;
2. Dismiss all claims by Plaintiffs with prejudice;
3. Award Suno its attorneys' fees and costs to the extent permitted by law; and
4. Grant Suno such other and further relief as this Court deems just and proper.

Dated: September 1, 2026

Respectfully submitted,

*/s/ Brittany N. Lovejoy*

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Shlomo Fellig (BBO# 699643)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
shlomo.fellig@lw.com

Sarang V. Damle (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent September 1, 2026 to those identified as non-registered participants.

*<u>/s/ Brittany N. Lovejoy</u>*
Brittany N. Lovejoy