**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC., and JOHN DOES 1-10,<br><br>Defendant. | Case No. 1:24-cv-11611-FDS |

**JOINT MOTION TO AMEND THE AMENDED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, and Sony Music Entertainment ("Plaintiffs") and Defendant Suno, Inc. ("Suno") (together, the "Parties"), respectfully request that the Court amend the Amended Scheduling Order.

In support of this motion, the Parties state as follows:

1. Plaintiffs filed their Complaint on June 24, 2024.

2. Suno answered the Complaint on August 1, 2024.

3. The Court entered a Scheduling Order on October 28, 2024 (Dkt. 42).

4. The Court entered an Amended Scheduling Order on January 30, 2025 (Dkt. 57).

5. The Court entered an Amended Scheduling Order on March 9, 2026 (Dkt. 188).

6. The Parties submitted a Joint Motion for Extension of Time to Serve Written Discovery on April 29, 2025, requesting that the Court extend the deadline for serving written discovery to May 30, 2025 (Dkt. 100).

7. The Court granted the Joint Motion for Extension of Time to Serve Written Discovery on April 30, 2025 (Dkt. 101).

8. The Parties submitted a Joint Motion for Extension of Time to Serve Written Discovery on May 29, 2025, requesting that the Court extend the deadline for serving written discovery to June 27, 2025 (Dkt. 102).

9. The Court granted the Joint Motion for Extension of Time to Serve Written Discovery on May 30, 2025 (Dkt. 103).

10. The Parties submitted a Joint Motion to Amend the Scheduling Order on June 26, 2025, requesting that the Court extend the deadlines for substantial completion of document production to August 15, 2025, and fact discovery to October 10, 2025 (Dkt. 108).

11. The Court granted the Joint Motion to Amend the Scheduling Order on June 30, 2025 (Dkt. 109).

12. The Parties submitted a Joint Motion to Amend the Scheduling Order on September 15, 2025, requesting that the Court set a deadline for submission of Plaintiffs' motion for leave to amend their complaint, and extend the deadline for completion of fact discovery to January 9, 2026 or ninety days from a Court order granting Plaintiffs' motion, whichever is later (Dkt. 124).

13. The Court granted the Joint Motion to Amend the Scheduling Order on October 3, 2025 (Dkt. 132).

14. The Parties submitted a Joint Motion to Amend the Scheduling Order on December 17, 2025, requesting that the Court extend the deadline for fact discovery to the later of March 6, 2026, or ninety days from a Court order granting Plaintiffs' motion to amend (Dkt. 176).

15. The Court granted the Joint Motion to Amend the Scheduling Order on December 19, 2025 (Dkt. 178).

16. The Parties submitted a Joint Motion to Amend the Scheduling Order on February 25, 2026 to resolve outstanding discovery disputes, complete document productions, and complete party and third-party fact depositions before expert discovery (Dkt. 187).

17. The Court granted the Joint Motion to Amend the Scheduling Order on March 9, 2026 (Dkt. 188).

18. The Parties submitted a Joint Motion to Amend the Scheduling Order on June 26, 2026 to resolve outstanding discovery disputes, complete document productions, and complete party and third-party fact depositions before expert discovery (Dkt. 250).

19. The Court granted the Joint Motion to Amend the Scheduling Order on June 26, 2026 (Dkt. 251).

20. Since the Court granted the Joint Motion to Amend the Scheduling Order in June 2026, the Parties have expeditiously proceeded through fact depositions. As of September 18, 2026, 15 party witnesses have been deposed. Third-party depositions have also commenced. Further, the Parties have engaged a neutral statistician who has begun preparing a statistically representative sample of Suno's prompt and output logs. The Parties also have outstanding discovery disputes, which they intend to raise with Chief Magistrate Judge Levenson in the coming weeks.

21. On August 18, 2026, the Court granted Plaintiffs' First Motion for Leave to Amend the Complaint to allow Plaintiffs to add a claim under 17 U.S.C. § 1201(a)(1) (the "§ 1201 claim"), which proscribes "circumvent[ing] a technological measure that effectively controls access to a [copyrighted] work." (Dkt. 271). That same day, the Court denied Plaintiffs' Second Motion for Leave to Amend the Complaint to assert additional sound recordings for both Plaintiffs' infringement and § 1201 claims (Dkt. 272).

22. Accordingly, this extension is intended to allow the Parties to complete document productions, resolve discovery disputes, and complete party and third-party depositions targeted to the newly added § 1201 claim.

