**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,

Plaintiffs,

v.

SUNO, INC., and JOHN DOES 1-10,

Defendant.

Case No. 1:24-cv-11611-FDS

**JOINT MOTION TO AMEND THE AMENDED SCHEDULING ORDER**

Pursuant to Federal Rules of Civil Procedure 6(b)(1)(A), 16(b)(4), and 29(b), Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, and Sony Music Entertainment ("Plaintiffs") and Defendant Suno, Inc. ("Suno") (together, the "Parties"), respectfully request that the Court amend the Amended Scheduling Order and approve the Parties' stipulation regarding certain third-party subpoenas.

In support of this motion, the Parties state as follows:

1. Plaintiffs filed their Complaint on June 24, 2024.

2. Suno answered the Complaint on August 1, 2024.

3. The Court entered a Scheduling Order on October 28, 2024 (Dkt. 42).

4. The Court entered an Amended Scheduling Order on January 30, 2025 (Dkt. 57).

5. The Parties submitted a Joint Motion for Extension of Time to Serve Written Discovery on April 29, 2025, requesting that the Court extend the deadline for serving written discovery to May 30, 2025 (Dkt. 100).

6. The Court granted the Joint Motion for Extension of Time to Serve Written Discovery on April 30, 2025 (Dkt. 101).

7. The Parties submitted a Joint Motion for Extension of Time to Serve Written Discovery on May 29, 2025, requesting that the Court extend the deadline for serving written discovery to June 27, 2025 (Dkt. 102).

8. The Court granted the Joint Motion for Extension of Time to Serve Written Discovery on May 30, 2025 (Dkt. 103).

9. The Parties submitted a Joint Motion to Amend the Scheduling Order on June 26, 2025, requesting that the Court extend the deadlines for substantial completion of document production to August 15, 2025, and fact discovery to October 10, 2025 (Dkt. 108).

10. The Court granted the Joint Motion to Amend the Scheduling Order on June 30, 2025 (Dkt. 109).

11. The Parties submitted a Joint Motion to Amend the Scheduling Order on September 15, 2025, requesting that the Court set a deadline for submission of Plaintiffs' motion for leave to amend their complaint, and extend the deadline for completion of fact discovery to January 9, 2026 or ninety days from a Court order granting Plaintiffs' motion, whichever is later (Dkt. 124).

12. The Court granted the Joint Motion to Amend the Scheduling Order on October 3, 2025 (Dkt. 132).

13. The Parties submitted a Joint Motion to Amend the Scheduling Order on December 17, 2025, requesting that the Court extend the deadline for fact discovery to the later of March 6, 2026, or ninety days from a Court order granting Plaintiffs' motion to amend (Dkt. 176).

14. The Court granted the Joint Motion to Amend the Scheduling Order on December 19, 2025 (Dkt. 178).

15. The Parties submitted a Joint Motion to Amend the Scheduling Order on February 25, 2026 to resolve outstanding discovery disputes, complete document productions, and complete party and third-party fact depositions before expert discovery (Dkt. 187).

16. The Court granted the Joint Motion to Amend the Scheduling Order on March 9, 2026 (Dkt. 188).

17. The Parties submitted a Joint Motion to Amend the Scheduling Order on June 26, 2026 to resolve outstanding discovery disputes, complete document productions, and complete party and third-party fact depositions before expert discovery (Dkt. 250).

18. The Court granted the Joint Motion to Amend the Scheduling Order on June 30, 2026 (Dkt. 251).

19. The Parties submitted a Joint Motion to Amend the Scheduling Order on September 18, 2026 to resolve outstanding discovery disputes, provide time for the development of the statistically representative sample of Suno's prompt and output logs, and complete party and third-party fact depositions before expert discovery (Dkt. 283).

