**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC., and JOHN DOES 1-10,<br><br>Defendant. | Case No. 1:24-cv-11611-FDS |

**<u>PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO SERVE A DEPOSITION SUBPOENA ON CC GONG</u>**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, and Sony Music Entertainment ("Plaintiffs") respectfully request leave to serve one Rule 30(b)(1) deposition subpoena on nonparty CC Gong, after the September 30, 2026 deadline for "fact discovery not implicated by Plaintiffs' § 1201 claim," and to depose her within 30 days of any order granting this motion. Dkt. 284. Defendant Suno, Inc. ("Suno") does not oppose this motion. Plaintiffs seek to examine Ms. Gong—who previously worked for one of Suno's lead investors—about her creation and subsequent deletion of a social-media post stating that she had "personally shifted most of [her] listening to Suno" because she "was so tired of Spotify giving [her] the same overplayed recommendations," a statement that bears directly on the effect of Suno on the market for Plaintiffs' copyrighted sound recordings, and thus on the fourth fair use factor, "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4); Decl. of Joseph T. Aronsohn ("Aronsohn Decl.") ¶ 3 & Ex. B.

Good cause exists for this additional deposition. Rule 16(b)(4)'s good cause standard "emphasizes the diligence of the party seeking the amendment"; "[p]rejudice to the opposing party

remains relevant but is not the dominant criterion." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004). Courts permit a party to depose a former employee where, as here, the employer belatedly disclosed the employee's departure. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 342–43 (N.D. Ill. 2005) (granting plaintiffs "30 days to subpoena" and depose a former employee whose departure the defendant, his former employer, disclosed only "when silence was no longer an option," because "[c]ourts ought not to reward those who needlessly allow confusion to persist or who are the cause of discovery delays"); *see also N. Am. Photon Infotech, Ltd. v. Acquia Inc.*, 2024 WL 3377827, at *3–4 (D. Mass. July 11, 2024) (Saylor, C.J.) (overruling objection to order that former employee's deposition "must go forward" where party disclosed the employee's departure the day after the deposition was noticed).

Plaintiffs have at all times acted diligently. On August 20, 2026, Plaintiffs subpoenaed Ms. Gong's then-employer, Suno investor Menlo Ventures Management, L.P. ("Menlo"), seeking Rule 30(b)(6) testimony on several topics, including "[t]he social-media post by C.C. Gong RELATING TO her shift in music listening from Spotify to SUNO." Aronsohn Decl. ¶ 4 & Ex. C (Attachment A, Topic 15). Counsel for Plaintiffs and Menlo met and conferred regarding the noticed topics on September 24,[1] September 28, October 5, and October 12. *Id.* ¶ 6. On September 24, Menlo's counsel stated that Menlo could not obtain the information sought by the topic concerning Ms. Gong's social-media post; Plaintiffs responded that they understood Ms. Gong was a current Menlo employee whom Menlo could ask for this information, and Menlo's counsel stated that Menlo would get back to Plaintiffs on that issue. *Id.* ¶ 7. Plaintiffs repeated the point in writing in a September 26 email to Menlo's counsel:

[1] Although Plaintiffs requested to meet and confer in a cover letter sent with the subpoena on August 20, and repeated that request on August 26, September 1, and September 11, Menlo's counsel did not provide any availability to meet and confer until September 21, 2026. *Id.* ¶ 5.

> Ms. Gong is a current Menlo employee, and a reasonable investigation to prepare Menlo's designee requires only that Menlo ask her.

*Id.* ¶ 8. Menlo did not deny that assertion in writing or otherwise, despite responding to Plaintiffs' September 26 email and conferring with Plaintiffs' counsel on September 28 and October 5. *Id.* ¶¶ 9–10.

