**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC., and JOHN DOES 1-10,<br><br>Defendant. | Case No. 1:24-cv-11611-FDS |

**DECLARATION OF JOSEPH T. ARONSOHN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO SERVE A DEPOSITION SUBPOENA ON CC GONG**

I, Joseph Aronsohn, declare as follows:

1. I am an attorney at Hueston Hennigan LLP, counsel for Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, and Sony Music Entertainment ("Plaintiffs") in this action, and I am admitted *pro hac vice* to practice before this Court in this action. I submit this declaration in support of Plaintiffs' Unopposed Motion for Leave to Serve a Deposition Subpoena on CC Gong. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.

2. Attached as Exhibit A is a true and correct copy of Plaintiffs' Notice of Subpoena to Testify at a Deposition to CC Gong Pursuant to Rule 30(b)(1), dated October 12, 2026, including the attached subpoena and cover letter. On October 12, 2026, Plaintiffs provided this notice to counsel for Defendant Suno, Inc. ("Suno").

3. Attached as Exhibit B is a true and correct copy of a post on X, available at https://x.com/ednewtonrex/status/2027156245858189390. That post reproduces an image of a

social-media post by Ms. Gong that reads, in part: "I've personally shifted most of my listening to Suno. I was so tired of Spotify giving me the same overplayed recommendations."

4. Attached as Exhibit C is a true and correct copy of Plaintiffs' subpoena to nonparty Menlo Ventures Management, L.P. ("Menlo") to testify at a deposition pursuant to Rule 30(b)(6), dated August 20, 2026. Topic 15 in Attachment A to that subpoena is "[t]he social-media post by C.C. Gong RELATING TO her shift in music listening from Spotify to SUNO." On August 20, 2026, Plaintiffs' counsel emailed the subpoena and a cover letter to Menlo's counsel and asked Menlo's counsel to confirm acceptance of service. On August 24, 2026, Menlo's counsel confirmed that Menlo accepted service of the subpoena.

5. Plaintiffs' August 20, 2026 cover letter asked Menlo's counsel to provide availability to meet and confer. Plaintiffs' counsel repeated that request in emails to Menlo's counsel dated August 26, September 1, and September 11, 2026. Menlo's counsel first provided availability to meet and confer in a September 21, 2026 email, which offered times on September 23 or 24, 2026.

6. Counsel for Plaintiffs and counsel for Menlo met and conferred by videoconference or telephone regarding the noticed Rule 30(b)(6) topics on September 24, September 28, October 5, and October 12, 2026. I participated in each of those calls with the exception of the October 12 call, which was joined by my colleagues Alexander Perry and Harrison Meyer.

7. During the September 24, 2026 call, counsel for Menlo stated that Menlo could not obtain the information sought by Topic 15. Plaintiffs' counsel responded that Ms. Gong was a Menlo employee and that Menlo could ask her. Menlo's counsel stated that Menlo would take that position back for further consideration.

8. On September 26, 2026, I sent Menlo's counsel an email stating, among other things: "Ms. Gong is a current Menlo employee, and a reasonable investigation to prepare Menlo's designee requires only that Menlo ask her."

9. After my September 26, 2026 email, Menlo's counsel responded to Plaintiffs by email on September 27, September 28, September 30, October 1, October 8, and October 10, 2026, and participated in the September 28 and October 5, 2026 calls. Before October 12, 2026, Menlo's counsel did not disclose, in writing or otherwise, that Ms. Gong was no longer employed by Menlo or dispute Plaintiffs' statement that she was a current Menlo employee.

10. During the October 5, 2026 call, Menlo's counsel stated that Menlo would designate a witness on the posting and deletion of Ms. Gong's social-media post, but would not designate a witness on Ms. Gong's personal listening habits. Plaintiffs' counsel raised the possibility of a Rule 30(b)(1) deposition of Ms. Gong. Menlo's counsel responded that Menlo's counsel would need to get back to Plaintiffs on that subject.

11. During the October 12, 2026 call, Menlo's counsel stated that Ms. Gong was a former Menlo employee who had left Menlo at the end of September 2026, and that Menlo's counsel had learned of her departure only recently. That was the first time Plaintiffs learned that Ms. Gong was no longer employed by Menlo. Later that day, Plaintiffs' counsel emailed Menlo's counsel acknowledging Ms. Gong's departure and stating that Plaintiffs intended to serve a separate deposition subpoena on her.

12. On October 12, 2026, shortly after the October 12 meet-and-confer call with Menlo's counsel, Plaintiffs' counsel emailed a copy of the subpoena to an email address that Plaintiffs understood to be associated with Ms. Gong. On October 13, 2026, counsel for Menlo

wrote that Menlo's counsel was "working to confirm that we will represent Ms. Gong" and asked Plaintiffs' counsel not to contact her directly. Plaintiffs have not served the subpoena attached as Exhibit A on Ms. Gong.

13. Attached as Exhibit D is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for Suno dated October 14, 2026 through October 20, 2026. On October 14, 2026, my colleague Mariah Rivera spoke with Suno's counsel regarding the subpoena to Ms. Gong. That afternoon, I emailed Suno's counsel to request a meet-and-confer call, and Suno's counsel agreed to meet and confer on October 15, 2026.

14. On October 15, 2026, counsel for Plaintiffs, including me, met and conferred with counsel for Suno by videoconference regarding Plaintiffs' request for leave to serve the subpoena on Ms. Gong. During that call: (a) I asked whether Suno would object if Menlo prepared its Rule 30(b)(6) designee on Ms. Gong's personal knowledge, and Suno's counsel responded that Suno's counsel did not see a basis on which Suno would object; (b) when I asked what prejudice Suno would suffer from a separate deposition of Ms. Gong, Suno's counsel responded that the subpoena was untimely and that Suno might have served additional Rule 30(b)(1) subpoenas, and when I asked which Rule 30(b)(1) subpoenas Suno would have served, Suno's counsel could not identify any; (c) Plaintiffs offered not to oppose a request by Suno for leave to notice one additional Rule 30(b)(1) deposition in exchange for Suno's agreement not to oppose Plaintiffs' request for leave, and Suno's counsel asked for additional time to consider that offer; and (d) Suno's counsel agreed that Suno would not argue that the additional time Suno requested reflected a lack of diligence by Plaintiffs.

15. On October 19, 2026, Plaintiffs' counsel followed up with Suno's counsel by email

and provided relevant caselaw. On October 20, 2026, Suno's counsel responded by email. These emails are included in Exhibit D.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 23, 2026.

Joseph Aronsohn