**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC., and JOHN DOES 1-10,<br><br>Defendant. | Case No. 1:24-cv-11611-FDS |

**JOINT MOTION TO FURTHER AMEND THE AMENDED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, and Sony Music Entertainment ("Plaintiffs") and Defendant Suno, Inc. ("Suno") (together, the "Parties"), respectfully request that the Court amend the Amended Scheduling Order.

In support of this motion, the Parties state as follows:

1. Plaintiffs filed their Complaint on June 24, 2024.

2. Suno answered the Complaint on August 1, 2024.

3. The Court entered a Scheduling Order on October 28, 2024 (Dkt. 42).

4. The Court entered an Amended Scheduling Order on January 30, 2025 (Dkt. 57).

5. The Court entered an Amended Scheduling Order on March 9, 2026 (Dkt. 188).

6. The Parties submitted a Joint Motion for Extension of Time to Serve Written Discovery on April 29, 2025, requesting that the Court extend the deadline for serving written discovery to May 30, 2025 (Dkt. 100).

7. The Court granted the Joint Motion for Extension of Time to Serve Written Discovery on April 30, 2025 (Dkt. 101).

8. The Parties submitted a Joint Motion for Extension of Time to Serve Written Discovery on May 29, 2025, requesting that the Court extend the deadline for serving written discovery to June 27, 2025 (Dkt. 102).

9. The Court granted the Joint Motion for Extension of Time to Serve Written Discovery on May 30, 2025 (Dkt. 103).

10. The Parties submitted a Joint Motion to Amend the Scheduling Order on June 26, 2025, requesting that the Court extend the deadlines for substantial completion of document production to August 15, 2025, and fact discovery to October 10, 2025 (Dkt. 108).

11. The Court granted the Joint Motion to Amend the Scheduling Order on June 30, 2025 (Dkt. 109).

12. The Parties submitted a Joint Motion to Amend the Scheduling Order on September 15, 2025, requesting that the Court set a deadline for submission of Plaintiffs' motion for leave to amend their complaint, and extend the deadline for completion of fact discovery to January 9, 2026 or ninety days from a Court order granting Plaintiffs' motion, whichever is later (Dkt. 124).

13. The Court granted the Joint Motion to Amend the Scheduling Order on October 3, 2025 (Dkt. 132).

14. The Parties submitted a Joint Motion to Amend the Scheduling Order on December 17, 2025, requesting that the Court extend the deadline for fact discovery to the later of March 6, 2026, or ninety days from a Court order granting Plaintiffs' motion to amend (Dkt. 176).

15. The Court granted the Joint Motion to Amend the Scheduling Order on December 19, 2025 (Dkt. 178).

16. The Parties submitted a Joint Motion to Amend the Scheduling Order on February 25, 2026 to resolve outstanding discovery disputes, complete document productions, and complete party and third-party fact depositions before expert discovery (Dkt. 187).

17. The Court granted the Joint Motion to Amend the Scheduling Order on March 9, 2026 (Dkt. 188).

18. The Parties submitted a Joint Motion to Amend the Scheduling Order on June 26, 2026 to resolve outstanding discovery disputes, complete document productions, and complete party and third-party fact depositions before expert discovery (Dkt. 250).

19. The Court granted the Joint Motion to Amend the Scheduling Order on June 26, 2026 (Dkt. 251).

20. On August 18, 2026, the Court granted Plaintiffs' First Motion for Leave to Amend the Complaint to allow Plaintiffs to add a claim under 17 U.S.C. § 1201(a)(1) (the "§ 1201 claim"), which proscribes "circumvent[ing] a technological measure that effectively controls access to a [copyrighted] work." (Dkt. 271). That same day, the Court denied Plaintiffs' Second Motion for Leave to Amend the Complaint to assert additional sound recordings for both Plaintiffs' infringement and § 1201 claims (Dkt. 272). The Parties submitted a Joint Motion to Amend the Scheduling Order on September 18, 2026 to resolve outstanding discovery disputes, provide time for the development of the statistically representative sample of Suno's prompt and output logs, and complete third party and third-party fact depositions before expert discovery (Dkt. 283).