23. The Parties have been engaged in discovery for over 19 months. As the Court recognized in its August 18, 2026 Order, the § 1201 claim requires "further factual development," Dkt. No 271 at 1-2, 12, but it does not necessitate a broader expansion of party or third-party discovery of the previously asserted claims. The Parties accordingly intend to pursue a structured extension of discovery for Plaintiffs' § 1201 claim as opposed to a broader discovery extension. This includes, in addition to specific deadlines for document productions and depositions pertaining to Plaintiffs' § 1201 claim, (1) a specific deadline for service of all third-party subpoenas pertaining solely to Suno's affirmative defenses, including fair use, and (2) a specific deadline to file any motion to compel compliance for any third-party document subpoena related to discovery on the § 1201 claim. The Parties also respectfully request ten additional requests for production and three additional interrogatories, respectively, to address Plaintiffs' § 1201 claim. The Parties believe these interim deadlines and targeted written discovery requests will help ensure the timely procession of third-party depositions and will prevent a broader expansion of fact discovery.[1]

24. WHEREFORE, the Parties respectively request that the Court grant this Motion and amend the Amended Scheduling Order as follows:

| **Event** | **Current Date Due** | **Proposed Date Due** |
| --- | --- | --- |
| Deadline for service of all written discovery targeted to Plaintiffs' § 1201 claim | N/A | September 21, 2026 |

[1] The Parties agree that the proposed deadlines below shall not prevent the Parties from pursuing targeted discovery identified as a result of prior or forthcoming depositions.

| | | |
|---|---|---|
| Deadline to raise any outstanding discovery disputes pertaining to claims and defenses other than Plaintiffs' § 1201 claim with Chief Magistrate Judge Levenson | N/A | September 25, 2026[2] |
| Close of fact discovery not implicated by Plaintiffs' § 1201 claim | September 30, 2026 | September 30, 2026 |
| Deadline for service of all third-party subpoenas pertaining solely to Plaintiffs' § 1201 claim | N/A | October 2, 2026 |
| Deadline to raise any outstanding third-party discovery disputes not implicated by Plaintiffs' § 1201 claim | N/A | October 14, 2026 |
| Deadline for completion of third-party depositions not implicated by Plaintiffs' § 1201 claim | N/A | October 30, 2026 |
| Close of fact discovery related to Plaintiffs' § 1201 claim[3] | N/A | November 20, 2026 |

[2] The Parties agree this deadline shall not apply to party depositions taking place on or after September 24, 2026, including disputes that may emerge from party depositions regarding additional document production.

[3] For the avoidance of doubt, discovery that is primarily directed at developing Plaintiffs' § 1201 claim shall not be denied solely because it may also be relevant to Plaintiffs' infringement claims, including for example (a) the decision to obtain songs through technical measures for training data, (b) the technical methods, mechanisms, and tools used to obtain such content, (c)

| | | |
|---|---|---|
| Serve RFAs | October 14, 2026 | December 4, 2026 |
| Trial Expert Disclosure and Initial Expert Reports | November 18, 2026 | January 28, 2027 |
| Rebuttal Expert Reports | December 16, 2026 | February 25, 2027 |
| Reply Expert Reports | January 15, 2027 | March 25, 2027 |
| Trial Expert Depositions | March 5, 2027 | May 20, 2027 |
| Dispositive Motions | April 9, 2027 | June 22, 2027 |

the timing, scope and nature of obtaining the content or (d) Suno's alleged awareness that its acts constituted a violation, *see* 17 U.S.C. § 1203.

Dated: September 18, 2026

*<u>/s/ Moez M. Kaba</u>*
Moez M. Kaba (*pro hac vice)*
Mariah N. Rivera (*pro hac vice*)
Alexander R. Perry (*pro hac vice*)
Samuel Givertz (*pro hac vice*)
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com
sgivertz@hueston.com

Robert N. Klieger (*pro hac vice*)
Rajan S. Trehan (*pro hac vice*)
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rklieger@hueston.com
rtrehan@hueston.com

Christina V. Rayburn (*pro hac vice*)
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 356-6412
Facsimile: (888) 775-0898
crayburn@hueston.com

Daniel J. Cloherty
Alexandra Arnold
**CLOHERTY & STEINBERG LLP**
One Financial Center, Suite 1120
Boston, Massachusetts 02110
Telephone: (617) 481-0160
Facsimile: (617) 848-0830
dcloherty@clohertysteinberg.com
aarnold@clohertysteinberg.com

*<u>/s/ Brittany N. Lovejoy</u>*
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Ivana Dukanovic (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com
ivana.dukanovic@lw.com

Sarang V. Damle
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*

*Counsel for Plaintiffs*