20. The Court granted the Joint Motion to Amend the Scheduling Order on September 22, 2026 (Dkt. 284).

21. Since the Court granted the Joint Motion to Amend the Scheduling Order in September 2026, the Parties have expeditiously proceeded through fact discovery, including discovery focused on Plaintiffs' newly-added claim under 17 U.S.C. § 1201(a)(1) (the "§ 1201 claim"). The Parties have served relevant written discovery and have begun the meet and confer process. As of October 22, 2026, all but three of the party witnesses have been deposed. The Parties also have outstanding discovery disputes, which they intend to raise with Chief Magistrate Judge Levenson in the coming weeks.

22. Third-party depositions have also commenced. However, a number of third parties have requested deposition dates that fall outside the Court's current deadline due to scheduling conflicts with their corporate designees. Accordingly, this extension is intended to provide the Parties with additional time to complete third-party depositions that have already been noticed and that are unrelated to the § 1201 claim.

23. Without either Party conceding the other's interpretation of the Amended Scheduling Order, the Parties have also stipulated, subject to the Court's approval, that (a) the third-party subpoenas served by the Parties from October 1, 2026 to October 9, 2026 are deemed timely served; and (b) an amended subpoena that clarifies or narrows the topics or requests in a timely served subpoena, or that adjusts the date, time, or location of a noticed deposition, shall not be deemed untimely. The Parties otherwise reserve all objections to these subpoenas.

24. The Parties intend to preserve the remainder of the current case schedule and request only that the Court extend the deadline for already noticed third-party depositions not implicated by the § 1201 claim.[1]

25. WHEREFORE, the Parties respectfully request that the Court grant this Motion, approve the Parties' stipulation regarding third-party subpoenas described above, and amend the Amended Scheduling Order as follows:

[1] The Parties agree that the proposed deadlines below shall not prevent the Parties from pursuing targeted discovery identified as a result of prior or forthcoming depositions.

| Event | Current Date Due | Proposed Date Due |
|---|---|---|
| Deadline for completion of third-party depositions not implicated by Plaintiffs' § 1201 claim | October 30, 2026 | November 20, 2026 |
| Close of fact discovery related to Plaintiffs' § 1201 claim[2] | November 20, 2026 | November 20, 2026 |
| Serve RFAs | December 4, 2026 | December 4, 2026 |
| Trial Expert Disclosure and Initial Expert Reports | January 28, 2027 | January 28, 2027 |
| Rebuttal Expert Reports | February 25, 2027 | February 25, 2027 |
| Reply Expert Reports | March 25, 2027 | March 25, 2027 |
| Trial Expert Depositions | May 20, 2027 | May 20, 2027 |
| Dispositive Motions | June 22, 2027 | June 22, 2027 |

Dated: October 22, 2026

*s/ Moez M. Kaba*

Moez M. Kaba (*pro hac vice)*
Mariah N. Rivera (*pro hac vice*)
Alexander R. Perry (*pro hac vice*)
Samuel Givertz (*pro hac vice*)
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com
sgivertz@hueston.com

*s/ Andrew M. Gass*

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Ivana Dukanovic (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com
ivana.dukanovic@lw.com

[2] For the avoidance of doubt, discovery that is primarily directed at developing Plaintiffs' § 1201 claim shall not be denied solely because it may also be relevant to Plaintiffs' infringement claims, provided such discovery directly pertains to (a) the decision to obtain songs through technical measures for training data, (b) the technical methods, mechanisms, and tools used to obtain such content, or (c) the timing, scope and nature of obtaining the content.

Robert N. Klieger (*pro hac vice*)
Rajan S. Trehan (*pro hac vice*)
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rklieger@hueston.com
rtrehan@hueston.com

Christina V. Rayburn (*pro hac vice*)
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 356-6412
Facsimile: (888) 775-0898
crayburn@hueston.com

Daniel J. Cloherty
Alexandra Arnold
**CLOHERTY & STEINBERG LLP**
One Financial Center, Suite 1120
Boston, Massachusetts 02110
Telephone: (617) 481-0160
Facsimile: (617) 848-0830
dcloherty@clohertysteinberg.com
aarnold@clohertysteinberg.com

*Counsel for Plaintiffs*

Sarang V. Damle
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*