On October 12—twelve days after the close of "fact discovery not implicated by Plaintiffs' § 1201 claim," and two days before the deadline to raise any "outstanding third-party disputes not implicated by Plaintiffs' § 1201 claim," Dkt. 284—Menlo's counsel informed Plaintiffs for the first time that Ms. Gong had left Menlo at the end of September. *Id.* ¶ 11. The same day, Plaintiffs noticed a Rule 30(b)(1) deposition subpoena to Ms. Gong. *Id.* ¶ 2 & Ex. A. Plaintiffs then promptly conferred with Suno regarding this request on October 14 and 15, 2026. *Id.* ¶¶ 13–14. In exchange for Suno's agreement not to oppose this motion, Plaintiffs offered not to oppose a request by Suno for leave to notice one additional Rule 30(b)(1) deposition. *Id.* ¶ 14. In response, Suno asked that Plaintiffs include the following statement in this motion:

> ***Suno's Position.*** *Suno has adhered to the deadlines in the Court's Scheduling Order, including the September 30, 2026 close of fact discovery and the October 2, 2026 deadline to serve third-party subpoenas, and believes those deadlines should bind all parties equally. Suno recognizes, however, that whether good cause exists to permit discovery outside the schedule rests with the Court's sound discretion over the management of discovery. Suno therefore defers to the Court as to whether Plaintiffs should be permitted to pursue their subpoena to Ms. Gong, which followed Plaintiffs' subpoena to Menlo Ventures by 53 days, and was served 12 days after the deadline for the close of fact discovery not implicated by Plaintiffs' § 1201 claim.*
>
> *Suno takes no position on the subpoena's propriety and does not intend to limit any objection Ms. Gong or Menlo Ventures may raise, including by motion to quash.*

*Id.* ¶ 15 & Ex. D.

The requested relief will not prejudice Suno: Plaintiffs seek one deposition on a subject noticed in their timely subpoena to Menlo. Aronsohn Decl. ¶ 4 & Ex. C. Suno has identified no prejudice it would suffer if the Court were to grant this motion. *Id.* ¶¶ 14–15 & Ex. D.

For the same reasons, cause for relief from the September 30, 2026 deadline also exists under Rule 6(b)(1)(B), because Plaintiffs have acted diligently and in good faith. *See Tubens v. Doe*, 976 F.3d 101, 105 (1st Cir. 2020) (relevant considerations under Rule 6(b)(1) include prejudice, "the length of the delay," and "the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))); *NuVasive, Inc. v. Rival Med., LLC*, 2023 WL 3997029, at *4 (D. Mass. June 14, 2023) ("cause exists to extend the discovery deadline for purposes of serving the subpoena" on nonparty where movant learned of new information after the deadline "[t]hrough no fault of its own").

WHEREFORE, Plaintiffs respectfully request that the Court grant this motion.

Dated: October 23, 2026

Respectfully submitted,

By: */s/ Joseph Aronsohn*

Moez M. Kaba (*pro hac vice)*
Mariah N. Rivera (*pro hac vice*)
Alexander R. Perry (*pro hac vice*)
Samuel Givertz (*pro hac vice*)
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com
sgivertz@hueston.com

Robert N. Klieger (*pro hac vice*)
Rajan S. Trehan (*pro hac vice*)
Joseph T. Aronsohn (*pro hac vice*)
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rklieger@hueston.com
rtrehan@hueston.com
jaronsohn@hueston.com

Christina V. Rayburn (*pro hac vice*)
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 356-6412
Facsimile: (888) 775-0898
crayburn@hueston.com

Daniel J. Cloherty
Alexandra Arnold
**CLOHERTY & STEINBERG LLP**
One Financial Center, Suite 1120
Boston, Massachusetts 02110
Telephone: (617) 481-0160
Facsimile: (617) 848-0830
dcloherty@clohertysteinberg.com
aarnold@clohertysteinberg.com

*Counsel for Plaintiffs*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Plaintiffs has conferred with counsel for Suno, Inc. in a good faith effort to resolve or narrow the issue raised in the instant motion. Counsel for Suno, Inc. agreed not to file an opposition so long as Plaintiffs included the italicized statement set forth above at page 3.

*/s/ Joseph Aronsohn*
Joseph Aronsohn

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Joseph Aronsohn*
Joseph Aronsohn