21. The Court granted the Joint Motion to Amend the Scheduling Order on September 22, 2026 (Dkt. 284).

22. The Parties submitted a Joint Motion to Amend the Scheduling Order on October 22, 2026 to resolve outstanding discovery disputes, provide time for the development of the

statistically representative sample of Suno's prompt and output logs, and complete third party and third-party fact depositions before expert discovery (Dkt. 290).

23. The Court granted the Joint Motion to Amend the Scheduling Order on October 30, 2026 (Dkt. 302).

24. The Parties have expeditiously proceeded through fact depositions since September. As of November 19, 2026, 20 party depositions and nine third party depositions have taken place. The Parties' neutral statistician has begun working, and Plaintiffs are preparing a proposal to produce a statistically significant sample of Suno's prompt logs. The Parties are also working to provide additional discovery pursuant to Judge Levenson's guidance at the Parties' November 10, 2026 Discovery Conference. However, to finalize productions pertinent to Plaintiffs' §1201 claim, to facilitate scheduling of additional party and third-party depositions amidst holiday schedule conflicts, and to accommodate the resolution of motion practice for several third-party depositions, the Parties respectively request that the Court grant this Motion and amend the Amended Scheduling Order as follows:

| **Event** | **Current Date Due** | **Proposed Date Due** |
|---|---|---|
| Substantial completion of document and source code production related to Plaintiffs' § 1201 claim and pending disputes.[1] | N/A | December 18, 2026[2] |

---

[1] For the avoidance of doubt, discovery that is primarily directed at developing Plaintiffs' § 1201 claim shall not be denied solely because it may also be relevant to Plaintiffs' infringement claims, provided such discovery directly pertains to (a) the decision to obtain songs through technical measures for training data, (b) the technical methods, mechanisms, and tools used to obtain such content, or (c) the timing, scope and nature of obtaining the content.

[2] The Parties agree that the proposed deadlines shall not prevent either Party from (a) pursuing targeted discovery identified as a result of prior or forthcoming depositions, including discovery already identified and currently the subject of ongoing meet-and-confer efforts, or (b) making productions in response to any

| **Event** | **Current Date Due** | **Proposed Date Due** |
|---|---|---|
| Close of fact discovery, including third-party depositions, party depositions related to Plaintiffs' §1201 claim, and production of the sample of Suno's prompt and output logs. | November 20, 2026 | January 29, 2027 |
| Serve RFAs | December 4, 2026 | February 18, 2027 |
| Trial Expert Disclosure and Initial Expert Reports | January 28, 2027 | March 24, 2027 |
| Rebuttal Expert Reports | February 25, 2027 | April 26, 2027 |
| Reply Expert Reports | March 25, 2027 | May 20, 2027 |
| Trial Expert Depositions | May 20, 2027 | July 16, 2027 |
| Dispositive Motions | June 22, 2027 | August 20, 2027 |

order or guidance issued by the Court, which productions shall be made promptly or by such other date as the Court may direct.

Dated: November 19, 2026

*s/ Moez M. Kaba*
Moez M. Kaba (*pro hac vice)*
Mariah N. Rivera (*pro hac vice*)
Alexander R. Perry (*pro hac vice*)
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com

Rajan S. Trehan (*pro hac vice*)
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rtrehan@hueston.com

Christina V. Rayburn (*pro hac vice*)
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 356-6412
Facsimile: (888) 775-0898
crayburn@hueston.com

Daniel J. Cloherty
Alexandra Arnold
**CLOHERTY & STEINBERG LLP**
One Financial Center, Suite 1120
Boston, Massachusetts 02110
Telephone: (617) 481-0160
Facsimile: (617) 848-0830
dcloherty@clohertysteinberg.com
aarnold@clohertysteinberg.com

*Counsel for Plaintiffs*

*s/ Ivana Dukanovic*
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Ivana Dukanovic (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com
ivana.dukanovic@lw.com

Sarang V. Damle
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Suno, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent November 19, 2026 to those identified as non-registered participants.

/s/ Ivana Dukanovic
Ivana Dukanovic